IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

NICOLE WOOTEN,

                PLAINTIFF,

VS.

LIMETREE BAY TERMINALS, LLC, ET AL.

                DEFENDANTS.

CASE NO. 1:23-CV-00012

**ANSWER OF PORT HAMILTON REFINING AND TRANSPORTATION, LLLP TO THE FIRST AMENDED COMPLAINT**

Now Comes Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") and, in answer to the first amended complaint filed by plaintiff, respectfully avers:

1. Port Hamilton denies the allegations of this paragraph of the first amended complaint as the removal of this matter to this Court has deprived the Superior Court of the Virgin Islands of jurisdiction. Port Hamilton admits that based upon the allegations of the plaintiff's first amended complaint and Limetree Bay Terminals, LLC's notice of removal that this Court has diversity of citizenship jurisdiction.

2. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

1

3.   Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

4.   Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

5.   Port Hamilton denies the allegations of this paragraph of the first amended complaint as stated. Port Hamilton avers that it is a limited liability partnership that owns the oil refinery on St. Croix.

6.   Port Hamilton denies the allegations of this paragraph of the first amended complaint.

7.   Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

8.   Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

9.   Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

10.  Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the

allegations are denied.

11. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

12. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

13. Port Hamilton denies the allegations of this paragraph of the first amended complaint as stated. Port Hamilton avers that it, and not West Indies Petroleum, Ltd ("WIPL") was the sole entity to acquire the oil refinery in the bankruptcy and is the sole owner of the oil refinery.

14. Port Hamilton denies the allegations of this paragraph of the first amended complaint as stated. Port Hamilton admits that it has entered into various agreements with LBT that relate to safety at the refining and terminal facility located on the south shore of St. Croix.

15. Port Hamilton denies the allegations of this paragraph of the first amended complaint as stated as plaintiff is quoting a March 2, 2022 letter out of context. Port Hamilton avers that the document speaks for itself, was not addressed to WIPL, and incorporates the totality of that document in answer to the allegations of this paragraph of the first amended complaint.

16. Port Hamilton denies the allegations of this paragraph of the first amended complaint as stated and further avers that the March 22, 2022 letter has no

3

bearing upon the allegations in the first amended complaint.

17. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

18. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

19. Port Hamilton denies the allegations of this paragraph of the first amended complaint as stated and avers that the press release is a written document that speaks for itself and incorporates the totality of that document in answer to the allegations of this paragraph of the first amended complaint.

20. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

21. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

22. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

23. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

24. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the

allegations are denied.

25. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

26. Port Hamilton denies the allegations of this paragraph of the first amended complaint as stated and avers that co-defendant Limetree Bay Terminals, LLC has not changed its name but does business as Ocean Point Terminals.

27. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

28. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

29. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

30. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

31. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

32. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the

allegations are denied.

## COUNT I

33. Port Hamilton incorporates its responses to the previous allegations of the first amended complaint as set forth above.

34. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

35. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

## COUNT II

36. Port Hamilton incorporates its responses to the previous allegations of the first amended complaint as set forth above.

37.  Port Hamilton denies the allegations of this paragraph of the first amended complaint.

38. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

## COUNT III

39. Port Hamilton incorporates its responses to the previous allegations of the first amended complaint as set forth above.

40. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

41. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

## COUNT IV

42. Port Hamilton incorporates its responses to the previous allegations of the first amended complaint as set forth above.

43. Port Hamilton denies the allegations of this paragraph of the first amended complaint.

44. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

## COUNT V

45. Port Hamilton incorporates its responses to the previous allegations of the first amended complaint as set forth above.

46.  Port Hamilton denies the allegations of this paragraph of the first amended complaint.

47. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the first amended complaint to allow a response and therefore the allegations are denied.

## AFFIRMATIVE DEFENSES

A. Plaintiff's first amended complaint fails to state claims for gross negligence, maintenance of an abnormally dangerous condition or nuisance.

7

B.  Plaintiff's own negligence may have contributed to her alleged injuries.

C.  Plaintiff may have assumed the risk of her injuries.

D.  Plaintiff's injuries, if any, were the result of intervening or superseding actions and/or omissions of others over whom Port Hamilton had no control.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: March 30, 2023

_/s/ Andrew C. Simpson_
By:  Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com