<table>
<tr><td colspan="2" align="center"><strong>DISTRICT COURT OF THE VIRGIN ISLANDS</strong><br><br><strong>DIVISION OF ST. CROIX</strong></td></tr>
</table>

**NICOLE WOOTEN,**

                **Plaintiff,**

    **v.**

**LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
TRANSPORTATION; WEST INDIES
PETROLEUM, LTD.; LIMETREE
BAY REFINERY, LLC,**

                **Defendants.**

_____

                        **1:23-cv-00012-WAL-EAH**

**TO:**    **Lee J. Rohn, Esq.
Donnie Marcel King, Esq.
Andrew C. Simpson, Esq.**

## <u>ORDER DENYING MOTION FOR ENTRY OF DEFAULT</u>

      **THIS MATTER** comes before the Court on the Motion for Entry of Default, filed by Plaintiff, Nicole Wooten. Dkt. No. 9. In the Notice of Motion, Wooten asks the Clerk of Court to enter a default against Defendant, West Indies Petroleum, Ltd. ("WIPL") for failure to defend or otherwise plead, and refers to an attached affirmation executed by counsel for the Plaintiff, Lee J. Rohn, Esq. *Id.*

      In her affirmation, Attorney Rohn avers that WIPL was served on February 21, 2023 with the summons and first amended complaint by "delivering and leaving with Precious Hardcastle at the Resident Agent's office of Attorney Kye Walker." Dkt. No. 9-1 ¶ 3. Because the twenty days for WIPL to appear in this action expired on March 13, 2023, and WIPL failed

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 2

to defend or plead, Attorney Rohn sought entry of default under Fed. R. Civ. P. 55(a). *Id.*
Attached to the affirmation was a Notice of Proof of Service. Dkt. No. 9-2. The Plaintiff also
filed a Notice of Filing, in which she documented that Kye Walker, Esq. was the Resident
Agent for WIPL. Dkt. Nos. 10, 10-1.

The Court will deny the motion, given its procedural and substantive deficiencies.

As a procedural matter, Local Rule of Civil Procedure 7.1 provides that motions shall
be filed separately from the memorandum in support of the motion, although a motion and
memorandum may be filed together if the combined document does not exceed five pages in
length. The memorandum is to contain "the argument in support of the motion, including
citation to relevant legal authority." LRCi 7.1(c)(1). An affirmation generally contains the
factual support for the legal positions taken in the memorandum.

Here, Plaintiff did not file a memorandum of law that set forth, for example, what the
Rule under which she is proceeding provides, what she has to show in order for the Clerk of
Court to enter default, or what the legal authority may be for her position that service of the
summons and first amended complaint on the receptionist/legal assistant in the office of the
WIPL's Resident Agent constituted proper service.

That service issue raises the substantive problem with the motion for entry of default.
Case law has long held that service in the Virgin Islands on a receptionist at the office of the
Resident Agent (an attorney) for a foreign corporation does not constitute proper service.
*Brunn v. Xtra Superfood Centers, Inc.*, 2001 WL 180136 (D.V.I. Jan. 4, 2001) (examining the

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 3

issue at length and citing, inter alia, *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513 (3d Cir.

1971)).

The Virgin Islands Superior Court has also taken this position. In *Southwell ex rel.*

*Henry v. Gov't of Virgin Islands,* No. ST-08-CV-183, 2010 WL 7371484 (V.I. Super. Ct. Nov. 24,

2010), the court explained:

> A "resident agent" is defined as "[a] person authorized to accept service of process for
> another person, esp. a corporation, in a particular jurisdiction." Black's Law Dictionary
> 65 (7th ed.1999). When serving a corporation's resident agent, service of process must
> be made upon the resident agent itself. See *Brunn v. Xtra Superfoods Centers, Inc.,* 2001
> WL 180136, at *3 (D.V.I. 2001) (citing *Gottlieb v. Sandia American Corp.,* 452 F.2d 510,
> 514 (3d Cir. 1971)). Under Fed. R. Civ. P. 4, there is no provision for substitute service.
> See *Brunn, supra,* at *3. "Generally speaking, the process cannot be left with someone at
> the officer's or agent's office." *Gottlieb, supra,* at 514.

*Id.* at *1.

Accordingly, the Court will deny the motion for entry of default for improper service

on WIPL's Resident Agent.

WHEREFORE, it is hereby **ORDERED** that the Motion for Entry of Default against

Defendant West Indies Petroleum, Ltd., Dkt. No. 9, is **DENIED WITHOUT PREJUDICE**.

ENTER:

Dated: March 31, 2023                         /s/ Emile A. Henderson III
                                              EMILE A. HENDERSON III
                                              U.S. MAGISTRATE JUDGE