## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

NICOLE WOOTEN,

          Plaintiff,

          v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS, PORT
HAMILTON REFINING &
TRANSPORTATION, WEST INDIES
PETROLEUM LTD., and LIMETREE
BAY REFINERY, LLC, as a nominal
Defendant

          Defendants.

Case No.  1:23-cv-00012-WAL-EAH

### DEFENDANT OCEAN POINT'S MEMORANDUM OF LAW IN
### SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point"),

pursuant to Fed. R. Civ. P. 12(b)(6), hereby files this memorandum of law in support of its motion

to dismiss the First Amended Complaint (the "Complaint") filed by Plaintiff Nicole Wooten and

in support thereof, state as follows:

### INTRODUCTION

The five-count Complaint arises out of an August 8, 2022 incident, where Plaintiff was

allegedly exposed to a "thick black smoke coming out of the dome building" that was purportedly

jointly controlled by Ocean Point, West Indies Petroleum LTD ("WIPL"), and Port Hamilton

Refining Transportation, LLLP ("Port Hamilton").  *See* Compl. ¶ 22.  The Complaint seeks to hold

Ocean Point liable: (1) based on this purported control of the dome building; and (2) based on a

purported "partnership" it had with WIPL and Port Hamilton "to assist with safety and related

activities to prevent hazardous material from escaping the refinery and to safely remove or contain

1

potentially toxic chemicals." However, the documents incorporated to the Complaint by reference, definitively disprove these allegations and show that Ocean Point had no duty to Plaintiff and is not liable to Plaintiff for the injuries she alleges to have suffered.  Plaintiff does not and cannot plead facts plausibly suggesting that Ocean Point is liable on any of its claims.  Accordingly, the Court should dismiss Plaintiff's Complaint for failure to state a claim with prejudice.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible of on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Conclusory or "bare-bones" allegations will not survive a motion to dismiss and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.  *Fowler v. UpMC Shadyside*, 578 F. 3d 203 (3rd Cir. 2009).  A court may grant the motion to dismiss only if it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint.  *Acosta v. Hovensa, LLC*, 53 V.I. 763, 770 (D.V.I. 2010). In evaluating a motion to dismiss for failure to state a claim, a court may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case. *Buck*, 452 F. 3d 256, 260 (3d Cir. 2006).

**ARGUMENT**

I.   **PLAINTIFF CANNOT SHOW THAT OCEAN POINT CONTROLLED THE DOME BUILDING OR HAD A PARTNERSHIP WITH WIPL OR PORT HAMILTON TO PREVENT HAZARDOUS MATERIAL FROM ESCAPING THE REFINERY OR TO SAFELY REMOVE OR CONTAIN POTENTIALLY TOXIC CHEMICALS.**

**A.  Ocean Point Did Not Own or Control the Dome Building.**

Plaintiff argues that Ocean Point should be liable for her injuries because Ocean Point owned and/or controlled the dome building where the fire occurred.  However, the services agreement entered into between Limitree Bay Refining, LLC ("LBR") and Ocean Point, makes clear that the dome building was owned entirely by LBR.   Although not attached Plaintiff's Complaint, the services agreement (the "LBR Services Agreement") is incorporated into the complaint by reference (Compl. ¶ 8) and is integral to Plaintiff's claims.  *See* LBR Services Agreement attached hereto as **Exhibit 1.**  Thus, the Court may not only consider it in evaluating this motion to dismiss but may also take judicial notice of it. *See Buck v. Hampton Tp. School Dist.,* 452 F. 3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss for failure to state a claim, a court may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case").  Exhibit D to the LBR Services Agreement makes clear that the "Coke domes, handling, and loading" areas were 100% owned by LBR—and Ocean Point had no interest or control over those areas. *See* Exh. 1 hereto. Exhibit E to the LBR Services Agreement further makes clear that LBR – not Ocean Point – was exclusively responsible for operating, maintaining, and bearing all ongoing costs associated with the coke domes, coke handling and loading, and sulfur loading. *Id.*

