IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>    Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>    Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## **<u>PLAINTIFF'S OPPOSITION TO DEFENDANT OCEAN POINT'S MOTION TO DISMISS</u>**

**COMES NOW** Plaintiff, by and through undersigned counsel, for her Opposition to Limetree Bay Terminals d/b/a Defendant Ocean Point's Motion to Dismiss Plaintiff's First Amended Complaint.

## **<u>THRESHOLD ISSUE</u>**

Prior to discussing the substance of Limetree Bay Terminals d/b/a Ocean Point Terminals' Motion to Dismiss, it is important for the Court to understand that Limetree Bay Terminals d/b/a Ocean Point Terminals owes a duty to Plaintiff under the Clean Air Act because they are the permit holder of the Title V Clean Air Act Permit for the refinery. In Judge Lewis' recent decision that was issued on April 28, 2023, (twenty-five days after Limetree Bay Terminals d/b/a Ocean Point Terminals filed its motion to dismiss) she found that the Title V Permit was never amended to make Limetree Bay Terminals "responsible for anything less than the entire facility." *Boynes et al., V.*

LEE J. ROHN AND
ASSOCIATES, LLC
1108 King St, Ste 3
Christiansted, VI
00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 2

*Limetree Bay Ventures LLC*, et al., 2023 WL 3166603 at *7 (D.V.I. April 28, 2023).

Further, that among many other requirements, the Title V Permit states that a permitee "shall not cause or permit the discharge, from **any source whatsoever**, such quantities of air contaminants or other material which cause injury, detriment, nuisance, annoyance to persons or the public or which endanger the comfort, repose, health, or safety of any such persons or the public or which cause or have tendency to cause injury or damage to business property." *Id*, at *6 (emphasis added).

Therefore, regardless of any agreements, disclaimers, contracts or averments to the contrary, because Limetree Bay Terminals d/b/a Ocean Point Terminals was the Title V Clean Air Act Permitee, a duty was owed to Plaintiff. This duty is owed regardless of where the source of the contaminant came from in the refinery or who owned the refinery.

As such, Defendant's motion to dismiss should be denied in its entirety, however, the substance of Defendant's motion will be addressed below.

## LEGAL DISCUSSION

I. **Standard of Review**

A. **Rule 12(b)(6)**

In considering a motion to dismiss under Rule 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Paschal v. Billy Beru, Inc.*, 373 Fed. App'x. 213, 215 (3d

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 3

Cir. 2010); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc). "The defendant bears the burden of showing that no claim has been presented." *Atlantic Basin Refining, Inc. v. ArcLight Capital Partners, LLC*, 2021 WL 2715967, at *3 (D.V.I., 2021) (citing *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *see also Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570, 127 S.Ct. 1955. That standard is met when "factual content [ ] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556; *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)(reaffirming that even after *Twombly,* a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.). Significantly, "[f]ederal pleading rules ... do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam).

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 4

## II. The Court must strike Defendant Ocean Point's extraneous documents because they have not been authenticated or subjected to cross-examination.

In deciding a Rule 12(b)(6) motion to dismiss, the Court may only consider the allegations contained in the complaint, exhibits attached thereto, and matters of public record. *Ainger v. Great American Assurance Company*, WL 4379794, D.V.I. September 22, 2022, at *3, citing *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d. Cir. 1993). If a Court considers matters outside of the complaint, exhibits attached thereto, and matters of public record, the motion to dismiss must be converted to a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id*, at *4, citing *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) (quoting Fed. R. Civ. P. 12(d))

The Court may rely on "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss only if the plaintiff's claims are *based on* the document." *Charleswell v. Chase Manhattan Bank*, N.A., 45 V.I. 495, 507 (D.V.I 2004). Courts do not interpret the "*based on*" language broadly. It must be clear that the allegations in a Complaint are actually based on the "undisputedly authentic document," and not on related other documents referenced in a pleading. *See Charleswell*, 308 F. Supp. 2d at 558 (refusing to consider extraneous mortgage contracts because the plaintiffs' claims were based on "oral agreements to provide or procure insurance that are separate from the mortgages," and therefore, "the Court will consider only the allegations of the Complaint in deciding the Motion to Dismiss."); *see also Vanderwall v. Marriott Ownership Resorts (St. Thomas), Inc.,* No. CV 2012-84, 2013 WL 4482454, at *5 (D.V.I. Aug. 20,

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 5

2013) (District court noted that plaintiffs were not required to rely on anything outside of their amended complaint for this pre-answer, pre-evidentiary hearing, facial challenge).

