# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

NICOLE WOOTEN,

      Plaintiff,

  v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
TRANSPORTATION; WEST INDIES
PETROLEUM, LTD.; LIMETREE
BAY REFINERY, LLC,

      Defendants.
_____

1:23-cv-00012-WAL-EAH

TO:    Lee J. Rohn, Esq.
          Jennifer Sue Koockogey, Esq.
          Donnie Marcel King, Esq.
          Andrew C. Simpson, Esq.

## ORDER

This matter is before the Court *sua sponte*. A revision to Federal Rule of Civil Procedure 7.1 went into effect on December 1, 2022. The Rule requires nongovernmental corporate parties to file a disclosure statement that "identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or states that there is no such corporation." Fed. R. Civ. P. 7.1(a)(1). The Rule further requires parties "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)" to file a disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2).[1] Rule 7.1's disclosure

---

[1] The parties must disclose the appropriate information pertinent to that party's citizenship.

requirements apply to all parties—plaintiffs and defendants—as well as intervenors. The required statement must be filed with each party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1). Additionally, a party must "promptly file a supplemental statement if any required information changes." Fed. R. Civ. P. 7.1(b)(2).

Accordingly, to the extent not previously provided, **IT IS ORDERED** that within ten (10) days of the date of this Order, the parties shall file the appropriate disclosure statements in compliance with Rule 7.1.

ENTER:

Dated: May 25, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

*See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a natural person is the state where that person is domiciled. The citizenship of a corporation is both its state of incorporation and the state of its principal place of business. A partnership, as an unincorporated business entity, assumes the citizenship of all its partners. Likewise, a limited liability company is a citizen of all the states of its members."); *id.* at 34 n.6 (the citizenship of a traditional trust is determined by the citizenship of its trustees); *id.* at 39 (a business trust bears the citizenship of each of its constituent owners); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (determining the citizenship of a partnership or LLC requires "trac[ing] through however many layers of partners or members there may be" to determine the citizenship of each (citation omitted)); 28 U.S.C. § 1332(c)(1) (citizenship of insurers where insured is not named as a party); 28 U.S.C. § 1332(c)(2) (attributed citizenship).