**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| NICOLE WOOTEN,<br><br>        Plaintiffs,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>        Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

### <u>DISCOVERY MEMORANDUM</u>

**COMES NOW** Plaintiff **NICOLE WOOTEN**, by and through her undersigned counsel, and pursuant to the Court's Order of October 27, 2023, provides this Court with her Discovery Memorandum.

1. **STATEMENT OF FACTS:**

On August 8, 2022, Plaintiff Nicole Wooten was heading to the Limetree Bay Refinery to complete facial control on a tugboat as part of her job for US Customs and Border Protection. When Plaintiff arrived at the tugboat, she noticed a thick black smoke coming out of the dome building at the jointly controlled Limetree Bay Terminals and WIPL/PHRT Dome Building.

Plaintiff observed two refinery workers in the area with no masks. Plaintiff rolled down her window to inquire whether it was safe to proceed to do her work. Plaintiff

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**DISCOVERY MEMORANDUM**
Page 2

immediately felt smoke enter her lungs, and she coughed, and could hardly Breathe, she began wheezing, vomited, had chest pains, was shaking uncontrollably with tremors, and had shortness of breath, and was rushed to urgent care, where she was given four vials of inhalation solution and a steroid shot. Since August 8, 2022, she has been unable to effectively breathe and cannot pass pulmonary function testing, as she has a permanent loss of lung capacity. Prior to August 8, 2022, Plaintiff had pulmonary function tests that were within normal limits.

Limetree Bay Refinery and Ocean Point Terminals shutdown, the refinery in 2021, as result of actions taken by EPA, it failed to properly remove or contain multiple toxic materials in the Refinery. Limetree Bay Terminals was in charge of safety and the proper storage, removal, or containment of potentially toxic materials along with Limetree Bay Refinery. Limetree Bay Terminals and Limetree Bay Refinery failed to properly store, remove, and contain potentially toxic materials. Limetree Bay Terminals and Limetree Bay Refinery failed to properly enforce safety requirements.

As a result, among the toxic chemicals not removed or properly stored was petroleum coke, a charcoal like substance that is a byproduct of refining oil. On December 21, 2021, West Indies Petroleum, Ltd and Port Hamilton Refining and Transportation, LLLP, (jointly WIPL/PHRT) purchased the refinery,

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**DISCOVERY MEMORANDUM**
Page 3

bankruptcy sale. WIPL/PHRT entered into agreements with Limetree Bay Terminals for it assist with safety and related activities to prevent hazardous materials from escaping the refinery and to safely remove or contain potentially toxic chemicals. For some time left over petroleum coke had been allowed by Defendants to remain at the refinery and not properly be contained or removed.

On August 7, 2022, Port Hamilton Refining and Transportation issued a news release stating that a pile of petroleum coke was "found smoldering" at the refinery. The petroleum coke had been on fire since August 4, 2022, and there was an attempt to conceal that information.

2. **LEGAL ISSUES:**

1. Whether the Defendants were grossly negligent in the operation of the Refinery including but not limited to the storage of and failure to remove petroleum coke and other toxic chemicals.

2. Whether the Defendants were negligent in in the operation of the Refinery including but not limited to the storage of and failure to remove petroleum coke and other toxic chemicals.

3. Whether Defendants failed to warn Plaintiff of a known dangerous condition on their premises.

4. Whether the Defendants maintained an abnormally dangerous condition including but not limited to the storage of and failure to remove petroleum coke and other toxic chemicals.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**DISCOVERY MEMORANDUM**
Page 4

5. Whether the Defendants maintained a dangerous nuisance including but not limited to the storage of and failure to remove petroleum coke and other toxic chemicals.

6. Whether the Defendant's negligence caused Plaintiff to suffer damages.

**B. DISCOVERY CONDUCTED TO DATE:**

Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals served its Rule 26 Initial Disclosures upon Plaintiff's counsel on November 6, 2023. On November 14, 2023, Plaintiff's counsel's office filed their Rule 26 Initial Disclosures.

**C. DISCOVERY PROBLEMS TO DATE:**

To date, the parties have not had any discovery issues that need to be addressed.

