DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>               Plaintiff,<br><br>         v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING & TRANSPORTATION, WEST INDIES PETROLEUM LTD., and LIMETREE BAY REFINERY, LLC, as a nominal Defendant<br><br>               Defendants. | Case No.  1:23-cv-00012-WAL-EAH |

**DEFENDANT OCEAN POINT TERMINAL'S DISCOVERY MEMORANDUM**

Defendant, Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point"), pursuant to Fed. R. Civ. P. 26(f)(3), LRCi 16.1, and the Order Setting Initial Conference dated of October 27, 2023 [ECF No. 27], hereby provides this Court with its Discovery Memorandum as follows:

1. **Statement of Facts:**

The Complaint arises out of an August 8, 2022 incident, where Plaintiff allegedly suffered physical and mental injury after being exposed to a "thick black smoke coming out of the dome building" that was purportedly jointly controlled by Ocean Point, West Indies Petroleum LTD ("WIPL"), and Port Hamilton Refining Transportation, LLLP ("Port Hamilton"). *See* Compl. ¶ 22.

Ocean Point denies liability on the grounds that it: (1) did not own or control the dome building; (2) there were no agreements between Ocean Point and WIPL and/or Port Hamilton at the time of Plaintiff's incident; (3) Ocean Point's assistance with containing the fire in the Dome Building did not commence until after Plaintiff's alleged incident; and (4) the Complaint does not and cannot state a claim for negligence or gross negligence against Ocean Point.  In support of this

73892038;1

theory, Ocean Point relies on documents incorporated into the Complaint by reference that definitely disprove Plaintiff's allegations and show that Ocean Point had no duty to Plaintiff and is not liable to Plaintiff for the injuries she alleges to have suffered.

Defendant Port Hamilton denies liability and further avers that Plaintiff assumed the risk of her injuries, and/or that her injuries were caused by intervening or superseding actions of others. The record does not reflect that Defendant WIPL has entered an appearance in defense of this matter, nor that Plaintiff has been properly executed service of the Complaint on WIPL.

    2.    **Discovery Conducted:**

Ocean Point provided its Rule 26 Initial Disclosures to all counsel of record on November 6, 2023. Plaintiff provided its Rule 26 Initial Disclosures to all counsel of record on November 14, 2023.

    3.    **Discovery Problems:**

Ocean Point has not encountered any discovery problems to date that need to be addressed.

    4.    **Discovery Needs:**

Ocean Point intends to: (1) serve written discovery on Plaintiff, (2) serve subpoenas on Plaintiff's past and current medical providers and employers; and (3) depose the fact and expert witnesses identified by Plaintiff, Port Hamilton, and WIPL in their Rule 26 initial disclosures or otherwise identified in discovery. Because Plaintiff's mental and physical condition are in controversy, Ocean Point intends to obtain agreement from Plaintiff to undergo physical and medical examination by a suitably licensed and certified examiner. In the event Ocean Point and Plaintiff do not reach an agreement, Ocean Point will move for a Court order requiring Plaintiff to submit to physical and mental examinations. Ocean Point does not anticipate any further special discovery needs at this time.

    5.    **Time to Complete Fact Discovery:**

Ocean Point estimates that it needs ten (10) months, or up to and including **October 14, 2024** to complete discovery.

6. **Issues Regarding Disclosure, Discovery, or ESI:**

Ocean Point does not anticipate any issues related to the disclosure, discovery or preservation of electronically stored information. Further, Ocean Point anticipates that the parties will meet and confer to amicably resolve any issues that may arise.

7. **Issues Regarding Claims of Privilege:**

Ocean Point is unaware of any issues regarding privilege or of protection as trial-preparation materials at this time.

8. **Statement Regarding Expert Testimony:**

Ocean Point anticipates that it will need to retain an economic/financial expert, a medical billing expert, a pulmonologist expert, a mental health expert, a vocational rehabilitation expert, and a life care planner to serve as rebuttal witnesses. Plaintiff's experts should be named, and the information required by Fed. R. Civ. P. 26(a)(2)(B) should be provided, by **December 9, 2024**. Defendants' experts should be named, and the information required by Fed. R. Civ. P. 26 (a)(2)(B) should be provided by **February 7, 2025**. Expert Depositions should be completed by **April 8, 2025.**

9. **Statement of Limitation on Discovery Device:**

Ocean Point does not anticipate a need for any limitations placed upon use of any discovery device at this time, other than those imposed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

10. **Statement Regarding Resolution through Mediation:**

Ocean Point believes that this matter may be susceptible to resolution through mediation. The Parties should mediate by **November 13, 2024**.

11. **Proposed Deadlines:**

The parties should amend the pleadings by **August 9, 2024**.

12. **Estimate of Trial Time Need:**

Ocean Point estimates a need for a trial time of ten (10) days will be necessary due to the nature of the expert issues in this matter.

13. **Other Issues:**

    None at this time.

14. **Known Areas of Disagreement of Areas Covered in Discovery Memorandum:**

    None at this time.

DATED:  December 8, 2023            **AKERMAN LLP**
                                    201 East Las Olas Boulevard,
                                    Suite 1800
                                    Fort Lauderdale, Florida 33301
                                    Telephone: (954) 463-2700
                                    Facsimile: (954) 463-2224


                                    By: /*s/Donnie M. King*
                                        Donnie M. King
                                        Virgin Islands Bar No. 1237
                                        Primary e-mail: donnie.king@akerman.com
                                        Secondary e-mail: sharon.luesang@akerman.com
                                        David J. Awoleke (admitted *pro hac vice*)
                                        david.awoleke@akerman.com
                                        *Counsel for Defendant Limetree Bay Terminals,*
                                        *LLC d/b/a Ocean Point Terminals*

## CERTIFICATE OF SERVICE

      I certify that the foregoing document was filed with the Court's electronic filing system on December 8, 2023 which will send a notice of electronic filing to all counsel of record.

                                                    */s/Donnie M. King*  
                                                    Donnie M. King

73892038;1