IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>              PLAINTIFF,<br><br>VS.<br><br>LIMETREE BAY TERMINALS, LLC, ET AL.<br><br>              DEFENDANTS. | CASE NO. 1:23-CV-00012 |

**PORT HAMILTON'S DISCOVERY MEMORANDUM**

Now comes Port Hamilton Refining and Transportation, LLC ("Port Hamilton") and submits the following discovery memorandum.

1. **PROCEDURAL STATUS**

The operative complaint in this matter is the First Amended Complaint. However, plaintiff's counsel has indicated that she will be filing a Motion for Leave to File a Second Amended Complaint and the Court has directed that she do so by December 14, 2023. Limetree Bay Terminals, LLC ("LBT") has a fully briefed motion to dismiss pending, which may or may not be mooted depending upon how what is included in plaintiff's proposed amended complaint (and whether the motion to amend is granted).

2. **FACTS**

Plaintiff is suing the defendants for alleged personal injuries that she claims she

1

sustained during an incident at the North Coke Dome located in the refinery complex on St. Croix in which coke remaining in the North Coke Dome from an attempt to restart the refinery in 2021—before Port Hamilton existed—began to smolder. The coke never actually ignited and the smoldering coke was contained through firefighting efforts.

A CO/SO2 alarm first activated in the North Coke Dome in the early morning of August 4, 2023. The alert was investigated at that time and there was no indication of smoke or fire. At approximately 6:15 a.m., the Refinery Shift Superintendent followed up and noticed smoke. Port Hamilton thereafter set up fire hose spray nozzles inside the North Coke Dome to cool the smoldering coke. Water was continually applied and the temperatures inside the North Coke Dome were frequently monitored. Efforts to control the smoldering coke were delayed by circumstances outside of Port Hamilton's control.

The First Amended Complaint ("FAC") specifically alleges facts suggestive of negligence on the part of Limetree Bay Terminals, LLC ("LBT") (FAC ¶¶9–11). It generically alleges that "Defendants" had allowed "left over petroleum coke" to "remain at the refinery and not properly be contained or removed." FAC ¶18. There are no allegations in the complaint that plausibly link any of the defendants' alleged conduct to the cause of the smoldering coke.

Port Hamilton denies liability and asserts that Wooten was not present within the refinery/terminal complex for any business or other activity related to Port Hamilton. Moreover, Port Hamilton did not provide Wooten with access to the refinery/terminal

2

complex and had no knowledge that she was present on the premises. On information and belief, Wooten was on premises under the control of LBT at the time of her alleged exposure. Port Hamilton owed no duty to Wooten with respect to the use of Personal Protective Equipment and because it had no knowledge that she was even present within the refinery/terminal complex, could not have warned her of any dangers associated with her presence within the refinery/terminal complex.

Port Hamilton also denies that the workers Wooten allegedly observed not wearing masks (as alleged in paragraph 23 of the FAC) were "refinery workers."

Finally, Port Hamilton does not believe that the smoldering coke was a proximate cause of Wooten's injuries since the smolder was a known and obvious condition and there were intervening acts that delayed Port Hamilton's ability to contain and control the smoldering coke.

3. **DISCOVERY CONDUCTED:** The parties have exchange their Rule 26 initial disclosures.

4. **DISCOVERY PROBLEMS:** None to date.

5. **DISCOVERY NEEDS:** Port Hamilton will seek discovery related to plaintiff's claims and her medical conditions, including medical record collection from, and depositions of, plaintiff's health care providers. This case is a bit more complex than the typical personal injury case and it is likely that there will be a need for a good deal of non-party discovery, for example, from federal and Virgin Islands environmental and firefighting employees, and from the off-island company brought in by Port Hamilton to extinguish the smoldering coke.

3

6. **TIME TO COMPLETE DISCOVERY:**

   Because the Court has continued the date of the initial scheduling conference in this matter and at least one additional party has yet to be joined, it is difficult to propose a schedule at this time. Port Hamilton agrees with plaintiff and LBT that **ten months of factual discovery** will be needed once all parties are joined.

7. **ISSUES REGARDING DISCOVERY, DISCLOSURE AND ESI:**

   Port Hamilton does not anticipate any issues related to the disclosure, discovery or preservation of electronically stored information. Port Hamilton proposes that documents such as emails be produced in Adobe PDF format with all parties reserving the right to request such files in native format if there is a need to discover metadata.

8. **ISSUES REGARDING CLAIMS OF PRIVILEGE:**

   Port Hamilton is not aware of any particular privilege issues that are likely to arise in this case.

9. **EXPERT WITNESS NEEDS:**

   Port Hamilton anticipates the use of experts in coke storage; firefighting and control; medical/mental health experts related to the injuries claimed by plaintiff and revealed in discovery; and potentially a vocational rehabilitation expert and a life care planner (depending upon the damages claimed by plaintiff).

10. **LIMITATIONS ON DISCOVERY:**

Port Hamilton does not anticipate a need for any limitations placed upon use of any discovery device at this time, other than those imposed in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure.

11. **MEDIATION:**

Until such time as the Court has adopted a process for mediation pursuant to 28 U.S.C. § 652 and made mediators available to the parties as set forth in 28 U.S.C. § 653(a), Port Hamilton believes that the Court lacks the power to compel mediation. Port Hamilton is not opposed to mediation but feels that until the Court is providing the mediators as set forth in chapter 44 of Title 28, U.S. Code, the decision to mediate must be left to the voluntary decision of the parties to engage in mediation at the time when the parties feel mediation would best serve their interests.

12. **PROPOSED DEADLINES:**

Port Hamilton agrees with the nature of the schedule proposed by LBT and plaintiff in their discovery memoranda but since the initial pretrial conference is now postponed, proposes that the deadlines set forth below run from the date of the initial scheduling conference:

| | |
|---|---|
| Fact discovery completed: | 10 months after initial ptc |
| Plaintiff to produce her expert disclosures: | 12 months after initial ptc |
| Defendants to produce their expert disclosures: | 14 months after initial ptc |

  Completion of expert discovery:  16 months after initial ptc

  Deadline for motions to
  amend pleadings:  8 months after initial ptc

13. **ESTIMATE OF TRIAL LENGTH:**

Port Hamilton estimates that it will take 10 trial days to try the case.

14. **OTHER ISSUES:**

None.

15. **AREAS OF DISAGREEMENT OF AREAS COVERED IN THIS DISCOVERY MEMORANDUM:**

Other than disagreements about liability and responsibility for the alleged incident, none.

    Respectfully submitted,

    **ANDREW C. SIMPSON, P.C.,**
    Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: December 8, 2023

     /s/ Andrew C. Simpson
    By:  Andrew C. Simpson, Esq.
    VI Bar No. 451
    ANDREW C. SIMPSON, P.C.
    2191 Church Street, Suite 5
    Christiansted, VI 00820
    Tel: 340.719.3900
    asimpson@coralbrief.com