IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>        Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>        Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## **MOTION TO AMEND THE FIRST AMENDED COMPLAINT**

Plaintiff, by and through undersigned counsel, moves this Court to amend her First Amended Complaint pursuant to the order of Judge Jones of the Bankruptcy Court attached here to as **Exhibit "1"** as well as to add additional facts learned since the filing of the First Amended Complaint.

Motions to amend the pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." Fed. R. Civ. P. 15(a). "In keeping with the intent and spirit of the rules []governing pleadings and amendments, decisions on the merits are favored, and dismissal of claims "on the basis of such mere technicalities" are to be avoided. *Forman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "[R]igid adherence to formalities and technicalities must give way before the policies underlying Rule 15." *Heyl & Patterson Inter., Inc. v. Gov't of the Virgin Islands,* 663 F.2d 419, 426 (3d Cir.1981).

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**MOTION TO AMEND THE COMPLAINT**
Page 2

  Rule 15 does not establish a time restriction for amending a complaint, and motions to amend have been allowed at different stages of litigation. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1488 (1990); *see Ali v. Intertek Testing Services Caleb Brett,* 332 F.Supp.2d 827, 829 (D.V.I.2004). *Stanley v. St. Croix Basic Servs., Inc.*, No. CIV. 2003/0055, 2008 WL 5973489, at *2 (D.V.I. Mar. 4, 2008). Delay alone does not justify denying a motion to amend. *Cubica Grp. LLLP v. MAPFRE Puerto Rican Am. Ins. Co.*, No. CASE NO 2011-108, 2012 WL 2398931, at *3 (D.V.I. June 26, 2012). Even in the face of a delayed motion to amend, the nonmoving party must show additionally that it will suffer some prejudice from the amendment. *See Id*.

  "[P]rejudice to the nonmoving party is the touchstone for denial of [a motion to amend a pleading]." *See Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 2017 WL 2210642, at *3. "An amendment to a complaint is considered 'prejudicial' if it places an unfair burden on the opposing party." *Id.* (citations omitted). In determining whether an amendment places an unfair burden on the opposing party, Courts consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton,* 252 F.3d at 273. *Stanley v. St. Croix Basic Servs., Inc.*, No. CIV. 2003/0055, 2008 WL 5973489, at *3 (D.V.I. Mar. 4, 2008).

  This case is in its infancy with no scheduling order in place to date. There is no prejudice to Defendants.

  The Motion is further supported by the marked-up version of the first amended

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**MOTION TO AMEND THE COMPLAINT**
Page 3

Complaint, **Exhibit 2** and the Second Amended Complaint, **Exhibit 3**.

    **WHEREFORE**, Plaintiff prays for leave to file a First Amended Complaint.

                                            RESPECTFULLY SUBMITTED
                                            LEE J. ROHN AND ASSOCIATES, LLC
                                            Attorneys for Plaintiff

DATED:  December 13, 2023        BY:   /s/ *Jennifer S. Koockogey-Lajoie*
                                                        Jennifer S. Koockogey-Lajoie, Esq.
                                                          VI Bar No. R2068
                                                          1108 King Street, Suite 3 (mailing)
                                                          56 King Street, Third Floor (physical)
                                                          Christiansted, St. Croix
                                                          U.S. Virgin Islands 00820
                                                          Telephone: (340) 778-8855
                                                          jennifer@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**MOTION TO AMEND THE COMPLAINT**
Page 4

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on December 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Donnie King
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301

Attorney for **Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals**

Andrew C. Simpson
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820

Attorney for **Port Hamilton Refining and Transportation Port Hamilton Refining and Transportation**

BY:   /s/ *Jennifer S. Koockogey-Lajoie*   (al)