IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

FILED
March 01, 2023 09:34 PM
SX-2023-CV-00052
TAMARA CHARLES
CLERK OF THE COURT

Case 1:21-32351 Document 1735 Filed in TXSB on 02/17/23 Page 1 of 4

United States Bankruptcy Court
Southern District of Texas
ENTERED
February 17, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>LIMETREE BAY SERVICES, LLC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-32351 (DRJ)<br><br>(Jointly Administered) |

## ORDER GRANTING LIQUIDATING TRUSTEE'S
## EMERGENCY MOTION TO ENFORCE THE CONFIRMATION ORDER

[Related Docket No. 1647]

Upon the *Liquidating Trustee's Emergency Motion to Enforce the Confirmation Order* (the "Motion"), filed by David M. Dunn, the liquidating trustee (the "Liquidating Trustee") of the LBR Liquidating Trust, successor-in-interest to certain rights and interests of Limetree Bay Services, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), seeking on an emergency basis entry of an order enforcing the Court's order [D.I. 1454] (the "Confirmation Order") confirming the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Limetree Bay Services, LLC and Affiliated Debtors* [D.I. 1413-1] (including any exhibits and schedules thereto and as may be amended, supplemented, or modified, the "Plan") with respect to the USVI Actions;[2] and the Court having jurisdiction to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Limetree Bay Services, LLC (1866); Limetree Bay Refining Holdings, LLC (1776); Limetree Bay Refining Holdings II, LLC (1815); Limetree Bay Refining, LLC (8671); Limetree Bay Refining Operating, LLC (9067); Limetree Bay Refining Marketing, LLC (9222).

[2] As used herein, "USVI Actions" refers to *Boynes et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-253 ("Boynes Action"); *Shirley et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00259-WAL-EAH ("Shirley Action"); *Charles et al. v. Limetree Bay Refining, LLC et al.*, D.V.I. case no. 1:21-cv-00260-WAL-EAH ("Charles Action"); *Cotton et al. v. Limetree Bay Ventures, LLC et al.*, D.V.I. case no. 1:21-cv-00261-WAL-EAH ("Cotton Action"); *Liger v. Limetree Bay Ventures, LLC et al.*, St. Croix Superior Court case no. SX-2022-cv-301 (the "Liger Action"); and *Wooten v. Limetree Bay Terminals et al.*, St. Croix Sup. Ct. case no. SX-2023-cv-052

**EXHIBIT 1**

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1408; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled as set forth below; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, as set forth below; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The plaintiffs in the USVI Actions and counsel for the plaintiffs in the USVI Actions shall immediately take any and all actions necessary to dismiss the Liquidating Trustee and the LBR Liquidating Trust (together, the "Trust Parties") from the USVI Actions **with prejudice**. The plaintiffs in the USVI Actions and counsel for the plaintiffs in the USVI Actions shall not file any litigation or other proceeding in the United States District Court for the Virgin Islands, the Superior Court of the Virgin Islands, or any other court asserting claims or seeking any relief against the Trust Parties for any events occurring in whole or in part prior to the date of the hearing on the Motion. For the avoidance of doubt, this Paragraph 1 (and dismissal of the Trust Parties in compliance with this Paragraph 1) shall not prohibit the plaintiffs in the USVI Actions from seeking relief in this Court (a) by asserting claims against the Trust Parties to the extent permitted under the terms of the Trust Agreement for the LBR Liquidating Trust, including Sections 5.08 and 11.05 thereof; and/or (b) by raising any dispute that may arise between an

---

(the "Wooten Action"). The Boynes, Charles, Cotton and Shirley Actions are referred to collectively as the "USVI Federal Actions."

1

Insurance Claimant and the Trust Parties regarding allocation or entitlement to proceeds of any insurance policy, subject to the terms of the Confirmation Order.

2. The plaintiffs in the USVI Federal Actions and their counsel shall immediately take all steps necessary to withdraw the TRO/PI Motions[3] pending against Limetree Bay Refining, LLC ("LBR"), *i.e.*, Boynes Action Dkt. Nos. 120, 141; Charles Action Dkt. Nos. 62, 68; Cotton Action Dkt. Nos. 156, 170; and Shirley Action Dkt. Nos. 33, 41, without prejudice, and shall not refile such motions against LBR expect as permitted by the following sentence. The plaintiffs in the USVI Federal Actions and their counsel shall not seek injunctive relief against LBR, including, but not limited to, injunctive relief compelling LBR to supply water to any members of the alleged classes in the USVI Federal Actions, nor to clean, remediate, or restore any roofs, cisterns, pipes, water catchment components, or other personal property of any members of the alleged classes in the USVI Federal Actions, unless and until (a) an insurance carrier has confirmed coverage for the applicable relief sought by the plaintiffs in the USVI Federal Actions (including defense of such plaintiff's request), and the requested relief would under all circumstances be provided, facilitated, organized, funded and otherwise managed by such carrier, with no obligation whatsoever of LBR, and (b) this Court has authorized such plaintiffs to seek such relief; provided, that nothing herein shall modify the restrictions on plaintiffs' use or recovery of insurance proceeds set forth in the Confirmation Order and Plan.

3. No party, including the plaintiffs in the USVI Actions and their counsel, may seek or obtain any relief (monetary, equitable, or otherwise) against the Trust Parties or LBR (as a nominal defendant or otherwise), whether by complaint, motion, application, or otherwise, without

---

[3] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2

first obtaining an order of this Court, on notice to the Liquidating Trustee and Port Hamilton Refining and Transportation, LLLP ("Port Hamilton"), authorizing such party to seek such relief.

4. Nothing in this order is intended to modify or affect the rights and protections of LBR and Port Hamilton under the Confirmation Order, the Plan, the *Order (I) Authorizing the Sale of All or Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (II) Authorizing the Debtors to Perform Under the Asset Purchase Agreement, (III) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (IV) Granting Related Relief*, entered by the Bankruptcy Court on December 21, 2021 [Doc No. 977] (the "Sale Order").

5. Violation of this Order may be punishable by contempt pursuant to, *inter alia*, Federal Rule of Bankruptcy Procedure 9011, Federal Rule of Civil Procedure 11, 11 U.S.C. § 105, 28 U.S.C. § 1927, and the Court's inherent powers.

6. The plaintiffs in the USVI Actions and/or their respective counsel shall promptly file notice of entry of this Order in each of the USVI Actions.

7. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), if applicable, this Order shall be effective and enforceable immediately upon entry hereof.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: February 16, 2023.**

  
**DAVID R. JONES**  
**UNITED STATES BANKRUPTCY JUDGE**