# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

NICOLE WOOTEN,

                Plaintiff,                  1:23-cv-00012-WAL-EAH

    v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
& TRANSPORTATION,
WEST INDIES PETROLEUM LTD.,
LIMETREE BAY REFINERY, LLC,

                Defendants.
_____

TO:    Lee J. Rohn, Esq.
         Jennifer Sue Koockogey, Esq.
         Donnie Marcel King, Esq.
         Andrew C. Simpson, Esq.

# ORDER

**THIS MATTER** comes before the Court on a Motion to Amend the First Amended Complaint, filed by Plaintiff Nicole Wooten on December 13, 2023. Dkt. No. 36. In her motion, Wooten seeks to amend her First Amended Complaint, originally filed in the Superior Court of the Virgin Islands before the matter was removed to this Court, to comply with a February 16, 2023 Order of the Bankruptcy Court for the Southern District of Texas that has been addressing matters related to certain Limetree Bay debtor entities, *see* Dkt. No. 36-1, and to add additional facts learned since the filing of the First Amended Complaint. Dkt. No. 36 at 1. Wooten states that "[t]his case is in its infancy with no scheduling order in place to date" and thus there is "no prejudice to Defendants" as a result of permitting the amendments. *Id.* at 2.

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order Granting Motion to Amend
Page 2

Wooten complied with LRCi 15.1 by providing a redlined version of the changes made and a clean copy of the proposed Second Amended Complaint. Dkt. Nos. 36-2, 36-3. However, the motion does not comply with LRCI 7.1(f) as it does not contain a representation that Wooten sought concurrence in the motion from each party. Still, when counsel for Defendant Port Hamilton Refining & Transportation recently filed a motion to continue the previously-scheduled December 12, 2023 Initial Conference, Dkt. No 32, he represented that he had communicated with all parties to the action and all consented to the motion. That motion also contained a statement that the Plaintiff's motion to amend was unopposed, and the proposed order granting the motion to continue included a section granting the motion to amend. *Id.* Thus, the Court considers the instant motion to amend unopposed.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires."  As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Prejudice to the non-moving party "has long been the touchstone for the denial of leave to amend." *Mullin v. Balicki*, 875 F.3d 140, 155 (3d Cir. 2017) (internal quotation marks omitted). "Prejudice means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order Granting Motion to Amend
Page 3

party. More specifically, courts consider whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) (internal quotation marks and footnotes omitted). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). Although "delay alone is an insufficient ground to deny leave to amend," the Third Circuit has recognized that "at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Kern v. Phoenixville Hosp., LLC*, 342 F.R.D. 324, 328 (E.D. Pa. 2022). A motion to amend a complaint is committed to the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001).

The Court has considered the instant motion, which is unopposed, and will grant the relief sought.

## CONCLUSION

Based on the foregoing, it is now hereby **ORDERED** that

1. Wooten's Motion to Amend the First Amended Complaint, Dkt. No. 36, is **GRANTED**.

2. Wooten shall file forthwith her Second Amended Complaint, as it appears at Dkt. No. 36-3.

3. Wooten shall promptly initiate efforts to serve West Indies Petroleum Ltd.

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order Granting Motion to Amend
Page 4

    4. Once Defendant West Indies Petroleum Ltd. has appeared, the Court will reschedule the Initial Conference.

ENTER:

Dated: December 15, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE