## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM LTD.,<br><br>　　　　Defendants. | Case No.  1:23-cv-00012-WAL-EAH |

## CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals (hereinafter "Ocean Point"), by and through its undersigned counsel, respectfully moves this Court for an extension of time, up to and including January 23, 2024, to answer or otherwise respond to Plaintiff Nicole Wooten's Second Amended Complaint and, in support thereof, states as follows:

　　1.　On December 26, 2023, Plaintiff filed her Second Amended Complaint in this action [ECF 038].

　　2.　Pursuant to Fed. R. Civ. P. Rule 81(c)(2), Ocean Point's answer and affirmative defenses to Plaintiff's Second Amended Complaint is due on January 9, 2024.

　　3.　Due to recent and unforeseeable case related issues, including professional obligations and deadlines, undersigned counsel needs additional time to respond to the Complaint.

　　4.　Ocean Point respectfully requests additional time to respond to Plaintiff's Second Amended Complaint through and including Tuesday, January 23, 2024.

74375574;1

5.     Ocean Point met and conferred with Plaintiff's counsel regarding the requested extension and Plaintiff consents to the relief sought.

6.     Ocean Point has good cause to seek this extension of time, and no prejudice will result from the requested extension.

## **MEMORANDUM OF LAW**

Motions to extend time for a specific act are governed by Fed. R. Civ. P. Rule 6, which provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.  *See Taylor v. Shields*, Civ. A. No. 13-2241, 2016 WL 9775022, at *1 n.1 (E.D. Pa. Oct. 21, 2016).  Good cause is understood to mean a legally sufficient reason.  *See Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 255 (3d Cir. 2011).  Determining whether the showing of good cause will justify granting the relief sought can be accomplished by considering the specific nature and purpose of the rule at issue. *Id*.

Here, there is a sufficient showing of good cause to justify granting this Motion.  Due to recent and unforeseeable case related issues, including professional obligations and deadlines, undersigned counsel needs additional time to respond to the Complaint.  Further, this request for additional time to respond to Plaintiff's Second Amended Complaint is made timely and given the infancy of this matter, no party will be prejudiced if the Court grants this request for additional time.

WHEREFORE, Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals respectfully requests that this Court grant its consent motion for extension of time, up to and including, Tuesday, January 23, 2024, to respond to Plaintiff's Second Amended Complaint.

Dated:  January 8, 2024

Respectfully submitted,

AKERMAN LLP
201 East Las Olas Boulevard
Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

By:  */s/ Donnie M. King*
Donnie M. King
Virgin Islands No. 1237
donnie.king@akerman.com
tyresa.thompson@akerman.com
David J. Awoleke
Pro Hac Vice No. PHV4456
david.awoleke@akerman.com
sharon.luesang@akerman.com

*Counsel for Plaintiff Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Court's electronic filing system on January 8, 2024 which will send a notice of electronic filing to all counsel of record.

/s/Donnie M. King
Donnie M. King