### DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

NICOLE WOOTEN,

          Plaintiff,

v.

LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING & TRANSPORTATION, WEST INDIES PETROLEUM LTD., and LIMETREE BAY REFINERY, LLC, as a nominal Defendant,

          Defendants.

_____

1:23-cv-00012-WAL-EAH

**TO:**    Lee J. Rohn, Esq.
         Donnie M. King, Esq.
         Andrew C. Simpson, Esq.

### ORDER GRANTING EXTENSION

**THIS MATTER** comes before the Court on the "Consent Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law," filed on January 8, 2024 by Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point"). Dkt. No. 40.

In its motion, Ocean Point states that Plaintiff Nicole Wooten filed her Second Amended Complaint on December 26, 2023 and thus its answer and affirmative defenses were due on January 9, 2024. *Id*. However, due to "recent and unforeseeable case-related issues, including professional obligations and deadlines," counsel needed additional time to

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order Granting Extension
Page 2

respond to the complaint.[1] Ocean Point therefore requested an extension until January 23, 2024 and represents that it conferred with Plaintiff's counsel who consented to the relief sought. *Id*. Ocean Point adds that no prejudice will result from the requested extension, given the infancy of this matter. *Id.*

Upon consideration of the consent motion for an extension of time, and good cause being shown for the relief requested, it is hereby **ORDERED** that:

1. The Consent Motion for Extension of Time to Respond to Plaintiff's Second Amended Complaint, Dkt. No. 40, is **GRANTED**.

2. Ocean Point shall have up until and including **January 23, 2024** to serve its response to the Complaint.

ENTER:

Dated: January 9, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[1] The Court notes that this is essentially the same explanation that counsel gave when he requested an extension to respond to Plaintiff's First Amended Complaint in March 2023. Dkt. No. 7. Given that counsel will always have busy schedules and multiple professional obligations, the Court warns counsel that extensions to deadlines will be the exception and not the rule, and counsel should proceed accordingly.