DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>              Plaintiff,<br><br>            v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING & TRANSPORTATION, WEST INDIES PETROLEUM LTD., and LIMETREE BAY REFINERY, LLC, as a nominal Defendant<br><br>            Defendants. | Case No.  1:23-cv-00012-WAL-EAH |

**DEFENDANT OCEAN POINT'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point") hereby files its answer and affirmative defenses to the Second Amended Complaint [ECF No. 38] (the "Complaint") filed by Plaintiff Nicole Wooten ("Plaintiff"), and states as follows:

1. Ocean Point admits the allegations in paragraph 1.

2. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore, denies same.

3. Ocean Point admits that it is a limited liability company registered in the U.S. Virgin Islands with a principal place of business in the U.S. Virgin Islands.  Ocean Point denies all remaining allegations in paragraph 3.

4. Ocean Point admits that Port Hamilton Refining & Transportation, LLLP ("Port Hamilton") is a United States Virgin Islands limited liability partnership registered in the U.S. Virgin Islands with its principal place of business in St. Thomas.  Ocean Point is without

1

knowledge sufficient to admit or deny the remainder of the allegations of paragraph 4, and therefore denies the same.

5. Ocean Point admits the allegations in paragraph 5.

6. Ocean Point admits that Limetree Bay Refinery attempted to restart the refinery. Ocean Point denies all remaining allegations in paragraph 6.

7. The terms of the Facility Security Plan referenced in paragraph 7 speak for themselves and therefore, no response is required. To the extent a response is required, Ocean Point denies any allegations in paragraph 7 that contradict the Facility Security Plan, and respectfully refers to the Facility Security Plan for its true content and meaning.

8. Ocean Point denies the allegations in paragraph 8.

9. Ocean Point denies the allegations in paragraph 9.

10. Ocean Point denies the allegations in paragraph 10.

11. Ocean Point denies the allegations in paragraph 11.

12. Ocean Point admits the allegations in paragraph 12.

13. Ocean Point admits that it entered into a Mutual Aid Agreement with Port Hamilton on August 21, 2022, after the allegations asserted in the Complaint. The Mutual Aid Agreement speaks for itself. Ocean Point denies the allegations in paragraph 13.

14. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and therefore, denies same.

15. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and therefore, denies same.

16. Ocean Point denies the allegations of paragraph 16.

17. Ocean Point denies the allegations of paragraph 17.

18. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and therefore, denies same.

19. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and therefore, denies same.

20. Ocean Point denies the allegations of paragraph 20.

21. Ocean Point denies the allegations of paragraph 21.

22. Ocean Point denies the allegations of paragraph 22.

23. Ocean Point denies the allegations of paragraph 23.

24. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore, denies same.

25. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore, denies same.

26. Ocean Point denies the allegations of paragraph 26.

27. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore, denies same.

28. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore, denies same.

29. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore, denies same.

30. Ocean Point denies the allegations of paragraph 30.

31. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore, denies same.

32. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore, denies same.

33. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore, denies same.

34. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore, denies same.

35. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore, denies same.

36. Ocean Point denies the allegations of paragraph 36.

## COUNT I

37. Ocean Point repeats and incorporates its answers to paragraphs 1 through 36 above as if fully set forth herein.

38. Ocean Point denies the allegations of Paragraph 38.

39. Ocean Point denies the allegations of Paragraph 39.

## COUNT II

40. Ocean Point repeats and incorporates its answers to paragraphs 1 through 39 above as if fully set forth herein.

41. Ocean Point denies the allegations of Paragraph 41.

42. Ocean Point denies the allegations of Paragraph 42.

## COUNT III

43. Ocean Point repeats and incorporates its answers to paragraphs 1 through 42 above as if fully set forth herein.

44. Ocean Point denies the allegations of Paragraph 44.

45. Ocean Point denies the allegations of Paragraph 45.

## COUNT IV

46. Ocean Point repeats and incorporates its answers to paragraphs 1 through 45 above as if fully set forth herein.

47. Ocean Point denies the allegations of paragraph 47.

48. Ocean Point denies the allegations of paragraph 48.

## COUNT V

49. Ocean Point repeats and incorporates its answers to paragraphs 1 through 48 above as if fully set forth herein.

50. Ocean Point denies the allegations of paragraph 50.

51. Ocean Point denies the allegations of paragraph 51.

**WHEREFORE**, Ocean Point denies that Plaintiff is entitled to any of the relief requested in her Complaint or any relief whatsoever. Ocean Point further denies any allegations of the Complaint not specifically responded to above.

## AFFIRMATIVE DEFENSES

In answering Plaintiff's Second Amended Complaint, Ocean Point states the following affirmative defenses.

### First Affirmative Defense

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Counts III, IV, and V of the Complaint, for failure to warn of a dangerous condition, maintenance of an abnormally dangerous condition, and maintenance of a dangerous nuisance

respectively are not independent causes of action, and duplicative of Plaintiff's claims for negligence and gross negligence which is improper as a matter of law.

### Third Affirmative Defense

Ocean Point owed no duty and breached no duty to Plaintiff, nor acted in such a way as to proximately cause the injury and damage alleged by Plaintiff.

### Fourth Affirmative Defense

Plaintiff's damages and injury, if any, were caused by third persons over whom Ocean Point exercised no control.

### Fifth Affirmative Defense

Plaintiff assumed the risk of any and all injuries or damages received or incurred.

### Sixth Affirmative Defense

The negligence of Plaintiff, when compared to that of the Ocean Point was such as to bar or diminish any recovery by Plaintiff.

### Seventh Affirmative Defense

Plaintiff has failed to join parties that are necessary or indispensable to a complete adjudication of this matter.

### Eighth Affirmative Defense

Ocean Point asserts that Plaintiff has failed to timely and properly mitigate any damages sustained.

### Ninth Affirmative Defense

Ocean Point asserts that Plaintiff has failed to timely and properly mitigate any damages sustained.

### **Tenth Affirmative Defense**

Plaintiff did not sustain any damages that were proximately caused by Ocean Point or for which Ocean Point is liable.

### **Eleventh Affirmative Defense**

Plaintiff failed to satisfy statutory conditions precedent to bringing this action against Ocean Point.

### **Twelfth Affirmative Defense**

Plaintiff's claims are statutorily barred pursuant to 42 U.S.C. § 7604(b)(1)(B).

Ocean Point reserves the right to assert additional defenses, and any counterclaims, crossclaims, and/or third-party demands, as they become evident through discovery.

DATED:  January 23, 2024        **AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

By: /*s/Donnie M. King*
  Donnie M. King
  Virgin Islands Bar No. 1237
  Primary e-mail: donnie.king@akerman.com
  Secondary e-mail: sharon.luesang@akerman.com
  David J. Awoleke (admitted *pro hac vice*)
  Primary e-mail: david.awoleke@akerman.com
  Secondary e-mail: tyresa.thompson@akerman.com

*Counsel for Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed with the Court's electronic filing system on January 23, 2024, which will send a notice of electronic filing to all counsel of record.

*/s/Donnie M. King*
Donnie M. King
