IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

NICOLE WOOTEN,

      PLAINTIFF,

VS.

LIMETREE BAY TERMINALS, LLC, ET AL.

      DEFENDANTS.

CASE NO. 1:23-CV-00012

**ANSWER OF PORT HAMILTON REFINING AND TRANSPORTATION, LLLP**
**TO THE SECOND AMENDED COMPLAINT**

Now Comes Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") and, in answer to the second amended complaint filed by plaintiff, respectfully avers:

1.  Port Hamilton admits the allegations of this paragraph of the second amended complaint.

2.  Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

3.  Port Hamilton admits that Limetree Bay Terminals, LLC is a United States Virgin Islands company with a principal place of business in the U.S. Virgin Islands. Port Hamilton lacks sufficient information regarding the remaining allegations of this paragraph of the second amended complaint to allow a response and therefore those allegations are denied.

1

4.  Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated. Port Hamilton avers that it is a limited liability partnership that owns the oil refinery on St. Croix.

5.  Port Hamilton denies the allegations of this paragraph of the second amended complaint.

6.  Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

7.  Port Hamilton admits the factual allegations of this paragraph of the second amended complaint.

8.  Port Hamilton understands that the allegations of this paragraph of the second amended complaint relate to Limetree Bay Terminals' responsibilities prior to Port Hamilton's acquisition of the refinery in January 2022. Port Hamilton lacks sufficient information regarding events prior to its acquisition to allow a response to the factual allegations of this paragraph of the complaint and therefore the allegations are denied.

9.  Port Hamilton understands that the allegations of this paragraph of the second amended complaint relate to Limetree Bay Terminals' responsibilities prior to Port Hamilton's acquisition of the refinery in January 2022. Port Hamilton lacks sufficient information regarding events prior to its acquisition to allow a response to the factual allegations of this paragraph of the complaint and therefore the allegations are denied.

10.  Port Hamilton understands that the allegations of this paragraph of the second amended complaint relate to Limetree Bay Terminals' responsibilities prior to Port Hamilton's acquisition of the refinery in January 2022. Port Hamilton lacks sufficient information regarding events prior to its acquisition to allow a response to the factual allegations of this paragraph of the complaint and therefore the allegations are denied.

11. Port Hamilton understands that the allegations of this paragraph of the second amended complaint relate to Limetree Bay Terminals' responsibilities prior to Port Hamilton's acquisition of the refinery in January 2022. Port Hamilton lacks sufficient information regarding events prior to its acquisition to allow a response to the factual allegations of this paragraph of the complaint and therefore the allegations are denied.

12. Port Hamilton denies the factual allegations of this paragraph of the second amended complaint and avers that it—and it alone—purchased the refinery through a bankruptcy sale. Port Hamilton further avers that West Indies Petroleum, Ltd. has never owned the refinery.

13. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

14. Port Hamilton denies the allegations of this paragraph of the second amended complaint and avers that the only March 2, 2022 letter from the EPA of which it is aware does not contain such language.

15. Port Hamilton admits that the March 22, 2022 letter contained the language

3

quoted in the allegations of this paragraph of the second amended complaint but avers that the U.S. Court of Appeals for the Third Circuit has concluded that the EPA was incorrect and a Prevention of Significant Deterioration permit was not required. Port Hamilton further avers that the March 22, 2022 letter has no bearing upon the allegations in the second amended complaint.

16. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

17. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

18. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and avers that the press release is a written document that speaks for itself and incorporates the totality of that document in answer to the allegations of this paragraph of the second amended complaint.

19. Port Hamilton denies the allegations of this paragraph of the second amended complaint and further avers that the coke was never on fire. Port Hamilton admits that the petroleum coke had begun to smolder on August 4, 2022.

20. Port Hamilton admits that Limetree Bay Terminals knew that the coke was smoldering and prevented Port Hamilton from accessing the fire house, which is owned by Port Hamilton, or using the firefighting equipment it had inside the fire house, including a fire truck owned by Port Hamilton and other firefighting equipment and personal protective gear.

