IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LIMETREE BAY TERMINALS d/b/a ) <br> OCEAN POINT TERMINALS; PORT ) <br> HAMILTON REFINING AND ) <br> TRANSPORTATION; and WEST INDIES ) <br> PETROLEUM, LTD., ) <br> ) <br> Defendants. ) | CASE NO. 1:23-CV-00012 <br><br> ACTION FOR DAMAGES <br><br> <u>JURY TRIAL DEMANDED</u> |

**ANSWER TO SECOND AMENDED COMPLAINT**

**COMES NOW**, Defendant West Indies Petroleum, Ltd. ("WIPL"), by and through its undersigned counsel, and for its answer to Plaintiff's Second Amended Complaint, respectfully avers:

1. The corresponding paragraph contains a legal conclusion for which no response is necessary. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding factual allegations.

2. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

3. Admitted that Limetree Bay Terminals, LLC ("LBT"), is a United States Virgin Islands limited liability company. WIPL lacks knowledge or information sufficient to form a belief about the truth of the remainder of the corresponding paragraph.

4. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation concerning Port Hamilton Refining and Transportation's ("PHRT's") investors. WIPL admits that PHRT operates the St. Croix refinery.

5. Admitted that WIPL is organized under the laws of Jamaica. The remainder is denied.

6. Admitted upon information and belief.

7. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

8. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

9. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

10. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

11. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

12. WIPL denies the corresponding paragraph concerning WIPL. WIPL admits that PHRT purchased the refinery.

13. Denied as to WIPL. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation against PHRT and LBT.

14. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation. WIPL further avers that it has never owned or controlled the refinery, and therefore was not and is not the proper party to engage in matters concerning the refinery.

15. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation. WIPL further avers that it neither owns nor controls the refinery, and therefore is not the proper party to engage in matters concerning the refinery.

16. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation against LBT and PHRT. WIPL, which is neither an owner nor an operator of the refinery, denies the remainder insofar as the corresponding paragraph is directed against WIPL.

17. Denied as to WIPL. WIPL lacks knowledge or information sufficient to form a belief about the truth of the remainder of the corresponding allegation.

18. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

19. Denied as to WIPL. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation against LBT and/or PHRT, or facts concerning the alleged fire.

20. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

21. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

22. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

23. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

24. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

25. WIPL denies that it had ownership of or control over any part of the LBT or former Limetree Bay Refining properties at any time. WIPL lacks knowledge or information sufficient to form a belief about the truth of the remainder of the corresponding allegation.

26. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

27. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

28. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

29. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

30. Denied. Upon information and belief, the LBT LLC still exists and does business as Ocean Point Terminals.

31. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

32. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

33. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

34. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

35. WIPL lacks knowledge or information sufficient to form a belief about the truth of the corresponding allegation.

36. The corresponding allegation is denied as to WIPL, and it is generally denied that Plaintiff was damaged, it being her burden to prove it.

## COUNT I

37. WIPL sets forth paragraphs 1 through 36 as if fully set forth herein.

38. Denied as to WIPL.

39. Denied.

## COUNT II

40. WIPL sets forth paragraphs 1 through 39 as if fully set forth herein.

41. Denied as to WIPL.

42. Denied.

## COUNT III

43. WIPL sets forth paragraphs 1 through 42 as if fully set forth herein.

44. Denied as to WIPL for reasons including that WIPL did not own or control the property, or any thing or entity upon it, and thus had no duty to warn Plaintiff.

45. Denied.

## COUNT IV

46. WIPL sets forth paragraphs 1 through 45 as if fully set forth herein.

47. Denied as to WIPL.

48. Denied.

## COUNT V

49. WIPL sets forth paragraphs 1 through 48 as if fully set forth herein.

50. Denied as to WIPL.

51. Denied.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state any cause of action upon which relief may be granted against WIPL.

2. WIPL owed no duty and breached no duty to Plaintiff, nor acted in such a way as to proximately cause the injury and damage alleged by Plaintiff.

3. Plaintiff's damages and injury, if any, were caused by other parties and/or third persons over whom WIPL exercised no control.

4. Plaintiff may have assumed the risk of any and all injuries or damages received or incurred, and also may have ignored an open and obvious danger.

5. The negligence of Plaintiff was such as to bar or diminish any recovery by Plaintiff.

6. Plaintiff has failed to join parties that are necessary or indispensable to a complete adjudication of this matter.

7. Plaintiff may have failed to timely and properly mitigate any damages sustained.

8. Plaintiff may have failed to satisfy statutory conditions precedent to bringing this action against WIPL, including, but not limited to, 42 U.S.C. § 7604(b)(1).

9. This Court lacks *in personam* jurisdiction, and process and service of process was insufficient, because Plaintiff's Summons and Second Amended Complaint were not properly served. Also, WIPL lacks the requisite contacts with the Virgin Islands for the Court to exercise personal jurisdiction.

10. Plaintiff's claims may be barred by release.

11. WIPL adopts codefendants' affirmative defenses insofar as they are not redundant to WIPL's defenses, and insofar as they do not state or imply the fault or liability of WIPL.

**WHEREFORE,** Defendant West Indies Petroleum, Ltd. prays that judgment be entered dismissing the Second Amended Complaint with an award for such costs and attorneys' fees as are incurred in the defense of this action.

Respectfully submitted,

**CSA ASSOCIATES, P.C.**
1138 King Street, Suite 100
Christiansted, VI  00820
TEL. (340) 773-3681

DATED:  February 22, 2024          By:   /s/ Ryan C. Stutzman
                                         Ryan C. Stutzman, Esq. (VI Bar No. R2053)
                                         Attorney for West Indies Petroleum, Ltd.

**CERTIFICATE OF SERVICE**

      I certify that the foregoing document was filed with the Court's electronic filing system on February 22, 2024, which will send a notice of electronic filing to all counsel of record.

                                                  /s/ Ryan C. Stutzman
                                                  Ryan C. Stutzman