**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| NICOLE WOOTEN,<br><br>    Plaintiff,<br><br>  v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING & TRANSPORTATION, WEST INDIES PETROLEUM LTD., and LIMETREE BAY REFINERY, LLC, as a nominal Defendant<br><br>    Defendants. | Case No. 1:23-cv-00012-WAL-EAH |

**DEFENDANT OCEAN POINT'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSSCLAIM FILED BY PORT HAMILTON REFINING & TRANSPORTATION**

Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point") hereby files its answer and affirmative defenses to the Crossclaim [ECF No. 51] (the "Crossclaim") filed by Port Hamilton Refining and Transportation, LLLP ("Port Hamilton"), and states as follows:

  1.  Ocean Point admits the allegations in paragraph 1.

  2.  Ocean Point admits the allegations in paragraph 2.

  3.  Ocean Point denies the allegations in paragraph 3.

  4.  Ocean Point admits that it is required to abide by a Facility Security Plan, the terms of which speak for itself, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 4 that contradict the Facility Security Plan and respectfully refers to the Facility Security Plan for its true content and meaning.

5. The terms of the Integrated Contingency Plan ("ICP") referenced in paragraph 5 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 5 that contradict the ICP and respectfully refers to the ICP for its true content and meaning.

6. The terms of the ICP referenced in paragraph 6 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 6 that contradict the ICP and respectfully refers to the ICP for its true content and meaning.

7. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and therefore, denies the same.

8. Ocean Point denies the allegations in paragraph 8.

9. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and therefore, denies the same.

10. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore, denies the same.

11. Ocean Point denies the allegations in paragraph 11.

12. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore, denies the same.

13. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore, denies the same.

14. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore, denies the same.

15. Ocean Point denies the allegations in paragraph 15.

16. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore, denies the same.

17. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore, denies the same.

18. The terms of the text message referenced in paragraph 18 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 18 that contradict the text message and respectfully refers to the text message for its true content and meaning.

19. The terms of the e-mail referenced in paragraph 19 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 19 that contradict the e-mail and respectfully refers to the e-mail for its true content and meaning. Ocean Point also specifically denies that the all the equipment was owned by Port Hamilton.

20. The terms of the e-mail referenced in paragraph 20 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 20 that contradict the e-mail and respectfully refers to the e-mail for its true content and meaning.

21. Ocean Point denies the allegation in paragraph 21.

22. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore, denies the same.

23. Ocean Point denies the allegations in paragraph 23.

24. Ocean Point denies the allegations in paragraph 24.

25. Ocean Point denies the allegations in paragraph 25.

26. Ocean Point denies the allegations in paragraph 26.

27. Ocean Point denies the allegations in paragraph 27.

28. Ocean Point denies the allegations in paragraph 28.

29. Ocean Point denies the allegations in paragraph 29.

30. A Motion to Strike this allegation is pending under separate cover.

31. A Motion to Strike this allegation is pending under separate cover.

32. Ocean Point denies the allegations in paragraph 32.

33. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and therefore, denies the same.

34. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore, denies the same.

35. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore, denies the same.

36. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, and therefore, denies the same.

37. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore, denies the same.

38. Ocean Point denies the allegations in paragraph 38.

39. Ocean Point denies the allegations in paragraph 39.

40. Ocean Point denies the allegations in paragraph 40.

41. Ocean Point lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and therefore, denies the same.

42. The terms of the text message referenced in paragraph 42 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 42 that contradict the text message and respectfully refers to the text message for its true content and meaning.

43. A Motion to Strike this allegation is pending under separate cover.

44. The terms of the communication referenced in paragraph 44 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 44 that contradict the communication and respectfully refers to the text message for its true content and meaning.

45. The wire and the terms of the communication referenced in paragraph 45 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 45 that contradict the wire and the terms of the communication and respectfully refers to the wire and the terms of the communication for its true content and meaning.

46. The terms of the text message referenced in paragraph 46 speak for themselves, and therefore, no response is required. To the extent a response is required, Ocean Point denies all allegations in paragraph 46 that contradict the text message and respectfully refers to the text message for its true content and meaning.

