IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>PLAINTIFF,<br><br>VS.<br><br>LIMETREE BAY TERMINALS, LLC, ET AL.<br><br>DEFENDANTS. | CASE NO. 1:23-CV-00012 |

**ANSWER OF PORT HAMILTON REFINING AND TRANSPORTATION, LLLP TO OCEAN POINTS CROSSCLAIMS AGAINST PORT HAMILTON REFINING AND TRANSPORTATION**

Now Comes Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") and, in answer to Ocean Point's Crossclaims filed by Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals, respectfully avers:

1. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

2. Port Hamilton admits the allegations of this paragraph of the crossclaim except to deny that its principal place of business is in St. Thomas.

3. Port Hamilton admits that it owns the oil refinery assets on St. Croix and denies that West Indies Petroleum Limited owns the refinery or that it ever owned the refinery.

1

4. Port Hamilton generally admits that Ocean Point owns the an oil storage facility known as "the terminal" but does not know what the assets comprising same consist of and thus otherwise denies the the factual allegations of this paragraph of the crossclaim.

5. Port Hamilton admits the factual allegations of this paragraph of the crossclaim.

6. Port Hamilton denies the factual allegations of this paragraph of the crossclaim and avers that it is the sole owner of the Firehouse.

7. Port Hamilton admits the factual allegations of this paragraph of the crossclaim.

8. Port Hamilton admits the factual allegations of this paragraph of the crossclaim..

9. Port Hamilton denies the allegations of this paragraph of the crossclaim.

10. Port Hamilton denies the allegations of this paragraph of the crossclaim.

11. Port Hamilton denies the allegations of this paragraph of the crossclaim.

12. Port Hamilton denies the allegations of this paragraph of the crossclaim.

13. Port Hamilton denies the factual allegations of this paragraph of the crossclaim and avers that LBR and Ocean Point were co-operated and co-managed without adequate distinction between the two corporate entities.

14. Port Hamilton denies the factual allegations of this paragraph of the crossclaim as it attempts to define an improper standard for the storage of coke.

15. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the crossclaim to allow a response and therefore the allegations are denied.

16. Port Hamilton lacks sufficient information regarding the factual allegations of this

paragraph of the crossclaim to allow a response and therefore the allegations are denied.

17. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the crossclaim to allow a response and therefore the allegations are denied.

18. Port Hamilton denies the factual allegations of this paragraph of the crossclaim and avers that it, and it alone, purchase the Refinery and related assets, free and clear of liens, claims, encumbrances, and interests.

19. Port Hamilton denies the allegations of this paragraph of the crossclaim.

20. Port Hamilton denies the allegations of this paragraph of the crossclaim as it improperly suggests that Port Hamilton had a duty to retain Savage or another contractor.

21. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

22. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

23. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only

a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

24. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

25. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

26. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

27. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

28. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

29. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

30. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

31. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated and avers that the EPA Report was based upon insufficient information with only a visual inspection that was subsequently refuted by an engineering assessment of the issues identified by the EPA.

32. Port Hamilton denies the allegations of this paragraph of the crossclaim.

33. Port Hamilton denies the allegations of this paragraph of the crossclaim.

34. Port Hamilton denies the allegations of this paragraph of the crossclaim.

35. Port Hamilton admits the allegations of this paragraph of the crossclaim.

36. Port Hamilton admits that OSHA was concerned about Port Hamilton's emergency response but avers that it was due to Ocean Point's wrongful denial of access to the fire house owned exclusively by Port Hamilton.

37. Port Hamilton denies the allegations of this paragraph of the crossclaim.

38. Port Hamilton denies the allegations of this paragraph of the crossclaim.

39. Port Hamilton denies the allegations of this paragraph of the crossclaim.

40. Port Hamilton denies the allegations of this paragraph of the crossclaim.

41. Port Hamilton denies the allegations of this paragraph of the crossclaim.

42. Port Hamilton admits the allegations of this paragraph of the crossclaim.

43. Port Hamilton denies the allegations of this paragraph of the crossclaim.

44. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated but admits that there was no evidence of smoke or a fire at this time. .

