**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

NICOLE WOOTEN,

               Plaintiff,

     v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS, PORT
HAMILTON REFINING AND
TRANSPORTATION, and WEST INDIES
PETROLEUM, LTD.,

               Defendants.

Case No. 1:23-CV-00012

**ACTION FOR DAMAGES**

<u>JURY TRIAL DEMANDED</u>

<u>**NOTICE OF REPORT ON PARTIES' RULE 26(f) CONFERENCE
AND PROPOSED SCHEDULING PLAN**</u>

       Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Nicole S. Wooten and Defendants Limetree Bay Terminals d/b/a Ocean Point Terminals ("Ocean Point"), Port Hamilton Refining and Transportation ("Port Hamilton"), and West Indies Petroleum, Ltd. ("WIPL"),[1] through their undersigned counsel, submit the following Report on the Parties' Rule 26(f) Conference and Proposed Scheduling Plan.

       1.    **Participants.**  Pursuant to Fed. R. Civ. P. 26(f), counsel for the Plaintiff and counsel for Defendants participated in a Rule 26(f) conference by exchange of emails and by videoconference on March 14, 2024. Emails and letters were also exchanged after March 14, 2024.

J. ROHN AND
OCIATES, LLC
King St, Ste 3
ristiansted, VI
00820
340.778.8855
: 340.773.2954
@rohnlaw.com

---

[1] Port Hamilton also filed a Cross claim against Limetree Bay Terminals, LLC d/b/a Ocean Point.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 2

2.    **Initial Disclosures.**    Plaintiff served her Initial Rule 26(a)(1) Disclosures on November 14, 2023 and she served her First Supplemental Disclosures on January 12, 2024 on Defendant Limetree Bay Terminals LLC d/b/a Ocean Point Terminals.  Plaintiff will serve the disclosures upon Defendants Port Hamilton Refining and Transportation, and West Indies Petroleum, Ltd once they agree to a Confidentiality Agreement and Protective Order.

Defendant Limetree Bay Terminals LLC d/b/a Ocean Point Terminals served its Initial Rule 26(a)(1) Disclosures on November 6, 2023 on the Plaintiff.

Defendants Port Hamilton Refining and Transportation, and West Indies Petroleum, Ltd serve their Rule 26(a)(1) Disclosures by **August 30, 2024**.

3.    **Statement of the Facts Underlying the Claims and Defenses**

**Plaintiff:**

Plaintiff Nicole Wooten was employed with U.S. Customs and Border Protection.  On August 8, 2022, she traveled to the refinery to complete a facial control on a tugboat.  When Plaintiff arrived at the tugboat, she noticed a thick black smoke coming out of the dome building at the jointly controlled Limetree Bay Terminals and WIPL/PHRT Dome Building.  She observed two refinery workers without masks, and she rolled down her car window to ask them whether it was safe to proceed to do her work.  Plaintiff immediately felt smoke enter her lungs, she coughed, and she could hardly breathe.  She began wheezing, vomiting, experiencing chest pains, shaking uncontrollably with tremors, became short of

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 3

breath, and was rushed to urgent care where she was administered four vials of inhalation solution and a steroid shot.  As a result of the smoke at the refinery on August 8, 2022, Plaintiff suffered serious inhalation injuries and has developed chronic debilitating lung injuries.

On December 21, 2021, West Indies Petroleum, Ltd and Port Hamilton Refining and Transportation purchased the refinery through a bankruptcy sale. Upon their purchase of the refinery, they entered into agreements with Limetree Bay Terminals d/b/a Ocean Point Terminals for it to assist with safety and related activities to prevent hazardous materials from escaping the refinery and to safely remove or contain potentially toxic chemicals.   On March 2, 2022, the EPA informed all Defendants that "any activity involving a regulated substance, including any use, storage, manufacturing, handling on-site movement, or such substance, or any combination of these activities, must be performed according to EPA guidelines and law including, but not limited to, providing a risk management plan to the EPA." The Defendants failed to properly contain or remove petroleum coke, which caused the fire in August 2022, that injured Plaintiff.

**<u>Defendants:</u>**

1. Port Hamilton Refining and Transportation

   Plaintiff alleges that on August 8, 2022 she was exposed to thick black smoke coming from a Coker Dome at the Port Hamilton refinery. Plaintiff, an employee of the U.S. Customs and Border Patrol, entered the terminal owned by co-

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 4

defendant Ocean Point customs officer on official business related to Ocean Point. Under a federal security plan, Ocean Point exclusively controlled access to both the refinery and the terminal. Ocean Point exclusively controlled Plaintiff's access to the terminal and established safety requirements applicable to invitees such as Plaintiff.

