**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

NICOLE WOOTEN,

                Plaintiff,

      v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS, PORT
HAMILTON REFINING AND
TRANSPORTATION, and WEST INDIES
PETROLEUM, LTD.,

                Defendants.

Case No. 1:23-CV-00012

<u>JURY TRIAL DEMANDED</u>

---

<u>**STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED PROTECTIVE ORDER**</u>

Defendants, **LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD**. and Plaintiff, **NICOLE WOOTEN**, by counsel, pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, have agreed to the following terms and conditions regarding discovery in this cause.  This Confidentiality Agreement and Agreed Protective Order is limited to pre-trial discovery only.  The parties request that the Court approve this Confidentiality Agreement and Agreed Protective Order, as follows:

1.      <u>**Right to Designate Information as Confidential**</u>

      Counsel of record for Plaintiff or for any Defendant may designate as confidential any information (regardless of form) which is produced or furnished in response to any party's discovery request which such counsel in good faith deems confidential regardless of who produced or furnished such information.   As used throughout this Confidentiality

**Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012**
**STIPULATED CONFIDENTIALITY AGREEMENT**
**AND AGREED PROTECTIVE ORDER**
Page 2

Agreement and Protective Order, the term "Party" or "Parties" shall refer to Plaintiff and

Defendants.

2.    **Definition of Confidential Information**

As used herein, the term "Confidential Information" means information or documents

of any kind pertaining to any contract, agreement, medical records, psychiatric,

psychological treatment, HIV/AIDS, Sexually Transmitted Disease, Mental Health

treatment, substance abuse treatment, personnel file of Plaintiff or any current or former

employee of Defendants, as well as any other non-public business record, report or

information of or regarding the Plaintiff or Defendants or any affiliated company that is

confidential or privileged, and any information or documents considered "trade secret"

under Virgin Islands law. Confidential Information shall refer to all such designated

information whether revealed during a deposition, in a document, or by production of

tangible evidence or otherwise.

3.    **Identification of Confidential Information or Trade Secret**

Each Party shall designate to the other Parties which materials are considered

confidential or trade secret (the "Designating Party"). Information designated as confidential

or trade secret shall be identified as such by the words "Confidential – Protective Order," or

the like. Such words shall be placed on or affixed to each document and page thereof

which contains Confidential Information. If a party determines that information should have

been designated as confidential but was not, it shall notify the other party and the parties

shall meet and confer on the issue.  If the parties cannot agree as to whether the identified

<u>**Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012**</u>
<u>**STIPULATED CONFIDENTIALITY AGREEMENT**</u>
<u>**AND AGREED PROTECTIVE ORDER**</u>
Page 3

document(s) or information should be designated as confidential or trade secret, the affected party shall within five (5) days of the conclusion of the meet and confer, apply to the Court for protection of such Information. Pending a ruling by the Court, each party shall then make a reasonably diligent effort to retrieve documents containing the confidential information and otherwise ensure that persons to whom the confidential information was disclosed will treat it as confidential.

4.      **Protection of Confidentiality**

Confidential Information and any notes, summaries, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by counsel for the Party to whom disclosure of the Confidential Information was made (the "Recipient Party") and, except as provided in Paragraph 5, shall not be disclosed to any person other than for purposes of this action. Persons to whom access to Confidential Information or depositions is given pursuant to this Order shall keep such information and any copies, abstracts or summaries thereof secure in accordance with the purposes and intent to this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure including, without limitation, precautions against unauthorized copying.

5.      **Access to Confidential Information**

Persons entitled to have access to Confidential Information produced by another Party shall be restricted to (a) the counsel for each Party who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of this action,

<u>Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012</u>
<u>STIPULATED CONFIDENTIALITY AGREEMENT</u>
<u>AND AGREED PROTECTIVE ORDER</u>
Page 4

and employees of such counsel; (b) Plaintiff; and (c) representatives of Defendants; and (d) persons associated with the Parties to whom the such disclosures must reasonably be made for the purpose of preparing for deposition or other proceedings herein; and (e) expert witnesses of any party, subject to the requirements of Paragraph 6 below.

6.    <u>**Conditions to Access to Confidential Information**</u>

Before disclosure of Confidential Information is made to any person specified in Paragraphs 5(d) and (e), that person shall first read a copy of this Agreement and the Protective Order resulting therefrom and agree to be bound by the Protective Order in writing.  Each Party's counsel shall maintain a list all persons to whom they disclose Confidential Information. Upon request by Designating Party and within five (5) days of such request, the Recipient Party will provide the list of persons and copies of their written agreements to be bound by the Protective Order to the Court for its in camera inspection.

7.    <u>**Limitations on Copying**</u>

No copies, summaries or abstracts of Confidential Information shall be made by a Party, or its trial attorneys, for distribution or use by any person other than those described in Paragraph 5 hereof, the deposition witness and court reporters, nor shall any Confidential Information be used by any person for use in any other litigation or proceeding apart from the caption matter.

8.    <u>**Depositions**</u>

Any deposition or portion thereof during which Confidential Information is being disclosed shall be taken as if in camera without any persons in attendance other than those

<u>Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012</u>
<u>STIPULATED CONFIDENTIALITY AGREEMENT</u>
<u>AND AGREED PROTECTIVE ORDER</u>
Page 5

described in Paragraph 5 thereof, the deposition witness and court reporters.

