IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>        Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, ~~and~~ WEST INDIES PETROLEUM, LTD., **LIMETREE BAY REFINING, LLC, as a nominal defendant only.**<br><br>        Defendants. | Civil No. SX-2023-CV-00052<br><br>**ACTION FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

### ~~SECOND~~ **THIRD** AMENDED COMPLAINT

**COMES NOW** Plaintiff, **NICOLE WOOTEN**, by and through undersigned counsel, and files her Second Amended Complaint against Defendants **LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, ~~and~~ WEST INDIES PETROLEUM, LTD., and LIMETREE BAY REFINING, LLC, as a nominal defendant only,** and alleges the following:

1. This Court has jurisdiction over this matter pursuant to 4 V.I.C. § 76.

2. Plaintiff, Nicole Wooten, is a resident of St. Croix, U.S. Virgin Islands.

3. Defendant, Limetree Bay Terminals d/b/a Ocean Point Terminals, is a United States Virgin Islands limited liability company with its headquarters located in the U.S. Virgin Islands. It is owned by Arclight Capital Partners, LLC and Freepoint Commodities, LLC. These Defendants do business in the U.S. Virgin Islands.

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI 00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

**EXHIBIT 2**

WOOTEN, NICOLE V. LIMETREE BAY TERMINALS, ET. AL., CIVIL NO. SX-2023-CV-00052
THIRDSECOND AMENDED COMPLAINT
Page 2

4. Defendant, Port Hamilton Refining and Transportation, is a consortium of United States and Caribbean investors that operate the St. Croix Refinery.

5. Defendant, West Indies Petroleum, Ltd, is a co-owner and operator of the St. Croix Refinery, and is incorporated in Jamaica.

5.6. Defendant, Limetree Bay Refining, LLC, was a Virgin Islands limited liability company, and is being sued as a nominal defendant only, to preserve Plaintiff's claims against its insurer.

6.7. Upon information, Limetree Bay Terminals operated in partnership with Limetree Bay Refinery in attempting to restart the refinery, and then shutting down the refinery.

7.8. Upon information, Limetree Bay Terminals was in charge of safety and the proper storage, removal, or containment of potentially toxic materials along with Limetree Bay Refinery.

8.9. Upon information, Limetree Bay Terminals failed to properly store, remove, and contain potentially toxic materials.

9.10. Upon information, Limetree Bay Terminals failed to properly enforce safety requirements.

10.11. As a result, among the toxic chemicals not removed or properly stored was petroleum coke, a charcoal like substance that is a byproduct of refining oil.

11.12. On December 21, 2021, West Indies Petroleum, Ltd and Port Hamilton Refining and Transportation, LLLP, (jointly WIPL/PHRT) purchased the refinery, through a bankruptcy sale.

WOOTEN, NICOLE V. LIMETREE BAY TERMINALS, ET. AL., CIVIL NO. SX-2023-CV-00052
**THIRD**SECOND **AMENDED COMPLAINT**
Page 3

12.13.   Upon information, WIPL/PHRT entered into agreements with Limetree Bay Terminals for it to assist with safety and related activities to prevent hazardous materials from escaping the refinery and to safely remove or contain potentially toxic chemicals.

13.14.   The EPA informed WIPL/PHRT and Limetree Bay Terminals on March 2, 2022, that "any activity involving a regulated substance, including any use, storage, manufacturing, handling on-site movement, or such substance, or any combination of these activities, must be performed according to EPA guidelines and law, including, but not limited to, providing a risk management plan to the EPA."

14.15.   On March 22, 2022, EPA sent a letter to WIPL/PHRT based upon information, currently available to EPA, there were strong indicators to suggest the refinery must obtain a Prevention of Significant Deterioration permit.

15.16.   Upon information, WIPL/PHRT shared that information with Limetree Bay Terminals and engaged their services in containing or removing any potentially dangerous substances.

16.17.   Upon information, for some time, left over petroleum coke had been allowed by Defendants to remain at the refinery and not properly be contained or removed.

17.18.   On August 7, 2022, Port Hamilton Refining and Transportation issued a news release stating that a pile of petroleum coke was "found smoldering" at the refinery.

18.19.   In fact, it is now known that the petroleum coke had been on fire since August 4, 2022, and there was an attempt to conceal that information.

