IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>             Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION,  and WEST INDIES PETROLEUM, LTD.,<br><br>             Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## **THIRD MOTION TO AMEND THE COMPLAINT**

Plaintiff, by and through undersigned counsel, moves this Court to amend her Complaint to add her claims against Limetree Bay Refining, LLC, as a nominal defendant only. On February 4, 2025, the Bankruptcy Court for the Southern District of Texas Houston Division, granted USVI Claimants' Motion for Leave to Name Limetree Bay Refining, LLC as a nominal defendant. **Exhibit 1**. In the second footnote of the Order, the above captioned case was expressly named—Wooten v. Limetree Bay Terminals, et. al.

Motions to amend the pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." Fed. R. Civ. P. 15(a). "In keeping with the intent and spirit of the rules []governing pleadings and amendments, decisions on the merits are favored, and dismissal of claims "on the basis of such mere technicalities" are to be avoided.  *Forman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**THIRD MOTION TO AMEND THE COMPLAINT**
Page 2

"[R]igid adherence to formalities and technicalities must give way before the policies underlying Rule 15." *Heyl & Patterson Inter., Inc. v. Gov't of the Virgin Islands,* 663 F.2d 419, 426 (3d Cir.1981).

Rule 15 does not establish a time restriction for amending a complaint, and motions to amend have been allowed at different stages of litigation. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1488 (1990); *see Ali v. Intertek Testing Services Caleb Brett,* 332 F.Supp.2d 827, 829 (D.V.I.2004). *Stanley v. St. Croix Basic Servs., Inc.*, No. CIV. 2003/0055, 2008 WL 5973489, at *2 (D.V.I. Mar. 4, 2008). Delay alone does not justify denying a motion to amend. *Cubica Grp. LLLP v. MAPFRE Puerto Rican Am. Ins. Co.*, No. CASE NO 2011-108, 2012 WL 2398931, at *3 (D.V.I. June 26, 2012). Even in the face of a delayed motion to amend, the nonmoving party must show additionally that it will suffer some prejudice from the amendment. *See Id*. Here, the Bankruptcy Court's Order was issued on February 4, 2025, and Plaintiff has diligently and timely moved to amend her complaint.

"[P]rejudice to the nonmoving party is the touchstone for denial of [a motion to amend a pleading]." *See Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 2017 WL 2210642, at *3. "An amendment to a complaint is considered 'prejudicial' if it places an unfair burden on the opposing party." *Id.* (citations omitted). In determining whether an amendment places an unfair burden on the opposing party, Courts consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton,* 252 F.3d at 273.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**THIRD MOTION TO AMEND THE COMPLAINT**
Page 3

*Stanley v. St. Croix Basic Servs., Inc.*, No. CIV. 2003/0055, 2008 WL 5973489, at *3 (D.V.I. Mar. 4, 2008).

There is no prejudice to any of the Defendants. The Parties are working on resolving disputes concerning written discovery and are working on scheduling depositions. No depositions have taken place yet.

The Motion is further supported by the marked-up version of the Third Amended Complaint, **Exhibit 2** and the Third Amended Complaint, **Exhibit 3**.

**WHEREFORE**, Plaintiff prays for leave to file a Third Amended Complaint.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED<br>LEE J. ROHN AND ASSOCIATES, LLC<br>Attorneys for Plaintiff |
| DATED:  March 7, 2025 | BY:  /s/ *Lee J. Rohn*<br>Lee J. Rohn, Esq.<br>VI Bar No. 52<br>1108 King Street, Suite 3 (mailing)<br>56 King Street, Third Floor (physical)<br>Christiansted, St. Croix<br>U.S. Virgin Islands 00820<br>Telephone: (340) 778-8855<br>Lee@rohnlaw.com |

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**THIRD MOTION TO AMEND THE COMPLAINT**
Page 4

# CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on March 7, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel of record.

BY: /s/ *Lee J. Rohn*  (al)