| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

NICOLE WOOTEN,

                  Plaintiff,

    v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
& TRANSPORTATION,
WEST INDIES PETROLEUM LTD.,

                  Defendants.

1:23-cv-00012-WAL-EAH

TO:    **Lee J. Rohn, Esq.**
       **Robin P. Seila, Esq.**
       **Donnie Marcel King, Esq.**
       **Andrew C. Simpson, Esq.**
       **Ryan C. Stutzman, Esq.**

## ORDER

**THIS MATTER** comes before the Court on the Third Motion to Amend the Complaint, filed by Plaintiff Nicole Wooten on March 7, 2025.[1] Dkt. No. 120. In her motion, Wooten seeks to amend her Second Amended Complaint, Dkt. No. 38, to add her claims against Limetree Bay Refining, LLC, as a nominal defendant only. Dkt. No. 120 at 1. She states that, on February 4, 2025, the Bankruptcy Court for the Southern District of Texas, Houston Division, granted the U.S. Virgin Islands Claimants' Motion for Leave to Name Limetree Bay Refining, LLC as a

---

[1] Wooten filed two earlier iterations of her Third Motion to Amend the Complaint—the first was filed on February 19, 2025, Dkt. No. 114, and was withdrawn, Dkt. No. 115; the second was filed on February 21, 2025, Dkt. No. 116, which was also withdrawn, Dkt No. 118.

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order Denying Motion to Amend
Page 2

nominal defendant. *Id.* The second footnote of the Order expressly named the instant case as being encompassed by the Bankruptcy Court's Order. Wooten attached a copy of that Order as Dkt. No. 120-1. She added relevant case law regarding Fed. R. Civ. P. 15(a), governing amendment of pleadings, and attached a redlined version of the current complaint as Dkt. No. 120-2 and the proposed Third Amended Complaint as Dkt. No. 120-3.

Plaintiff did not, however, comply with LRCi 7.1(f) as there is no representation that she sought concurrence in the motion from each party, and that it has either been given or denied. The Court would have excused that noncompliance but notes that, in the Order granting Plaintiff's motion to amend the First Amended Complaint, Dkt. No. 37, it pointed out that Plaintiff's motion did not comply with LRCi 7.1(f) either. This time, the Court will require such compliance in the hope that it will not have to deny further motions for the same oversight.

Accordingly, it is hereby **ORDERED** that Plaintiff's Third Motion to Amend the Complaint, Dkt. No. 120, is **DENIED** for failure to comply with LRCi 7.1(f).

ENTER:

Dated: March 12, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE