IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

NICOLE WOOTEN,

     Plaintiff,

  v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS, PORT
HAMILTON REFINING AND
TRANSPORTATION,  and WEST
INDIES PETROLEUM, LTD.,

     Defendants.

Case No. 1:23-CV-00012

**ACTION FOR DAMAGES**

<u>JURY TRIAL DEMANDED</u>

<u>**JOINT MOTION FOR EXTENSION OF DEADLINES**</u>

   The Parties, by and through the undersigned counsel, and pursuant to Fed. R. Civ.

P. 6 and 16, move for an extension of the deadlines in this case.

   The Federal Rules of Civil Procedure provide, in relevant part:

   (1) *In General.* When an act may or must be done within a specified time,
the court may, for good cause, extend the time:
     (A) with or without motion or notice if the court acts, or if a request is
     made, before the original time or its extension expires; or
     (B) on motion made after the time has expired if the party failed to
     act because of excusable neglect.

Fed. R. Civ. P. 6(b).

   (4) *Modifying a Schedule.* A schedule may be modified only for good cause
and with the judge's consent.

Fed. R. Civ. P. 16(b)(4).

   Good cause in the Rule 16 context "is established when the party seeking
the extension can show that the deadlines set forth in the scheduling order
cannot reasonably be met despite the diligence of the party seeking the
extension." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558 (D.N.J.
2022) (internal quotation marks omitted). The focus of a Rule 16 analysis is

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 2

the moving party's diligence and not prejudice to the non-moving party.

*Hoffman as Trustees of Harvey M. Hoffman & Janice E. Hoffman Revocable Tr. u/a/d Nov. 15, 2019 v. Hammerhead Constr. LLC*, No. 321CV00046RAMEAH, 2022 WL 20678371, at *3 (D.V.I. Dec. 1, 2022), *objections overruled*, No. 3:21-CV-0046, 2023 WL 6121972 (D.V.I. Sept. 19, 2023); *see also, Kissman v. St. Thomas Marina Corp.*, No. CV 2018-18, 2020 WL 13561719, at *3 (D.V.I. Sept. 9, 2020), *report and recommendation adopted*, No. 3:18-CV-0018, 2022 WL 4599180 (D.V.I. Sept. 30, 2022); *Crown Bay Marina, L.P. v. Reef Transportation, LLC*, No. CV 2018-73, 2020 WL 5166031, at *2 (D.V.I. Aug. 31, 2020), *aff'd sub nom. CROWN BAY MARINA LP Appellant v. REEF TRANSPORTATION; EVENING STAR - VICL; MORNING STAR - VICL*, No. 21-1861, 2022 WL 2816798 (3d Cir. July 19, 2022).

The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Courts have defined "good cause" to include "circumstances beyond the control" of a party. *See Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.,* No. 09-CV-236, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *see also Lord v. Consolidated Rail Corp.*, No. 13-784, 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotation marks omitted).

*Hoffman as Trustees of Hoffman & Janice E. Hoffman Revocable Tr. u/a/d Nov. 15, 2019 v. Hammerhead Constr. LLC*, No. 321CV00046RAMEAH, 2023 WL 5346071, at *4 (D.V.I. Aug. 21, 2023).

**Written Discovery Status**

The following discovery requests have been propounded and answered in this

case by Plaintiff:

| | Date Propounded | Date Answered | Date Supplemented |
|---|---|---|---|
| Plaintiff's Interrogatories to PHRT | 10/17/2024 | 12/10/2024 | 3/14/2025 |
| Plaintiff's Demand for Production to PHRT | 10/17/2024 | 11/4/2024: 67 videos | 12/10/2024: bates stamped nos. PHRT- |

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 3

| | | | |
|---|---|---|---|
| | | and photographs | Wooten000037-415<br><br>3/11/2024: included 2 GB of data, which was 953 items, and took more than five minutes to download and extract.;[1]<br><br>3/14/2025: bates stamped nos. PHRT-Wooten001916-1928. |
| Plaintiff's Expert Demand for Production to PHRT | 10/17/2024 | 12/10/2024 | |
| Plaintiff's Interrogatories to WIPL | 10/17/2024 | 11/26/2024 | |
| Plaintiff's Demand for Production to WIPL | 10/17/2024 | 11/26/2024 | |
| Plaintiff's Expert Demand for Production to WIPL | 10/17/2024 | 11/26/2024 | |
| Plaintiff's Interrogatories to LBT | 10/17/2024 | 12/19/2024 | 2/21/2025; 3/21/2025 |
| Plaintiff's Demand for Production to LBT | 10/17/2024 | 12/19/2024: LTB did not produce any documents or videos in this response | 1/18/2025: bates stamped nos. LBT257-1105<br><br>2/21/2025: bates stamped nos. LBT1106-1214<br><br>3/21/2025: bates stamped nos. LBT1215-1316 |
| Plaintiff's Expert Demand for Production to LBT | 10/17/2024 | 12/19/2024 | |
| Plaintiff's Second Demand for Production of Documents to PHRT | 2/5/2025 | 3/11/2024 | |

LBT and Plaintiff met and conferred on March 14, 2025, concerning outstanding

supplementation that it will produce. **Exhibit 2.**

---

[1] Exhibit 1

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 4

The following discovery requests have been propounded by Defendants to

Plaintiff:

|  | Date Propounded | Date Answered | Date Supplemented |
|---|---|---|---|
| LBT's Interrogatories to Plaintiff | 10/4/2024 | 11/22/2024 | |
| LBT's Document Requests to Plaintiff | 10/4/2024 | 11/22/2024 | 1/22/2025 |
| WIPL's Requests for Admission to Plaintiff | 10/31/2024 | 12/5/2024 | |
| WIPL's Interrogatories to Plaintiff | 10/31/2024 | 12/5/2024 | |
| WIPL's Document Requests to Plaintiff | 10/31/2024 | 12/5/2024 | |

The following discovery requests have been propounded among the Defendants

and Crossclaim Parties:

|  | Date Propounded | Date Answered |
|---|---|---|
| Limetree Bay Terminals Document Requests to PHRT | 10/4/2024 | 11/4/2024 |
| Limetree Bay Terminals Document Requests to WIPL | 10/4/2024 | 11/4/2024: bates stamped nos. WIPL1-463 |
| WIPL's Requests for Admission to PHRT | 10/31/2024 | 12/2/2024 |
| WIPL's Document Requests to PHRT | 10/31/2024 | 12/2/2024 |
| WIPL's Interrogatories to PHRT | 10/31/2024 | 12/2/2024 |
| WIPL's Requests for Admission, Interrogatories, and Demand for Production of Documents to LBT | 10/31/2024 | 1/14/25 |

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
JOINT MOTION FOR EXTENSION OF DEADLINES
Page 5

### Discussion

Here, there are no non-moving parties, and indeed, prejudice will occur to all parties in this case if the deadlines are not extended. Despite their best efforts, the parties all agree that it is impossible to complete fact discovery by April 11, 2025. The Parties request an additional 120 days to complete fact discovery and adjust all subsequent deadlines appropriately. On March 4, 2025, Attorney Simpson advised that his client just found 2 gigabytes of information that he had been trying to get for several months and that he needs to review prior to producing. **Exhibit 3** (March 4, 2025 email from Attorney Simpson). Attorney Simpson produced documents on March 11, 2025. Plaintiff has not yet fully reviewed the 953 items that were produced on March 11, 2025, which will certainly take a considerable amount of time.

