**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **NICOLE WOOTEN,**<br><br>          **Plaintiff,**<br><br>   v.<br><br>**LIMETREE BAY TERMINALS d/b/a**<br>**OCEAN POINT TERMINALS,**<br>**PORT HAMILTON REFINING &**<br>**& TRANSPORTATION,**<br>**WEST INDIES PETROLEUM LTD.,**<br><br>          **Defendants.**<br>_____ | 1:23-cv-00012-WAL-EAH |

**TO:**    Lee J. Rohn, Esq.
         Robin P. Seila, Esq.
         Donnie Marcel King, Esq.
         David Awoleke, Esq.
         Reginald E. Janvier, Esq.[1]
         Andrew C. Simpson, Esq.
         Ryan C. Stutzman, Esq.

## ORDER and AMENDED SCHEDULING ORDER

**THIS MATTER** comes before the Court on the Joint Motion for Extension of Deadlines, filed on March 26, 2025 by Robin P. Seila, Esq., Attorney for Plaintiff Nicole Wooten; Donnie King, Esq., Attorney for Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("LBT"); Andrew C. Simpson, Esq., Attorney for Defendant Port Hamilton Refining and Transportation ("PHRT"); and Ryan C. Stutzman, Esq., Attorney for Defendant West Indies Petroleum, Ltd. ("WIPL"). Dkt. No. 125. In the motion, the parties request a 120-day extension of the April 11, 2025 fact discovery deadline, and concomitant extensions of all

---

[1] The Court notes that while the Order granting leave for Eric D. Coleman, Esq. to appear pro hac vice has been docketed, and Attorney Coleman's Oath has been filed, Dkt. Nos. 121, 123, Attorney Coleman has not filed a Notice of Appearance.

other deadlines set forth in the September 11, 2024 Scheduling Order, Dkt. No. 77, based on good cause pursuant to Fed. R. Civ. P. 6(b) and 16(b)(4). For the reasons that follow, the Court will grant in part and deny in part the motion.

## BACKGROUND

This matter was originally filed in the Superior Court of the Virgin Islands in February 2023 and was removed to this Court by Defendant LBT in March 2023. Dkt. No. 1. The Defendants at the time (LBT and PHRT) filed a Motion to Dismiss and an Answer, respectively. Dkt. Nos. 11, 13. The Court scheduled an Initial Conference for December 2023, Dkt. No. 27, but the parties filed a Consent Motion to Continue, stating that the Plaintiff intended to serve WIPL and therefore a scheduling conference with WIPL's participation would be required. Dkt. No. 32. The Court granted the motion, stating that it would schedule the initial conference once WIPL had been served and appeared. Dkt. No. 33. The Plaintiff filed a Second Amended Complaint in December 2023, Dkt. No. 38; LBT filed an Answer, Dkt. No. 46; PHRT filed an Answer and Crossclaim against LBT, Dkt. Nos. 50, 51; and WIPL filed an Answer, Dkt. No. 52. LBT also filed a Crossclaim against PHRT, Dkt. No. 56 and a Motion to Dismiss parts of PHRT's Crossclaim against it. Dkt. No. 55.

In the Second Amended Complaint, Wooten alleged causes of action for gross negligence, negligence, failure to warn of dangerous conditions, maintaining an abnormally dangerous condition, and maintaining a dangerous nuisance. The claims were based on an August 2022 incident when she went to the refinery as part of her job for U.S. Customs and Border Protection, noticed back smoke coming from one of the buildings in the complex,

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order
Page 3

rolled down her car window to inquire whether it was safe to proceed, and immediately felt smoke enter her lungs. She started wheezing and vomited, had tremors, and was rushed to urgent care. She alleged a permanent loss of lung capacity and other injuries. Dkt. No. 38.

The Court held the initial conference on September 11, 2024 and issued a Scheduling Order that day, Dkt. No. 77. The Order provided, inter alia, that fact discovery, including depositions, was to be completed by April 11, 2025. *Id.* The parties served their interrogatories and requests for production throughout October, November, and December 2024. The first Notice of Deposition was filed by Plaintiff on March 26, 2025. Dkt. No. 124.

