IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

NICOLE WOOTEN,

        Plaintiff,

    v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS, PORT
HAMILTON REFINING AND
TRANSPORTATION,  and WEST
INDIES PETROLEUM, LTD.,

        Defendants.

Case No. 1:23-CV-00012


**ACTION FOR DAMAGES**

<u>JURY TRIAL DEMANDED</u>

## <u>NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS, LLC</u>

TO:    Glenda L. Lake, Clerk of the Court
        District Court of the V.I.

        Donnie King
        201 East Las Olas Boulevard, Suite 1800
        Fort Lauderdale, FL 33301
        Attorney for Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals

        Susan Nissman-Coursey
        Caribbean Scribes, Inc.
        1244 Queen Cross Street, Suite 1A
        Christiansted, VI 00820

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(6)

Plaintiff, by and through undersigned counsel, will take the oral examination of

**LIMETREE BAY TERMINALS, LLC.**  Defendant shall designate one or more officers,

directors or managing agents who are competent to testify on the company's behalf.

That person(s) who is designated to testify on Defendant's behalf should have

knowledge of, but not be limited to, the following:



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 2

1.  The content of all responses to all written discovery and documents maintained by Defendant that have been produced by Defendant subject to this lawsuit. This topic excludes Plaintiff's medical records, EPA documents, and OSHA documents.

2.  The facts to support the Defendant's denial of Plaintiff's allegations and which substantiate each of its affirmative defenses.

3.  Defendant's knowledge of the facts supporting the Defendant's crossclaim and its affirmative defenses to the crossclaim filed by PHRT.

4.  Defendant's knowledge, if any, of tests or investigations to determine the cause of the incident referred to in Plaintiff's complaint and the results thereof.

5.  Any communication by or between Defendant and Plaintiff subsequent to the incident that is the subject matter of this lawsuit.

6.  Any communication and the substance and persons with knowledge of communication by or between Defendant and the Co-Defendants in this case.

7.  The content of all correspondence, letters, notes, summaries, complaints, memos, and telephone logs pertaining to the accident referred to in Plaintiff's Complaint.

8.  The facts and circumstances and persons with knowledge concerning Defendant's relationship with PHRT and West Indies Petroleum Limited, including but not limited to service agreements, mutual control of areas of the refinery, reason, etc.

9.  Defendant's understanding, if any, of the facts and circumstances and persons with knowledge concerning the ownership of the refinery and the assets of the refinery.

10. The facts and circumstances and persons with knowledge concerning Defendant's contention that PHRT is the proximate cause of Plaintiff's injuries.

11. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning Limetree Bay Refining's Chapter 7 bankruptcy and the subsequent suspension of the agreement for services concerning handling and storing of petroleum coke, and Defendant's role in the above, if any.

12. The facts and circumstances and persons with knowledge, or the basis for Defendant's allegation that PHRT failed to retain a contractor to assist in handling and storing petroleum coke.

13. Defendant's knowledge, if any, of the facts and circumstances and substance and persons with knowledge concerning the 2022 EPA inspection, inspection results, and

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 3

report, including but not limited to the systemic lack of maintenance, exposed wires in areas where flammable substances are located, whether the exposed wires were live, areas of corrosion and extreme corrosion, areas of extreme deterioration of process valves, flanges, pipes, nuts/bolts, and pressure relief devices, process components that were not operable for routine service or emergency, the condition of gaskets, etc.

14. Defendant's knowledge, if any, of any facts and circumstances and substance and chronology and persons with knowledge of all warnings from the EPA concerning the conditions at the Refinery in 2022.

15. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning PHRT's duties and responsibilities to perform hazard identification and review, including process configuration, maintenance, hazard recognition, and effectiveness of emergency shutdown and response procedures.

16. Defendant's knowledge, if any, of any facts and circumstances and substance and persons with knowledge of generally accepted industry practices concerning coke storage.

17. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of PHRT's operating procedures and operating training records.

18. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of PHRT's lack of access to the prior owner's most recent three-year Process Safety Management/Risk Management Plan audit for the refinery.

19. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of PHRT's process safety audit.

20. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of daily walk throughs of the North Coke Dome and the substance of any documentation of the walk throughs.

21. Defendant's knowledge, if any, of any facts and circumstances, content, and persons with knowledge of the December 2022 EPA order requiring PHRT to hire experts to safely remove chemicals not being properly managed at the refinery.

22. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of PHRT's gaps in emergency response operations, including but not limited to PHRT's fire brigade not meeting requirements of 29 CFR §1910.156, PHRT's lack of procedures for responding to chemical releases, fires, and lack of onsite trained personnel, and any pre-arranged support from St. Croix's local emergency services.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 4

23. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of PHRT's efforts to silence the carbon monoxide detector at the North Coke Dome.

24. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning all reasons the sprinkler system in the North Coke Dome was not being used, including when it stopped being used, and why.

25. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of the conveyor track system as it relates to the smoldering coke.

26. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning the 2022 OSHA inspection, inspection results, and report.

27. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning Defendant's allegations that PHRT was inept and ill-equipped to operate the refinery and safely maintain its assets.

28. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning PHRT's negligent and gross mishandling of operations associate with the Refinery and related assets.

29. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning ownership and control over the firehouse at the Refinery.

30. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning the type of equipment and the ownership and control of equipment used on the smoldering coke.

31. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning all equipment and water used on the smoldering coke.

32. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge concerning the processes and procedures Defendant alleges PHRT should have taken to control the smoldering coke.

33. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of the chronology of events from the moment the problem with the North Coke Dome was detected.

34. Defendant's knowledge, if any, of any facts and circumstances and content and

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 5

persons with knowledge of the Petroleum Coke and Sulphur Services Agreement dated July 10, 2019, with Savage Services Corporation.

35. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of the work performed by Savage Services Corporation from 2019 to the present.

36. Defendant's understanding and persons with knowledge of the duties, responsibilities, and costs associated with operating and maintaining the Refinery, including but not limited to the North Coke Dome and handing and storing of the petroleum coke in 2022.

37. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of all equipment and water used to control the smoldering coke, who provided and owned each piece of equipment, and who paid for the water or any other equipment that was purchased, and who paid for the personnel who worked on the smoldering coke.

38. Defendant's understanding, if any, of the facts and circumstances and chronology and persons with knowledge of all requests by PHRT for help with the smoldering coke.

39. Defendant's understanding, if any, of the facts and circumstances and persons with knowledge of the PHRT's concern about dirtying the equipment that had recently been cleaned.

40. The facts and circumstances and persons with knowledge concerning the smoldering coke at the North Coke Dome in August 2022.

41. Defendant's understanding, if any, of any tests or investigations, chronology, and persons with knowledge concerning the smoldering coke in August of 2022, the results, and persons with knowledge.

42. Defendant's understanding, if any, of the facts and circumstances and persons with knowledge of the complete timeline of events related to the smoldering coke in August 2022, including but not limited to all actions taken, all persons warned, all warnings issued, all response efforts made, all communications made, workers involved at each step of the process, when the smoldering coke was extinguished, etc.

43. Defendant's understanding, if any, of the facts and circumstances and persons with knowledge of all emergency response efforts made due to the smoldering coke in August 2022, and action related to the smoldering coke.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 6

44. Defendant's knowledge, if any, of any identity of all persons on the Incident Response team and the Incident Response team's duties and responsibilities.

45. Defendant's knowledge, if any, of any identity of any other persons who were injured or for which an incident was reported in August 2022 for damages or complaints related to the smoldering coke.

46. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of all personal protective equipment distributed or provided to anyone present at the North Coke Dome in August 2022, as a result of the smoldering coke.

47. Defendant's knowledge, if any, of the content of all correspondence, letters, notes, summaries, complaints, memos, videos, photographs, and telephone logs or any other writing or depiction of the incident or pertaining to the incident referred to in Plaintiff's Complaint.

48. Defendant's understanding, if any, of the nature of its relationship with Customs and Border Protection (CBP) and persons with knowledge of your points of contact with the CBP.

49. Defendant's understanding, if any, of the content and substance and persons with knowledge of all communications with co-defendants, the Department of Planning and Natural Resources (DPNR), the Environmental Protection Agency (EPA), the Coast Guard, Homeland Security, the Fire Chief, and the CBP concerning the smoldering coke in August 2022.

50. Defendant's understanding, if any, of the facts and circumstances and chronology and persons with knowledge of the EPA order to remove dangerous materials at the refinery and all actions taken by Defendant to comply with that order.

51. Defendant's understanding, if any, of the facts and circumstances and persons with knowledge concerning the Mutual Aide Agreement.

52. Defendant's understanding, if any,  of the facts and circumstances and persons with knowledge concerning the Facility Security Plan.

53. Defendant's understanding, if any, of the facts and circumstances and persons with knowledge concerning the Integrated Contingency Plan ("ICP"), excluding the redacted portions of the ICP.

54. Defendant's understanding, if any, of the facts and circumstances and persons with knowledge concerning agreements with the EPA related to your operations at the

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 7

refinery.

55. Defendant's knowledge, if any, of the facts and circumstances and persons with knowledge of control over access to the North Coke Dome and how to obtain access to the North Coke Dome.

56. Defendant's understanding of, if any, the facts and circumstances and substance and persons with knowledge of the Safety Data Sheets for any chemicals, substances, or products in the subject coke dome in August 2022.

57. Defendant's understanding, if any, of the facts and circumstances and chronology and persons with knowledge concerning the application for a Prevention of Significant Deterioration permit in 2022, and any air quality analyses performed and the results of the analyses.

58. Defendant's understanding, if any, of the facts and circumstances and persons with knowledge concerning any process unit chemical inventories for the North Coke Dome in 2022.

59. Defendant's knowledge, if any, of all relevant dates, chronology, processes and procedures, and persons with knowledge of all actions taken before and after the coke began smoldering.

60. Defendant's knowledge, if any, of the content of processes, procedures, standards, safety manuals, handbooks, and persons with knowledge of all coke storage and monitoring processes, procedures, and standards.

61. Defendant's knowledge, if any, of content of all inspection and maintenance logs, reports, and other records related to the North Coke done in 2022 and persons with knowledge.

62. Defendant's knowledge, if any, of any content of all work orders, changes orders, or other work done in June through September 2022 at the North Coke Dome and persons with knowledge.

63. Defendant's knowledge, if any, of any hazard assessments and persons with knowledge concerning the North Coke Dome.

64. Your version of the events that have resulted in this lawsuit and PHRT's crossclaim.

65. Defendant's knowledge, if any, of any reasons and persons with knowledge to support your contention that this was not a reportable incident to the EPA under the

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 8

law.

66. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of the Facility Security Plan.

67. Defendant's knowledge, if any, of any facts and circumstances and persons with knowledge of any other parties or persons who could be responsible for damages resulting from the smoldering coke.

68. The facts and circumstances concerning Defendant's contention that PHRT executed a valid and binding indemnification agreement.

69. Defendant's knowledge, if any, of any facts and circumstances and substance and persons with knowledge concerning all communications with any insurance carrier related to this case.

70. Defendant's knowledge, if any, of any facts and circumstances and substance and persons with knowledge of all reasons why a declaratory judgment action has not been filed against the insurance carrier concerning its denial of coverage.

This deposition will take place on **April 14, 2025** at **9:00 a.m. AST** at **Lee J. Rohn and Associates 1108 King Street Christiansted VI 00820** before any Notary Public commissioned by the Territory of the US Virgin Islands or other person qualified to administer the oath and take deposition.

This deposition is being taken for use as evidence and/or trial purposes and may be continued from day to day until completed. This deposition may be recorded by stenographic, voice, and/or audio/video means. If the deposition officer is attending remotely, the parties agree to the remote administration of the oath.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) DEPOSITION OF LIMETREE BAY TERMINALS LLC**
Page 9

RESPECTFULLY SUBMITTED
LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiff

DATED:  April 9, 2025

BY:    /s/ *Robin P. Seila*
Robin P. Seila, Esq.
VI Bar No. R2043
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
robin@rohnlaw.com

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on April 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Donnie King
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301

Attorney for **Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals**

Andrew C. Simpson
2191 Church Street, Suite 5
Christiansted, VI 00820

Attorney for **Port Hamilton Refining and Transportation Port Hamilton Refining and Transportation**

Ryan C. Stutzman Esq.
1138 King Street
Suite 100
Christiansted, VI 00820

Attorney for **West Indies Petroleum, Ltd.**

Attorney for **LBR Liquidating Trust LBR Liquidating Trust**