IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>　　　　Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## NOTICE OF 30(B)(6) DEPOSITION OF PORT HAMILTON REFINING AND TRANSPORTATION

TO:   Glenda L. Lake, Clerk of the Court
　　　District Court of the V.I.

　　　Andrew C. Simpson
　　　2191 Church Street, Suite 5
　　　Christiansted, VI 00820
　　　Attorney for Port Hamilton Refining and Transportation Port Hamilton Refining and Transportation

　　　Susan Nissman-Coursey
　　　Caribbean Scribes, Inc.
　　　1244 Queen Cross Street, Suite 1A
　　　Christiansted, VI 00820

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff, by and through undersigned counsel, will take the oral examination of **PORT HAMILTON REFINING AND TRANSPORTATION.** Defendant shall designate one or more officers, directors or managing agents who are competent to testify on the company's behalf.



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) PHRT**
Page 2

That person(s) who is designated to testify on Defendant's behalf should have knowledge of, but not be limited to, the following:

1. The content of all responses to all written discovery and documents produced by Defendant subject to this lawsuit.

2. The facts to support the Defendant's denial of Plaintiff's allegations and which substantiate each of its affirmative defenses.

3. The facts to support the allegations in Defendant's crossclaim and its affirmative defenses to the crossclaim filed by Limetree Bay Terminals, LLC.

4. The content of all documents, correspondence, notes, memoranda and any other writing of or concerning the incident that is the subject matter of this lawsuit.

5. Any communication and the substance and persons with knowledge of communication by or between Defendant and the Co-Defendants in this case.

6. The facts and circumstances and persons with knowledge concerning Defendant's relationship with Limetree Bay Terminals LLC and West Indies Petroleum Limited.

7. The facts and circumstances and persons with knowledge concerning the formation, date of formation, and all owners of the Defendant.

8. The facts and circumstances and persons with knowledge concerning WIPL's designation as a co-purchaser of the refinery during the bankruptcy auction process.

9. The facts and circumstances and persons with knowledge concerning the smoldering coke at the facility in August 2022.

10. The facts and circumstances and persons with knowledge concerning the carbon monoxide sensors in the North Coke Dome and all investigations and actions taken concerning any alarm activation that occurred during Defendant's ownership of the North Coke Dome.

11. The facts and circumstances and chronology and persons with knowledge concerning why Ocean Point's Fire Chief reported to PHRT's Refinery Shift Superintendent not to assist with the response to the smoldering coke.

12. The facts and circumstances and persons with knowledge concerning Defendant's contention that it owned the firehouse, the fire hoses, and Blitz fire nozzle, and other fire fighting equipment, but that it was denied access by Ocean Point to its equipment,

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) PHRT**
Page 3

and all personnel with keys or access to unlock facilities where such equipment is stored.

13. The facts and circumstances and persons with knowledge concerning the Incident Command activation.

14. The content, chronology, and persons with knowledge of all communications between Defendant's Refinery Manager and Ocean Points Chief Operating Officer.

15. The facts and circumstances and persons with knowledge of the control over the water and water pressure available to control the smoldering coke.

16. The facts and circumstances and persons with knowledge of all disputed invoices and outstanding payments, and demands for payment from Defendant to Ocean Point/Limetree Bay Terminals.

17. The facts and circumstances and persons with knowledge concerning Ocean Point/Limetree Bay Terminals' overbilling.

18. Knowledge of all areas owned by Ocean Point/Limetree Bay Terminals versus Defendant and persons with knowledge of those areas.

19. The facts and circumstances and persons with knowledge concerning allegations that Ocean Point/Limetree Bay Terminals could have prevented Plaintiff from entering the facility.

20. The facts and circumstances and persons with knowledge concerning the 2022 EPA inspection, inspection results, and report.

21. The facts and circumstances and persons with knowledge concerning the 2022 OSHA inspection, inspection results, and report.

22. Any tests or investigations to determine the cause of the incident referred to in Plaintiff's complaint and the results thereof.

23. Any tests or investigations, chronology, and persons with knowledge concerning the smoldering coke in August of 2022, the results, and persons with knowledge.

24. The facts and circumstances and persons with knowledge of the complete timeline of events related to the smoldering coke in August 2022, including but not limited to all actions taken, all persons warned, all warnings issued, all response efforts made, all communications made, workers involved at each step of the process, when the smoldering coke was extinguished, etc.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) PHRT**
Page 4

25. The facts and circumstances and persons with knowledge of all emergency response efforts made due to the smoldering coke in August 2022.

26. The identity of all persons on the Incident Response team and the Incident Response team's duties and responsibilities.

27. The identity of any other persons who were injured or for which an incident was reported in August 2022 for damages or complaints related to the smoldering coke.

28. The facts and circumstances and persons with knowledge of all personal protective equipment distributed or provided to anyone present at the facility in August 2022, as a result of the smoldering coke.

29. Any communication by or between Defendant and Plaintiff subsequent to the incident that is the subject matter of this lawsuit.

30. The content of all correspondence, letters, notes, summaries, complaints, memos, videos, photographs, and telephone logs or any other writing or depiction of the incident or pertaining to the incident referred to in Plaintiff's Complaint.

31. The nature of your relationship with Customs and Border Protection (CBP) and persons with knowledge of your points of contact with the CBP.

32. The content and substance and persons with knowledge of all communications with co-defendants, the Department of Planning and Natural Resources (DPNR), the Environmental Protection Agency (EPA), the Coast Guard, Homeland Security, the Fire Chief, and the CBP concerning the smoldering coke in August 2022.

33. The facts and circumstances and chronology and persons with knowledge of the EPA order to remove dangerous materials at the refinery and all actions taken by Defendant to comply with that order.

34. The facts and circumstances and persons with knowledge concerning the Mutual Aide Agreement.

35. The facts and circumstances and persons with knowledge concerning the Facility Security Plan.

36. The facts and circumstances and persons with knowledge concerning the Integrated Contingency Plan.

37. The facts and circumstances and persons with knowledge concerning agreements

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) PHRT**
Page 5

with the EPA related to your operation of the refinery.

38. The facts and circumstances and substance and persons with knowledge of the Safety Data Sheets for any chemicals, substances, or products in the subject coke dome in August 2022.

39. The facts and circumstances and persons with knowledge concerning the application for a Prevention of Significant Deterioration permit in 2022, and any air quality analyses performed and the results of the analyses.

40. The facts and circumstances and persons with knowledge concerning any process unit chemical inventories for the North Coke Dome in 2022.

41. The facts and circumstances and persons with knowledge concerning all permits received by Defendant to operate.

42. All relevant dates, chronology, processes and procedures, and persons with knowledge of all actions taken before and after the coke began smoldering.

43. The content of processes, procedures, standards, safety manuals, handbooks, and persons with knowledge of all coke storage and monitoring processes, procedures, and standards.

44. The content of all inspection and maintenance logs, reports, and other records related to the North Coke done in 2022 and persons with knowledge.

45. The content of all work orders, changes orders, or other work done in June through September 2022 at the North Coke Dome and persons with knowledge.

46. All hazard assessments and persons with knowledge concerning the North Coke Dome.

47. Your version of the events that have resulted in this lawsuit and Limetree Bay Terminals' crossclaim.

48. All reasons and persons with knowledge to support your contention that this was not a reportable incident to the EPA under the law.

49. The facts and circumstances and persons with knowledge to support your contention that Ocean Point operates and administers the Title 33 CFR Part 165 D security zone and that Ocean Point controls access to the security zone and buildings in the security zone.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) PHRT**
Page 6

50. The facts and circumstances and persons with knowledge of the damage and the cost of the damage that resulted from the smoldering coke.

51. The facts and circumstances and contents and persons with knowledge of the engineering report that Defendant contends refutes the EPA report.

52. The facts and circumstances and persons with knowledge concerning Limetree Bay Terminals' allegation that PHRT failed to retain a contractor to assist in handling and storing petroleum coke.

53. The facts and circumstances and substance and persons with knowledge concerning the 2022 EPA inspection, inspection results, and report, including but not limited to the systemic lack of maintenance, exposed wires in areas where flammable substances are located, whether the exposed wires were live, areas of corrosion and extreme corrosion, areas of extreme deterioration of process valves, flanges, pipes, nuts/bolts, and pressure relief devices, process components that were not operable for routine service or emergency, the condition of gaskets, etc.

54. The facts and circumstances and substance and chronology and persons with knowledge of all warnings from the EPA concerning the conditions at the Refinery in 2022.

55. The facts and circumstances and persons with knowledge concerning Defendant's duties and responsibilities to perform hazard identification and review, including process configuration, maintenance, hazard recognition, and effectiveness of emergency shutdown and response procedures.

56. The facts and circumstances and substance and persons with knowledge of generally accepted industry practices concerning process design.

57. The facts and circumstances and persons with knowledge of Defendant's operating procedures and operating training records.

58. The facts and circumstances and persons with knowledge of Defendant's lack of access to the prior owner's most recent three-year Process Safety Management/Risk Management Plan audit for the facility.

59. The facts and circumstances and persons with knowledge of Defendant's process safety audit.

60. The facts and circumstances and persons with knowledge of daily walk throughs of the facility and the substance of any documentation of the walk throughs.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) PHRT**
Page 7

61. The facts and circumstances, content, and persons with knowledge of the December 2022 EPA order requiring Defendant to hire experts to safely remove chemicals not being properly managed at the facility.

62. The facts and circumstances and persons with knowledge of Defendant's gaps in emergency response operations, including but not limited to Defendant's fire brigade not meeting requirements of 29 CFR §1910.156, Defendant's lack of procedures for responding to chemical releases, fires, and lack of onsite trained personnel, and any pre-arranged support from St. Croix's local emergency services

63. The facts and circumstances and persons with knowledge of Defendants efforts to silence the carbon monoxide detector at the North Coke Dome.

64. The facts and circumstances and substance and persons with knowledge of all manuals and training given to Defendant's shift supervisors related to the handling of petroleum coke.

65. The facts and circumstances and persons with knowledge as to Ocean Point's allegations concerning all reasons the sprinkler system in the North Coke Dome was not being used, including when it stopped being used, and why.

66. The facts and circumstances and persons with knowledge of the conveyor track system as it relates to the smoldering coke.

67. The facts and circumstances and persons with knowledge of all equipment and water used to control the smoldering coke, and a chronology of the sale who provided and owned each piece of that equipment, and who paid for the water or any other equipment that was purchased, and who paid for the personnel who worked on the smoldering coke.

68. The facts and circumstances and chronology and persons with knowledge of all requests by PHRT for help with the smoldering coke, to whom and the nature of the requests and responses.

69. The facts and circumstances and persons with knowledge of concerns about dirtying the equipment that had recently been cleaned.

70. The facts and circumstances and substance and persons with knowledge concerning all communications with any insurance carrier related to this case.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF 30(B)(6) PHRT**
Page 8

      This deposition will take place on **April 15, 2025 at 9:00 a.m. AST** at **Lee J. Rohn and Associates 1108 King Street Christiansted VI 00820** before any Notary Public commissioned by the Territory of the US Virgin Islands or other person qualified to administer the oath and take deposition.

      This deposition is being taken for use as evidence and/or trial purposes and may be continued from day to day until completed. This deposition may be recorded by stenographic, voice, and/or audio/video means. If the deposition officer is attending remotely, the parties agree to the remote administration of the oath.

                                        RESPECTFULLY SUBMITTED
                                        LEE J. ROHN AND ASSOCIATES, LLC
                                        Attorneys for Plaintiff

DATED:  April 9, 2025            BY:   /s/ *Robin P. Seila*
                                              Robin P. Seila, Esq.
                                              VI Bar No. R2043
                                              1108 King Street, Suite 3 (mailing)
                                              56 King Street, Third Floor (physical)
                                              Christiansted, St. Croix
                                              U.S. Virgin Islands 00820
                                              Telephone: (340) 778-8855
                                              robin@rohnlaw.com

## **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on April 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel of Record.

*/s/Robin P. Seila*