## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>　　　　　Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

### NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM

**COME NOW** Plaintiff, by and through the undersigned counsel, and hereby files her Notice of Intent to Serve a Subpoena Duces Tecum and Notice of Subpoena Duces Tecum upon Total Safety Virgin Islands LLC, at Dudley Newman Feuerzeig LLP, 1131 King Street, Suite 204, Christiansted VI 00820.

　　　　　　　　　　　　　　　　　　RESPECTFULLY SUBMITTED
　　　　　　　　　　　　　　　　　　LEE J. ROHN AND ASSOCIATES, LLC
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

DATED: July 14, 2025　　　　　　BY: _/s/ Lee J. Rohn_
　　　　　　　　　　　　　　　　　　Lee J. Rohn, Esq.
　　　　　　　　　　　　　　　　　　VI Bar No. 52
　　　　　　　　　　　　　　　　　　1108 King Street, Suite 3 (mailing)
　　　　　　　　　　　　　　　　　　56 King Street, Third Floor (physical)
　　　　　　　　　　　　　　　　　　Christiansted, St. Croix
　　　　　　　　　　　　　　　　　　U.S. Virgin Islands 00820
　　　　　　　　　　　　　　　　　　Telephone: (340) 778-8855
　　　　　　　　　　　　　　　　　　Lee@rohnlaw.com



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**Notice of Intent to Serve Subpoena Duces Tecum**
Page 2

# CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on July 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel of record.

BY:  /s/ *Lee J. Rohn*　(al)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                *CLERK OF COURT*
                                                                    OR

    _____          _____
      *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.*  A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>  Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>  Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

<u>**NOTICE OF SUBPOENA DUCES TECUM**</u>

**RECORDS DELIVERY ONLY.  NO ORAL TESTIMONY WILL BE TAKEN**

TO: Total Safety Virgin Islands LLC
    Resident Agent for Service: Dudley Newman Feuerzeig LLP
    1131 King Street, Suite 204
    Christiansted VI 00820

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, you are commanded to produce all requested documents in your possession, custody or control to **Lee J. Rohn and Associates, LLC, 1108 King Street, Suite 3 (mailing)/56 King Street, Third Floor (physical), Christiansted, St. Croix 00820**, within twenty (20) days from the date of service of the attached Subpoena or on or before **July 29, 2025 at 5:00 p.m. AST.**

1. All communications related to the smoldering coke incident on or about July and August 2022, related to air quality monitoring. This includes all communications to Mark Johansen concerning rental, calibration,



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF SUBPOENA DUCES TECUM**
Page 2

placement, and set up of instruments.

2. All instructions and maps received from Port Hamilton Refining and Transportation or any other entities concerning air quality monitoring for the smoldering coke incident on or about July and August 2022.

3. All original data extractions of air quality data/reports related to the smoldering coke incident on or about July and August 2022.

4. All meeting minutes and notes related to the smoldering coke incident on or about July and August 2022.

5. All policies and procedures in place in 2022 related to air monitoring and air monitoring equipment rentals.

6. A list of all persons on the Emergency Response Team in 2022.

7. All minutes of meetings of the Emergency Response Team from July to August 31, 2022

8. Records of all Limetree Bay Terminals, PHRT, or other company's requests for rental of any fire equipment and/or air quality monitors related to the smoldering coke from July to August 2022.

9. Copies of all rental contracts from Total Safety to Limetree Bay Terminals, Limetree Bay Refining, and Port Hamilton Refining and Transportation from January 2020 to the present.

10. A list of any fire equipment available for rent from January 2020 to the present.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF SUBPOENA DUCES TECUM**
Page 3

11. A list of any air monitoring equipment available for rent from January 2020 to the present.

12. The specifications sheet and manual related to the Radius BZ1 Area Monitor.

13. The specifications sheet and manual related to the MSA Alteres S monitor.

14. All photographs and video taken by any Total Safety employee or in your possession of the coke smoldering event in 2022.

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by giving legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may produce electronic copies of any documents which are responsive to this subpoena.** You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. <u>**You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above**</u>**.** You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

(a)     appear as specified; or

(b)     furnish the records instead of appearing as provided above; or

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**NOTICE OF SUBPOENA DUCES TECUM**
Page 4

    (c)    object to this subpoena you may be in contempt of Court.

You are subpoenaed by the attorney whose name appears on the subpoena and, unless excused from the subpoena by the attorney or the Court, you shall respond to the subpoena as directed.

                                    RESPECTFULLY SUBMITTED
                                    LEE J. ROHN AND ASSOCIATES, LLC
                                    Attorneys for Plaintiff

DATED: July 14, 2025            BY:   /s/ *Lee J. Rohn*
                                    Lee J. Rohn, Esq.
                                    VI Bar No. 52
                                    1108 King Street, Suite 3 (mailing)
                                    56 King Street, Third Floor (physical)
                                    Christiansted, St. Croix
                                    U.S. Virgin Islands 00820
                                    Telephone: (340) 778-8855
                                    Lee@rohnlaw.com