IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>Defendant. | CIVIL NO. 1:23-CV-00012<br><br>ACTION FOR DAMAGES<br><br><u>JURY TRIAL DEMANDED</u> |

### <u>MOTION TO QUASH SUBPOENAS AND NOTICE OF DEPOSITION</u>

**NOW COMES** non-party Total Safety Virgin Islands, LLC ("Total Safety") through undersigned counsel DUDLEY NEWMAN FEUERZEIG, LLP, Charles E. Lockwood, Esq. and Gregg R. Kronenberger, Esq., and files this motion under FED. R. CIV. P. 45(d)(3) and LRCI 30.1(a) requesting that the Court quash two subpoenas and a notice of Rule 30(b)(6) deposition issued by the Plaintiff to Total Safety.

### I. FACTS AND PROCEDURAL HISTORY

1. Total Safety provided certain safety equipment, including without limitation air quality monitoring equipment, for Limetree Bay Refining in August 2022 when the events in this case are alleged to have occurred. Total Safety employee Mark Johansen was in charge of that equipment. During 2022 up to the present, Total Safety maintained a minimal presence, consisting of one employee – Mark Johansen – on St. Croix.

2. On April 8, 2025, the Court entered an Order and Amended Scheduling Order [ECF 126]

Case: 1:23-cv-00012-WAL-EAH  Document #: 173  Filed: 07/25/25  Page 2 of 8

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Motion to Quash Subpoenas and Notice of Deposition
Page 2 of 8

extending the discovery deadline in this case to May 27, 2025.[1]

3. On June 5, the Plaintiff sent to undersigned counsel an Amended Notice of Deposition for Mark Johansen, an employee of Total Safety, scheduling Mr. Johansen's deposition for June 19. The notice was not filed with the Court. *See*, **Exhibit 1**.

4. On June 30, the Plaintiff filed a notice of intent to serve subpoena duces tecum [ECF 167]. Attached as an exhibit to the notice was a copy of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated June 30 and directed to Total Safety (hereafter, the "June 30 Subpoena") [ECF 167-1]. The June 30 Subpoena was addressed to Dudley Newman Feuerzeig, LLP as the Resident Agent for Total Safety,[2] and required Total Safety to comply by July 21 at 5:00 p.m.

5. After accommodations were made for the calendars of counsel, the deposition of Mark Johansen was conducted on July 9. The deposition was conducted in person on St. Croix.

6. On July 10, a process server delivered a copy of the June 30 Subpoena to Attorney Todd H. Newman, Esq. at the Dudley Newman Feuerzeig, LLP office at 1131 King Street on St. Croix.

7. On July 14, the Plaintiff filed another notice of intent to serve subpoena [ECF 170]. Attached to the notice was another Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated July 14 and directed to Total Safety (hereafter, the "July 14 Subpoena"). The July 14 Subpoena was also addressed to Dudley Newman Feuerzeig, LLP as the Resident Agent for Total Safety, and required Total Safety to comply by July 29 at 5:00 p.m.

---

[1] Hereafter all dates are in 2025 unless otherwise indicated.
[2] According to Total Safety's filings with the Lieutenant Governor's Office, Total Safety's resident agent is DNF Agent for Service of Process Inc. with an address of 1000 Frederiksberg Gade on St. Thomas (Dudley Newman Feuerzeig's St. Thomas office).

Case: 1:23-cv-00012-WAL-EAH    Document #: 173    Filed: 07/25/25    Page 3 of 8

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Motion to Quash Subpoenas and Notice of Deposition
Page 3 of 8

8. On the morning of July 21, counsel for the Plaintiff sent to counsel a Notice of 30(b)(6) Deposition of Total Safety Virgin Islands, LLC – In Person (the "30(b)(6) Notice"), setting the deposition for August 1 at the office of the Plaintiff's counsel. The notice was not filed with the Court. As of the filing of this motion, the Plaintiff has not subpoenaed Total Safety to appear for a Rule 30(b)(6) deposition, nor has the Plaintiff filed a notice of intent to serve such a subpoena. *See*, **Exhibit 2**.

9. On July 21 at 5:00 p.m., undersigned counsel for Total Safety sent by e-mail to counsel for the Plaintiff objections to the June 30 Subpoena. *See*, **Exhibit 3**.

10. On July 24, a process server unsuccessfully tried to deliver a copy of the July 14 Subpoena to Attorney Newman at Dudley Newman Feuerzeig's St. Croix office.

11. On July 25 Total Safety served by e-mail to counsel for the Plaintiff an objection to the July 14 Subpoena. *See*, **Exhibit 4**.

## II. LAW AND ARGUMENT

A. **Subpoenas Under Rule 45**.

12. Fed. R. Civ. P. 45(d) provides:

(d) Protecting a Person Subject to a Subpoena; Enforcement.

> (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

> (2) *Command to Produce Materials or Permit Inspection.*
> (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
> (B) *Objections.* A person commanded to produce documents or tangible

Case: 1:23-cv-00012-WAL-EAH   Document #: 173   Filed: 07/25/25   Page 4 of 8

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Motion to Quash Subpoenas and Notice of Deposition
Page 4 of 8

things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

13. This Court has held that Rule 45 subpoenas are subject to the same scheduling order deadlines as other forms of discovery. *Galloway v. Islands Mech. Contractor, Inc.*, Civil Action No. 2008-071, 2013 U.S. Dist. LEXIS 5232, at *6 (D.V.I. Jan. 14, 2013). A subpoena served on a third party after the discovery deadline was therefore properly quashed. *Id.*, at *12.

Case: 1:23-cv-00012-WAL-EAH    Document #: 173    Filed: 07/25/25    Page 5 of 8

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Motion to Quash Subpoenas and Notice of Deposition
Page 5 of 8

    B.    **Notices of Deposition**.

    14. Fed. R. Civ. P. 30(b)(1) provides:

> *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

Virgin Islands District Court Rule of Civil Procedure ("LRCi") 30.1 says, "Parties shall cooperate in the scheduling of depositions. 'Reasonable written notice' for the taking of a deposition as used in Federal Rule of Civil Procedure 30(b)(1) shall be at least 14 days prior to the deposition."

    C.    **The Subpoenas should be quashed**.

        1.    The Subpoenas are untimely

    15. Both the June 30 Subpoena and the July 14 Subpoena (collectively the "Subpoenas") were served after the May 27 discovery deadline. Under the reasoning of *Galloway*, the Court should quash the Subpoenas for that reason alone.

        2.    The Subpoenas impose an undue burden

    16. As Rule 45(d)(1) states, parties have an obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. At least one Virgin Islands court has noted that some federal courts have "afforded non-parties greater protection from discovery than a normal party." *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, No. ST-2014-CV-513, 2016 WL 7107879, at *2, 2016 V.I. LEXIS 195, at *4 and n.2 (Super. Ct. Nov. 30, 2016) (citing *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) ("the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery"); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nov. 1986) ("The rule is … well established that

Case: 1:23-cv-00012-WAL-EAH   Document #: 173   Filed: 07/25/25   Page 6 of 8

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Motion to Quash Subpoenas and Notice of Deposition
Page 6 of 8

nonparties to litigation enjoy greater protection from discovery than normal parties"); and *Tetratec Corp. v. E.I. DuPont De Nemours & Co., Inc.*, 1992 U.S. Dist. LEXIS 12101, at *1 (E.D. Pa. Aug. 12, 1992) ("[It is] well established that non-parties to litigation enjoy greater protection from discovery than normal parties")).

17. Total Safety has already worked with counsel for the Plaintiff to provide Mr. Johansen for deposition once, on July 9th. That required Total Safety to incur expenses preparing the witness for the deposition and representing the company at the deposition, as well as Mr. Johansen's time away from his job duties. Now the Plaintiff seeks the production of several categories of documents that will require additional time and expense to compile. Total Safety has already been burdened by this proceeding by producing Mr. Johansen after the discovery deadline. Responding to the Subpoenas would pose additional undue burdens. The Court should quash the Subpoenas.

**D.      The 30(b)(6) Notice should be quashed**.

18. The Plaintiff served the 30(b)(6) Notice on July 21, less than 14 days before the August 1 deposition date. Under Rule 30(b)(1) and LRCI 30.1(a), the Plaintiff failed to provide reasonable notice. The Court should quash the 30(b)(6) Notice as well.

**E.      An award of attorney's fees is appropriate.**

19. The Plaintiff has failed to comply with her obligation under Rule 45(d)(1). Total Safety has incurred attorney's fees in preparing this motion and otherwise dealing with the Subpoenas and the 30(b)(6) Notice. In the unlikely event that the Plaintiff does not voluntarily withdraw her subpoenas and her Notice of 30(b)(6) deposition, the Court should exercise its authority under Rule 45(d)(1) to award Total Safety payment of the expenses including attorney's fees that it has incurred.

Case: 1:23-cv-00012-WAL-EAH   Document #: 173   Filed: 07/25/25   Page 7 of 8

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Motion to Quash Subpoenas and Notice of Deposition
Page 7 of 8

## IV. CONCLUSION

20. Considering the foregoing, non-party Total Safety prays that the Court grant this motion and quash the Subpoenas and the 30(b)(6) Notice and order the Plaintiff to reimburse Total Safety for its expenses incurred in preparing this motion and in responding to and otherwise dealing with the Subpoenas and the 30(b)(6) Notice.

### LRCi 7.1(f) CERTIFICATE

The undersigned counsel hereby certifies that pursuant to LRCi 7.1(f) the undersigned sought from all parties concurrence in the motion, and that counsel for the Defendants concurred, and counsel for the Plaintiff did not respond.

Respectfully Submitted,

DUDLEY NEWMAN FEUERZEIG LLP

Dated: July 25, 2025

By: */s/ Gregg R. Kronenberger*
Charles E. Lockwood, Esq.
VI Bar No. 1112
Gregg R. Kronenberger, Esq.
VI Bar No. 1230
*Attorneys For Total Safety*
1131 King Street, Suite 204
Christiansted, VI 00820-4971
Email: clockwood@dnfvi.com
       gkronenberger@dnfvi.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July 2025, I caused a true and correct copy of the foregoing **Total Safety's Motion to Quash** to be filed with the CM/ECF system, which will send an electronic notice of service to all counsel of record including:

| | |
|---|---|
| Donnie M. King, Esq. | Andrew C. Simpson, Esq. |
| Eric D. Coleman, Esq. | LAW OFFICES OF ANDREW SIMPSON |
| Reginald E. Janvier, Esq. | 2191 Church Street, Suite 5 |

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Motion to Quash Subpoenas and Notice of Deposition
Page 8 of 8

| | |
|---|---|
| AKERMAN LLP<br>201 East Los Olas Boulevard, Suite 1800<br>Fort Lauderdale, FL 33301<br>donnie.king@akerman.com<br>eric.coleman@akerman.com<br>reginald.janvier@akerman.com<br>*Attorneys for Defendant Ocean Point Terminals f/k/a Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals* | Christiansted, VI 00820<br>asimpson@coralbrief.com<br>*Attorney for Defendant Port Hamilton Refining and Transportation* |
| Ryan C. Stutzman Esq.<br>CSA ASSOCIATES, PC<br>1138 King Street<br>Suite 100<br>Christiansted, VI 00820<br>rstutzman@saastx.vi<br>*Attorney for Defendant West Indies Petroleum, Ltd.* | Lee J. Rohn, Esq.<br>Robin P. Seila, Esq.<br>LEE J. ROHN AND ASSOCIATES LLC<br>1108 King Street, Third Floor<br>Christiansted, St. Croix<br>U.S. Virgin Islands 00820<br>lee@rohnlaw.com<br>info@rohnlaw.com<br>robin@rohnlaw.com<br>*Attorneys for Plaintiff* |

/s/Gregg R. Kronenberger, Esq.