IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>        Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>        Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>PLAINTIFF'S RESPONSE TO TOTAL SAFETY'S<br>OBJECTION TO SUBPOENA DUCES TECUM</u>

**COMES NOW** Plaintiff, by and through undersigned counsel, and responds to the Objection to Subpoena Duces Tecum filed by non-party Total Safety Virgin Islands, LLC ("Total Safety"). Total Safety objections on timeliness grounds, the reasonableness of time to comply, and that the subpoena is overly broad and unduly burdensome are baseless, as its attorney agreed to provide information, pursuant to a subpoena, during Mark Johansen's deposition.

Mark Johansen, an employee of Total Safety, who responded to the incident that gave rise to the complaint, was deposed, with counsel, Alisha Udhwani, present. At the deposition, Attorney Udhwani stated, "Once we get a subpoena, we can provide whatever you need." Mark Johansen Deposition, at 31:6-7. Moreover, Attorney Udhwani specifically stated that she would provide the videos that Mr. Johansen has on his phone of the coke smoldering, to Plaintiff once served with a subpoena. Mark Johansen Deposition, at 69:



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S RESPONSE TO TOTAL SAFETY'S OBJECTION TO SUBPOENA DUCES TECUM**
Page 2

1-12. The deposition testimony is the following:

> 23  Q. Is there like a list on your website where we can
> 24  find the full list of rental monitors that you have
> 25  available?

> 31
> 1  A. I'm sure you could reach out to the Total Safety
> 2  manager, and he can provide you with that list.
> 3  Q. Who is the Total Safety manager?
> 4  A. Jerry Crawford.
> 5     MS. UDHWANI: But you could reach out to
> 6  counsel. Once we get a subpoena, we can provide
> 7  whatever you need.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S RESPONSE TO TOTAL SAFETY'S OBJECTION TO SUBPOENA DUCES TECUM**
Page 3

```
                                                        68
 1       Like I said earlier, this data comes from
 2   Industrial Scientific iNet program.  That question about
 3   the data being altered could only be answered by them.
 4       Q.  Okay.  So you would not have the ability to alter
 5   the data?
 6       A.  Negative.
 7       Q.  Okay.
 8       A.  That's correct, I do not have the ability to
 9   alter data that's provided to me from a reporting format.
10       Q.  Okay.  Thank you.
11       Since this smoldering coke incident, have there been
12   any other incidents in -- where the coke has started to
13   smolder again?
14       A.  Not that I'm aware of.
15       Q.  Are you familiar with the Rain Bird sprinkler
16   system --
17       A.  No.
18       Q.  -- that was in the coke domes?
19       A.  Rain Bird?
20       Q.  Yes.
21       A.  Not that I recall.
22       Q.  Did you ever take any videos when you reported to
23   the smoldering incident August of 2022?
24       A.  I had videos.
25       Q.  And what did you do with those videos?
```

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S RESPONSE TO TOTAL SAFETY'S OBJECTION TO SUBPOENA DUCES TECUM**
Page 4

```
                                                         69
 1      A.   They're on my phone.
 2      Q.   Do you still have those videos?
 3      A.   Some of them.
 4      Q.   Have you provided them to anyone?
 5      A.   Williams Fire.
 6      Q.   Anyone else?
 7      A.   Don't recall.
 8      Q.   I'd ask that you provide those to your counsel,
 9  please.
10      A.   Okay.
11           MS. UDHWANI:   With a subpoena, we can produce
12  it.
13  BY MS. SEILA:
14      Q.   Did you take any photographs during this
15  smoldering incident?
16      A.   Yes.
17      Q.   Do you still have those photographs?
18      A.   Yes.
19      Q.   I'd ask that you also provide those to your
20  counsel.  Okay?
21           Were you ever involved in any cost summary projections
22  related to this smoldering incident?
23      A.   No.
24      Q.   You mentioned earlier that you rented out eight
25  air monitoring devices; is that right?
```

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S RESPONSE TO TOTAL SAFETY'S OBJECTION TO SUBPOENA DUCES TECUM**
Page 5

```
                                                              70
 1      A.   Correct.
 2      Q.   And who set those up in various locations?
 3      A.   I did.
 4      Q.   How did you decide where to set up those air
 5   monitoring devices?
 6      A.   Management provided me a map of where the
 7   instruments needed to be placed in designated areas, and I
 8   placed them in that area.
 9      Q.   Do you still have that map?
10      A.   I don't, but PHRT does.
11      Q.   Who in management provided you with the map and
12   told you where to put -- put the air monitoring devices?
13      A.   I don't recall.
14      Q.   Do you have any correspondence that would
15   indicate who told you that?
16      A.   Maybe if I look back in my e-mails.
17      Q.   Okay. So you have e-mails related to this
18   incident?
19      A.   Maybe, if I look back in my e-mails.
20      Q.   Did you ever discuss the air quality -- quality
21   monitoring data with anyone?
22      A.   I provided the air monitoring data to
23   Catherine Elizee, the environmental manager for PHRT.
24      Q.   And did you discuss the data with her?
25      A.   I recall e-mailing her the data. She requested
```

Total Safety was served with the subpoena duces tecum on July 10, 2025. **Exhibit 1**; and **2**. Third-party discovery is routinely sought after the close of party discovery, as has been customary in this case, see ECF Nos. 149, 155. The information sought by Total Safey and the other Third Parties in this case by subpoena duces tecum is relevant.

Here, Plaintiff seeks documents and video evidence related to the incident that gave rise to the Complaint. Plaintiff understands that additional documents and videos

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S RESPONSE TO TOTAL SAFETY'S OBJECTION TO SUBPOENA DUCES TECUM**
Page 6

related to meeting minutes, air monitor ordering, programming, and calibration, and where Defendants directed the air monitors to be placed around the property during the smoldering coke incident. (see testimony above). The documents, communications, and videos Plaintiff requests have a direct bearing on the issues of liability and/or damages in this case, and the Subpoena was issued diligently and reasonably. Additional requests in the Subpoena are narrowly tailored to seek only those documents that relate directly to safety protocols, procedures, inspections, or reports involving the premises where Plaintiff's injuries occurred and information exclusively within Total Safety's possession and not otherwise obtainable. Such documents are crucial to the issues of duty, breach, and causation. The timing of the subpoena duces tecum does not amount to prejudice, especially as the requested documents are maintained in the ordinary course of business by Total Safety and do not require intrusive discovery methods. The documents are necessary for expert reports, which is why Plaintiff endeavored to obtain these records in advance of the expert disclosure deadline.

RESPECTFULLY SUBMITTED
LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiff

DATED: August 8, 2025        BY: __/s/ *Lee J. Rohn*__
                             Lee J. Rohn, Esq.
                             VI Bar No. 52
                             1108 King Street, Suite 3 (mailing)
                             56 King Street, Third Floor (physical)
                             Christiansted, St. Croix
                             U.S. Virgin Islands 00820
                             Telephone: (340) 778-8855
                             lee@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S RESPONSE TO TOTAL SAFETY'S OBJECTION TO SUBPOENA DUCES TECUM**
Page 7

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on August 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel who have entered an appearance

BY: /s/ *Lee J. Rohn*     (al)