# Affidavit of Process Server

UNITED STATES DISTRICT COURT

**EXHIBIT 1**

| NICOLE WOOTEN | VS | LIMETREE BAY TERMINAL | 1:23-CV-00012 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

(NAME OF COURT)

I, **JAHTAYA REGIS**, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served **Total Safety Virgin Islands, LLC**
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) **a Subpoena for production and Notice of Subpoena**

by leaving with **Todd Newman** | **Partner at Dudley Newman Feuerzeig listed resident agent** At
NAME | RELATIONSHIP

☐ Residence _____
ADDRESS | CITY / STATE

☐ Business **1131 King Street Suite 204 Christiansted VI 00820**
ADDRESS | CITY / STATE

On **7/10/2025** AT **1435 HRS**
DATE | TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____ DATE

from _____
CITY | STATE | ZIP

**Manner of Service:**

☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
DATE   TIME   DATE   TIME

(3) _____ (4) _____ (5) _____
DATE   TIME   DATE   TIME   DATE   TIME

**Description:** Age **60+** Sex **M** Race **WHITE** Height ____ Weight ____ Hair ____ Beard ____ Glasses ____

SIGNATURE OF PROCESS SERVER
Jahtaya Regis SX-2024-MC-00077

SUBSCRIBED AND SWORN to before me this **10th** day of _____, 20**25**, by _____
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of _____

MARY FAITH CARPENTER
St. Croix, U.S. Virgin Islands
LNP-128-22
Commission Expires: April 13, 2026

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of the Virgin Islands ▼

| NICOLE WOOTEN | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-00012-WAL-EAH |
| LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Total Safety Virgin Islands LLC
Resident Agent for Service: Dudley Newman Feuerzeig LLP
1131 King Street, Suite 204 Christiansted VI 00820
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see Exhibit A attached hereto.

| Place: Lee J. Rohn & Associates LLC<br>1108 King Street, Suite 3 (mailing)/56 King Street, Third Floor (physical), Christiansted, St. Croix, U.S. Virgin Islands 00820 | Date and Time:<br>07/21/2025 9:04 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*Handwritten:* Initial: TRN
Date and Time: 7/10/25 2:35 pm
NO CHECK RECIEVED

CLERK OF COURT

OR

_____     /s/ Lee J. Rohn
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff__
Nicole Wooten_____, who issues or requests this subpoena, are:
Lee J. Rohn, Lee J. Rohn & Associates, LLC 1108 King Street Christiansted VI 00820; lee@rohnlaw.com; info@rohnlaw.com; 340-778-8855

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-00012-WAL-EAH

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* Total Safety Virgin Islands LLC on *(date)* 6/30/2025.

☒ I served the subpoena by delivering a copy to the named person as follows: Todd Newman as Resident Agent of Total Safety Virgin Islands LLC on *(date)* 7/10/2025 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 30 for travel and $ 30 for services, for a total of $ 60.00 .

I declare under penalty of perjury that this information is true.

Date: 7/10/2025

_____
Server's signature

Jahtaya Regis
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).