IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>　　　　　Defendant. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## PLAINTIFF'S MOTION TO EXTEND EXPERT DEADLINES

**COMES NOW** Plaintiff, by and through undersigned counsel, and respectfully moves this Court to extend Plaintiff's expert deadline by 5 (five) days, or until August 15, 2025. Plaintiff requests additional time to review the expert report of Daniel Mahr because her counsel is currently located in in an area with limited service and that has also been impacted by wildfires. **Exhibits 1-2**. Due to the limited service and threat of evacuation, Plaintiff's counsel was unable to access her email until Friday afternoon. Plaintiff's counsel requested an extension from Defendants, but only counsel for WIPL responded and agreed to the proposed brief extension. Plaintiff also called Defendants and emailed them again, but has not received a response.  **Exhibit 3- 4**. Plaintiff has served her other expert reports, and the other required documents, she just needs to file Mr. Mahr's report.

The Federal Rules of Civil Procedure provide, in relevant part:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S EMERGENCY MOTION TO EXTEND EXPERT DEADLINES**
Page 2

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

> (4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b)(4).

> Good cause in the Rule 16 context "is established when the party seeking the extension can show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558 (D.N.J. 2022) (internal quotation marks omitted). The focus of a Rule 16 analysis is the moving party's diligence and not prejudice to the non-moving party.

*Hoffman as Trustees of Harvey M. Hoffman & Janice E. Hoffman Revocable Tr. u/a/d Nov. 15, 2019 v. Hammerhead Constr. LLC*, No. 321CV00046RAMEAH, 2022 WL 20678371, at *3 (D.V.I. Dec. 1, 2022), *objections overruled*, No. 3:21-CV-0046, 2023 WL 6121972 (D.V.I. Sept. 19, 2023); *see also, Kissman v. St. Thomas Marina Corp.*, No. CV 2018-18, 2020 WL 13561719, at *3 (D.V.I. Sept. 9, 2020), *report and recommendation adopted*, No. 3:18-CV-0018, 2022 WL 4599180 (D.V.I. Sept. 30, 2022); *Crown Bay Marina, L.P. v. Reef Transportation, LLC*, No. CV 2018-73, 2020 WL 5166031, at *2 (D.V.I. Aug. 31, 2020), *aff'd sub nom. CROWN BAY MARINA LP Appellant v. REEF TRANSPORTATION; EVENING STAR - VICL; MORNING STAR - VICL*, No. 21-1861, 2022 WL 2816798 (3d Cir. July 19, 2022).

> The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Courts have defined "good cause" to include "circumstances beyond the control" of a party. *See Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.,* No. 09-CV-236, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *see also Lord v. Consolidated Rail Corp.*, No. 13-784, 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotation marks omitted).

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S EMERGENCY MOTION TO EXTEND EXPERT DEADLINES**
Page 3

*Hoffman as Trustees of Hoffman & Janice E. Hoffman Revocable Tr. u/a/d Nov. 15, 2019 v. Hammerhead Constr. LLC*, No. 321CV00046RAMEAH, 2023 WL 5346071, at *4 (D.V.I. Aug. 21, 2023).

Plaintiff did not receive the expert report of Mr. Mahr until Thursday August 7, 2025 and her counsel was unable to open it until the afternoon of August 8, 2025 due to the limited wifi and cellular service and wild fires in Colorado. As such, Plaintiff requests a brief extension of time to file that report. The extension will not delay or prejudice this case in any way, as no trial date has been set.

**Wherefore**, Plaintiff respectfully requests the Court grant her motion for extension of time to allow her to file Mr. Mahr's report on or before August 15, 2025.

                                                        RESPECTFULLY SUBMITTED
                                                        LEE J. ROHN AND ASSOCIATES, LLC
                                                        Attorneys for Plaintiff

DATED:  August 8, 2025          BY:   /s/ *Lee J. Rohn*
                                                        Lee J. Rohn, Esq.
                                                        VI Bar No. 52
                                                        1108 King Street, Suite 3 (mailing)
                                                        56 King Street, Third Floor (physical)
                                                        Christiansted, St. Croix
                                                        U.S. Virgin Islands 00820
                                                        Telephone: (340) 778-8855
                                                        Lee@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S EMERGENCY MOTION TO EXTEND EXPERT DEADLINES**
Page 4

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on August 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel of record.

BY: /s/ *Lee J. Rohn* (al)

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>　　　　　Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## ORDER

THIS MATTER having come before the Court on Plaintiff's **MOTION TO EXTEND EXPERT DEADLINES** dated August 8, 2025 and the Court having been advised in its premises, it is;

　　ORDERED that Plaintiff's Motion is GRANTED, and further;

　　ORDERED that Plaintiff shall file Mr. Mahr's report on or before August 15, 2025.

　　SO ORDERED this _____ day of _____ 2025.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Emile A. Henderson III
　　　　　　　　　　　　　　　　　　　　　　　Judge of the Superior Court