IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>    Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>    Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

### <u>PLAINTIFF'S MOTION TO RECONSIDER ORDER DATED AUGUST 9, 2025</u>

**COMES NOW** Plaintiff by and through undersigned counsel and respectfully moves this Honorable Court to reconsider its Order dated August 9, 2025 granting in part and denying in part Plaintiff's Motion to Extend Expert Deadlines.

Local Rule 7.3 provides:

> District Court Rules Civ. Proc., Rule 7.3.
> MOTIONS FOR RECONSIDERATION
>
> (a) A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on:
>
>   (1) an intervening change in controlling law;
>
>   (2) the availability of new evidence, or;
>
>   (3) the need to correct clear error or prevent manifest injustice.
>
> (b) A motion for reconsideration shall state whether it is based upon LRCi 7.3(a)(1), (2) or (3) and shall concisely identify, without argument, the relevant change in controlling law, the new evidence, or the clear error (as applicable). Any argument related to the motion shall be included in the separate memorandum required under LRCi 7.1(c)(1).
>
> (c) A motion for reconsideration shall include the following certification by counsel: "I express a belief, based on a reasoned and studied professional judgment, that the grounds for reconsideration set forth above are present in this case."
>
> (d) *Pro se* litigants need only comply with subsections (a) and (b).



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO RECONSIDER**
Page 2

Plaintiff needs more time for her expert report to correct clear error and to prevent manifest injustice, pursuant to local Rule 7.3(a)(3). The Court should be aware of that the amount of documents, photographs, and videos that have been produced in this case is enormous. This case consists of bates stamped nos. LBT1-1214; PHRT-Wooten1-36, plus 437 photographs, WIPL1-1928, NW 1- 3910, over 30 spreadsheets of air monitoring data, 80 videos related to the incident, responses to written discovery, and multiple depositions that the expert needs to review. The Plaintiff's expert for which Plaintiff seeks additional time for the report was provided with approximately 5 GB of data to review. Even for the most experienced and seasoned experts, this is an extremely large amount of data to review. The draft that was provided to Plaintiff's counsel on August 7, 2025, contained a summary of the documents reviewed, but many of the documents were not able to be timely reviewed and needed to be further reviewed. As such, Plaintiff's expert could not provide a draft report until August 7, 2025.

On August 8, 2025, Plaintiff timely moved for a five-day extension of her expert disclosure deadline, from August 8, 2025, to August 15, 2025, due to extraordinary and unforeseeable circumstances that Plaintiff's counsel could not control—wildfires in Colorado. Plaintiff's counsel is currently traveling to Alaska, where she will be on a boat without cell service, except very intermittently and she needs until August 18, 2025 to have a change to have service to fully review the report for errors.

The case has no trial date and no status conference scheduled. There is ample time between now and November 20, 2025, when expert depositions need to be completed. To deny Plaintiff the opportunity to provide a comprehensive expert report

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO RECONSIDER**
Page 3

when no trial date is imminent and there is no prejudice to any Defendant would be unfair. Further, counsel for Plaintiff has been assured that a **Monday, August 18, 2025** deadline can be met. Additionally, the three remaining expert reports were timely produced on **Friday, August 8, 2025**.

The delay in accessing the report was caused by emergency circumstances wholly outside of counsel's control, satisfying the diligence requirement of Rule 16(b)(4) and the equitable factors under Rule 6(b)(1)(B). Courts routinely grant such relief in comparable situations involving sudden emergencies or natural disasters.

Absent reconsideration, Plaintiff will be deprived of the ability to submit a critical correct and thorough expert report through no fault of her own, impairing her ability to fully present her case on the merits. Modification of the expert deadline will prevent manifest injustice from occurring in this case. Wherefore, Plaintiff respectfully requests the Court grant her request for a brief extension until **Monday August 18, 2025** to submit the expert report.

Counsel for Plaintiff emailed the parties at 1:09 p.m. on August 11, 2025 to request consent to file the motion. Only Attorney Simpson responded that he does not consent. No other responses were received.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO RECONSIDER**
Page 4

                          RESPECTFULLY SUBMITTED
                          LEE J. ROHN AND ASSOCIATES, LLC
                          Attorneys for Plaintiff

DATED: August 11, 2025        BY:   /s/ *Lee J. Rohn*
                                        Lee J. Rohn, Esq.
                                        VI Bar No. 52
                                        1108 King Street, Suite 3 (mailing)
                                        56 King Street, Third Floor (physical)
                                        Christiansted, St. Croix
                                        U.S. Virgin Islands 00820
                                        Telephone: (340) 778-8855
                                        lee@rohnlaw.com

## **CERTIFICATE OF SERVICE**

     **THIS IS TO CERTIFY** that on August 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

all counsel of record.

                                        BY:   /s/ *Lee J. Rohn*    (al)