# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **NICOLE WOOTEN,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS,**<br>**PORT HAMILTON REFINING &**<br>**& TRANSPORTATION,**<br>**WEST INDIES PETROLEUM LTD.,**<br><br>　　　　　**Defendants.**<br>_____ | 1:23-cv-00012-WAL-EAH |

**TO:**　Lee J. Rohn, Esq.
　　　　Robin P. Seila, Esq.
　　　　Donnie Marcel King, Esq.
　　　　Andrew C. Simpson, Esq.
　　　　Ryan C. Stutzman, Esq.
　　　　Charles E. Lockwood, Esq.

## ORDER

**THIS MATTER** comes before the Court on the Motion to Reconsider Order Dated August 9, 2025, filed by Plaintiff Nicole Wooten on Monday, August 11, 2025. Dt. No. 183. In the motion, Wooten asks the Court to reconsider its August 9, 2025 Order that granted in part and denied in part her motion for an extension of time to extend expert deadlines. *Id.* For the reasons that follow, the Court will deny the motion.

On Friday, August 8, 2025 at 9:01 p.m., Wooten filed her initial Motion to Extend Expert Deadlines. Dkt. No. 181. She noted the deadline for Plaintiff to submit expert reports was August 8, 2025, *see* Dkt. No. 126, and asked for *five* additional days, to *August 15, 2025* (which is an extension of *seven* days) so that she could "review the expert report of Daniel

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 2

Mahr because [Wooten's] counsel was currently located in an area with limited service and that has also been impacted by wildfires." *Id.* She further explained that because of limited service, counsel was unable to access her email until Friday afternoon (August 8). *Id*. Counsel requested an extension from the Defendants but only counsel for WIPL responded and agreed to the proposed brief extension. *Id*. Wooten adds that she did not receive the expert report until Thursday, August 7, 2025 and counsel was unable to open it until the afternoon of August 8, 2025 due to limited wi-fi and cellular service. The extension would not delay or prejudice the case in any way. *Id.*

On Saturday, August 9, 2025, the Court entered a text order that granted in part Plaintiff's motion to extend the deadline, but denied it in part to the extent that Wooten requested to file the report on August 15, 2025. Dkt. No. 182. The Court noted that "Plaintiff provided no reason why she needed an additional week to file the report, or why the expert provided the report on August 7, 2025, the day before the deadline." *Id*. The Court extended the deadline to Tuesday, August 12, 2025 for Plaintiff to file the expert report. *Id.*

On Monday, August 11, 2025, at 4:45 p.m., Plaintiff filed the instant Motion to Reconsider Order Dated August 9, 2025. Dkt. No. 183. Wooten states that she "needs more time for her expert report to correct clear error and to prevent manifest injustice, pursuant to Local Rule 7.3(a)(3)." *Id.* She describes the "enormous" amount of documents, photographs, and videos that have been produced in this case, as well as multiple depositions that the expert needed to review. *Id.* The expert at issue was provided with 5GB of data to

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 3

review. The draft of the expert report provided to Plaintiff's counsel on August 7, 2025 "contained a summary of the documents reviewed, but many of the documents were not able to be timely reviewed and needed to be further reviewed." *Id*. Plaintiff recounts that, on August 8, 2025, she timely moved for a "five-day" extension—to August 15—due to the extraordinary and unforeseeable circumstances that Plaintiff's counsel could not control—wildfires in Colorado (where counsel was then located). *Id.* Counsel is now traveling to Alaska, where she will be on a boat without cell service (except intermittently) and she now needs until August 18, 2025 to have service so she can fully review the report for errors. *Id.* The delay in accessing the report satisfies the diligence requirement of Rule 16(b)(4) and the equitable factors under Rule 6(b)(1)(B). *Id.*

Plaintiff adds that no trial date or status conference has been scheduled, and there is ample time between now and November 20, 2025 when expert depositions need to be completed; to deny Plaintiff the opportunity to provide a comprehensive expert report when no trial is scheduled and there is no prejudice to any defendant would be unfair. *Id.* Counsel has been "assured that a Monday, August 18, 2025 deadline can be met." *Id*.

Counsel emailed the parties at 1:09 p.m. on August 11, 2025 to request consent to the motion. Only Attorney Simpson responded that he did not consent; no other responses were received.

## DISCUSSION

### I.    Motions for Reconsideration

Pursuant to Local Rule of Civil Procedure 7.3, a motion for reconsideration "shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." LRCi 7.3(a). Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, No. 3:19-cr-0069, 2022 WL 2157111, at *3 (D.V.I. June 15, 2022). With regard to the correcting clear error or preventing manifest injustice prong,

> clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3, 2007 WL 2533894 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).
>
> Reconsideration is an extraordinary remedy and "should be granted sparingly" in accordance with its "stringent" standard. *Chesapeake Appalachia, L.L.C. v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014), *aff'd sub nom. Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016) (citation omitted); *see Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

*Simon v. Mullgrav*, No. CV 2017-0007, 2021 WL 4005585, at *3 (D.V.I. Sept. 1, 2021).

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 5

## II. Analysis

Other than invoking the ground that reconsideration can be granted to correct clear error or to prevent manifest injustice, Dkt. No. 183 at 2, Wooten does not explain how the Court's August 9, 2025 Order constituted clear error or manifest injustice. She claims that not permitting the extension to file her expert report would be "unfair," particularly since no trial date has been set and no party would be prejudiced, but those arguments do not equate to manifest injustice. She does not explain why the expert submitted the report to counsel the day before the expert deadline, or why counsel needed an additional week to review the report. If Plaintiff's counsel was traveling and encountered a confluence of unfortunate events occurring at the deadline, which the Court considered in addressing the initial Motion for an Extension, that also does not equate to manifest injustice. *See Royzenshteyn v. Onyx Enters. Canada, Inc.,* No. 22-cv-7514, 2025 WL 73218, at *2 (D.N.J. Jan. 10, 2025) ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.").

On the one hand, it appears to the Court that Wooten is seeking reconsideration as a "vehicle for registering disagreement with the court's initial decision," *Matthias*, 2022 WL 2157111, at *3, because the Court did not grant her the full amount of time she sought (which was a week, not five days). But on the other hand, Wooten is seeking entirely new relief that she did not seek in her original motion: she now seeks a further extension of the expert deadline to Monday, August 18, 2025 from her originally requested deadline of August 15,

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 6

2025. In sum, Plaintiff has not carried her burden for the Court to grant reconsideration, a sparingly-exercised extraordinary remedy.

Accordingly, for the reasons cited above, it is hereby **ORDERED** that Plaintiff's Motion to Reconsider Order Dated August 9, 2025, Dkt. No. 183, is **DENIED**.

ENTER:

Dated: August 11, 2025          /s/ Emile A. Henderson III
                                EMILE A. HENDERSON III
                                U.S. MAGISTRATE JUDGE