# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN, | CIVIL NO. 1:23-CV-00012 |
| Plaintiff, | |
| v. | ACTION FOR DAMAGES |
| LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD., | JURY TRIAL DEMANDED |
| Defendants. | |

### TOTAL SAFETY'S REPLY TO PLAINTIFF'S RESPONSE TO OBJECTION TO SUBPOENA DUCES TECUM

**COMES NOW** non-party Total Safety Virgin Islands, LLC ("Total Safety") through undersigned counsel DUDLEY NEWMAN FEUERZEIG, LLP, Charles E. Lockwood, Esq. and Gregg R. Kronenberger, Esq., and files its reply to Plaintiff's Response to Total Safety's Objection to Subpoena Duces Tecum. In support of its Objection to Subpoena Duces Tecum, Total Safety states as follows:

### FACTS

1. On April 8, 2025, the Court entered an Order and Amended Scheduling Order [ECF 126] extending the discovery deadline in this case to May 27, 2025.[1]

2. On June 5, the Plaintiff sent to undersigned counsel an Amended Notice of Deposition for Mark Johansen, an employee of Total Safety, scheduling Mr. Johansen's deposition

---

[1] Hereafter all dates are in 2025 unless otherwise indicated.

Case: 1:23-cv-00012-WAL-EAH    Document #: 189    Filed: 08/27/25    Page 2 of 7

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Reply to Plaintiff's Response to Total Safety's Objection to Subpoena Duces Tecum
Page 2 of 7

for June 19. The notice was not filed with the Court.

3. On June 30, the Plaintiff filed a notice of intent to serve subpoena duces tecum [ECF 167]. Attached as an exhibit to the notice was a copy of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated June 30 and directed to Total Safety (hereafter, the "June 30 Subpoena") [ECF 167-1]. The June 30 Subpoena was addressed to Dudley Newman Feuerzeig, LLP as the Resident Agent for Total Safety,[2] and required Total Safety to comply by July 21 at 5:00 p.m.

4. After accommodation was made for the calendars of counsel, the deposition of Mark Johansen was conducted on July 9. The deposition was conducted in person on St. Croix.

5. At that time, counsel for Total Safety was unaware that the discovery deadline had already passed.

6. On July 10, Total Safety was served with a Subpoena Duces Tecum dated June 30th.

7. On July 14, the Plaintiff filed another notice of intent to serve subpoena [ECF 170]. Attached to the notice was another Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated July 14 and directed to Total Safety (hereafter, the "July 14 Subpoena"). The July 14 Subpoena was also addressed to Dudley Newman Feuerzeig, LLP as the Resident Agent for Total Safety, and required Total Safety to comply by July 29 at 5:00 p.m.

8. On or about July 22, Total Safety objected the subpoenas.

---

[2] According to Total Safety's filings with the Lieutenant Governor's Office, Total Safety's resident agent is DNF Agent for Service of Process Inc. with an address of 1000 Frederiksberg Gade on St. Thomas (Dudley Newman Feuerzeig's St. Thomas office).

Case: 1:23-cv-00012-WAL-EAH   Document #: 189   Filed: 08/27/25   Page 3 of 7

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Reply to Plaintiff's Response to Total Safety's Objection to Subpoena Duces Tecum
Page 3 of 7

## LAW AND ARGUMENT

FED. R. CIV. P. 45(d) governs subpoenas to non-parties. Rule 45(d) provides protection against undue burden or expenses, and permits the court to quash or modify a subpoena that exceeds the scope of discovery or imposes an unreasonable demand. Specifically, Rule 45(d) provides:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
>
> > (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
> > (2) *Command to Produce Materials or Permit Inspection.*
> > > (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
> > > (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
> > > > (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
> > > > (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
> > (3) *Quashing or Modifying a Subpoena.*
> > > (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> > > > (i) fails to allow a reasonable time to comply;
> > > > (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> > > > (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

Case: 1:23-cv-00012-WAL-EAH   Document #: 189   Filed: 08/27/25   Page 4 of 7

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Reply to Plaintiff's Response to Total Safety's Objection to Subpoena Duces Tecum
Page 4 of 7

>    (iv) subjects a person to undue burden.
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
> (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
>    (ii) ensures that the subpoenaed person will be reasonably compensated.

This Court has held that Rule 45 subpoenas are subject to the same scheduling order deadlines as other forms of discovery. *Galloway v. Islands Mech. Contractor, Inc.*, Civil Action No. 2008-071, 2013 U.S. Dist. LEXIS 5232, at *6 (D.V.I. Jan. 14, 2013). A subpoena served on a third party after the discovery deadline was therefore properly quashed. *Id*., at *12.

A party seeking to conduct discovery after the deadline has passed must first seek to modify the scheduling order by demonstrating good cause under FED. R. CIV. P. 16. *Joseph v. Pricesmart LLC*, No. ST-15-CV-62, 2016 WL 852095, at *2 (V.I. Super. Feb. 29, 2016); (citing *Fabery v. Mid-South Ob-Gyn, PLLC*, 2008 U.S. Dist. LEXIS 39679,*3-7, 2000 WL 35641544 (W.D. Tenn. May 15, 2008)).

1. **The Subpoenas are untimely**

Both the June 30 Subpoena and the July 14 Subpoena (collectively the "Subpoenas") were served after the May 27 discovery deadline. Under the reasoning of *Galloway*, the Court should quash the Subpoenas for that reason alone. Further, Plaintiff failed to show good cause to modify the scheduling order prior to serving the subpoenas upon Total Safety.

2. **Total Safety's counsel was unaware that the discovery deadline had expired.**

Case: 1:23-cv-00012-WAL-EAH    Document #: 189    Filed: 08/27/25    Page 5 of 7

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Reply to Plaintiff's Response to Total Safety's Objection to Subpoena Duces Tecum
Page 5 of 7

In their Response, Plaintiff contends that counsel for Total Safety agreed to produce the requested documents at the deposition of Mark Johansen. However, at the time of Mr. Johansen's deposition, counsel for Total Safety was unaware that the discovery deadline already expired. Depositions are ordinarily conducted within the discovery period, and it was therefore reasonable for counsel to believe that discovery remained open. Regardless, any purported agreement made at deposition cannot override the Court's Scheduling Order. Once the discovery deadline has passed, absent leave of Court or a stipulation approved by the Court, parties are not permitted to propound additional discovery. Plaintiff failed to timely issue a subpoena for the documents or move for an extension of the discovery deadline, and they should not now be permitted to circumvent the Court's scheduling order through a post-deadline subpoena.

### 3. The Subpoenas impose an undue burden

As Rule 45(d)(1) states, parties have an obligation to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. At least one Virgin Islands court has noted that some federal courts have "afforded non-parties greater protection from discovery than a normal party." *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.,* No. ST-2014-CV-513, 2016 WL 7107879, at *2, 2016 V.I. LEXIS 195, at *4 and n.2 (Super. Ct. Nov. 30, 2016) (citing *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990) ("the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery"); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nov. 1986) ("The rule is … well established that nonparties to litigation enjoy greater protection from discovery than normal parties"); and *Tetratec Corp. v. E.I. DuPont De Nemours & Co., Inc.*, 1992 U.S. Dist. LEXIS 12101, at *1 (E.D. Pa. Aug. 12, 1992) ("[It is] well established that non-parties to litigation enjoy greater protection from discovery than normal parties")).

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Reply to Plaintiff's Response to Total Safety's Objection to Subpoena Duces Tecum
Page 6 of 7

Total Safety has already worked with counsel for the Plaintiff to provide Mr. Johansen for deposition once, on July 9th. That required Total Safety to incur expenses preparing the witness for the deposition and representing the company at the deposition, as well as Mr. Johansen's time away from his job duties. Now the Plaintiff seeks the production of several categories of documents that will require additional time and expense to compile. Total Safety has already been burdened by this proceeding by producing Mr. Johansen after the discovery deadline. Responding to the Subpoenas would pose additional undue burdens.

Nevertheless, Total Safety has offered, in good faith, to investigate the limited information that the Plaintiff claims she needs, provided that Plaintiff withdraws the subpoenas and agrees not to pursue a Rule 30(b)(6) deposition of Total Safety. Despite this reasonable proposal, Plaintiff's counsel has been unable to confirm whether Plaintiff will agree to such terms. Accordingly, and absent an agreement, Total Safety objects to the subpoenas issued by Plaintiff.

Respectfully Submitted,

DUDLEY NEWMAN FEUERZEIG, LLP

Dated: August 26, 2025

By: */s/ Charles E. Lockwood*
CHARLES E. LOCKWOOD
VI Bar No. 1112
GREGG R. KRONENBERGER, ESQ.
VI Bar No. 1230
*Attorneys For Total Safety*
1131 King Street, Suite 204
Christiansted, VI 00820-4971
clockwood@dnfvi.com
gkronenberger@dnfvi.com

*Wooten v. LBT, et al*, Case No. 1:23-CV-00012
Total Safety's Reply to Plaintiff's Response to Total Safety's Objection to Subpoena Duces Tecum
Page 7 of 7

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26 day of August 2025, I caused a true and correct copy of the foregoing **Total Safety's Reply to Plaintiff's Response to Objection to Subpoena Duces Tecum** to be filed with the CM/ECF system, which will send an electronic notice of service to all counsel of record including:

Donnie M. King, Esq.
Eric D. Coleman, Esq.
Reginald E. Janvier, Esq.
AKERMAN LLP
201 East Los Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
donnie.king@akerman.com
eric.coleman@akerman.com
reginald.janvier@akerman.com
*Attorneys for Defendant Ocean Point Terminals f/k/a Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals*

Andrew C. Simpson, Esq.
LAW OFFICES OF ANDREW SIMPSON
2191 Church Street, Suite 5
Christiansted, VI 00820
asimpson@coralbrief.com
*Attorney for Defendant Port Hamilton Refining and Transportation*

Ryan C. Stutzman Esq.
CSA ASSOCIATES, PC
1138 King Street
Suite 100
Christiansted, VI 00820
rstutzman@saastx.vi
*Attorney for Defendant West Indies Petroleum, Ltd*.

Lee J. Rohn, Esq.
Robin P. Seila, Esq.
LEE J. ROHN AND ASSOCIATES LLC
1108 King Street, Third Floor
Christiansted, St. Croix
U.S. Virgin Islands 00820
lee@rohnlaw.com
info@rohnlaw.com
robin@rohnlaw.com
*Attorneys for Plaintiff*

/s/*Charles E. Lockwood, Esq.*