DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

NICOLE WOOTEN,

        Plaintiff,

  v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
& TRANSPORTATION,
WEST INDIES PETROLEUM LTD.,

        Defendants.
_____

1:23-cv-00012-WAL-EAH

TO:    Lee J. Rohn, Esq.
        Robin P. Seila, Esq.
        Donnie Marcel King, Esq.
        Andrew C. Simpson, Esq.
        Ryan C. Stutzman, Esq.
        Charles E. Lockwood, Esq.
        Gregg R. Kronenberger, Esq.
        Alisha Udhwani, Esq.

## ORDER

**THIS MATTER** comes before the Court on the Motion to Quash Subpoenas and Notice of Deposition, filed on July 25, 2025 by non-party Total Safety Virgin Islands, LLC ("Total Safety") pursuant to Fed. R. Civ. P. 45(d)(3) and LRCi 30.1(a). Dkt. No. 173. In the motion, Total Safety argues that two subpoenas (notices of intent to file were dated June 30, 2025 and July 14, 2025) were served by Plaintiff after the May 27, 2025 discovery deadline in this case, impose an undue burden, and should be quashed. In addition, the Rule 30(b)(6) notice, served on July 21, 2025—less than 14 days before the August 1, 2025 deposition—failed to provide reasonable notice and should be quashed as well. *Id.* Plaintiff filed an opposition,

Dkt. No. 178; Total Safety did not timely file a reply. For the reasons that follow, the Court grants in part and denies in part the Motion to Quash.

## PROCEDURAL BACKGROUND

### I.     Total Safety's Motion to Quash

In its Motion to Quash, Total Safety explains the facts and procedural history that led to the Rule 45 subpoenas and deposition notice. Dkt. No. 173. The company provided safety equipment, including air monitoring equipment, to Limetree Bay Refining in August 2022 when the events in this case allegedly occurred. From 2022 to the present, Total Safety maintained a minimal presence—one employee, Mark Johansen—on St. Croix, and he was in charge of that equipment. *Id.* at 1.

On April 8, 2025, the Court entered an Order and Amended Scheduling Order, Dkt. No. 126, that extended the April 11, 2025 discovery deadline only for fact witness depositions to May 27, 2025. Dkt. No. 126. On June 5, 2025, Wooten sent counsel for Total Safety an Amended Notice of Deposition for Mark Johansen, scheduling the deposition for June 19; that notice was not filed with the Court. Dkt. No. 173-1.

On June 30, Wooten filed a notice of intent to serve subpoena duces tecum (the "June 30 Subpoena"). Dkt. No. 167. Attached to the notice was a subpoena for Total Safety to

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 3

produce documents, directing Total Safety's resident agent (the law firm of Dudley Newman Feuerzeig, LLP) to comply by July 21, 2025.[1] Dkt. No. 167-1.

Mr. Johansen's deposition was eventually conducted on July 9, 2025 in person on St. Croix. Dkt. No. 173 at 2. The next day, July 10th, a process server delivered the June 30 subpoena to an attorney at Dudley Newman Feuerzeig's offices. Dkt. No. 173 at 2. On July 21, 2025, Total Safety's counsel sent Wooten's counsel objections to the June 30, 2025 subpoena, asserting that the subpoena was served after the discovery deadline, was overly broad and unduly burdensome. Dkt. No. 173-3.

On July 14, 2025, Wooten filed another notice of intent to serve subpoena (the "July 14 Subpoena"). Dkt. No. 170. It sought fourteen categories of documents and records from Total Safety. Dkt. No. 170 at 6-8. It was addressed to Dudley Newman Feuerzeig and required compliance by July 29, 2025. *Id*. On July 24, a process server unsuccessfully tried to deliver a copy of the July 14 subpoena to Attorney Newman at Dudley Newman Feuerzeig's St. Croix office. On July 25, 2025, Total Safety served Wooten's counsel with objections to the July 14 subpoena, asserting that it had not been served with the subpoena, it was untimely, failed to allow a reasonable time to comply, and was overly broad and unduly burdensome. Dkt. No. 173 at 3, Dkt. No. 173-4.

---

[1] The Subpoena requested "[a]ll documents related to the incident of smoldering coke on or about July and August through December 2022, including but limited [sic] to emails, texts, notes, meeting minutes, memorandums, contracts related to the work being done, all records related to air quality monitoring, all instructions/directives related to air quality monitoring, and the complete billing record for the work done at the incident." Dkt. No. 167-1 at 4-5.

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 4

On July 21, Wooten's counsel sent Total Safety's counsel a Notice of 30(b)(6) deposition, setting the deposition for August 1, 2025; the notice was not filed with the Court. Dkt. No. 173-2. By the date that Total Safety filed the Motion to Quash, Wooten had not subpoenaed Total Safety to appear for the Rule 30(b)(6) deposition nor had it filed a notice of intent to serve such a subpoena. Dkt. No. 173 at 3.

Total Safety argues that because the June 30 and July 14 Subpoenas were served after the May 27, 2025 discovery deadline, and because Rule 45 subpoenas are subject to the same scheduling order deadlines as other forms of discovery, they are untimely and should be quashed. Dkt. No. 173 at 4, 5. Secondly, they impose an undue burden because Total Safety already worked with Wooten's counsel to provide Mr. Johansen for deposition once, which required incurring expenses to prepare the witness and represent him, which took Mr. Johansen away from his job duties. *Id.* at 5. Now, Wooten seeks production of several categories of documents that will require additional time and expense to compile. Total Safety has already been burdened by producing Mr. Johansen after the discovery deadline, and responding to the subpoena would pose additional undue burdens. *Id.* at 5-6. Further, serving the Rule 30(b)(6) notice on July 21, less than 14 days before the August 1 deposition date, does not constitute a reasonable time pursuant to Rule 30(b)(1) and LRCi 30.1(a) and the subpoena should be quashed. *Id.* at 6. Total Safety asks the Court to exercise its authority under Rule 45(d)(1) to award it payment of expenses, including attorney's fees incurred if

Wooten does not voluntarily withdraw her subpoenas and Notice of Rule 30(b)(6) deposition.[2] *Id.*

## II. Wooten's Response

On August 8, 2025, Wooten served her response to Total Safety's objection to the subpoenas. Dkt. No. 178. Wooten provides a number of pages from Mr. Johansen's deposition, during which the following exchanges took place:

- In response to Plaintiff's counsel's inquiry about Total Safety's website where Plaintiff could find the full list of rental monitors that the company had available, Mr. Johansen stated that the Total Safety manager, Jerry Crawford could provide that list to counsel, after which Total Safety's counsel added "But you could reach out to counsel. Once we get a subpoena, we can provide whatever you need." Dkt. No. 178 at 2.

- In response to Plaintiff's counsel's inquiry about videos of the incident at issue and a request that Mr. Johansen provide them to his counsel, Total Safety's counsel stated "With a subpoena, we can produce it." *Id.* at 4.

- In response to Plaintiff's counsel's inquiry about photographs of the incident, Plaintiff's counsel asked Mr. Johansen to provide them to his counsel. *Id*.

---

[2] The Court will not address Total Safety's two-sentence request for attorney's fees. Dkt. No. 173 at 6.

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 6

Wooten observes that Total Safety was served with the subpoena on July 10, and "third party discovery is routinely sought after the close of party discovery, as has been customary in this case, see ECF Nos. 149, 155."[3] *Id.* at 5. The information sought is relevant, as the documents and video evidence are related to the incident that gave rise to the complaint, have a direct bearing on liability and/or damages, and the subpoena was issued diligently and reasonably. *Id.* at 5-6. Additional requests for documents were "narrowly tailored to seek only those documents that relate directly to safety protocols, procedures, inspections or reports involving the premises where Plaintiff's injuries occurred and information exclusively within Total Safety's possession and not otherwise obtainable" which are "crucial to the issues of duty, breach, and causation." *Id.* at 6. The timing of the subpoena does not amount to prejudice, especially as "the requested documents are maintained in the ordinary course of business and do not require intrusive discovery methods." *Id.* Further, the documents are necessary for expert reports which is why Plaintiff endeavored to obtain the records in advance of the expert disclosure deadline. *Id.*

Total Safety filed a reply on August 26, 2025, Dkt. No. 188, and a corrected reply on August 27, 2025, Dkt. No. 189. These documents were untimely, as they were not filed seven days after Wooten filed her opposition on August 8, 2025, pursuant to LRCi 6.1(b)(5). Total

---

[3] These referenced documents are Notices of Intent to Serve Subpoenas for the Production of Documents on various third parties by Defendant Limetree Bay Terminals, Dkt. No. 149, 155. Those third parties filed no objections to the untimely subpoenas.

Safety did not file a motion seeking an extension of time to file its reply, *Drippe v. Tobelinski*, 604 F.3d 778, 783-84 (3d Cir. 2010), and therefore the Court will not consider it.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may seek discovery from a party or nonparty—commanding the production of books, documents, electronically stored information, or tangible items in that person's possession, custody, or control—by serving a subpoena under Federal Rule of Civil Procedure 45. A "Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Schmulovich v. 1161 Rt. 9 LLC*, No. 07-cv-597, 2007 WL 2362598, *2 (D.N.J. Aug. 15, 2007) (citation modified); *see also Gov't Emps. Ins. Co. v. Trnovski,* No. 16-cv-4662, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018) ("Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b)."). The regular discovery rules regarding relevance govern in the context of Rule 45, except that "the standards for non-party discovery require a stronger showing of relevance than for party discovery." *In re Domestic Drywall*, 330 F.R.D. at 340.

Rule 45(a)(1) provides the requirements for service of subpoenas. Rule 45(d)(3) sets out the rule for quashing or modifying a subpoena. It provides, in pertinent part:

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 8

> **(3)** *Quashing or Modifying a Subpoena*.
> **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> - **(i)** fails to allow a reasonable time to comply;
> - **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
> - **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> - **(iv)** subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). Rule 45 confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. It is "well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion." *R.J. Reynolds Tobacco v. Philip Morris Inc.,* 29 F. App'x 880, 881 (3d Cir. 2002).

Rule 45 subpoenas are subject to the same discovery deadlines that apply to the parties in a case, *Galloway v. Islands Mech. Contractor, Inc.*, No. 08-cv-0171, 2013 WL 163985, at *5 (D.V.I. Jan. 14, 2013) (citing cases); *see also Beltz v. Univ. of Pittsburgh*, No. 2:19-CV-1572, 2022 WL 17851003, at *1 n.1 (W.D. Pa. Dec. 22, 2022) ("all fact discovery, including third-party discovery, must be completed within the discovery deadline set by the Court. 9 Moore's Federal Practice - Civil § 45.02 (2022) ("A Rule 45 subpoena may not be used to circumvent discovery rules or to make an untimely request for documents or tangible things that should have been requested during the discovery period.")); *Creghan v. Procura Mgmt., Inc.,* No. 14-cv-1847, 2015 WL 12819210, at *2 (E.D. Pa. June 22, 2015) ("Although Rule 45

allows a party to seek documents from a third party for the purposes of trial or a hearing, federal courts have by and large concluded such a subpoena is a discovery device subject to the Court's scheduling Order and have held that parties may not issue such subpoenas as a means to engage in discovery after the discovery deadline has passed") (citation modified); *Nicholas v. Wyndham Int'l, Inc.,* No. 01-cv-0147, 2003 WL 23198847, at *2 (D.V.I. Oct. 1, 2003) (Rule 45 subpoenas are discovery devices and are "governed by the temporal restraints" of a case's scheduling order). .

Following this case law, Local Rule 26.5 provides: "Discovery requests that call for responses or scheduled depositions after the discovery deadline will not be enforceable except by order of the Court for good cause shown." LRCi 26.5. The good cause inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57, 84 (3d Cir. 2010); *see also Joseph v. Hess Oil V.I. Corp.,* 651 F.3d 348, 355 (3d Cir. 2011) ("'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'") (quoting *Black's Law Dictionary* 251 (9th ed. 2009)).

A court can grant a motion to quash if a Rule 45 subpoena is untimely. *Galloway*, 2013 WL 163985, at *5-6.

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 10

## II. Application

### A. The June 30 and July 14, 2025 Subpoenas

At first blush, the resolution of this part of Total Safety's motion should be based on a straightforward application of Local Rule 26.5 and case law holding that Rule 45 subpoenas directed to non-parties, served after the discovery deadline, can be quashed as untimely. *See, e.g.* LRCi 26.5, *Galloway,* 2013 WL 163985, at *5.

Plaintiff filed a notice of intent to serve subpoena duces tecum on June 30, 2025, directing non-party Total Safety to produce documents, with a compliance date of July 21, 2025. While that notice was filed on the Court docket, Total Safety, as a non-party, did not receive it Total Safety received notice when the subpoena was served on its resident agent on July 10, 2025—the day after the July 9, 2025 deposition. Dkt. No. 167-1. Plaintiff provides no reason why the subpoena was served weeks after the notice was filed on the docket, eleven days before the deadline for production, and long after the deadline for document discovery had passed, or why she did not move for another extension of the discovery deadline. This does not manifest good cause, as Plaintiff did not show the requisite due diligence for the Court to enforce the subpoena. *Race Tires Am., Inc.,* 614 F.3d at 84. Matters of relevance of the requested documents or conclusory statements that the receiving party will not be prejudiced are inapposite to the good cause requirement. The subpoena—issued long after the April 11, 2025 deadline to produce written discovery—is untimely under LRCi

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 11

26.5 and case law set forth above, and will be quashed—except for the carve out described below. *See, e.g.*, *Galloway*, 2013 WL 163985, at *5-6.

Plaintiff's July 14, 2025 notice of intent to serve subpoena, directing Total Safety to produce documents, with a compliance date of July 29, 2025, was apparently not served at all on Total Safety's resident agent, as Plaintiff attached no proof of service (which she provided for the June 30 subpoena). Total Safety states that Plaintiff made an unsuccessful service attempt on July 24, 2025, a statement that Plaintiff did not contradict. Total Safety served Plaintiff's counsel with an objection to the subpoena on July 25, 2025 indicating, inter alia, that it had not been served with the subpoena. Dkt. No. 173-4. But here too, Plaintiff provided no good cause argument to provide grounds for the Court to enforce the subpoena, which was similarly untimely under the applicable Scheduling Order that set an April 11, 2025 deadline to produce written discovery. Further, Rule 45(b)(1), addressing service of a subpoena on a non-party, "requires delivering a copy to the named person," and "[a] majority of courts interpret 'delivering' [in Rule 45(b)(1)] to require personal service*.*" *Slaten v. Experian Information Solutions, Inc.*, No. 21-cv-9045, 2023 WL 6889026, at *1 (C.D. Cal. May 3, 2023) (citing cases). Thus, Plaintiff's failure to personally serve the agent renders the July 14 subpoena deficient, as well as untimely.

Plaintiff's arguments to enforce the subpoena are unavailing. Although she stated that "third party discovery is routinely *sought* after the close of party discovery," Dkt. No. 178 at 5 (emphasis added), whether it has been *permitted* is a totally different issue. Over a decade

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 12

ago, in *Galloway*, the District Judge quashed the plaintiff's untimely subpoenas—where the plaintiff was represented by the same counsel that represents Wooten here. The District Judge noted that the plaintiff had "disregarded the Court's scheduling order" when it set a subpoena deadline after discovery had closed and quashed the subpoenas. *Galloway,* 2013 WL 163985 at *5- 6.

Furthermore, while Plaintiff and Total Safety apparently agreed to a deposition of Mr. Johansen after the discovery deadline, Plaintiff provided no details about that agreement to show that Total Safety also agreed to produce any documents. Accordingly, the Court will grant in part the motion to quash the June 30, 2025 and July 14, 2025 subpoenas as untimely.

The Court will deny the motion in part to the extent that Total Safety's counsel specifically agreed to provide certain documents at Mr. Johansen's deposition: (1) the full list of rental monitors that the company had available; (2) videos of the incident; and (3) photographs of the incident.[4] Dkt. No. 178 at 2, 4. Because Total Safety agreed to provide

---

[4] The Court notes that Total Safety's counsel responded, in the context of providing the list of rental monitors from its website, that it could "provide whatever you need." Dkt. No. 178 at 2. The Court does not read that statement as an open-ended agreement to produce every document that Plaintiff might thereafter desire; the Court reads it in context as agreeing to provide only the requested list, and Plaintiff does not argue otherwise. And, although Plaintiff's counsel did not wait for a response from Total Safety's counsel to her request of Mr. Johansen that he provide photographs of the incident to Total Safety's counsel, the Court also reads that request in context with the agreement to provide the videos that Total Safety's counsel agreed to produce. *Id.* at 4. Plaintiff's counsel never asked Mr. Johansen or Total Safety's counsel to provide emails relating to the incident, although it was discussed during the deposition, so those documents are not encompassed within this Order. *Id.* at 5.

these documents, the Court concludes it waived objections to providing these specific documents and must provide them.

### B. The Rule 30(b)(6) Deposition Notice

On July 21, 2025, Plaintiff's counsel sent Total Safety's counsel a Notice of Rule 30(b)(6) Deposition that set a deposition date for August 1, 2025. Dkt. No. 173 at 3. This notice was not filed with the Court and, at the time Total Safety filed its Motion to Quash, the subpoena had not been served on Total Safety nor had a notice of intent to serve subpoena been filed.

Fed. R. Civ. P. 30(b)(1) provides that a party who wishes to depose a person must give "reasonable written notice" of the deposition. Fed. R. Civ. P. 30(b)(1). LRCi 30.1 provides that parties should "cooperate in the scheduling of depositions," and that reasonable written notice for such depositions, as provided in Fed. R. Civ. P. 30(b)(1) "shall be at least 14 days prior to deposition." LRCi 30.1. In addition, Rule 45(d)(3)(A)(i) provides that a court "must quash" a subpoena that "fails to allow a reasonable time to comply." Here, the notice of deposition was given on July 21, eleven days prior to the August 1, 2025 deposition. Pursuant to LRCi 30.1 and Rule 30(b)(1), Plaintiff did not provide "reasonable notice" of the deposition and, pursuant to Rule 45(d)(3)(A)(i), the subpoena "must" be quashed. Moreover, the subpoena was not served on Total Safety pursuant to Rule 45(b)(1), and the subpoena is deficient. *Slaten*, 2023 WL 6889026, at *1. Finally, the deposition was scheduled after the extended deadline for depositions set forth in the Amended Scheduling Order and was

*Wooten v. Limetree Bay Terminals*
1:23-cv-000124-WAL-EAH
Order
Page 14

untimely, providing yet another ground to quash the deposition notice. *Galloway,* 2013 WL 163985 at *5- 6.

## CONCLUSION

Accordingly, based on the discussion above, it is hereby **ORDERED:**

1. The Motion to Quash Subpoenas and Notice of Deposition, filed by non-party Total Safety Virgin Islands, LLC, Dkt. No. 173, is **DENIED IN PART AND GRANTED IN PART.**

2. The Motion is **DENIED** to the extent that Total Safety shall provide Plaintiff's counsel with (1) the full list of rental monitors that the company had available; (2) videos of the incident; and (3) photographs of the incident, as discussed at Mr. Johansen's deposition. *See* Dkt. No. 178 at 2, 4. Total Safety shall provide these documents to Plaintiff by **September 12, 2025**.

3. The Motion is **GRANTED** in all other respects.

ENTER:

Dated: August 28, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE