**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| NICOLE WOOTEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM LTD.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00012-WAL-EAH |

**JOINT MOTION FOR**
**EXTENSION OF TIME TO SERVE EXPERT REPORTS**

　　Defendants, Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals (hereinafter "Ocean Point"), and Port Hamilton Refining and Transportation ("Port Hamilton"), collectively "Defendants," by and through undersigned counsel, respectfully move this Court for a two-week extension of time to serve expert reports. In support of this Motion, Defendants state as follows::

　　1.　　On April 8, 2025, this Court entered an Amended Scheduling Order (Docket # 126) setting September 22, 2025, as the deadline for all Defendants' experts to be named and copies of their opinions served as provided in Fed. R. Civ. P. 26(a)(2).

　　2.　　Defendants seek a modest two-week extension of time, up to and including October 6, 2025, to serve their expert reports.

　　3.　　Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."

　　4.　　Good cause exists to extend the expert report deadline for the following reasons:

83094869;1

a. On September 2, 2025, Defendants conferred with Plaintiff's counsel regarding Plaintiff's availability to submit to an independent medical examination ("IME") by a pulmonologist and an interview by a vocational rehabilitation expert;

b. The IME was to be conducted by Defendants' retained expert pulmonologist in Coral Springs, Florida. Defendants also advised that they would pay Plaintiff's reasonable travel expenses related to the IME.

c. The next day, Plaintiff's counsel advised that Plaintiff was unwilling to travel outside of Atlanta to conduct the IME and ignored Defendants' request for dates for Plaintiff to be interviewed by Defendant's vocational rehabilitation expert;

d. As a result of Plaintiff's response regarding the IME, Defendants were required to expend additional time locating a qualified pulmonologist in the Atlanta, Georgia area, where Plaintiff resides, to conduct the IME on behalf of Defendants' expert pulmonologist;

e. After an Atlanta pulmonologist was identified, Defendants sought to schedule the IME on September 12, 2025. Plaintiff, Plaintiff advised that she was not available. Defendants later offered September 17, 2025, but Plaintiff has not replied.

f. Plaintiff's schedule does not leave sufficient time for the preparation of a thorough report by Defendants expert pulmonologist by Monday, September 22, 2025;

g. Further, Defendants' retained vocational rehabilitation expert, toxicologist, and damages expert, are awaiting the report of Defendants' expert pulmonologist in

2

order to finalize their respective reports. The vocational rehabilitation expert will rely on the pulmonologist expert opinion to determine the Plaintiffs functional limitations; the toxicologist will need to know the extent and permanence of Plaintiffs pulmonary injury to determine whether exposure levels plausibly caused the diagnosed condition; and the damages expert will rely on the vocational rehabilitation expert's opinion to understand the impact on Plaintiff's ability to work and calculate an opinion on economic loss.

i. The extension requested is brief and will not prejudice any party in this litigation;

j. The requested extension will not impact any other deadlines in this case;

k. This is Defendant's first request for an extension of this deadline; and

l. This request is made in good faith and not for purposes of delay.

5. Moreover, given that the Court previously granted an extension to Plaintiff on their expert discovery deadline, granting an extension on Defendants' deadline would not prejudice Plaintiff.

For the foregoing reasons, Defendants respectfully requests that this Court grant a two-week extension of time, up to and including October 6, 2025, for Defendants Ocean Point and Port Hamilton to serve their joint expert reports.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Counsel for Defendants have conferred with counsel for Plaintiff in a good faith attempt to resolve the issues raised herein, and counsel for Plaintiff has not stated a position on the motion.

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Extension of Time to Serve Expert Reports.

Dated:  September 12, 2025

**AKERMAN LLP**
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

By:  /s/ Donnie M. King
**Donnie M. King**
Virgin Islands No. 1237
donnie.king@akerman.com
tyresa.thompson@akerman.com
**Eric D. Coleman** (admitted *pro hac vice*)
eric.coleman@akerman.com
lauren.chang-williams@akerman.com
**Reginald E. Janvier** (admitted *pro hac vice*)
reginald.janvier@akerman.com
sharon.luesang@akerman.com

*Counsel for Defendant Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals*

Respectfully submitted,

**ANDREW C. SIMPSON P.C.**
2191 Church Street, Suite 5,
Christiansted, VI 00820
Telephone: (340) 719-3900

By: /s/Andrew C. Simpson
**Andrew C. Simpson**
Virgin Islands No. 451
asimpson@coralbrief.com

*Counsel for Defendant Port Hamilton Refining and Transportation, LLLP*

Case: 1:23-cv-00012-WAL-EAH     Document #: 194     Filed: 09/12/25     Page 5 of 5

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Court's electronic filing system on September 12, 2025 which will send a notice of electronic filing to all counsel of record.

>     */s/Donnie M. King*
>     Donnie M. King

83094869;1