**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| NICOLE WOOTEN,<br><br>        Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>        Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

### <u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO SERVE EXPERT REPORTS</u>

**COMES NOW** Plaintiff, by and through undersigned counsel, and files her Opposition to Defendant's Joint Motion for Extension of Time to Serve Expert Reports. In support of the Opposition, Plaintiff responds to Defendants' arguments sequentially:

1. In the Court's April 8, 2025 Order, the Court expressly stated: "Any extensions, changes, and/or modification of any dates or deadlines contained herein—except for the amended fact discovery deadline, as set forth above—shall be made only for good cause and only with the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4)." ECF No. 126, at 11, ¶14. Plaintiff submits that Defendants have shown a lack of due diligence by failing to secure expert witnesses with sufficient time to allow for Plaintiff's Independent Medical Examination and interview to take place with ample time prior to the deadline.

2. Defendants waited too long to secure expert witnesses, that their request for a



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S OPPOSITION TO JOINT MOTION FOR EXTENSION OF TIME TO SERVE EXPERTS**
Page 2

two week extension should be denied. Moreover, Plaintiff was only granted a four day extension for her expert reports. ECF No. 182.

3. Defendants have not shown good cause, pursuant to Fed. R. Civ. P. 16(b)(4). Plaintiff provided three expert reports—Dr. Wilkenfeld, Mr. Capeliano, and Dr. Wolfson's reports on August 8, 2025. Only Mr. Mahr's liability report was produced later, on August 12, 2025. Yet, Defendants waited until September 2, 2025, almost 30 days after Plaintiff produced her expert reports, and a mere 20 days before its expert deadline to request Plaintiff's availability for an IME, not in Georgia, but in Florida to take place, knowing that Plaintiff has been advised by her providers to limit her travel due to her condition. **Exhibit 1**. Defendants were well aware that Plaintiff's ability to travel is limited, and in fact, accommodated that limitation by conducting her in-person deposition in Atlanta, GA, instead of on St. Croix. Moreover, a simple Google of the doctor selected in Florida raised serious concerns, as expressed in Plaintiff's response to Defendants' request for dates. **Exhibit 2**.

Defendants do not provide any good cause for the delay from August 8, 2025 to September 2, 2025. Defendants do not provide any good cause for waiting until September 9, 2025 to locate a pulmonologist in Atlanta, Georgia As such, the Court cannot find that Defendants acted diligently in searching for a pulmonologist and other experts in a timely manner.

Further, when Defendants identified their pulmonologist, they notified Plaintiff on September 9, 2025, giving only Friday, September 12, 2025 as the

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S OPPOSITION TO JOINT MOTION FOR EXTENSION OF TIME TO SERVE EXPERTS**
Page 3

available date. **Exhibit 3**. This was very short notice, and Plaintiff's counsel responded right away to try to obtain Plaintiff's availability. *Id.*

Further, there is absolutely no good cause for not timely providing a toxicologist report. Plaintiff produced her report from Dr. Wilkenfeld on August 8, 2025. A toxicologist is a scientific specialist who studies the adverse effects of chemicals, pathogens, and other agents on living organisms, identifying potential threats to humans. Through research, lab work, and other studies, they analyze how substances and compounds impact health and safety and determine safe exposure levels. Their opinions are based on dosage, exposure, and scientific factors related to a substance and as to the danger that substance causes. As such, Defendnats have had the information to obtain a toxicologist since August 8, 2025 and simply made no effort to meet that deadline.

4. Good cause does not exist to extend the deadline, as Defendants have not shown that they acted diligently.

    a. Plaintiff attended the IME with the pulmonologist on September 17, 2025. **Exhibit 4**.

    b. Defendants have five days from Plaintiff's IME on September 17, 2025 to produce their expert reports. This time includes a weekend, which should allow for sufficient time.

    c. Defendants do not require a full two week extension for additional expert reports since they have had all of Plaintiff's expert reports since August

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S OPPOSITION TO JOINT MOTION FOR EXTENSION OF TIME TO SERVE EXPERTS**
Page 4

12, 2025—which is over one month ago.

  d. The extension requested is not brief, considering it will cut significantly into the time allocated for expert depositions. The expert deposition deadline is November 20, 2025, and it appears that at least six depositions will be taken. Scheduling six depositions in a limited period of time is difficult, and in this case will be even more difficult because they are expert deposition, which require additional coordination due to the experts' busy schedules and organizing advance payment.

  e. This is Defendants' first request for an extension of this deadline, but Defendants did not act diligently in securing experts sooner and their request should be denied.

  f. The request will delay this case, as it will affect the ability to conduct expert depositions by November 20, 2025.

5. Plaintiff requested only a 7 day extension to the time to file her expert report, and the Court only granted her a 5 day extension. Here, Defendants request of a two week extension is overly broad and will affect the following deadlines in this case, and as such it should be denied, or in the alternative shortened significantly. Moreover, Defendants have not shown any reason whatsoever to allow an extension of time for the production of the report of their toxicology expert.

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendants' motion for an extension of time to file their expert reports.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S OPPOSITION TO JOINT MOTION FOR EXTENSION OF TIME TO SERVE EXPERTS**
Page 5

                                                  RESPECTFULLY SUBMITTED
                                                  LEE J. ROHN AND ASSOCIATES, LLC
                                                  Attorneys for Plaintiff

DATED: September 19, 2025        BY:   /s/ *Lee J. Rohn*
                                                                 Lee J. Rohn, Esq.
                                                                   VI Bar No. 52
                                                                   1108 King Street, Suite 3 (mailing)
                                                                   56 King Street, Third Floor (physical)
                                                                   Christiansted, St. Croix
                                                                   U.S. Virgin Islands 00820
                                                                   Telephone: (340) 778-8855
                                                                   lee@rohnlaw.com

## **CERTIFICATE OF SERVICE**

     **THIS IS TO CERTIFY** that on September 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

    All counsel of record.

                                                                BY:   /s/ *Lee J. Rohn*    (dn)