Thereafter, on December 21, 2021, the United States Bankruptcy Court for the Southern District of Texas, Houston Division entered an order approving the sale, of among other things, the dome building to Port Hamilton, free and clear (the "Sale Order").  *See* Sale Order attached hereto as **Exhibit 2.**  That sale closed on January 21, 2022 and the refinery assets formerly owned by LBR have since belonged to Port Hamilton.  *See* Notice of Closing of Sale attached hereto as **Exhibit 3**.  This Court can both consider and take judicial notice of the Sale Order and Notice of Closing Sale, as both are integral to Plaintiff's claims and matters of public record.  *See Buck,* 452 F. 3d at 260.   Moreover, ownership of the dome building was easily determinable at the time of filing of the lawsuit by a simple search of the public records available through the Office of the Lieutenant Governor of the U.S. Virgin Islands.   Those records make clear that the dome building was owned by LBR and, thereafter, Port Hamilton – not Ocean Point.

It is thus indisputable that Ocean Point did not own or control the dome building at the time of Plaintiff's injury.  The dome building was exclusively owned and controlled by Port Hamilton when Plaintiff was injured.  Thus, Plaintiff's claims against Ocean Point should be dismissed with prejudice.

    **B.**   **There were No Agreements between Ocean Point and WIPL and/or Port Hamilton in Effect at the time of Plaintiff's Incident.**

In the Complaint, Plaintiff seems to possibly be suggesting that Ocean Point and WIPL and/or Port Hamilton entered an agreement immediately following the bankruptcy sale to "assist with safety and related activities to prevent hazardous materials from escaping the refinery and to safely remove or contain potentially toxic chemicals."   While not attached to the Complaint, the only agreement entered into between Ocean Point and WIPL and/or Port Hamilton, prior to Plaintiff's alleged incident is the Letter Agreement Regarding Provision of Shared Services, as amended, attached hereto as **Composite Exhibit 4** (the "Port Hamilton Services Agreement").

The Port Hamilton Services Agreement, as amended, is incorporated into the Complaint by reference (Compl. ¶ 13-14), is an integral to Plaintiff's claims, and should be considered by the Court and judicially noticed.  *See Buck,* 452 F. 3d at 260.    However, the Port Hamilton Services Agreement, as amended, expired on March 21, 2022 – more than four months before Plaintiff's alleged August 8, 2022 incident. *See* **Composite Exh. 4.**  Because the Port Hamilton Services Agreement, as amended, was no longer in effect at the time of Plaintiff's alleged incident, it could not have created a duty on Ocean Point to contain the fire and smoke when Plaintiff was allegedly injured.

Moreover, even had the Port Hamilton Services Agreement or the LBR Services Agreement been in effect at the time of Plaintiff's incident (they were not), neither the Port Hamilton Services Agreement nor the LBR Services Agreement provides for Ocean Point to "assist with safety and related activities to prevent hazardous materials from escaping the refinery and to safely remove or contain potentially toxic chemicals."  *See* Exh. 1; Composite Exh. 4. As stated above, Exhibit D to the LBR Services Agreement provides that the coke domes, handling, and loading were 100% owned by LBR and Exhibit E specifically states that LBR shall operate, maintain, and bear all ongoing costs associated with the coke domes.  *See* **Exh. 1**.  Further, the Port Hamilton Agreement specifically provides that Ocean Point agreed to provide the same level of shared services provided in the LBR agreement, thereby eliminating any purported responsibility Ocean Point had related to the coke dome, the catalyst to Plaintiff's alleged injuries. *See* **Composite Exh. 4**.   Accordingly, the LBR Services Agreement and Port Hamilton Services Agreement cannot be said to have created a duty on Ocean Point to contain the fire and smoke when Plaintiff was allegedly injured. The Complaint should be dismissed with prejudice.

**C.** **Ocean Point's Assistance with Containing Fire in the Dome Building Did Not Commence Until After Plaintiff's Alleged Incident.**

Plaintiff also attempts to impute liability to Ocean Point by claiming that Ocean Point had a partnership with WIPL and Port Hamilton, to assist with containing the fire and smoke in the dome building.   Here, indeed, Ocean Point and Port Hamilton entered into a Mutual Aid Agreement dated August 21, 2022 (the "Mutual Aid Agreement") to respond to the fire in the dome building.  *See* Mutual Aid Agreement is attached hereto as **Exhibit 5.**  However, Plaintiff's incident allegedly occurred on August 8, 2022 – two weeks before the Mutual Aid Agreement was executed.  *See* Compl. ¶ 21.   Accordingly, the Mutual Aid Agreement cannot be said to have created a duty on Ocean Point to contain the fire and smoke when Plaintiff was allegedly injured. Although not attached Plaintiff's Complaint, the Mutual Aid Agreement is incorporated into the complaint by reference (Compl. ¶ 17) and is integral to Plaintiff's claims.   Thus, the Court may not only consider the Mutual Aid Agreement in evaluating this motion to dismiss but may also take judicial notice of it.  *See Buck,* 452 F. 3d at 260.

Ocean Point respectfully requests that the Court consider the Mutual Aid Agreement and dismiss the claims against it with prejudice.  Plaintiff does not and cannot plead that Ocean Point had a duty to respond to or contain the fire and/or smoke from Port Hamilton's dome building.

**II.** **PLAINTIFF DOES NOT AND CANNOT STATE A CLAIM AGAINST OCEAN POINT**

**A.** **The Complaint Does Not and Cannot State a Claim for Gross Negligence Against Ocean Point.**

Plaintiff does not and cannot plead a plausible claim for gross negligence.   Under Virgin Islands law, gross negligence has a level of culpability distinct from ordinary negligence. *Brathwaite v. Xavier*, 71 V.I. 1089, 1101 (2019). Gross negligence "must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere

thoughtlessness or inadvertence, or simple inattention." *Id.* at 1110-1111. To make out a claim for gross negligence against Ocean Point, Plaintiff was required to plead facts plausibly suggesting that: (1) Ocean Point owed Plaintiff a legal duty of care; (2) Ocean Point breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to Plaintiff; (3) and Ocean Point's breach constituted the proximate cause of (4) damages to Plaintiff. *Id.* at 1111. Here, the Complaint fails to plead facts plausibly suggesting the first three elements of a gross negligence claim are satisfied.

For the reasons expressed in Section I. above, Ocean Point does not owe a duty to Plaintiff. The dome building, where the alleged fire occurred is unequivocally owned, operated, maintained, and the sole responsibility of Port Hamilton. Moreover, the Mutual Aid Agreement between Ocean Point and Port Hamilton was not executed until August 21, 2022 – two weeks after Plaintiff's alleged injury. There are no other agreements that could have created a duty on Ocean Point to contain Port Hamilton's fire. Because Plaintiff does not, and cannot establish a duty, Count I against Ocean Point for gross negligence should be dismissed, with prejudice. Moreover, Plaintiff fails to cite to any facts plausibly showing a reckless indifference of injury by Ocean Point. To the contrary, Plaintiff's Complaint suggests that two refinery workers were able to traverse the area without masks and without injury. (Compl. ¶23). At best, the Complaint suggests that Plaintiff's injury was unique and unexpected – rather than Ocean Point demonstrating a reckless indifference to Plaintiff's risk of injury. Similarly, Plaintiff does not plead facts plausibly suggesting that any purported reckless indifference by Ocean Point was the proximate cause of Plaintiff's injury. Because Plaintiff cannot plead facts plausibly establishing the first three elements of gross negligence against Ocean Point, Count I should be dismissed against Ocean Point with prejudice.

**B.  <u>The Complaint Does Not and Cannot State a Claim for Negligence Against Ocean Point.</u>**

Plaintiff does not and cannot plead a plausible claim for negligence.   To make out a claim for negligence against Ocean Point, Plaintiff was required to plead facts plausibly suggesting that: (1) Ocean Point owed a legal duty of care to Plaintiff; (2) Ocean Point breached that duty of care; (3) constituting the factual and legal cause of (4) damages to Plaintiff.  *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (2014).   Here, the Complaint fails to plead facts plausibly suggesting the first three elements of a negligence claim are satisfied.

Again, for the reasons expressed in Section I. above, Ocean Point does not owe a duty to Plaintiff.   In the context of a negligence claim based on a premises-liability theory, "the foreseeability of harm is the touchstone of [a land possessor's] duty." *Id.* at 386.   Here, Plaintiff has not pled facts plausibly suggesting that Ocean Point was the possessor of the land or that Plaintiff's harm was foreseeable.   As set forth above: (1) the dome building, where the fire allegedly occurred is unequivocally owned, operated, maintained, and the sole responsibility of Port Hamilton; (2) the Mutual Aid Agreement between Ocean Point and Port Hamilton was not executed until August 21, 2022 – two weeks after Plaintiff's alleged injury; (3) there are no other agreements that could have created a duty on Ocean Point to contain Port Hamilton's fire; (4) Plaintiff's own Complaint suggests that two refinery workers were able to traverse the area without masks and without injury; and (5) at best, the Complaint suggests that Plaintiff's injury was unique and unexpected – rather than foreseeable.   Because Plaintiff does not, and cannot establish a duty, Count II against Ocean Point for negligence should be dismissed, with prejudice.

Plaintiff also does not plead facts plausibly suggesting that Ocean Point breached a duty of care or was the factual or legal cause of Plaintiff's injury.   Because Plaintiff cannot plead facts

plausibly establishing the first three elements of negligence against Ocean Point, Count II should be dismissed against Ocean Point with prejudice.

C. **Plaintiff's Claims Against Ocean Point for (1) Failure to Warn, (2) Failure to Maintain an Abnormally Dangerous Condition. and (3) Maintenance of a Dangerous Nuisance are Duplicative of Plaintiff's Claims for Negligence and Gross Negligence.**

Plaintiff's claims for failure to warn, failure to maintain an abnormally dangerous condition, and for maintenance of a dangerous nuisance (Counts III, IV, and V, respectively) should be dismissed with prejudice because they are not an independent causes of action under Virgin Islands law.   Instead, each of these Counts are duplicative of Plaintiff's claims for gross negligence and negligence (Counts I and II, respectively).  Plaintiff's claims for failure to warn, failure to maintain, and maintenance of a dangerous condition are theories of premises liability and are duplicative of its claims for negligence and/or gross negligence.  *Antilles Sch., Inc. v. Lembach*, 64 V.I. 400, 413 (2016) ("[p]remises liability is a theory of negligence, where the basis of the duty of care is the possession or control of the premises where [an] injury occurred," for "[t]he elements are the same–a plaintiff must prove: (1) duty, (2) breach, (3) causation, and (4) damages."); *see also Machado*, 61 V.I. at 380-81 (analyzing a failure to warn and failure to maintain premises liability claim through the lens of the four elements of negligence.); *Oxley v. Sugar Bay Club & Resort Corp.*, ST-18-CV-96, 2018 WL 4002726, at *2 (V.I. Super. May 14, 2018) (dismissing a plaintiff's premises liability claim as duplicative of its negligence claims.).

Because Plaintiff's claims for failure to warn, failure to maintain, and for maintaining a dangerous nuisance are duplicative of its claims for negligence and gross negligence (and each other) they should be dismissed with prejudice.  In the event, the Court disagrees, Counts III, IV, and V should be dismissed for the reasons expressed in Sections II.A and II.B above.

## CONCLUSION

For the reasons set forth above, Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals respectfully requests that this Court enter an order: (i) granting its motion to dismiss for failure to state a claim; (ii) dismissing the Complaint with prejudice; and (iii) granting it such other and further relief as the Court deems just and proper.

DATED:  April 3, 2023

**AKERMAN LLP**
201 East Las Olas Boulevard,
Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224


By: /s/Donnie M. King
    Donnie M. King
    Virgin Islands Bar No. 1237
    Primary e-mail: donnie.king@akerman.com
    Secondary e-mail: sharon.luesang@akerman.com
    David J. Awoleke (*pro hac vice* to be filed)
    david.awoleke@akerman.com
    *Counsel for Defendant Limetree Bay Terminals,*
    *LLC d/b/a Ocean Point Terminals*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 3, 2023, I filed the foregoing document was filed with the Court's electronic filing system on the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<i>/s/Donnie M. King</i>
Donnie M. King