Defendant Ocean Point attached five (5), unauthenticated exhibits including a "composite" exhibit, consisting of one-hundred and thirty-five (135) pages of purported agreements and other documents. The documents attached to Defendant's Motion are not the type of documents of which the Court may take judicial notice[1]. Incredibly, Defendants ask the Court to consider its attached documents as evidence that it did not owe Plaintiff a duty without any sworn authentication. These issues are for discovery and summary judgment, not a dismissal on the pleadings. This court should strike the unauthenticated documents from the record.

Defendant did not supply any extrinsic evidence to prove that the agreements and letters are what they claim to be, are complete, and include every provision, rider, or addendum. Even if Defendant had provided evidence of authentication, the documents have not been subject to discovery for Plaintiff to cross-examine any witnesses about their subject matter, accuracy, and understandings upon entering into the agreements. Therefore, dismissal at this stage, based on unauthenticated documents, Plaintiff did not attach to the Complaint, would violate Rule 12(b)(6); Rule 12(d) and Rule of Evidence 901. The Court should strike Defendant's Exhibits in considering this motion.

Further, Defendant Ocean Point has grounded their entire motion on the agreements and documents, which are not properly before the Court, which this Court must exclude;

---

[1] Other than Exhibit 2 which is an Order of the Bankruptcy Court and Plaintiff concedes that this Court may take judicial notice of that one exhibit. However, the exhibit was merely offered to prove sale of the refinery was ordered in 2021 which is immaterial to Plaintiff's claims.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 6

therefore, leaving no basis for Defendant's arguments. Accordingly, the Court should deny the entire motion to dismiss. Alternatively, if the Court decides not to exclude Defendant's exhibits, it must convert this motion to dismiss to one for summary judgment under Rule 56 and permit discovery on the issues under Rule 56(c). *Ainger v. Great American Assurance Company*, WL 4379794, D.V.I. September 22, 2022, at *3, citing *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d. Cir. 1993).

### III. Plaintiff's Complaint is clear, concise and sufficiently places Ocean Point on notice of the claims of Negligence and Gross Negligence against them.

Defendant Ocean Point wrongly accuses Plaintiff's complaint of failing to state a claim against Ocean Point for Negligence and Gross Negligence. However, federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the ... claim is and the grounds upon which it rests," which this Complaint clearly has done. *Brown v. Nicklow*, 2023 WL 1766272, at *2 (M.D.Pa., 2023) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In the Virgin Islands, to establish a claim for negligence a Plaintiff must show "(1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant (3) constituting the factual and legal cause of (4) damages to the plaintiff". *Machado v. Yacht Haven U.S.V.I., LLC, 61 V.I. 373*, 380. (October 16, 2014).

To prevail on a claim for gross negligence in the Virgin Islands, Ms. Wooten must establish that: (1) the defendants' Limetree Bay Terminals d/b/a Ocean Point Terminals, Port Hamilton Refining & Transportation, and Limetree Bay Refinery owed her a legal duty

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 7

of care; (2) the defendants breached that duty in such a way as to demonstrate a wanton, reckless indifference to the risk of injury to plaintiff; (3) and the defendants' breach constituted the proximate cause of (4) damages to plaintiff. More than mere thoughtlessness or inadvertence, or simple inattention. *Brathwaite v. Xavier*, 71 V.I. 1089, 1111 , *order clarified,* 2019 VI 1U, ¶ 31 (2019)

When determining whether the Defendants' conduct rises to gross negligence, the jury must evaluate the evidence and determine that the conduct was more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simple inattention. *Id.*

The Virgin Islands Supreme Court previously held, "[c]ertainly, the question of whether a party is entitled to any punitive damages—that is, whether the defendant has engaged in "conduct that is not just negligent but shows, at a minimum, reckless indifference to the person injured," *Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 824 (V.I. 2017)—is a question of fact. *Atl. Hum. Res. Advisors, LLC v. Espersen*, 76 V.I. 583, 624 (2022);*Accord Lomas v. Kravitz*, 130 A.3d 107 (Pa.Super.2015)(*en banc*)("The determination of whether a person's actions rise to outrageous conduct lies within the sound discretion of the fact-finder and will not be disturbed on review, provided that discretion has not been abused.")

Here Plaintiff specifically claims that Limetree Bay Refinery and Ocean Point Terminals shut down the refinery in 2021 because of actions taken by the EPA and in doing so, failed to properly remove or contain multiple toxic materials in the Refinery.  [*Complaint*, at ¶9] Plaintiff claims that Limetree Bay Terminals d/b/a Ocean Point Terminals are one and the same.  [*Id,* at 5.]  Plaintiff claims that Limetree Bay Terminals d/b/a Ocean Point Terminals,

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 8

was in charge of safety and the proper storage, removal, and containment of potentially toxic materials. [*Id*, at 11.] Plaintiff claims Limetree Bay Terminals d/b/a Ocean Point Terminals failed to properly store, remove, and contain potentially toxic materials. [*Id*, at 12] Plaintiff claims that Limetree Bay Terminals d/b/a Ocean Point Terminals failed to properly enforce safety requirements and as a result petroleum coke was not removed from and/or properly stored at the refinery. [*Id*, at 13-14] Plaintiff claims that Limetree Bay Terminals d/b/a Ocean Point Terminals agreed to assist West Indies/Port Hamilton with safety and related activities to prevent hazardous materials from escaping the refinery and to contain potentially toxic chemicals. [*Id*, at 16] Plaintiff claims that Limetree Bay Terminals d/b/a Ocean Point Terminals were told by the EPA and West Indies/Port Hamilton that they had to have a risk management plan and provide it to the EPA for activity involving a regulated substance, and that a Prevention of Deterioration permit would be required and therefore West Indies/Port Hamilton engaged Limetree Bay Terminals d/b/a Ocean Point Terminals to contain or remove any potentially dangerous substances. [*Id*, at 17-18.] Plaintiff claims that Limetree Bay Terminals d/b/a Ocean Point Terminals did not contain or remove all the petroleum coke and as a result a pile of it began smoldering and had been on fire since August 4, 2022. [*Id*, at 19-22] As a result of these actions, Plaintiff claims that when she went to the refinery to perform her job as a Federal US Customs and Border Patrol agent, she was exposed to and inhaled black smoke which resulted in severe medical damages to her lungs and general health as well as other damages. [*Id*, at 23-27, 31-34]

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 9

Plaintiff clearly pleads that Defendant Limetree Bay Terminals d/b/a Ocean Point Terminals owed her a duty of care as she was on the property to perform her job as a federal agent. Further, the duty was owed by Limetree Bay Terminals d/b/a Ocean Point Terminals because they were engaged by West Indies/Port Hamilton to contain or remove toxic chemicals pursuant to EPA instructions. Limetree Bay Terminals d/b/a Ocean Point Terminals failed to remove or contain the toxic chemical and therefore they breached their duty of care. The Defendants showed reckless indifference to the Plaintiff when they were notified and warned by the EPA that toxic chemicals continued to remain on the property, yet they did nothing to abate it, despite knowing where the chemicals were located. The toxic chemicals catching fire created a black smoke and inhalation hazard which was the proximate cause of Plaintiff's damages.

Plaintiff's Complaint is not confusing or unclear to Defendants such that they cannot reasonably be put on notice of the claims for negligence and gross negligence against them. Therefore, this Court should conclude that it would be erroneous to dismiss Plaintiff's Complaint where the adequately Complaint sets forth the factual allegations to support a claim against Limetree Bay Terminals d/b/a Ocean Point Terminals for both negligence and gross negligence.

### IV. Plaintiff's claims for Failure to Warn, Failure to Maintain an Abnormally Dangerous Condition and Maintenance of a Dangerous Nuisance are not Duplicative.

Defendant claims that Plaintiff's claims for failure to warn, failure to maintain an abnormally dangerous condition and maintenance of a dangerous nuisance (Counts III, IV, and V) are duplicative and therefore must be stricken. *Motion to Dismiss* at P.9 [Doc. No.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 10

14] To support this proposition Defendant cites *Antilles Sch., Inc. v. Lemback*, 64 V.I. 400, 413 (2016). However, *Antilles* does not support that proposition at this stage in the case. In *Antilles*, the claim of premises liability was found to be a theory of negligence and therefore the jury would not be instructed on premises liability as it was duplicative of the negligence claim. *Id*.

Here, failure to warn is part of Plaintiff's claim for negligence and is the theory of negligence under which Plaintiff is giving Defendant notice of the claim and its duty to Plaintiff arising out of that theory.

Similarly, failure to maintain an abnormally dangerous condition and maintenance of a dangerous nuisance are statutory claims, and therefore not duplicative. Public nuisance is defined by 14 V.I.C. §1461 and maintaining or failure to remove a public nuisance is defined under 14 V.I.C. §1462. Private nuisance is defined under 28 V.I.C. §331 and allows an action for damages. Clearly Plaintiff's claims in nuisance are not duplicative of her claims for negligence as they are defined by statute.

Finally, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Motion to Dismiss*, at P. 1 [Doc. No. 14] Defendant argues the claims for failure to warn, failure to maintain an abnormally dangerous condition and maintenance of a dangerous nuisance should be dismissed because they are duplicative. Id, at 9. However, Rule 12(f) governs motions to strike any "redundant" matters. Fed. R. Civ. P. 12(f). Defendant cannot dismiss or strike claims for redundancy under a 12(b)(6) motion.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 11

**WHEREFORE**, for the reasons stated herein, Plaintiff respectfully requests that the Defendant Ocean Point Terminals Motion to Dismiss be denied in its entirety.

                                                RESPECTFULLY SUBMITTED

                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiff

DATED:  May 7, 2023                      BY:   */s/ Jennifer S. Koockogey-Lajoie*
                                                           Jennifer S. Koockogey-Lajoie, Esq.
                                                           VI Bar No. R2068
                                                           1108 King Street, Suite 3 (mailing)
                                                           56 King Street, Third Floor (physical)
                                                           Christiansted, St. Croix
                                                           U.S. Virgin Islands 00820
                                                           Telephone: (340) 778-8855
                                                           jennifer@rohnlaw.com

**CERTIFICATE OF SERVICE**

    **THIS IS TO CERTIFY** that on May 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

    Andrew C. Simpson, Esq.
    Andrew C. Simpson, P.C.
    2191 Church Street, Suite 5
    Christiansted, VI  00820

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Plaintiff's Opposition to Defendant Ocean Point's Motion to Dismiss
Page 12

  Email Address: asimpson@coralbrief.com
   Attorney For: Port Hamilton Refining and Transportation

  Donnie M. King
  AKERMAN LLP
  201 East Las Olas Boulevard, Suite 1800
  Fort Lauderdale, FL  33301
   Attorney For:  Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals


          BY:   /s/ *Jennifer S. Koockogey-Lajoie*   (jk)

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## ORDER

**THIS MATTER** having come before the Court on DEFENDANT OCEAN POINT'S MOTION TO DISMISS dated April 3, 2023 and the Court having been advised in its premises, it is;

**ORDERED** that Defendant Ocean Point's Motion to Dismiss is **DENIED**, and further;

**SO ORDERED** this _____ day of _____ 2023.

_____
The Honorable Wilma A. Lewis
of the District Court of the Virgin Islands