**D. FURTHER DISCOVERY NEEDS:**

The parties will need to exchange written discovery requests, and respond to the same. The Plaintiff anticipates deposing 30(b)(6) representatives at this time. After conducting written discovery, Plaintiff will also seek to depose the two refinery workers she spoke to on the date of the incident once they are identified.  A substantial amount of discovery will be conducted on the contractual agreements between the Defendants and their communications with the EPA.  It is anticipated Defendants will depose the Plaintiff.

**E. ESTIMATED TIME TO COMPLETE DISCOVERY AND PROPOSED DEADLINE FOR COMPLETION OF FACTUAL DISCOVERY:**

Discovery can be completed in ten (10) months or on or before **October 14, 2024**.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**DISCOVERY MEMORANDUM**
Page 5

**F. ISSUES WITH DISCLOSURE, DISCOVERY, OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION:**

The Plaintiff does not anticipate any issues in this category of discovery.

**G. CLAIMS OF PRIVELEGE:**

The Plaintiff has evidence that is not privileged but is confidential. However, if any such issues arise during discovery, and if Defendants agree, the parties can ask the Court for a Protective Order that would allow the use of the confidential information for litigation purposes only and allow disclosure only to the parties' counsels and employees of counsels' office.

**H. EXPERT TESTIMONY AND DEADLINES:**

Expert testimony will be necessary. At this time a pulmonologist and psychiatric expert are anticipated. An environmental and/or chemical engineering expert may be obtained as well. Plaintiff's experts will be named, and the information required by Fed. R. Civ. P. 26(a)(2)(B) will be provided by **December 9, 2024**. It is assumed that Defendants' experts will be named, and the information required by Fed. R. Civ. P. 26 (a)(2)(B) will be provided by **February 7, 2025**. Expert Depositions could be completed by **April 8, 2025**.

**I. LIMITATIONS ON DISCOVERY DEVICES:**

The Plaintiff does not anticipate any limitations on discovery devices. The only limitation that may arise is regarding evidence that may be privileged as covered in Section G above.

**J. MEDIATION:**

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**DISCOVERY MEMORANDUM**
Page 6

Plaintiff is always amenable to mediation and proposes that mediation should be completed by **November 13, 2024**.

### K. JOINDER OF ADDITIONAL PARTIES, AMENDMENTS TO PLEADINGS:

The Plaintiff does not foresee the need to join additional parties or amend the pleadings. However, Plaintiff proposes the following date for joinder of parties and amendments: **August 9, 2024**.

### L. ESTIMATED LENGTH OF TRIAL:

A trial lasting approximately ten (10) days will be necessary due to the number of Defendants and likely complexity of the environmental/chemical engineering issues.

### M. OTHER RELEVANT OR HELPFUL ISSUES:

Plaintiff filed a Motion to Amend the First Amended Complaint on March 1, 2023, shortly before the case was removed to District Court. That Motion still needs to be ruled on and once ruled on, Plaintiff intends to serve West Indies with the Second Amended Complaint and then they will need to enter an appearance in this litigation and participate in scheduling discussions etc.

### N. AREAS OF DISAGREEMENT IN AREAS COVERED BY DISCOVERY MEMORANDUM:

None known by Plaintiff.

        RESPECTFULLY SUBMITTED
        LEE J. ROHN AND ASSOCIATES, LLC
        Attorneys for Plaintiff

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**DISCOVERY MEMORANDUM**
Page 7

DATED:  December 7, 2023                    BY:   /s/ *Jennifer S. Koockogey-Lajoie*
                                                                                               Jennifer S. Koockogey-Lajoie, Esq.
                                                                                                VI Bar No. R2068
                                                                                                1108 King Street, Suite 3 (mailing)
                                                                                                56 King Street, Third Floor (physical)
                                                                                                Christiansted, St. Croix
                                                                                                U.S. Virgin Islands 00820
                                                                                                Telephone: (340) 778-8855
                                                                                                jennifer@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**DISCOVERY MEMORANDUM**
Page 8

# CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on December 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Donnie King
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301

Attorney for **Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals**

Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820

Attorney for **Port Hamilton Refining and Transportation Port Hamilton Refining and Transportation**

BY: ____/s/ *Jennifer S. Koockogey-Lajoie*____ (al)