21. Port Hamilton admits that allegations of this paragraph of the second amended

4

complaint.

22. Port Hamilton admits that if Limetree Bay Terminals had not interferred with Port Hamilton's efforts to respond to the smoldering coke, the situation would have been contained much sooner.

23. Port Hamilton admits it was informed by Limetree Bay Terminals employees that the employees were given express orders not to respond to the coke smolder or assist Port Hamilton in controlling the situation.

24. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied. Port Hamilton further avers that based upon the plaintiff's allegations in this paragraph of the second amended complaint, plaintiff was a business invitee of Limetree Bay Terminals. Port Hamilton further avers that plaintiff was not *its* business invitee and that it had no knowledge that plaintiff had been allowed entrance to the facility.

25. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

26. Port Hamilton lacks sufficient information regarding whether plaintiff was escorted while on the premises or given any warnings, as all such activities were the sole responsibility of Limetree Bay Terminals; however, Port Hamilton admits that according to its understanding of Limetree Bay Terminals' policies, Limetree Bay Terminals should have:

    a.  warned plaintiff of the smoldering coke situation;

    b.  provided her with an escort to ensure that she would remain outside of restricted fire barricades established to keep people away from the smoldering coke;

    c.  and provided her with appropriate personal protective equipment.

27. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied; however, based upon plaintiff's description (as set forth in paragraph 24 of the second amended complaint) of her location near a tugboat, Port Hamilton avers that the two individuals described were most likely employees of Limetree Bay Terminals, as the dock area is under Limetree Bay Terminals' ownership and control.

28. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

29. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

30. Port Hamilton denies the allegations of this paragraph of the second amended complaint as stated and avers that co-defendant Limetree Bay Terminals, LLC has not changed its name but does business as Ocean Point Terminals.

31. Port Hamilton admits the allegations of this paragraph of the second amended

complaint.

32. Port Hamilton admits the allegations of this paragraph of the second amended complaint.

33. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

34. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

35. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

36. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

## COUNT I

37. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

38. Port Hamilton denies the allegations of this paragraph of the second amended complaint as it applies to Port Hamilton but avers that Limetree Bay Terminals' acts in denying Port Hamilton access to its firefighting equipment and ordering its personnel to refuse to assist with addressing the incident was a violation of the

Integrated Contingency Plan adopted by Limetree Bay Terminals and Port Hamilton as required by federal regulation and was extreme and outrageous conduct that constitutes gross negligence.

39. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

## COUNT II

40. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

41. Port Hamilton denies the allegations of this paragraph of the second amended complaint as it relates to Port Hamilton.

42. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

## COUNT III

43. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

44. Port Hamilton denies the allegations of this paragraph of the second amended complaint and avers that it did not know plaintiff was at (or claimed to be at) the facility on August 8, 2022 until it received the complaint in this matter and avers that under the circumstances it owed plaintiff no duty to warn.

45. Port Hamilton lacks sufficient information regarding the factual allegations of this

paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

### COUNT IV

46. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

47. Port Hamilton denies the allegations of this paragraph of the second amended complaint.

48. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

### COUNT V

49. Port Hamilton incorporates its responses to the previous allegations of the second amended complaint as set forth above.

50.  Port Hamilton denies the allegations of this paragraph of the second amended complaint.

51. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

### AFFIRMATIVE DEFENSES

A. Plaintiff's second amended complaint fails to state claims for gross negligence, maintenance of an abnormally dangerous condition, or nuisance, against Port Hamilton.

B.  Plaintiff's own negligence may have contributed to her alleged injuries.

C.  Plaintiff may have assumed the risk of her injuries.

D.  Plaintiff's injuries, if any, were the result of intervening or superseding actions and/or omissions of Limetree Bay Terminals, over whom Port Hamilton had no control.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: February 8, 2024

  /s/ Andrew C. Simpson  
By:  Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

10