47. Ocean Point denies the allegations in paragraph 47.

48. A Motion to Strike this allegation is pending under separate cover.

49. A Motion to Strike this allegation is pending under separate cover.

50. A Motion to Strike this allegation is pending under separate cover.

51. A Motion to Strike this allegation is pending under separate cover.

52. A Motion to Strike this allegation is pending under separate cover.

53. Ocean Point denies the allegations in paragraph 53.

## COUNT I

54. Ocean Point denies the allegations in paragraph 54.

55. Ocean Point denies the allegations in paragraph 55.

56. Ocean Point denies the allegations in paragraph 56.

57. Ocean Point denies the allegations in paragraph 57.

## COUNT II

58. A Motion to Dismiss Count II is pending under separate cover.

59. A Motion to Dismiss Count II is pending under separate cover.

60. A Motion to Dismiss Count II is pending under separate cover.

61. A Motion to Dismiss Count II is pending under separate cover.

62. A Motion to Dismiss Count II and to Strike this allegation is pending under separate cover.

63. A Motion to Dismiss Count II and to Strike this allegation is pending under separate cover.

64. A Motion to Dismiss Count II and to Strike this allegation is pending under separate cover.

65. A Motion to Dismiss Count II and to Strike this allegation is pending under separate cover.

**WHEREFORE**, Ocean Point denies that Port Hamilton is entitled to any of the relief requested in the Crossclaim or any relief whatsoever. Ocean Point further denies any allegations

of the Crossclaim not specifically responded to above. Ocean Point should be awarded its reasonable attorney's fees and costs associated with defending the Crossclaim.

## AFFIRMATIVE DEFENSES

In answering Port Hamilton's Crossclaim, Ocean Point states the following affirmative defenses.

### First Affirmative Defense

The Crossclaim fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Ocean Point owed no duty and breached no duty to Port Hamilton, nor acted in such a way as to proximately cause the injury and damage alleged by Plaintiff.

### Third Affirmative Defense

Port Hamilton's and Plaintiff's damages, if any, were caused by third persons over whom Ocean Point exercised no control.

### Fourth Affirmative Defense

The negligence of Port Hamilton, when compared to that of the Ocean Point was such as to bar or diminish any recovery by Plaintiff.

### Fifth Affirmative Defense

Port Hamilton has failed to join parties that are necessary or indispensable to a complete

### Sixth Affirmative Defense

Ocean Point asserts that Port Hamilton and Plaintiff have failed to timely and properly mitigate any damages sustained.

### Seventh Affirmative Defense

7

Neither Plaintiff nor Port Hamilton sustained any damages that were proximately caused by Ocean Point or for which Ocean Point is liable.

### Eighth Affirmative Defense

Plaintiff failed to satisfy statutory conditions precedent to bringing this action against Ocean Point.

### Ninth Affirmative Defense

Port Hamilton's conduct was the superseding and/or intervening cause of Plaintiff's and Port Hamilton's alleged injuries.

### Tenth Affirmative Defense

Port Hamilton's claims are barred pursuant to a valid and binding release.

### Eleventh Affirmative Defense

Port Hamilton's claims are barred pursuant to a valid and binding indemnification agreement.

### Twelfth Affirmative Defense

Ocean Point is entitled to recover, from Port Hamilton, any damages, losses, fees, costs, or expenses associated with defending the allegations in the Crossclaim and Wooten's Complaint.

DATED:  February 29, 2024                     **AKERMAN LLP**

                                                           201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

By: /*s/Donnie M. King*
    Donnie M. King
    Virgin Islands Bar No. 1237
    Primary e-mail: donnie.king@akerman.com
    Secondary e-mail: sharon.luesang@akerman.com
    David J. Awoleke (admitted *pro hac vice*)
    Primary e-mail: david.awoleke@akerman.com
    Secondary e-mail: tyresa.thompson@akerman.com

*Counsel for Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Court's electronic filing system on February 29, 2024, which will send a notice of electronic filing to all counsel of record.

                                                              /s/Donnie M. King
                                                               Donnie M. King