45. Port Hamilton admits the allegations of this paragraph of the crossclaim.

46. Port Hamilton admits the allegations of this paragraph of the crossclaim.

47. Port Hamilton lacks sufficient information regarding the factual allegations of this paragraph of the crossclaim to allow a response and therefore the allegations are denied.

48. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated as it implies that there was a duty to seek assistance at this time.

49. Port Hamilton denies the allegations of this paragraph of the crossclaim.

50. Port Hamilton denies the allegations of this paragraph of the crossclaim.

51. Port Hamilton denies the allegations of this paragraph of the crossclaim.

52. Port Hamilton denies the allegations of this paragraph of the crossclaim.

53. Port Hamilton denies the allegations of this paragraph of the crossclaim.

54. Port Hamilton denies the allegations of this paragraph of the crossclaim.

55. Port Hamilton denies the allegations of this paragraph of the crossclaim.

56. Port Hamilton denies the allegations of this paragraph of the crossclaim.

57. Port Hamilton denies the allegations of this paragraph of the crossclaim.

58. Port Hamilton denies the allegations of this paragraph of the crossclaim.

59. Port Hamilton denies the allegations of this paragraph of the crossclaim.

60. Port Hamilton denies the allegations of this paragraph of the crossclaim.

61. Port Hamilton denies the allegations of this paragraph of the crossclaim.

62. Port Hamilton denies the allegations of this paragraph of the crossclaim.

63. Port Hamilton denies the allegations of this paragraph of the crossclaim.

64. Port Hamilton denies the allegations of this paragraph of the crossclaim.

65. Port Hamilton admits the allegations of this paragraph of the crossclaim.

66. Port Hamilton denies the allegations of this paragraph of the crossclaim.

67. The allegations of this paragraph of the crossclaim are vague such that it is not possible to admit or deny the allegations and therefore they are denied.

68. Port Hamilton admits the allegations of this paragraph of the crossclaim.

69. Port Hamilton denies the allegations of this paragraph of the crossclaim.

70. Port Hamilton denies the allegations of this paragraph of the crossclaim.

71. Port Hamilton admits the allegations of this paragraph of the crossclaim.

72. Port Hamilton denies the allegations of this paragraph of the crossclaim.

73. Port Hamilton admits the allegations of this paragraph of the crossclaim.

74. Port Hamilton denies the allegations of this paragraph of the crossclaim.

75. Port Hamilton denies the allegations of this paragraph of the crossclaim.

76. Port Hamilton denies the allegations of this paragraph of the crossclaim.

77. The allegations of this paragraph of the crossclaim call for a legal conclusion for which no answer is required. To the extent answer is required, Port Hamilton

denies the allegations of this paragraph of the crossclaim.

78. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated, as it was the conduct of Ocean Point that prevented Port Hamilton from having controlled the smoldering coke before August 21, 2022.

79. Port Hamilton denies the allegations of this paragraph of the crossclaim as stated. Port Hamilton had been seeking Ocean Point's assistance, and attempting to get Ocean Point to cease impeding Port Hamilton's fire fighting efforts, since August 5, 2022, if not earlier.

80. Port Hamilton admits that it signed the Mutual Aid Agreement but avers that it did so under duress, as Ocean Point continued to interfere with Port Hamilton's fire fighting efforts until it compelled Port Hamilton to sign the Mutual Aid Agreement to avoid further damage.

81. The Mutual Aid Agreement is a written document that must be interpreted in its entirety and accordingly Port Hamilton denies the allegations of this paragraph of the crossclaim as stated but avers that the agreement did not apply to Ocean Point's misconduct and negligence that predated the signing of the agreement and that neither Ms. Wooten nor Port Hamilton are asserting claims that are a result of the Mutual Aid Agreement or any assistance provided thereto.

82. The Mutual Aid Agreement is a written document that must be interpreted in its entirety and accordingly Port Hamilton denies the allegations of this paragraph of the crossclaim as stated but avers that the agreement did not apply to Ocean Point's misconduct and negligence that predated the signing of the agreement and

that neither Ms. Wooten nor Port Hamilton are asserting claims that are a result of the Mutual Aid Agreement or any assistance provided thereto.

83. Port Hamilton denies the allegations of this paragraph of the crossclaim.

## COUNT I

84. Port Hamilton incorporates its responses to the previous allegations of the crossclaim as set forth above.

85. Port Hamilton denies the allegations of this paragraph of the crossclaim.

86. The allegations of this paragraph of the crossclaim call for a legal conclusion for which no answer is required. To the extent an answer is required, the allegations are denied.

87. Port Hamilton denies the allegations of this paragraph of the crossclaim.

88. Port Hamilton denies the allegations of this paragraph of the crossclaim.

89. Port Hamilton denies the allegations of this paragraph of the crossclaim.

90. Port Hamilton admits that Ocean Point denies liability for Ms. Wooten's alleged injuries but avers that Ocean Point's acts of negligence and misconduct after the coke began to smolder are a superseding and/or intervening cause of such alleged injuries.

91. Port Hamilton denies the allegations of this paragraph of the crossclaim.

## COUNT II

92. Port Hamilton incorporates its responses to the previous allegations of the crossclaim as set forth above.

93. Port Hamilton denies the slanderous allegations of this paragraph of the

9

crossclaim.

94. Port Hamilton denies the allegations of this paragraph of the crossclaim.

95. Port Hamilton denies the allegations of this paragraph of the crossclaim.

96. Port Hamilton denies the allegations of this paragraph of the crossclaim.

97. Port Hamilton denies the allegations of this paragraph of the crossclaim.

98. Port Hamilton denies the allegations of this paragraph of the crossclaim.

99. Port Hamilton denies the allegations of this paragraph of the crossclaim.

100. Port Hamilton denies the allegations of this paragraph of the crossclaim.

101. Port Hamilton denies the allegations of this paragraph of the crossclaim.

## COUNT III

102. Port Hamilton incorporates its responses to the previous allegations of the crossclaim as set forth above.

103. The Mutual Aid Agreement is a written document that must be interpreted in its entirety and accordingly Port Hamilton denies the allegations of this paragraph of the crossclaim as stated but avers that the agreement did not apply to Ocean Point's misconduct and negligence that predated the signing of the agreement and that neither Ms. Wooten nor Port Hamilton are asserting claims that are a result of the Mutual Aid Agreement or any assistance provided thereto.

104. The Mutual Aid Agreement is a written document that must be interpreted in its entirety and accordingly Port Hamilton denies the allegations of this paragraph of the crossclaim as stated but avers that the agreement did not

        apply to Ocean Point's misconduct and negligence that predated the signing of the agreement and that neither Ms. Wooten nor Port Hamilton are asserting claims that are a result of the Mutual Aid Agreement or any assistance provided thereto.

105. The allegations of this paragraph of the crossclaim are incomprehensible and Port Hamilton therefore denies them. Port Hamilton further avers that the fire in the conveyor was discovered before the Mutual Aid Agreement was executed.

106. Port Hamilton denies the allegations of this paragraph of the crossclaim.

107. Port Hamilton denies the allegations of this paragraph of the crossclaim.

108. Port Hamilton denies the allegations of this paragraph of the crossclaim.

## **AFFIRMATIVE DEFENSES**

A. The Mutual Aid Agreement attached to Ocean Point's crossclaim was obtained under duress and is therefore unenforceable.

B. On August 8, 2022 when Ms. Wooten was allowed entry to the terminal on Ocean Point business, the condition of the smoldering coke was a known hazard that was avoidable through the exercise of minimal diligence, such as escorting Ms. Wooten to keep her away from the hazards and warning her of the hazards. Ocean Point was solely responsible for Ms. Wooten's presence within the facility and its failure to warn her or escort her so as to keep her away from hazards was the sole, intervening and/or superseding cause of her alleged injuries.

C. To the extent that any of Ocean Point's crossclaim sounds in equity, the doctrine of unclean hands bars it any equitable relief.

D.  Ocean Point's damages, if any, are solely due to its own negligence, including gross negligence and/or are a superseding and/or intervening cause of its own alleged damages.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.**,
Counsel for Port Hamilton Refining and Transportation, LLLP

Dated: April 4, 2024

  /s/ Andrew C. Simpson  
By: Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com