The coke began smoldering in the early morning of August 4, 2022. Port Hamilton, which owns the coke dome, began efforts to control the situation as soon as it was feasible. At 0900 on August 4, 2022, Port Hamilton was informed by Ocean Point's fire chief that he had been instructed not to respond to the emergency, despite the fact that an existing incident response plan required it to do so. Further, Ocean Point controlled Port Hamilton's access to Port Hamilton's own firehouse and its equipment inside of the firehouse and refused to give Port Hamilton access to same, as part of a scheme to coerce Port Hamilton to pay invoices from Ocean Point that Port Hamilton disputed. Had Ocean Point not delayed Port Hamilton's response to the smoldering coke, the situation would have been contained to a much smaller area; far less smoke would have been released to the atmosphere; and Port Hamilton would have been able to control the situation in a much shorter period of time and at less cost.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 5

At the time Plaintiff entered the terminal on August 8, 2022, the smoldering coke situation at the Coke Dome was a known risk. Indeed, Ocean Point had people in the vicinity monitoring the situation. Despite that, Ocean Point failed to warn Plaintiff of the situation; failed to prevent her from entering areas where she could be exposed to the known risk from smoke; failed to ensure that she had proper personal protective gear; and failed to accompany her within the facility to ensure that she stayed clear of the known hazard. Port Hamilton had no knowledge that Plaintiff had entered the facility until it was served with her complaint in this matter.

The heat from the smoldering coke eventually caused a coke conveyor belt to spontaneously combust causing extensive damage to Port Hamilton's equipment. Had Ocean Point not hindered Port Hamilton's response, this damage would not have occurred.

Ocean Point's claim that the "Mutual Aid Agreement" requires Port Hamilton to defend and indemnify it is specious. The agreement was prospective in nature only and was signed two weeks *after* Plaintiff's alleged exposure, and after *all* of the above misconduct by Ocean Point. Further, it was signed under duress and would be unenforceable in any event.

Port Hamilton agrees with WIPL that WIPL was improperly sued and had no involvement whatsoever in any of the allegations relating to the Plaintiff.

2. Ocean Point's Statements

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 6

    a. <u>Plaintiff's Underlying Claims</u>

The Complaint arises out of an August 8, 2022 incident, where Plaintiff allegedly suffered physical and mental injuries after being exposed to a "thick black smoke coming out of the dome building" that was purportedly jointly controlled by Ocean Point, WIPL, and Port Hamilton.

Ocean Point denies liability on the grounds that: (1) it did not own or control the dome building; (2) there were no agreements between Ocean Point and WIPL and/or Port Hamilton at the time of Plaintiff's incident; (3) Ocean Point was under no contractual obligation to assist Port Hamilton with the smolder petroleum coke incident occurring at the Refinery; Ocean Point's assistance with containing the fire in the Dome Building did not commence until after Plaintiff's alleged incident; and (4) the Complaint does not and cannot state a claim for negligence or gross negligence against Ocean Point.  In support of this theory, Ocean Point relies on documents incorporated into the Complaint by reference that definitely disprove Plaintiff's allegations and show that Ocean Point had no duty to Plaintiff and is not liable to Plaintiff for the injuries she alleges to have suffered.

Defendant Port Hamilton denies liability and further avers that Plaintiff assumed the risk of her injuries, and/or that her injuries were caused by intervening or superseding actions of others.  The record does not reflect that

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 7

Defendant WIPL has entered an appearance in defense of this matter, nor that Plaintiff has been properly executed service of the Complaint on WIPL.

b. Port Hamilton's Crossclaim against Ocean Point

Port Hamilton brought two claims against Ocean Point, allegedly arising out of the same transaction and occurrence as Plaintiff's underlying claims against all Defendants. Count I, a claim for contribution on the grounds that to the extent Port Hamilton is liable to Plaintiff, Ocean Point is liable Port Hamilton because its acts and omissions were the superseding and intervening causes of Plaintiff's injuries. Count II claims gross negligence and seeks punitive damages on the grounds that Ocean Point's reckless and outrageous conduct following Plaintiff's alleged August 8, 2022 injuries, caused a fire to occur at the dome building owned by Port Hamilton on August 21, 2022 that resulted in damages to the sum of millions.

Ocean Point maintains that the Court lacks subject matter jurisdiction over Count II of Port Hamilton's Crossclaim because it is wholly independent of, and bears no logical relation to, Plaintiff's underlying claims, and therefore does not arise out of the same transaction or occurrence sufficient for this Court to invoke supplemental jurisdiction. Ocean Point maintains that certain paragraphs of the Crossclaim must be stricken because they are either: (1) immaterial and/or scandalous on the grounds that such allegations are dispositively refuted by the terms of a certain Mutual Aid Agreement by and

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 8

between Port Hamilton and Ocean Point, that unequivocally released Ocean Point from any liability and/or expenses related to this action; and (2) are scandalous because they are based on erroneous claims of criminality that were not only false and irrelevant, but would also prejudice Ocean Point in its ability to defend the claims. With those paragraphs stricken, Port Hamilton cannot state a claim for gross negligence as a matter of law, and consequently, cannot seek punitive damages.

c.  Ocean Point's Crossclaim against Port Hamilton

Contrary to the allegations asserted in Port Hamilton's Crossclaim [ECF No. 51], this Action is less about a commercial dispute between Port Hamilton and Ocean Point, and more about Port Hamilton's gross mishandling and negligent misconduct regarding its duties and responsibilities associated with the Refinery and the related assets.

Indeed, but for Port Hamilton's negligent and gross mishandling of the operations associated with the Refinery and the related assets, Plaintiff Nicole Wooten's ("Wooten") alleged injuries likely would not have occurred. Port Hamilton is the proximate cause of any injuries Wooten allegedly sustained on August 8, 2022, and is therefore liable for any associated damages. Ocean Point denies liability to Wooten for her alleged injuries. But, to the extent Ocean Point is found liable to Wooten, then Port Hamilton is liable to Ocean Point because its acts and omissions are the superseding and intervening causes of

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 9

Wooten's injuries. Moreover, in the Mutual Aid Agreement, Port Hamilton unequivocally agrees to release, defend, and hold Ocean Point harmless for these allegations. Port Hamilton's choice to bring the Crossclaim and its failure to defend Ocean Point is a material breach of the Mutual Aid Agreement.

3. West Indies Petroleum, Limited ("WIPL") Statement

West Indies Petroleum, Limited ("WIPL's") Statement: Following HOVENSA successor Limetree Bay Refining's ("LBR's") Chapter 11 bankruptcy filing in 2021, codefendant Port Hamilton Refining and Transportation, LLLP ("PHRT") took title to the LBR refinery property and related assets. PHRT has been the sole entity in possession and control of that property and related assets since title was conveyed. PHRT has admitted to this and other courts that it alone has possession and control of the property. WIPL is not an owner of PHRT or of the refinery property, and has never taken possession or control of it. PHRT's exclusive right to take title to the refinery property, and to operate it, was expressly recognized in the Bankruptcy Court's order approving the sale. As a practical matter, and as a legal matter, WIPL had no duty to Plaintiff, could not have breached any duty to Plaintiff, and could not have caused any of Plaintiff's alleged damages.

4. **<u>Motions to Amend Pleadings and Joinder of Parties</u>**.

(a)    The parties agree that any additional parties shall be joined by, **September 27, 2024**; and

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 10

(b)     All motions for leave to amend pleadings shall be filed by

**October 25, 2024.**

5.     **Discovery Plan.**

(a)     Discovery may be needed on the following subjects, which are

non-exclusive and are not necessarily representative of all potentially relevant

issues in this case:

(i)  The cause(s) of the incident alleged to have occurred;

(ii)  Any damages sustained by Plaintiff arising from that

referenced above, including but not limited to past and future medical expenses,

past and future lost wages, and any alleged ongoing disabilities or claim for loss

of earning capacity;

(iii)  the facts underlying Plaintiff's claims as described in the

Complaint; and

(iv)  the facts underlying Defendant's affirmative defenses.

(b)     *Discovery Phases and Discovery Period*.     Plaintiff and

Defendants propose that discovery should be conducted in phases.

(c)     The proposed timing of the phased discovery is as follows:

Fact discovery shall be completed by **July 1, 2025**.  The number of fact depositions

Plaintiff expects to take is unknown, at this time.   The number of fact depositions

Defendants expect to take is unknown, at this time.  This case involves numerous parties

and cross claims, such that anticipating the number of depositions that will be needed is

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 11

impossible at this time. Because of the various claims, each party should be entitled to ten depositions.

        (d)    *Expert Disclosures and Depositions.*

        (i)  The Plaintiff with the burden of proof shall disclose expert witnesses and produce expert reports by **September 1, 2025**.  At this time, they anticipate that they will retain experts in the areas of the health effects of smoke inhalation and the proper storage of petroleum coke and other toxic chemicals, medical experts, and vocational and economic experts.

        (ii)  The Defendants with the burden of proof shall disclose expert witnesses and produce expert reports by **November 1, 2025,** with respect to cross plaintiff's experts and they shall produce their expert reports on the crossclaims by **November 1, 2025** and a rebuttal limited to experts on the crossclaim experts by **December 19, 2025**.  At this time, they anticipate that they will retain experts in the areas of medical and liability experts including but not limited to experts to address the opinions rendered by Plaintiff's experts or Crossclaim Plaintiff's Experts and experts in terminal safety and the control and containment of fires.

        (iii)  Experts disclosed pursuant to (i) and (ii) above shall be deposed by **March 1, 2026. The deadline shall also apply to depositions of any professional medical fact witnesses.**

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 12

(e)    *Deposition Limits.*  The parties shall be limited to ten (10) depositions per party, but expert witnesses and records custodians shall not be counted toward the ten (10) deposition limit.

*Interrogatories.*  As per Fed. R. Civ. P. 33.

*Scheduling and Length of Depositions*.  Counsel will cooperate in the scheduling of depositions, including, if agreed, increasing the length of a deposition day or the number of days beyond the period set out in Fed. R. Civ. P. 30(d)(1).

6.    **Pre-Trial Deadlines:**

*Pre-Trial Motions (Other than Motions in Limine).*  All pre-trial motions (other than motions in limine), including dispositive motions and motions to exclude expert testimony, shall be filed by **April 15, 2026**.

7.    **Trial Date and Length of Trial**:

*Trial Date.*  The earliest this case reasonably can be expected to be ready for trial is **June 2026**.  The parties estimate that the length of time to try this case to verdict, including the selection of a jury, is **five (5)** days.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 13

8.     **Other Items Discussed at Rule 26(f) Conference.**

(a)    *Settlement*.  Plaintiff has not yet served settlement demands on Defendant, but Plaintiff is always open to settlement and the parties will continue discussions toward that end as discovery proceeds.

(b)    *Referral to Mediation*.   The parties agree to mediate this matter on or before **July 31, 2025**.

(c)    *Protective Order*.  To facilitate the production of confidential documents in this case, Plaintiff will provide Defendants Port Hamilton Refining and Transportation, and West Indies Petroleum, Ltd with the Confidentiality Agreement and Protective Order Plaintiff and Defendant Limetree Bay Terminals d/b/a Ocean Point Terminals entered into in late 2023.

(d)    *Claims of Privilege/Protection*.  Pursuant to Fed. R. Civ. P. 26(f)(3)(D), the parties state that they are not aware, of any issues relating to a claim of privilege or protection as it would pertain to trial preparation materials. The parties agree that written discovery requests will be deemed not to seek materials that are clearly protected by attorney/client privilege and/or work-product doctrine, in order to reduce objections.   The parties request that the Court's scheduling order provide that the inadvertent or unintentional disclosure of information protected by the attorney-client, work product, or other applicable privileges or protections (a "privilege") shall be governed by the applicable provisions of Fed. R. Civ. P. 26 and Fed. R. Evid. 502, and that such inadvertent

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 14

production and subsequent clawback shall not constitute a waiver of such privileges.

(e)    *Electronically Stored Information (ESI)*.    The parties have conferred about the discovery of electronically stored information (ESI).    The parties agree that, unless otherwise agreed, responses to discovery requests will be construed to pertain to data reasonably accessible to the parties in the ordinary course of their business or personal lives, including email and all other forms of ESI.

(f)    *Status Conferences and Hearings*.    The parties stipulate that they have no objection to any party's remote appearance via Zoom or Teams for any status conference or hearing that may occur in this matter.

DATED:  July 26, 2024                BY:    /s/ *Robin P. Seila*
                                Robin P. Seila, Esq.
                                VI Bar No. R2043
                                1108 King Street, Suite 3 (mailing)
                                56 King Street, Third Floor (physical)
                                Christiansted, St. Croix
                                U.S. Virgin Islands 00820
                                Telephone: (340) 778-8855
                                robin@rohnlaw.com

DATED:  July 26, 2024                BY:    /s/ *Donnie M. King*
                                Donnie M. King
                                David J. Awoleke
                                AKERMAN LLP

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**REPORT ON PARTIES' RULE 26(f) CONFERENCE**
Page 15

                    201 East Las Olas Boulevard, Suite 1800
                    Fort Lauderdale, FL 33301

                    Attorneys for **Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals**

DATED:  July 26, 2024        BY:   /s/ *Andrew C. Simpson*
                                 Andrew C. Simpson
                                 2191 Church Street, Suite 5
                                 Christiansted, VI 00820

                    Attorney for **Port Hamilton Refining and Transportation Port Hamilton Refining and Transportation**

DATED:  July 26, 2024        BY:   /s/ *Ryan C. Stuzman*
                                 Ryan C. Stutzman
                                 CSA Associates, P.C.
                                 1138 King Street
                                 Suite 100
                                 Christiansted, VI 00820

                    Attorney for **West Indies Petroleum, Ltd.**