9.      <u>**Confidential Information to be Filed with Court Under Seal**</u>

The portion of the transcript of every deposition and all exhibits, answers to interrogatories and responses to request for production filed with the Court which contain designated Confidential Information and all portions of all pleadings, motion, briefs, memoranda or other documents filed with the court purporting to reproduce or paraphrase Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PROTECTIVE ORDER" and a statement substantially in the following form:

**CONFIDENTIAL**

This envelope contains a portion of a deposition transcript, document or information which has been designated as confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks except by order of the Court, or upon the stipulation of the parties.

Only those portions of the deposition transcript, answers or responses that are designated as confidential will be filed under seal upon approval by the Court.

If the Recipient Party desires to make Confidential Information a matter of public record by filing such Confidential Information with the Court, the Recipient Party must notify the Designating Party at least ten (10) days prior to filing any such Confidential Information to allow the designating Party to make application to the Court for sealing

<u>**Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012**</u>
<u>**STIPULATED CONFIDENTIALITY AGREEMENT**</u>
<u>**AND AGREED PROTECTIVE ORDER**</u>
Page 6

the Confidential Information for good cause.

10.    <u>**Time for Designation of Confidential Information**</u>

Each Party shall, at the time of the deposition, if possible, but not later than thirty (30) days following the date of mailing of the deposition transcript, designate those portions of the deposition testimony which it deems to contain Confidential Information.

11.    <u>**Dispute as to Confidentiality**</u>

Any Party may contest the confidential status of any information designated as Confidential Information. If a Party disagrees with any designation of any information as confidential, it shall notify counsel for the other Parties and they shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, within twenty (20) days of reaching an impasse on the issue, the contesting party may petition the Court for a ruling on the issue. The contested information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure. At any hearing to determine the confidential status of any information, the Party designating the information as confidential shall have the burden of showing why such information should be confidential.

12.    <u>**Public Information**</u>

Any information which has been designated as confidential and was also legally and properly within the public domain prior to its being designated confidential need not be treated as Confidential Information. However, if such Confidential Information became available to the public as a result of any improper conduct or in violation of any

<u>**Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012**</u>
<u>**STIPULATED CONFIDENTIALITY AGREEMENT**</u>
<u>**AND AGREED PROTECTIVE ORDER**</u>
Page 7

contract or court order, such Confidential Information must still be treated as confidential under this Confidentiality Agreement and Protective Order.

13.    **Other Persons**

Each Party reserves the right to oppose on any grounds disclosure of any Confidential Information to persons not designated in Paragraph 5.

14.    **Non-Sharing Agreement**

The parties agree that confidential documents produced or discovered in this case will not be shared with third parties except to the extent necessary for litigation of the claim in this matter.

15.    **Voluntary Waiver**

At any time after any information, document or deposition testimony is designated as confidential under this Order, the Designating Party may agree in writing that the Confidential Information may be disclosed to designated persons other than those described in Paragraph 5. Any such agreement must be in writing or by statement made on the record at a deposition or hearing.

16.    **Trial**

The parties agree that in trial use of information or documents designated as confidential shall be decided by the Court. The Designating Party shall raise all such issues with the Court at the time of the final pre-trial conference.

17.    **Retained Jurisdiction**

The Court retains jurisdiction to make such amendments, modification and additions

<u>Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012</u>
<u>STIPULATED CONFIDENTIALITY AGREEMENT</u>
<u>AND AGREED PROTECTIVE ORDER</u>
Page 8

to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the deposition of materials containing Confidential Information at the termination of this action.

18.    **Amendment**

This Order may be amended by the written agreement of counsel for the Parties in the form of a motion submitted to the Court for its consideration and approval and filed herein.

19.    **Disposition on Termination of Action**

After the final termination of this action and within 21 days of a Designating Party's written request, each Party shall:

(a)    make available for return to the Designating Party, erase or destroy, as appropriate and at the option of the Recipient Party, all materials, documents, summaries, computer records and abstracts containing Confidential information;

(b)    make available for return or destroy every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Confidential Information;

(c)    certify in writing that the procedures set forth above have been completed; and

(d)    agree not to disclose the substance of any Confidential Information revealed to it by the Designating Party.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
STIPULATED CONFIDENTIALITY AGREEMENT
AND AGREED PROTECTIVE ORDER
Page 9

DATED:  July 26, 2024        BY:   /s/ *Robin P. Seila*
                                   Robin P. Seila
                                   VI Bar No. R2043
                                   1108 King Street, Suite 3 (mailing)
                                   56 King Street, Third Floor (physical)
                                   Christiansted, St. Croix
                                   U.S. Virgin Islands 00820
                                   Telephone: (340) 778-8855
                                   robin@rohnlaw.com
                                   ATTORNEYS FOR PLAINTIFF
                                   LEE J. ROHN AND ASSOCIATES, LLC


DATED:  July 26, 2024        BY:   /s/ *Andrew C. Simpson*
                                   Andrew C. Simpson
                                   Andrew C. Simpson, P.C.
                                   2191 Church Street, Suite 5
                                   Christiansted, VI  00820
                                   Email Address:
                                   asimpson@coralbrief.com
                                      Attorney For: Port Hamilton Refining
                                   and Transportation


DATED:  July 26, 2024        BY:   /s/ *Donnie M. King*
                                   Donnie M. King
                                   AKERMAN LLP
                                   201 East Las Olas Boulevard, Suite
                                   1800, Fort Lauderdale, FL  33301
                                      Attorney For:  Limetree Bay
                                   Terminals, LLC d/b/a Ocean Point
                                   Terminals


DATED:  July 26, 2024        BY:   /s/ *Ryan C. Stuzman*
                                   Ryan C. Stutzman
                                   CSA ASSOCIATES, P.C.
                                   1138 King Street, Suite 100
                                   Christiansted VI 00820
                                   Rstutzman@saastx.vi