19.20.   On August 8, 2022, Plaintiff was heading to the refinery to complete facial

**Formatted:** Highlight

WOOTEN, NICOLE V. LIMETREE BAY TERMINALS, ET. AL., CIVIL NO. SX-2023-CV-00052
**THIRD**SECOND **AMENDED COMPLAINT**
Page 4

control on a tugboat as part of her job for US Customs and Border Protection.

20.21.  When Plaintiff arrived at the tugboat, she noticed a thick black smoke coming out of the dome building at the jointly controlled Limetree Bay Terminals and WIPL/PHRT Dome Building.

21.22.  Plaintiff observed two refinery workers in the area with no masks. Plaintiff rolled down her window to inquire whether it was safe to proceed to do her work.

22.23.  Plaintiff immediately felt smoke enter her lungs, and she coughed, and could hardly breathe.

23.24.  Plaintiff began wheezing, vomited, had chest pains was shaking uncontrollably with tremors, and had shortness of breath, and was rushed to urgent care, where she was given four vials of inhalation solution and a steroid shot.

24.25.  On August 8, 2022, Limetree Bay Terminals became Ocean Point Terminals, LLC, doing business through a tradename.

25.26.  By August 9, 2022, fire fighters had been attempting to put out the fire for five days.

26.27.  The fire was not contained until at least August 26, 2022.

27.28.  Plaintiff suffered serious inhalation injuries and has developed chronic debilitating lung injuries.

28.29.  Prior to August 8, 2022, Plaintiff had pulmonary function tests that were within normal limits.

29.30.  Since August 8, 2022, she has been unable to effectively breathe and could not pass pulmonary function testing, as she has a permanent loss of lung capacity.

WOOTEN, NICOLE V. LIMETREE BAY TERMINALS, ET. AL., CIVIL NO. SX-2023-CV-00052
**THIRD**SECOND **AMENDED COMPLAINT**
Page 5

30.31.  As a result of the acts and omissions of Defendants, Plaintiff suffered physical injuries, mental injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering, and loss of enjoyment of life, all of which are expected to continue into the foreseeable future.

### COUNT I

31.32.  The Plaintiff sets forth paragraphs 1 through 30 as if fully set forth herein.

32.33.  Defendants were grossly negligent.

33.34.  As a result, Plaintiff suffered damages.

### COUNT II

34.35.  The Plaintiff sets forth paragraphs 1 through 33 as if fully set forth herein.

35.36.  Defendants were negligent.

36.37.  As a result, Plaintiff suffered damages.

### COUNT III

37.38.  The Plaintiff sets forth paragraphs 1 through 36 as if fully set forth herein.

38.39.  Defendants failed to warn Plaintiff of the dangerous conditions.

39.40.  As a result, Plaintiff suffered damages.

### COUNT IV

40.41.  The Plaintiff sets forth paragraphs 1 through 39 as if fully set forth herein.

41.42.  Defendants maintained an abnormally dangerous condition.

42.43.  As a result, Plaintiff suffered damages.

WOOTEN, NICOLE V. LIMETREE BAY TERMINALS, ET. AL., CIVIL NO. SX-2023-CV-00052
<u>THIRD</u><s>SECOND</s> AMENDED COMPLAINT
Page 6

## COUNT V

<s>43.</s>44.     The Plaintiff sets forth paragraphs 1 through 42 as if fully set forth herein.

<s>44.</s>45.     Defendants maintained a dangerous nuisance.

<s>45.</s>46.     As a result, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff prays for damages as they may appear, compensatory and punitive, for pre and post judgment interest, for costs and fees, and for such other relief as this court deems fair and just.

                                                  LEE J. ROHN AND ASSOCIATES, LLC
                                                  Attorneys for Plaintiff

DATED:  February 19, 2025        BY:   /s/ *Lee J. Rohn*
                                                            Lee J. Rohn, Esq.
                                                            VI Bar No. 52
                                                            1108 King Street, Suite 3 (mailing)
                                                           56 King Street, Third Floor (physical)
                                                           Christiansted, St. Croix
                                                           U.S. Virgin Islands 00820
                                                           Telephone: (340) 778-8855
                                                           lee@rohnlaw.com