The Parties can show good cause for extending the deadlines because they began discussions to schedule depositions well before the deadline was set to expire. have been discussing deposition dates and there simply are not enough dates between now and April 11, 2025 to conduct depositions.[2] The Parties began looking for deposition dates well before fact discovery was even close to being complete. On February 3, 2025, the Parties began looking for deposition dates, well before fact discovery was even complete. **Exhibit 4** (email correspondence, starting on February 3, 2025 concerning scheduling depositions). The Parties clearly meet the standard for good cause, as they have been

---

[2] Counsel for Plaintiff has been called to reserve status military duty for yearly weapon's qualification and is not available to conduct depositions from March 29 to April 6, 2025.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 6

diligently working on this case, aware of the deadlines, and working toward completing

discovery within the deadlines, but it is impossible. There are many documents and

exhibits that will be used in depositions, as Attorney Simpson has stated, half a day for

depositions of the Defendants will not be sufficient. Further, a total of at least fifteen

depositions will be taken in this case,[3] and some witnesses may need to be

subpoenaed.[4] The Parties do not know how many more depositions will need to be taken

---

[3] The following witnesses have been disclosed in Defendants' Rule 26 Disclosures:
1. Capt. John Peacock, Ocean Point Marine Manager
2. Curtis Green, Port Hamilton
3. Cecil Sweeney, Port Hamilton
4. Fermin Rodriguez, Port Hamilton
5. Stewart Tanner, Ocean Point Fire Chief
6. Christine Goodrich, Ocean Point ERT
7. Sloan Schoyer, Port Hamilton
8. Mark Johansen, Ocean Point
9. Charles Chambers, Principal of Port Hamilton
10. Corporate Representative of Port Hamilton
11. Corporate Representative of Ocean Point
12. Jeff Charles, Ocean Point Marine Manager
13. Danville Walker, WIPL Senior Vice President
14. Thomas Eagan
15. David Roberts
16. Todd Dillabough
17. Jeffrey Rinker
18. Shane Abel
19. Mark Chavez, general counsel for OPT
20. David Johnson, who on information and belief has an ownership stake in the refinery and/or PHRT
21. Shay Glasgow
22. JP Thomas, former member of Limetree Bay Terminals, LLC response team
23. Dustin Dunbar, PHRT controller

[4] In its supplemental responses, PHRT revealed the following additional people with knowledge of the North Coke Dome Smolder Incident:
1. Gissell Lopez, Customs and Border Patrol
2. Latisha Cannings
3. Ricardo Simmons
4. Renae Steele
5. Wendy Pontefract
6. Wayne Sexton
7. Reynold Sharples
8. Sam Hannun
Additionally, the unit sign in/sign out sheets and the Coke Dome Personnel Registry contain numerous names of

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 7

because they are dependent on the information obtained throughout the deposition process. To even force the Parties to lock in all of their desired depositions at this point in time is premature and prejudicial to the Parties.

This is a complicated case, involving three defendants, and cross-claims. The Plaintiff and the parties asserting cross-claims against one another are all prejudiced when they are forced to take depositions prematurely because the Court assigned an fact discovery deadline that is far too soon. In fact, the Parties initially jointly proposed a fact discovery deadline of July 1, 2025, which the court rejected. The Parties need sufficient time to complete written discovery and review documents before they are able to schedule depositions. None of the Parties should be rushed to schedule depositions without the ability to review available documents.

The Parties have exchanged emails and met and conferred via zoom on March 25, 2025 to agree upon dates for depositions. The Parties have set aside dates for depositions and will keep them clear for the following depositions: the Plaintiff, Limetree Bay 30(b)(6), WIPL 30(b)(6), Curtis Green, Jeff Charles, Mark Johansen, Stewart Tanner, Cecil Sweeny, Catherine Elizee, John Peacock, Christine Goodrich, Gissell Lopez (CBP)[5], and JP Thomas,[6] Royal Smith, Royal Smith, Latoya Skrine, Maye Wade. The Parties will make best efforts to follow the following proposed schedule:

- April 11: Catherine Elizee
- April 14: LBT 30(b)(6) and Jeff Charles
- April 15: PHRT 30(b)(6) and Fermin Rodriguez

persons who may have additional knowledge of this incident.
[5] Will likely require a subpoena.
[6] Will require the use of an investigator to locate him.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 8

- May 1: Cecil Sweeny
- May 2: Plaintiff
- May 12: John Peacock and Christine Goodrich
- June 2: Gissell Lopez and JP Thomas
- June 3: Stewart Tanner and Mark Johansen
- June 4: WIPL 30(b)(6)
- June 23: Maye Wade
- June 24: Royal Smith (father)
- June 25: Latoya Skrine
- June 26: Royal Smith (brother)
- June 27
- July 1
- July 2

Three additional dates have been set aside for additional witnesses and to account for illness and other unforeseen circumstances that may arise.

The instant request is jointly made by all of the Parties in this case, so no prejudice will occur if the request for extension of deadlines is granted. In fact, all Parties will be prejudiced if the Court denies the request for an extension. The Parties have acted in good faith as is evidenced by the fact that they have been working diligently to complete fact discovery and they have been trying to schedule depositions, although, and even began doing so very prematurely and without the benefit of all documents having been produced. Further, the Parties have cooperated in meeting and conferring about realistic deadlines and then jointly coming before this Court for relief. This is the first request for extensions of the deadlines. The issuance of a revised scheduling order will permit the Parties to complete written discovery and schedule depositions which is necessary before the case can proceed to trial.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 9

As such, the parties submit the following as a proposed Scheduling Order:

1.    **FACTUAL DISCOVERY**

Written discovery is complete.[7]

Fact witness depositions shall be completed by **July 3, 2025**, and the Parties have set aside the following dates for depositions April 11, 14, 15, 30, May 1, 2, 12, June 2-4, 23-27, July 1-2.

The following depositions will be taken:  PHRT 30(b)(6), Limetree Bay 30(b)(6), WIPL 30(b)(6),   Fermin Rodriguez; the Plaintiff, Curtis Green, Jeff Charles, Mark Johansen, Stewart Tanner, Cecil Sweeny, Catherine Elizee, John Peacock, Christine Goodrich, Gissell Lopez (CBP), and JP Thomas, Royal Smith, Royal Smith, Latoya Skrine, Maye Wade. Additional depositions will be taken based on the information obtained from the pre-designated deponents.

2.    **MEDIATION**

Mediation shall be completed no later than **August 29, 2025**.

3.    **PLAINTIFF'S EXPERT DISCLOSURES**

Plaintiff's expert disclosures pursuant to Federal Rules of Civil Procedure 26(a) (2) shall be submitted by **October 17, 2025**.

4.    **DEFENDANTS' and CROSS-CLAIM PLAINTIFFS' EXPERT DISCLOSURES**

Defendants and Cross-claim Plaintiffs' expert disclosures pursuant to Federal Rules of Civil Procedure 26(a) (2) shall be submitted by **December 31, 2025**.

5.    **CROSS-CLAIM DEFENDANTS' REBUTTAL EXPERT DISCLOSURES**

Cross-claim Defendants' rebuttal expert disclosures pursuant to Federal Rules of Civil Procedure 26(a) (2) shall be submitted by **January 31, 2026**.

6.    **EXPERT DEPOSITIONS**

---

[7] The Parties understand that they have a continuing duty to supplement their disclosures as discovery continues.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 10

Expert depositions shall be completed by **March 15, 2026.**[8]

**7.    MOTIONS**

All dispositive motions shall be filed by **May 1, 2026.** If no dispositive motions will be filed, then the parties shall file a joint notice stating that the parties have not filed and do not intend to file any dispositive motions by **May 1, 2026.**

**8.    STATUS CONFERENCE**

The status conference set for May 15, 2025 is continued to a  date scheduled by the Court.

**9.    TRIAL DATE**

A trial date will be scheduled by the Court.

**WHEREFORE** the Parties jointly request that the Court issue a revised

scheduling order in the form attached hereto.

RESPECTFULLY SUBMITTED
LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiff

DATED:  March 26, 2025               BY:   /s/ *Robin P. Seila*
Robin P. Seila, Esq.
VI Bar No. R2043
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
robin@rohnlaw.com

---

[8] Depositions of treating physicians shall be included in this deadline.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 11

DATED:  March 26, 2025                BY:    /s/ *Robin P. Seila*

                                    Donnie King
                                    201 East Las Olas Boulevard, Suite
                                    1800
                                    Fort Lauderdale, FL 33301

                                    Reginald E. Janvier, Esq.
                                    201 East Los Olas Boulevard, Suite
                                    1800
                                    Fort Lauderdale, FL 33301

                                    Attorney for **Limetree Bay Terminals,
                                    LLC d/b/a Ocean Point Terminals**


DATED:  March 26, 2025                BY:    /s/ *Andrew C. Simpson*

                                    Andrew C. Simpson
                                    2191 Church Street, Suite 5
                                    Christiansted, VI 00820

                                    Attorney for **Port Hamilton Refining
                                    and Transportation Port Hamilton
                                    Refining and Transportation**


DATED:  March 26, 2025                BY:    /s/ *Ryan C. Stutzman*

                                    Ryan C. Stutzman Esq.
                                    1138 King Street
                                    Suite 100
                                    Christiansted, VI 00820

                                    Attorney for **West Indies Petroleum,
                                    Ltd.**

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 12

<u>**CERTIFICATE OF SERVICE**</u>

**THIS IS TO CERTIFY** that on March 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

    all counsel of record.

BY:   __/s/ *Robin P. Seila*__(al)

| From: | Andrew C. Simpson |
|---|---|
| To: | Lee J. Rohn; Info; Robin Seila |
| Cc: | Ryan Stutzman; donnie.king@akerman.com |
| Subject: | Wooten: Supplemental production by Port Hamilton |
| Date: | Tuesday, March 11, 2025 6:02:50 PM |
| Attachments: | Attachments.txt |

At the download link, you will find a supplemental production of documents from Port Hamilton. You will need to enter your name and email address, but do not need to log-in to access the documents. I will be providing the written supplementation by Friday.

---

**ShareFile Attachments**                          Expires September 10, 2025

---

PHRT supplemental production.zip                                    2 GB

[Download Attachments]

Andrew Simpson uses ShareFile to share documents securely.

Andy Simpson
Andrew C. Simpson P.C.
2191 Church St., Ste. 5
Christiansted, St. Croix
U.S. Virgin Islands 00820
340.719.3900

email: asimpson@coralbrief.com
<mailto:asimpson@coralbrief.com>
web:   http://www.coralbrief.com <http://www.coralbrief.com/>

Fellow, American Academy of Appellate Lawyers <https://www.appellateacademy.org/>
Member, Federation of Defense and Corporate Counsel <https://www.thefederation.org/>
Member, The Harmonie Group <https://www.harmonie.org/>

This e-mail is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential or exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this communication in error, please do not distribute it and

**EXHIBIT 1**

notify us immediately by email: asimpson@coralbrief.com or via telephone: 340-719-3900 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature, as a legal opinion, or as an agreement to engage our services.  To engage our services, you must have a fully executed retainer agreement or engagement letter.

| From: | Recaldo Noel |
|---|---|
| To: | donnie.king@akerman.com |
| Cc: | Info; Lee J. Rohn; Robin Seila; tyresa.thompson@akerman.com; reginald.janvier@akerman.com |
| Subject: | RE: Wooten, Nicole v. Limetree Bay Terminals, et. al. |
| Date: | Wednesday, March 12, 2025 8:11:29 AM |

Good morning Attorney King, I have scheduled the meet and confer for March 14, 2025, at 3:00 p.m. Attorney Rohn will call you.

Thank you,

**RECALDO NOEL**
**LEGAL ASSISTANT**
LEE J. ROHN AND ASSOCIATES, LLC
1108 King Street, Third Floor
Christiansted, VI 00820
Phone: (340) 778-8855
Fax No: (340) 773-2954
Email: recaldo@rohnlaw.com

**From:** donnie.king@akerman.com <donnie.king@akerman.com>
**Sent:** Tuesday, March 11, 2025 7:59 AM
**To:** Recaldo Noel <recaldo@rohnlaw.com>
**Cc:** Info <info@rohnlaw.com>; Lee J. Rohn <lee@rohnlaw.com>; Robin Seila <robin@rohnlaw.com>; tyresa.thompson@akerman.com; reginald.janvier@akerman.com
**Subject:** Re: Wooten, Nicole v. Limetree Bay Terminals, et. al.

The 14th between 2-4 pm or the 18th at noon work best.


On Mar 10, 2025, at 2:55 PM, Recaldo Noel <recaldo@rohnlaw.com> wrote:


**[External to Akerman]**

Good afternoon Attorney King, Attorney Rohn is available to meet and confer with you regarding attached correspondence on March 13, 2025, between 3:00 p.m. and 4:00 p.m., March 14, 2025, between 2:00 p.m. and 4:00 p.m. and March 18, 2025, between 10:00 a.m. and 12:00 noon. If you are not available at those time, please provide your availability.

Thank you,

**RECALDO NOEL**
**LEGAL ASSISTANT**
LEE J. ROHN AND ASSOCIATES, LLC
1108 King Street, Third Floor
Christiansted, VI 00820

EXHIBIT
2

Phone: (340) 778-8855
Fax No: (340) 773-2954
Email: recaldo@rohnlaw.com

**From:** Lee J. Rohn <lee@rohnlaw.com>
**Sent:** Monday, March 10, 2025 1:49 PM
**To:** Recaldo Noel <recaldo@rohnlaw.com>
**Subject:** FW: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Please set up

*Lee J. Rohn*
lee@rohnlaw.com

**From:** VIDdb_HendersonChambers
<judge_henderson_chambers@vid.uscourts.gov>
**Sent:** Monday, March 10, 2025 1:09 PM
**To:** donnie.king@akerman.com; VIDdb_HendersonChambers
<judge_henderson_chambers@vid.uscourts.gov>
**Cc:** Info <info@rohnlaw.com>; Lee J. Rohn <lee@rohnlaw.com>;
reginald.janvier@akerman.com; tyresa.thompson@akerman.com; Recaldo Noel
<recaldo@rohnlaw.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Dear Attorneys Rohn and King:

Judge Henderson has received Attorney Rohn's March 6, 2025 letter requesting an informal discovery conference in this case, as well as the three follow-up emails addressing and contesting certain statements made in the letter or in the subsequent emails.

LRCi 37.1(c) requires that parties make a joint request for an informal discovery conference before the magistrate judge after the parties have met and conferred concerning discovery disputes and have not been able to resolve those disputes. Here, there was no joint request. Often Judge Henderson will set an informal discovery conference if the movant states that he or she sent a copy of the letter to the opposing party outlining the issues the movant wishes to have the magistrate judge address, but the opposing party did not respond or indicated that a response was not necessary.

Given the statements made by Attorney King in the subsequent emails, there appears to have been more communication between the parties concerning these discovery issues than Attorney Rohn's March 6th letter would otherwise indicate. In addition, forwarding the letter to Judge

Henderson after Attorney Rohn provided the opposing party 48 hours to respond (particularly here where there are more contested discovery issues than the Court has ever been presented with) is not, in Judge Henderson's view, reasonable.

Accordingly, before Judge Henderson will schedule an informal conference, he directs the parties to meet and confer within a week concerning these discovery issues, and will expect that the parties will be able to resolve the majority of what he considers an inordinate number of issues. Only after the parties have met and conferred and have sought to resolve the outstanding matters will Judge Henderson consider scheduling an informal conference.

Thank you.

Robin D. Barovick, Esq.
Career Law Clerk

**From:** donnie.king@akerman.com <donnie.king@akerman.com>
**Sent:** Friday, March 7, 2025 12:41 PM
**To:** VIDdb_HendersonChambers <judge_henderson_chambers@vid.uscourts.gov>
**Cc:** info@rohnlaw.com; lee@rohnlaw.com; reginald.janvier@akerman.com; tyresa.thompson@akerman.com; recaldo@rohnlaw.com
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

**CAUTION - EXTERNAL:**

Good morning, Judge Henderson,

First, I would like to apologize for having to respond and engage in a back and forth with opposing counsel on a e-mail with the Court. However, Plaintiff's counsel continues to make false representations to the Court that are both insulting and contrary to logic. Not only has my office been responsive, I had a telephonic meet and confer with Plaintiff's counsel on this very case (albeit on other discovery issues) on Monday, March 3, 2025.

Setting aside that Plaintiff's counsel did not raise the issues presented in yesterday's letter to the Court during the March 3rd meet and confer, I have returned every call received from Plaintiff's counsel and responded to every letter (with either a formal response or amended discovery responses) with the exception of Plaintiff's final letter dated March 3rd, which required an unreasonable 48 hour turnaround to respond to voluminous discovery.

That said, Ocean Point stands ready to meet and confer on the outstanding discovery issues as required by the rules, as it has told Plaintiff's counsel on multiple occasions. If, however, the Court would like to hear substantive arguments

on the discovery issues before a meet and confer, Ocean Point requests an opportunity to provide fulsome briefing to the Court.

Thank you,

Donnie

**Donnie King**
Partner
Fort Lauderdale: Akerman LLP | 201 East Las Olas Boulevard, Suite 1800 | Ft. Lauderdale, FL 33301
D: 305 982 5693 | T: 954 463 2700 | C: 340 690 1768 | F: 954 463 2224
Miami: Akerman LLP | 98 Southeast Seventh Street, Suite 1100 | Miami, FL 33131
D: 305 982 5693 | T: 305 374 5600 | C: 340 690 1768 | F: 305 374 5095
donnie.king@akerman.com

**From:** Lee J. Rohn <lee@rohnlaw.com>
**Sent:** Friday, March 7, 2025 9:03 AM
**To:** King, Donnie (Ptnr-Ftl) <donnie.king@akerman.com>; judge_henderson_chambers@vid.uscourts.gov
**Cc:** Info <info@rohnlaw.com>; Janvier, Reginald (Assoc-Ftl) <reginald.janvier@akerman.com>; Thompson, Tyresa (LAA-Ftl) <tyresa.thompson@akerman.com>; Recaldo Noel <recaldo@rohnlaw.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

## [External to Akerman]

This email is incorrect. The supplemental responses are included in the letter, in many instances, as can be seen, the supplement was only to take out a sentence, which is noted in the letter. For instance, as to interrogatory 3 plaintiff notified the Court in the letter of the response and that all it did was take out a sentence. The real problem is that Attorney King refuses to respond to emails to meet and confer. plaintiff started trying to meet and confer with Atty King on February 11, 2025. When there was no response Plaintiff threatened to file for an informal conference and on February 24, 2025 send LBT a proposed letter in that regard. Only then did Plaintiff receive a response on February 26, 2024 that there had been supplementation which had not been received by Plaintiff. As a result plaintiff reviewed the supplementation and found it did not really provide the required discovery and revised the letter as to the very limited supplementation that had been provided and on march 2, 2025 sent LBT the revised letter requesting the additional supplementation or the matter would be brought to the Court's attention. . Plaintiff has been trying to get dates to meet and confer since is original request on February 11, 2025 The statement that Plaintiff did not attempt to meet and confer is not accurate. Hearing nothing from LBT it was sent to the court. The problem as to written discovery is that defendants drag out written discovery forever. The

written discovery to LBT went out October 17, 2024 which were not responded to until January 16, 2025, not supplemented until February 21, 2025. With the court setting short deadlines for fact discovery that does not consider how long it takes to get discovery out of defendants, which is usually at a minimum 90 days, it makes it very difficult to move fact discovery at the pace of the deadlines

*Lee J. Rohn*
lee@rohnlaw.com

**From:** donnie.king@akerman.com <donnie.king@akerman.com>
**Sent:** Thursday, March 6, 2025 6:27 PM
**To:** judge_henderson_chambers@vid.uscourts.gov
**Cc:** Info <info@rohnlaw.com>; Lee J. Rohn <lee@rohnlaw.com>; reginald.janvier@akerman.com; tyresa.thompson@akerman.com; Recaldo Noel <recaldo@rohnlaw.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, Judge Henderson.

I represent Defendant Limetree Bay Terminals d/b/a Ocean Point Terminals ("Ocean Point") in the referenced matter. I write in response to Plaintiff's letter dated March 6, 2025 which contains false and unfair characterizations of the outstanding discovery issues in this case.

As an initial matter, Plaintiff's accusation that Ocean Point did not supplement its responses following the February 11, 2025 letter submitted by Plaintiff's counsel is false. Plaintiff originally provided the undersigned counsel with a 30-page letter dated February 11, 2025 setting forth Plaintiff's issues with Ocean Point's objections and responses to Plaintiff's first set of interrogatories and first request for production ("First Set of Discovery"). Ocean Point worked diligently to address each of the issues raised by Plaintiff in the letter, and on February 21, 2025, Ocean Point served amended objections and responses to Plaintiff's First Set of Discovery (please see attached). As part of this amendment, Ocean Point also made an additional production of documents available to Plaintiff's counsel.

Thereafter, on February 24, 2025, Plaintiff's counsel sent Ocean Point a letter incorrectly accusing the undersigned of not supplementing its discovery responses. In response, the undersigned sent Plaintiff's counsel an email notifying her of the error and stating that once she had an opportunity to review, please let Ocean Point know the nature of any outstanding issues so undersigned counsel could review them and meet and confer if necessary (please see attached).

On March 2, 2025, Plaintiff's counsel sent Ocean Point another letter accusing Ocean Point of not responding to the February 11th letter and requesting a response within 48-hours to a voluminous amount of discovery issues. As Plaintiff's counsel knew, 48 hours was not enough time for Ocean Point to meaningfully

respond.  Instead of scheduling a meet and confer as suggested by Ocean Point and required by the rules, Plaintiff sent the March 6, 2025 letter to your honor, again falsely accusing Ocean Point of failing to respond to the February 11th letter.  It is clear that Plaintiff has not fully considered Ocean Point's amended responses in the letter submitted to the Court.

Ocean Point requests that your honor issue and order requiring Plaintiff to meet and confer on any outstanding issues before raising such matters with the Court.  If, however, your honor would like to hear substantive arguments on the discovery issues before a meet and confer, Ocean Point requests an opportunity to provide fulsome briefing to the Court.

Thank you,

Donnie King

**Donnie King**
Partner
Fort Lauderdale: Akerman LLP | 201 East Las Olas Boulevard, Suite 1800 | Ft. Lauderdale, FL 33301
D: 305 982 5693 | T: 954 463 2700 | C: 340 690 1768 | F: 954 463 2224
Miami: Akerman LLP | 98 Southeast Seventh Street, Suite 1100 | Miami, FL 33131
D: 305 982 5693 | T: 305 374 5600 | C: 340 690 1768 | F: 305 374 5095
donnie.king@akerman.com

vCard | Profile

<image001.jpg>

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Recaldo Noel <recaldo@rohnlaw.com>
**Sent:** Thursday, March 6, 2025 3:38 PM
**To:** Emile Henderson, <judge_henderson_chambers@vid.uscourts.gov>
**Cc:** Info <info@rohnlaw.com>; Lee J. Rohn <lee@rohnlaw.com>; King, Donnie (Ptnr-Ftl) <donnie.king@akerman.com>; Awoleke, David (Assoc-Tpa) <david.awoleke@akerman.com>; Thompson, Tyresa (LAA-Ftl) <tyresa.thompson@akerman.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

**[External to Akerman]**

Good afternoon Judge Henderson, please find attached correspondence from Attorney Rohn requesting an informal conference in the above matter.

Thank you,

**RECALDO NOEL**
**LEGAL ASSISTANT**

LEE J. ROHN AND ASSOCIATES, LLC
1108 King Street, Third Floor
Christiansted, VI 00820
Phone: (340) 778-8855
Fax No: (340) 773-2954
Email: recaldo@rohnlaw.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary.
Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Andrew C. Simpson |
| **To:** | Robin Seila; reginald.janvier@akerman.com; Ryan Stutzman; donnie.king@akerman.com; david.awoleke@akerman.com |
| **Cc:** | Alanah Lucantonio; sharon.luesang@akerman.com; Glendaly Felix; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com; Pam Cox |
| **Subject:** | RE: Wooten, Nicole v. Limetree Bay Terminals, et. al. |
| **Date:** | Tuesday, March 4, 2025 12:24:17 PM |

**I am unavailable on March 13. Further, my client has just found about 2 gigabytes of information, some of which is clearly relevant to the case and which I have been trying to get for months, that I am now processing for production. Once I produce it, hopefully this week, there still won't be time for others to review it for a deposition that soon.**

**I also don't think it is realistic to think that a 30(b)(6) deposition of either PHRT or LBT can be taken in 3-4 hours.**

Andy Simpson
340.719.3900 ext. 1

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Monday, March 3, 2025 4:43 PM
**To:** reginald.janvier@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com; david.awoleke@akerman.com
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com; Pam Cox <PCox@saastx.vi>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, all—

I think we need to lock in some deposition dates. I propose the following:

1. March 13—PHRT 30b6 at 9 am
2. March 13 – John Peacock at 1pm
3. April 9—LBT 30b6 at 9 am
4. April 9—Jeff Charles at 1 pm
5. April 10—WIPL 30b6 at 9 am via zoom
6. April 10—Stewart Tanner at 1pm
7. April 11—plaintiff via zoom

EXHIBIT
3

We also want to depose the following:

Curtis Green

Cecil Sweeny

Fermin Rodriguez

Jeff Charles

I am also available on March 19, March 21, March 24, March 26, March 28, April 7, April 8. Please advise as soon as possible if these dates will work and please advise if any witnesses will require a subpoena. Thank you.

Best,
Robin

**From:** reginald.janvier@akerman.com <reginald.janvier@akerman.com>
**Sent:** Monday, February 24, 2025 12:55 PM
**To:** Robin Seila <robin@rohnlaw.com>; Ryan Stutzman <RStutzman@saastx.vi>; asimpson@coralbrief.com; donnie.king@akerman.com; david.awoleke@akerman.com; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Hi Robin:

Ocean Point's rep is available from April 9-11. He is not available the week of March 10th.

Best,
Reggie

Profile

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Thursday, February 20, 2025 4:04 PM
**To:** Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; King, Donnie (Ptnr-Ftl) <donnie.king@akerman.com>; Awoleke, David (Assoc-Tpa) <david.awoleke@akerman.com>; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; LueSang, Sharon (Para-Ftl) <sharon.luesang@akerman.com>; Janvier, Reginald (Assoc-Ftl) <reginald.janvier@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

**[External to Akerman]**

Good afternoon, all:

Congrats, Ryan and thank you for the prompt response. I think we should move forward with depositions the week of March 10. Please let us know when you have confirmed your reps are available. Thank you!

Best,
Robin

**From:** Ryan Stutzman
**Sent:** Thursday, February 20, 2025 4:59 PM
**To:** Robin Seila <robin@rohnlaw.com>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com; david.awoleke@akerman.com; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** Re: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good day, all.

My case settled today, so the week of March 10 is freed up for me. Still need to confirm client rep's availability. I will respond as to other proposed dates from Robin's 2-13 email ASAP. I figure everyone can agree the February dates are not realistic at this point.

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Thursday, February 13, 2025 2:05 PM
**To:** Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com; david.awoleke@akerman.com <david.awoleke@akerman.com>; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com <sharon.luesang@akerman.com>; reginald.janvier@akerman.com <reginald.janvier@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com

<WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, all—
Ryan—Thank you for your prompt response and yes please let us know if those dates free up for you. We can change the notice to allow your client to appear by zoom.

I think we need to try to find other dates, since our fact discovery deadline is April 11, 2024. A few dates just freed up for me. I am available on the following dates:

Feb 19-21
Feb 25 and 26
March 6
March 19
March 25 and 26
April 9-11

Please advise if any other dates will work.

Best,
Robin

**From:** Ryan Stutzman <RStutzman@saastx.vi>
**Sent:** Thursday, February 13, 2025 12:41 PM
**To:** Robin Seila <robin@rohnlaw.com>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com; david.awoleke@akerman.com; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** Re: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good morning, Robin. Thank you for your email. I hope this response finds you well.

I note that your notices are for dates in the range I stated were already held on my calendar for live depositions in STT on another case, and I object on that basis. Additionally, the notices contemplate live depositions at your office. My client is a Jamaica corporation and its people are in Jamaica. Absent authority otherwise, WIPL will not be appearing at your office for a deposition. I also do not know whether a representative or representatives suitable for your topic list would be available on your selected date.

Finally, I note that several of the items in your topic list are vague, overbroad, or objectionable for other reasons, which are reserved. I just wanted to chime in ASAP on the timing and logistics issues.

I mediate my STT case a week from today and will let you all know immediately if that time frees up. I do not mind holding these dates as backup subject to the other objections

stated above.

--Ryan

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Wednesday, February 12, 2025 6:42 PM
**To:** Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com <donnie.king@akerman.com>; david.awoleke@akerman.com <david.awoleke@akerman.com>; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com <sharon.luesang@akerman.com>; reginald.janvier@akerman.com <reginald.janvier@akerman.com>; Glenday Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com <WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, all:

Please see attached draft 30b6 notices. Please let me know who your 30b6 representatives will be and then we can decide what other depositions will be needed.

Thank you all for your prompt responses. I really appreciate it.

Best,
Robin

**From:** Ryan Stutzman <RStutzman@saastx.vi>
**Sent:** Tuesday, February 4, 2025 5:17 PM
**To:** Andrew C. Simpson <asimpson@coralbrief.com>; Robin Seila <robin@rohnlaw.com>; donnie.king@akerman.com; david.awoleke@akerman.com
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** Re: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, Robin.

I am free the February and April weeks that you proposed.

I have March 10-14 held on my calendar for live depositions in another case in STT/STJ. A pre-deposition mediation is set for Feb. 20, which would free up March 10-14 if the case is resolved. I can maybe commit a day or two that week notwithstanding my other case.

I agree with Andy's remark about my client not belonging in the litigation. And that's not just the advocate in me talking; they really have nothing to do with the claims and it is a waste of time and resources to keep them in. Not to mention that it adds to difficulties in scheduling.

--Ryan

---

**From:** Andrew C. Simpson <asimpson@coralbrief.com>
**Sent:** Tuesday, February 4, 2025 4:54 PM
**To:** Robin Seila <robin@rohnlaw.com>; donnie.king@akerman.com <donnie.king@akerman.com>; Ryan Stutzman <RStutzman@saastx.vi>; david.awoleke@akerman.com <david.awoleke@akerman.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com <sharon.luesang@akerman.com>; reginald.janvier@akerman.com <reginald.janvier@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com <WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

I can do March 11-13. I could do a minor deposition on Friday March 14 (perhaps Ryan's client because it has absolutely no business being in this litigation) but have a hard stop at Noon on Friday so I couldn't agree to any significant witness on that day.

Andy Simpson
340.719.3900 ext. 1

-----Original Message-----
From: Robin Seila <robin@rohnlaw.com>
Sent: Tuesday, February 4, 2025 4:34 PM
To: donnie.king@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; david.awoleke@akerman.com
Cc: Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
Subject: RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.
Importance: High

Good afternoon, all—

I spoke with Donnie last night and I think we should all set aside March 11-14 for depositions in this case. Donnie and I have placed holds on our calendars. Andy and Ryan —can you please confirm you are available then too? Thank you!

Best,

Robin

From: Robin Seila
Sent: Monday, February 3, 2025 4:55 PM
To: donnie.king@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>;
asimpson@coralbrief.com; david.awoleke@akerman.com
Cc: Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com;
reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>;
WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
Subject: RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, all:

Our fact discovery deadline is April 11, 2025. I propose we set aside dates for depositions
now, before they all fill up. I am available on the following dates:

February 25-28

March 11-14

April 7-10

Please let us know your availability. I will send out a list of people we want to depose later
this week. Thank you.

Best,

Robin

From: Alanah Lucantonio <alanah@rohnlaw.com <mailto:alanah@rohnlaw.com> >
Sent: Wednesday, January 22, 2025 1:20 PM
To: sharon.luesang@akerman.com <mailto:sharon.luesang@akerman.com> ;
donnie.king@akerman.com <mailto:donnie.king@akerman.com> ;
reginald.janvier@akerman.com <mailto:reginald.janvier@akerman.com>

Cc: Robin Seila <robin@rohnlaw.com <mailto:robin@rohnlaw.com> >; Info
<info@rohnlaw.com <mailto:info@rohnlaw.com> >; Ryan Stutzman
<RStutzman@saastx.vi <mailto:RStutzman@saastx.vi> >; asimpson@coralbrief.com
<mailto:asimpson@coralbrief.com>
Subject: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon,

Please see attached Plaintiff's Supplemental Responses. The authorizations are located
within the file.

Thank you!

Alanah Lucantonio

Legal Secretary

Lee J. Rohn and Associates, L.L.C.

1108 King Street, Suite 3

St. Croix, U.S. Virgin Islands 00820-4933

Telephone:  (340) 778-8855/ Fax:  (340) 773-2954

alanah@rohnlaw.com <mailto:alanah@rohnlaw.com>

| | |
|---|---|
| **From:** | Ryan Stutzman |
| **To:** | Andrew C. Simpson; Robin Seila; reginald.janvier@akerman.com; donnie.king@akerman.com; david.awoleke@akerman.com |
| **Cc:** | Alanah Lucantonio; sharon.luesang@akerman.com; Glendaly Felix; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com; Pam Cox |
| **Subject:** | Re: Wooten, Nicole v. Limetree Bay Terminals, et. al. |
| **Date:** | Tuesday, March 4, 2025 1:32:25 PM |

I am available all those days except March 28.

**From:** Andrew C. Simpson <asimpson@coralbrief.com>
**Sent:** Tuesday, March 4, 2025 1:28 PM
**To:** Robin Seila <robin@rohnlaw.com>; reginald.janvier@akerman.com <reginald.janvier@akerman.com>; Ryan Stutzman <RStutzman@saastx.vi>; donnie.king@akerman.com <donnie.king@akerman.com>; david.awoleke@akerman.com <david.awoleke@akerman.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com <sharon.luesang@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com <WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com>; Pam Cox <PCox@saastx.vi>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

# I am generally available for any of the April dates except April 17.

Andy Simpson
340.719.3900 ext. 1

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Tuesday, March 4, 2025 1:12 PM
**To:** Andrew C. Simpson <asimpson@coralbrief.com>; reginald.janvier@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>; donnie.king@akerman.com; david.awoleke@akerman.com
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com; Pam Cox <PCox@saastx.vi>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

What about the other dates? Can we set aside any of the following dates for depositions:

March 19
March 21
March 24
March 26
March 28
April 7

EXHIBIT
4

April 9
April 10
April 11
April 14
April 15
April 17

The mediation deadline is 5/12/2025, with a status conference on 5/16/2025.
Perhaps we can just agree to take some depositions after the discovery deadline?

---

**From:** Andrew C. Simpson <asimpson@coralbrief.com>
**Sent:** Tuesday, March 4, 2025 12:24 PM
**To:** Robin Seila <robin@rohnlaw.com>; reginald.janvier@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>; donnie.king@akerman.com; david.awoleke@akerman.com
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com; Pam Cox <PCox@saastx.vi>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

I am unavailable on March 13. Further, my client has just
found about 2 gigabytes of information, some of which is
clearly relevant to the case and which I have been trying
to get for months, that I am now processing for production.
Once I produce it, hopefully this week, there still won't be
time for others to review it for a deposition that soon.

I also don't think it is realistic to think that a 30(b)(6)
deposition of either PHRT or LBT can be taken in 3-4
hours.

Andy Simpson
340.719.3900 ext. 1

---

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Monday, March 3, 2025 4:43 PM
**To:** reginald.janvier@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com; david.awoleke@akerman.com
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com; Pam Cox <PCox@saastx.vi>

**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, all—

I think we need to lock in some deposition dates.  I propose the following:

1. March 13—PHRT 30b6 at 9 am
2. March 13 – John Peacock at 1pm
3. April 9—LBT 30b6 at 9 am
4. April 9—Jeff Charles at 1 pm
5. April 10—WIPL 30b6 at 9 am via zoom
6. April 10—Stewart Tanner at 1pm
7. April 11—plaintiff via zoom

We also want to depose the following:
Curtis Green
Cecil Sweeny
Fermin Rodriguez
Jeff Charles

I am also available on March 19, March 21, March 24, March 26, March 28, April 7, April 8. Please advise as soon as possible if these dates will work and please advise if any witnesses will require a subpoena. Thank you.

Best,
Robin

**From:** reginald.janvier@akerman.com <reginald.janvier@akerman.com>
**Sent:** Monday, February 24, 2025 12:55 PM
**To:** Robin Seila <robin@rohnlaw.com>; Ryan Stutzman <RStutzman@saastx.vi>; asimpson@coralbrief.com; donnie.king@akerman.com; david.awoleke@akerman.com; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Hi Robin:

Ocean Point's rep is available from April 9-11. He is not available the week of March 10th.

Best,
Reggie

Profile

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Thursday, February 20, 2025 4:04 PM
**To:** Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; King, Donnie (Ptnr-Ftl) <donnie.king@akerman.com>; Awoleke, David (Assoc-Tpa) <david.awoleke@akerman.com>; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; LueSang, Sharon (Para-Ftl) <sharon.luesang@akerman.com>; Janvier, Reginald (Assoc-Ftl) <reginald.janvier@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

**[External to Akerman]**

Good afternoon, all:

Congrats, Ryan and thank you for the prompt response. I think we should move forward with depositions the week of March 10. Please let us know when you have confirmed your reps are available. Thank you!

Best,
Robin

**From:** Ryan Stutzman
**Sent:** Thursday, February 20, 2025 4:59 PM
**To:** Robin Seila <robin@rohnlaw.com>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com; david.awoleke@akerman.com; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com

**Subject:** Re: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good day, all.

My case settled today, so the week of March 10 is freed up for me. Still need to confirm client rep's availability. I will respond as to other proposed dates from Robin's 2-13 email ASAP. I figure everyone can agree the February dates are not realistic at this point.

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Thursday, February 13, 2025 2:05 PM
**To:** Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com <donnie.king@akerman.com>; david.awoleke@akerman.com <david.awoleke@akerman.com>; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com <sharon.luesang@akerman.com>; reginald.janvier@akerman.com <reginald.janvier@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com <WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, all—
Ryan—Thank you for your prompt response and yes please let us know if those dates free up for you. We can change the notice to allow your client to appear by zoom.

I think we need to try to find other dates, since our fact discovery deadline is April 11, 2024. A few dates just freed up for me. I am available on the following dates:

Feb 19-21
Feb 25 and 26
March 6
March 19
March 25 and 26
April 9-11

Please advise if any other dates will work.

Best,
Robin

**From:** Ryan Stutzman <RStutzman@saastx.vi>
**Sent:** Thursday, February 13, 2025 12:41 PM
**To:** Robin Seila <robin@rohnlaw.com>; Andrew C. Simpson <asimpson@coralbrief.com>; donnie.king@akerman.com; david.awoleke@akerman.com; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com;

reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>;
WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** Re: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good morning, Robin. Thank you for your email. I hope this response finds you well.

I note that your notices are for dates in the range I stated were already held on my calendar for live depositions in STT on another case, and I object on that basis. Additionally, the notices contemplate live depositions at your office. My client is a Jamaica corporation and its people are in Jamaica. Absent authority otherwise, WIPL will not be appearing at your office for a deposition. I also do not know whether a representative or representatives suitable for your topic list would be available on your selected date.

Finally, I note that several of the items in your topic list are vague, overbroad, or objectionable for other reasons, which are reserved. I just wanted to chime in ASAP on the timing and logistics issues.

I mediate my STT case a week from today and will let you all know immediately if that time frees up. I do not mind holding these dates as backup subject to the other objections stated above.

—Ryan

**From:** Robin Seila <robin@rohnlaw.com>
**Sent:** Wednesday, February 12, 2025 6:42 PM
**To:** Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>;
donnie.king@akerman.com <donnie.king@akerman.com>; david.awoleke@akerman.com
<david.awoleke@akerman.com>; Judith Wheatley <judith@rohnlaw.com>
**Cc:** Alanah Lucantonlo <alanah@rohnlaw.com>; sharon.luesang@akerman.com
<sharon.luesang@akerman.com>; reginald.janvier@akerman.com
<reginald.janvier@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>;
WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
<WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, all:

Please see attached draft 30b6 notices. Please let me know who your 30b6 representatives will be and then we can decide what other depositions will be needed.

Thank you all for your prompt responses. I really appreciate it.

Best,
Robin

**From:** Ryan Stutzman <RStutzman@saastx.vi>

**Sent:** Tuesday, February 4, 2025 5:17 PM
**To:** Andrew C. Simpson <asimpson@coralbrief.com>; Robin Seila <robin@rohnlaw.com>;
donnie.king@akerman.com; david.awoleke@akerman.com
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com;
reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>;
WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
**Subject:** Re: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon, Robin.

I am free the February and April weeks that you proposed.

I have March 10-14 held on my calendar for live depositions in another case in STT/STJ.
A pre-deposition mediation is set for Feb. 20, which would free up March 10-14 if the case
is resolved. I can maybe commit a day or two that week notwithstanding my other case.

I agree with Andy's remark about my client not belonging in the litigation. And that's not
just the advocate in me talking; they really have nothing to do with the claims and it is a
waste of time and resources to keep them in. Not to mention that it adds to difficulties in
scheduling.

--Ryan

**From:** Andrew C. Simpson <asimpson@coralbrief.com>
**Sent:** Tuesday, February 4, 2025 4:54 PM
**To:** Robin Seila <robin@rohnlaw.com>; donnie.king@akerman.com
<donnie.king@akerman.com>; Ryan Stutzman <RStutzman@saastx.vi>;
david.awoleke@akerman.com <david.awoleke@akerman.com>
**Cc:** Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com
<sharon.luesang@akerman.com>; reginald.janvier@akerman.com
<reginald.janvier@akerman.com>; Glendaly Felix <glendaly@rohnlaw.com>;
WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
<WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com>
**Subject:** RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.

I can do March 11-13.  I could do a minor deposition on Friday March 14 (perhaps Ryan's
client because it has absolutely no business being in this litigation) but have a hard stop at
Noon on Friday so I couldn't agree to any significant witness on that day.

Andy Simpson
340.719.3900 ext. 1

-----Original Message-----
From: Robin Seila <robin@rohnlaw.com>
Sent: Tuesday, February 4, 2025 4:34 PM

To: donnie.king@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>; Andrew C. Simpson <asimpson@coralbrief.com>; david.awoleke@akerman.com
Cc: Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
Subject: RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.
Importance: High


Good afternoon, all—


I spoke with Donnie last night and I think we should all set aside March 11-14 for depositions in this case. Donnie and I have placed holds on our calendars. Andy and Ryan —can you please confirm you are available then too? Thank you!


Best,

Robin


From: Robin Seila
Sent: Monday, February 3, 2025 4:55 PM
To: donnie.king@akerman.com; Ryan Stutzman <RStutzman@saastx.vi>; asimpson@coralbrief.com; david.awoleke@akerman.com
Cc: Alanah Lucantonio <alanah@rohnlaw.com>; sharon.luesang@akerman.com; reginald.janvier@akerman.com; Glendaly Felix <glendaly@rohnlaw.com>; WootenNicolevLimetreeBayTerminalsetalZ802309@rohnlaw.filevineapp.com
Subject: RE: Wooten, Nicole v. Limetree Bay Terminals, et. al.


Good afternoon, all:


Our fact discovery deadline is April 11, 2025. I propose we set aside dates for depositions now, before they all fill up. I am available on the following dates:

February 25-28

March 11-14

April 7-10

Please let us know your availability. I will send out a list of people we want to depose later this week. Thank you.

Best,

Robin

From: Alanah Lucantonio <alanah@rohnlaw.com <mailto:alanah@rohnlaw.com> >
Sent: Wednesday, January 22, 2025 1:20 PM
To: sharon.luesang@akerman.com <mailto:sharon.luesang@akerman.com> ;
donnie.king@akerman.com <mailto:donnie.king@akerman.com> ;
reginald.janvier@akerman.com <mailto:reginald.janvier@akerman.com>
Cc: Robin Seila <robin@rohnlaw.com <mailto:robin@rohnlaw.com> >; Info
<info@rohnlaw.com <mailto:info@rohnlaw.com> >; Ryan Stutzman
<RStutzman@saastx.vi <mailto:RStutzman@saastx.vi> >; asimpson@coralbrief.com
<mailto:asimpson@coralbrief.com>
Subject: Wooten, Nicole v. Limetree Bay Terminals, et. al.

Good afternoon,

Please see attached Plaintiff's Supplemental Responses. The authorizations are located within the file.

Thank you!

Alanah Lucantonio

Legal Secretary

Lee J. Rohn and Associates, L.L.C.

1108 King Street, Suite 3

St. Croix, U.S. Virgin Islands 00820-4933

Telephone: (340) 778-8855/ Fax: (340) 773-2954

alanah@rohnlaw.com <mailto:alanah@rohnlaw.com>