On February 21, 2025 and March 6, 2025, Plaintiff wrote the Court asking for informal conferences to assist in the resolution of outstanding discovery matters with Defendants PHRT and LBR, respectively. The Court held an informal discovery conference on the matters relating to Defendant PHRT on March 7, 2025 and declined to hold an informal discovery conference between Plaintiff and LBR until the parties met and conferred. No follow-up request was made for a discovery conference between Plaintiff and LBR.

On March 26, 2025, the parties filed their Joint Motion for Extension of Deadlines. Dkt. No. 125. They assert that written discovery is completed, providing charts showing that the discovery for all parties had been completed by mid-December 2024, with some supplementation as late as March 2025. *Id*. at 2-4. They assert that they have been "diligently working on this case, aware of the deadlines, and working toward completing discovery within the deadlines, but it is impossible." *Id*. at 6. The parties further assert that they can show good cause for extending the deadlines because they "began discussions to schedule

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order
Page 4

depositions well before the deadline was set to expire." *Id.* at 5. The email trail among the parties, attached to the motion, shows that Plaintiff's counsel first sent proposed deposition dates to Defendants' counsel on February 3, 2025 that included dates in February and March. All of the parties appeared to be available in mid-March. *Id.* at 34, 36, 37. It is unclear from that email trail why no depositions occurred at that time. On March 4th, Plaintiff's counsel proposed another set of deposition dates prior to the discovery deadline, with a few dates beyond the discovery deadline but within that week, to which PHRT and WIPL responded affirmatively, *id*. at 30-31. No depositions occurred during that time either.

The Joint Motion then details how the parties met and conferred via Zoom on March 25, 2025 and agreed on deposition dates *starting* on April 11 and ending on June 26, with additional dates through July 2 set aside for additional witnesses or unforeseen circumstances. *Id.* at 7-8. They anticipate scheduling at least 15 depositions, with some witnesses having to be subpoenaed; other depositions may be needed depending on the information obtained. *Id*. at 6-7. Further, this is a "complicated case" involving three defendants and cross-claims, and the parties will be prejudiced if forced to take depositions prematurely because "the Court assigned a[] fact discovery deadline that is far too soon." *Id*. at 7. Thus, "[d]espite their best efforts . . . it is impossible" to complete fact discovery by the April 11, 2025 deadline, and "there simply are not enough dates between now and April 11, 2025 to conduct depositions." *Id*. at 5. This scheduling problem is compounded by a week of required military service by Plaintiff's attorney during that time period (March 29-April 6) during which she would not be available to conduct depositions. *Id*. & n.2. They also point

out that, on March 11, 2025, PHRT produced 2 gigabytes of information it had recently found, and Plaintiff had not fully reviewed the 953 items produced that would "certainly take a considerable amount of time." *Id.* Consequently, they request a 120-day extension for fact discovery and all other deadlines. *Id.*

## DISCUSSION

### A. Rule 16(b)(4) Standard

Where a scheduling order is in place, that order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4). *See Unlimited Holdings, Inc. v Bertram Yacht, Inc.*, No. 05-cv-0046, 2008 WL 4642191, at * 7 (D.V.I. Oct. 15, 2008) (court scheduling orders are not "mere suggestions"). The good cause inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010); *see also Joseph v. Hess Oil V.I. Corp.,* 651 F.3d 348, 355 (3d Cir. 2011) ("'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'") (quoting *Black's Law Dictionary* 251 (9th ed. 2009)); *Faiella v. Sunbelt Rentals, Inc.,* 341 F.R.D. 553, 558 (D.N.J. 2022) (good cause established "when the party seeking the extension can show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension.")(internal quotation marks omitted). The good cause standard

> is not a low threshold. The stringency of the good cause standard is justified because scheduling orders are at the heart of case management and their utility would be severely impaired if they were disregarded without a specific showing

> of good cause. And in undertaking this analysis, the Court is afforded wide discretion in managing its docket and discovery.

*Tracey v. Fabian*, No. 22-cv-189, 2024 WL 665926, at *11 (W.D. Pa. Feb. 16, 2024) (internal quotation marks, citations and brackets omitted). . "The good cause standard articulated in Rule 6 applies to Rule 16 Scheduling Orders." *Clarke v. Marriott Int'l*, No. 08-cv-0086, 2012 WL 2285188, at * 2 (D.V.I. June 18, 2012).

What constitutes good cause to warrant modification "'necessarily varies with the circumstances of each case.'" *High 5 Games, LLC v. Marks*, No. 13-cv-7161, 2017 WL 349375, at *1 n.2 (D.N.J. Jan. 24, 2017) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2, at 313 (3d ed. 2010)). As such, courts have "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed. R. Civ. P. 16(b)." *M. Cohen & Sons, Inc. v. Platte River Ins. Co.*, No. 21-cv-2149, 2023 WL 3736354, at *3 (D.N.J. May 30, 2023) (internal quotation marks omitted). Rule 16(b)(4) focuses on the moving parties' burden to show due diligence, not on prejudice. *Race Tires Am., Inc.*, 614 F.3d at 84. If the movant cannot demonstrate good cause, "the scheduling order shall control." *Id.* (citations omitted). Here, since all parties are seeking a modification, they all have the burden of showing good cause. *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 09-cv-290, 2013 WL 772698, at *2 (W.D. Pa. Feb. 28, 2013).

### B. Application

The issue before the Court is whether the parties have shown good cause pursuant to Rule 16(b)(4) to warrant modifying the Scheduling Order. Essentially the reason provided in the Joint Motion is that the parties began working on scheduling depositions before the

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order
Page 7

April 11, 2025 fact discovery deadline expired—starting on February 3, 2025—but that it was "impossible" to meet that deadline. Dkt. No. 125 at 5, 37.

For the most part, the reasons offered by the parties in support of their motion to extend not only the fact discovery deadline in this case, but all of the remaining deadlines set forth in the September 11, 2024 Scheduling Order, do not constitute good cause. First, they provide absolutely no rationale for their request for a 120-day (four month) extension—which is an additional period of time that is more than half as much time as the Scheduling Order afforded for discovery in the first place (seven months). This 120-day timeframe is the more suspect because, according to the parties, written fact discovery is completed, *id*. at 9, and thus all that remains would be the scheduling of depositions. It is therefore clear that the 120-day request has no relation to their actual discovery needs.

The lack of due diligence in pursuing fact discovery is underscored by the fact that all parties responded to written discovery during December 2024. While supplements to that discovery continued to be produced, the bulk of the written discovery was completed at that time. The entire month of January passed without any effort to arrange depositions, a curious lapse given the parties' contention that the seven-month discovery period provided by the Court was insufficient—not to mention that scheduling depositions among numerous attorneys is always a challenge that carries great risks if left to the last minute. Plaintiff's counsel began the process of proposing deposition dates on February 3, 2025 but, as indicated above, while the parties appeared to agree that the week of March 10 was open, no depositions were scheduled. On March 3rd, Plaintiff's counsel tried again to suggest

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order
Page 8

deposition dates within the fact discovery deadline and again it is unclear why no depositions went forward.

Then on March 25th, when approximately two weeks remained before the April 11 deadline, the parties met, conferred, and agreed among themselves that a 120-day extension was required to conduct depositions.[2] Dkt. No. 125 at 8. The parties appeared to become serious about scheduling depositions only at that time, when it was clear that they were going to blow past the fact discovery deadline without having scheduled one deposition during the discovery period. Their proposed schedule—replete with depositions through the month of June—gives the impression that the parties were scheduling without any sense of urgency. Instead, their proposed schedule appears to reflect a relaxed timetable set at their convenience, apparently undergirded by the belief that if they provided the Court with such a fait accompli, the Court would have no choice but to extend the deadlines. Nothing in this record indicates that the parties showed the requisite due diligence during the discovery period to establish good cause for extending the deadline.

---

[2] According to the Plaintiff, one week of the remaining two weeks between March 26 and April 11 was unavailable for scheduling depositions because Plaintiff's counsel had military service obligations. Dkt. No. 125 at 5 n.2. The Court points out that the Plaintiff has two attorneys of record in this case, and the Court presumes that counsel must have known well in advance that her military service schedule fell at the close of fact discovery such that plans could have been made to work around it or have another attorney from the firm fill in. This is not a situation where only a few depositions remained to be taken such that an extension might have been warranted. Rather, no depositions had been taken and, in that context, this military service obligation does not constitute good cause for not meeting the deadline because the parties put themselves in that position by their lack of diligence in trying to schedule depositions at the last minute.

In the Court's view, the only possible basis for a finding of good cause to support the parties' request for an extension is the fact that Defendant PHRT provided two gigabytes of documents on March 11th as supplemental discovery. The Court accepts PHRT Attorney's statement at face value that he had been trying to obtain this material for months and received it from his client only on March 4. *Id.* at 31. Although two weeks passed since that production and the filing of the extension motion, Plaintiff contends it will take a "considerable amount of time" for the documents to be reviewed in preparation for depositions. *Id.* at 5.[3] The Court finds good cause based on this late production, which appears to have been beyond the control of PHRT's counsel, to warrant an extension of the discovery deadline. Consequently, the Court believes a short extension is warranted based on the late discovery and will grant the Joint Motion in part. The Court will permit a 45-day extension of the fact discovery deadline for the parties to conduct depositions, with the understanding that written fact discovery is complete, and will advance the remaining deadlines in the September 11, 2024 Scheduling Order.

Accordingly, it is hereby **ORDERED**:

1. The Joint Motion for Extension of Deadlines, Dkt. No. 125, is **GRANTED IN PART** and **DENIED IN PART**.

---

[3] While that late production may have impacted some of the depositions the parties had scheduled or were attempting to schedule during mid-March, there is no indication why no depositions took place at all, since it is unlikely that that material was essential for every deposition.

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order
Page 10

2. The Joint Motion is **GRANTED** to the extent that the Court will extend the fact discovery deadline forty-five days, from April 11, 2025 to **May 27, 2025**.

3. The Joint Motion is **DENIED** to the extent that the parties have requested a 120-day extension of the fact discovery deadline.

4. All fact witness depositions shall be completed on or before **May 27, 2025**. **The Court will not entertain any further motions to extend the discovery deadline.**

5. Any motion to amend the pleadings or to join additional parties shall be filed on or before **June 6, 2025**.

6. Mediation shall be completed no later than **June 27, 2025** and shall be conducted pursuant to Local Rules of Civil Procedure Rule 3.2.

7. Plaintiff's experts shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be served no later than **August 8, 2025.**

8. Defendants' experts and cross-claim Plaintiff experts shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be served no later than **September 22, 2025.**

9. Cross-claim Defendant experts shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be served no later than **October 20, 2025.**

*Wooten v. Limetree Bay Terminals, LLC*
1:23-cv-00012-WAL-EAH
Order
Page 11

10. All experts' depositions, as provided in Fed. R. Civ. P. 26(a)(2), shall be completed no later than **November 20, 2025**. No rebuttal reports are allowed without leave of Court. 6

11. All dispositive motions—including *Daubert* motions—shall be filed on or before **January 5, 2025**.  No extensions for filing opposition or reply briefs are allowed without leave of Court.  If no dispositive motions will be filed in the case, the parties shall file, no later than **December 29, 2025**, a joint notice stating that the parties have not filed and do not intend to file any dispositive motions.

12. The May 16, 2025 status conference is rescheduled for **July 2, 2025**, at **2:00 p.m. in person** before the undersigned U.S. Magistrate Judge in STX Courtroom 3.

13. Pretrial filing deadlines and the trial date will be set by further order of the Court.

14. Any extensions, changes, and/or modification of any dates or deadlines contained herein—except for the amended fact discovery deadline, as set forth above—shall be made only for good cause and only with the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4).

                    ENTER:

Dated: April 8, 2025　　　　　　　　　　　/s/ Emile A. Henderson III
　　　　　　　　　　　　　　　　　　　　EMILE A. HENDERSON III
　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE