**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **NICOLE WOOTEN,**<br><br>　　　　　　　　**Plaintiff,**<br>　　v.<br><br>**LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS,**<br>**PORT HAMILTON REFINING &**<br>**& TRANSPORTATION,**<br>**WEST INDIES PETROLEUM LTD.,**<br><br>　　　　　　　　**Defendants.**<br>_____ | 1:23-cv-00012-WAL-EAH |

**TO:**　　Lee J. Rohn, Esq.
　　　　　Robin P. Seila, Esq.
　　　　　Eric Coleman, Esq.
　　　　　Reginald E. Janvier, Esq.
　　　　　David Awoleke, Esq.
　　　　　Donnie Marcel King, Esq.
　　　　　Andrew C. Simpson, Esq.
　　　　　Ryan C. Stutzman, Esq.

**ORDER**

**THIS MATTER** comes before the Court on the Joint Motion for Extension of Time to Serve Expert Reports, filed on September 12, 2025 by Defendants Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point") and Port Hamilton Refining & Transportation ("PHRT"), collectively "Defendants." Dkt. No. 194. In the motion, the Defendants ask for a two-week extension of time to serve their expert reports. Plaintiff opposed the motion, Dkt. No. 199, and Defendants filed a reply, Dkt. No. 201. For the reasons that follow, the Court will grant the motion.

**BACKGROUND**

The Court entered an Amended Scheduling Order on April 8, 2025, setting, inter alia, an August 8, 2025 deadline for Plaintiff's experts to be named and copies of their opinions

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 2

served, and a September 22, 2025 deadline for Defendants' experts. Dkt. No. 126. In their motion, the Defendants assert that they conferred with Plaintiffs' counsel on September 2, 2025 regarding the Plaintiff's ability to submit to an independent medical examination ("IME") by a pulmonologist and an interview by a vocational rehabilitation expert. The IME was to be conducted in Florida; Defendants advised they would pay Plaintiff's reasonable travel expenses related to the IME. Dkt. No. 194 at 2. On September 3, 2025, Plaintiff's counsel advised that Plaintiff was unwilling to travel outside of Atlanta for the IME and "ignored" Defendants' requests for dates to be interviewed by the Defendants' vocational rehabilitation expert. *Id.* Defendants then had to spend additional time to locate a qualified pulmonologist in the Atlanta area to conduct the IME. Once a pulmonologist was identified, Defendants sought to schedule the IME on September 12, but Plaintiff advised she was not available. Defendants offered September 17, 2025 but Plaintiff has not replied. *Id.*

Given that the Plaintiff's schedule does not leave sufficient time for the preparation of a thorough report by Defendants' expert pulmonologist by their September 22, 2025 expert deadline, they seek a two-week extension of that deadline. In addition, Defendants' vocational rehabilitation expert, toxicologist, and damages expert are awaiting the pulmonologist report to finalize their respective reports. *Id.* at 2-3. The Defendants note that the Court previously granted an extension to Plaintiff on her expert discovery deadline, and therefore granting an extension to Defendants would not prejudice Plaintiff. *Id.* at 3. The Defendants conferred with Plaintiff, pursuant to LRCi 7.1(f), but Plaintiff did not state a position on the motion. *Id.*

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 3

On September 17, 2025, the Court issued an Order directing Plaintiff to file a notice or response to Defendants' Joint Motion by September 19, 2025. Dkt. No. 197.

In her opposition, Plaintiff argues that Defendants have shown a lack of diligence by failing to secure expert witnesses with sufficient time to allow for the IME to take place prior to the deadline. Dkt. No. 199 at 1. They waited until September 2, "almost 30 days after Plaintiff produced her expert reports and a mere 20 days before its expert deadline" to request Plaintiff's availability for an IME in Florida, not in Georgia where she lived. *Id.* at 2. Moreover, she has been advised by her providers to limit her travel due to her condition. *Id.* & Dkt. No. 199-1. Once Defendants identified a pulmonologist, they notified Plaintiff on September 9, 2025, giving only Friday, September 12, 2025 as the available date, which was very short notice. *Id.* at 2-3.

Wooten also contends that Defendants did not show good cause for not timely filing a toxicology report: she produced her report on August 8 and Defendants had information to obtain a toxicologist since that date but made no effort to meet that deadline. *Id.* at 3. In any event, Plaintiff attended the IME on September 17, 2025, and Defendants have five days to produce their expert reports, which should be sufficient time. They do not need two weeks. *Id.* Moreover, the requested extension would cut significantly into the time for expert depositions (a November 20 deadline). *Id.* at 4. Although this was Defendants' first request for an extension, they did not act diligently. *Id.* Plaintiff notes that she was granted only a five-day extension for her expert reports. *Id.*

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 4

In their reply, Defendants counter Plaintiff's assertion that they failed to act diligently to secure experts. Dkt. No. 201 at 1. They began the process as soon as Plaintiff served her expert reports on August 8 and 12, 2025; the suggestion that they idled until September 2, 2025 ignores the practical difficulties inherent in locating a pulmonologist willing to conduct an IME and other experts. *Id.* The process is not instantaneous in a case of this complexity. They acted reasonably by identifying a qualified pulmonologist in Florida and offering to pay the Plaintiff's travel expenses. When Plaintiff refused, they located a pulmonologist in Atlanta to accommodate her demands, trying to resolve issues cooperatively rather than through motion practice *Id*. at 2.

In addition, Plaintiff's argument that Defendants acted unreasonably in scheduling the IME in Florida knowing her inability to travel was limited misrepresents Plaintiff's own testimony. At her deposition, she stated her medical providers had told her not to travel to St. Croix because of her health but they did not place any restrictions on travel. *Id*. & Dkt. No. 204-1. When she refused the IME in Florida, Defendants accommodated her by finding an Atlanta pulmonologist*. Id.* Further, the compressed timeline necessitated a brief extension. The IME took place on September 17, despite Defendants' requests to complete it earlier. Plaintiff suggests that having Defendants serve an expert report five days after the IME, with two days falling on a weekend, trivializes the process: the extension arises from Plaintiff's refusal to attend the Florida IME and the time spent locating an Atlanta substitute. *Id.*

Plaintiff's position that Defendants should have already produced a toxicology report is mistaken; a toxicologist cannot provide a reliable causation analysis without relying on

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 5

the pulmonologist's conclusions about the extent and permanence of Plaintiff's pulmonary condition to determine if the alleged exposures caused that condition. *Id*. at 3. Similarly, the vocational rehabilitation specialist expert cannot opine on Plaintiff's functional capacity without the pulmonologist's medical conclusions, and the damages expert relies on the vocational expert's findings to assess economic loss. Requiring expert reports without the pulmonologist's foundational analysis would result in incomplete and potentially unreliable opinions. *Id*. Finally, Plaintiff's claims of prejudice are overstated, as the requested extension would not cut significantly into time available for depositions and delay the case, given that the expert deposition deadline is November 20, almost "two months" after the requested extension date of October 6, 2025. Given that Plaintiff was granted an extension of her expert deadlines, Defendants' request for a modest extension is consistent with parity and fairness. *Id.* at 4. Plaintiff seeks to hold Defendants to a rigid standard divorced from the practicalities of expert retention and medical examinations; and the extension request is narrowly tailored, is their first such request, and satisfies Rule 16(b)(4). *Id.*

## DISCUSSION

### A. Rule 16(b)(4) Standard

Where a scheduling order is in place, that order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(a)(4). *See Unlimited Holdings, Inc. v Bertram Yacht, Inc.*, No. 05-cv-0046, 2008 WL 4642191, at * 7 (D.V.I. Oct. 15, 2008) (court scheduling orders are not "mere suggestions"). The good cause inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.,* 614 F.3d 57,

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 6

84 (3d Cir. 2010); *see also Joseph v. Hess Oil V.I. Corp.,* 651 F.3d 348, 355 (3d Cir. 2011) ("'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'") (quoting *Black's Law Dictionary* 251 (9th ed. 2009)); *Faiella v. Sunbelt Rentals, Inc.,* 341 F.R.D. 553, 558 (D.N.J. 2022) (good cause established "when the party seeking the extension can show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension.")(internal quotation marks omitted).

What constitutes good cause to warrant modification "'necessarily varies with the circumstances of each case.'" *High 5 Games, LLC v. Marks*, No. 13-cv-7161, 2017 WL 349375, at *1 n.2 (D.N.J. Jan. 24, 2017) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1522.2, at 313 (3d ed. 2010)). As such, courts have "great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Fed. R. Civ. P. 16(b)." *M. Cohen & Sons, Inc. v. Platte River Ins. Co.*, No. 21-cv-2149, 2023 WL 3736354, at *3 (D.N.J. May 30, 2023) (internal quotation marks omitted). Rule 16(b)(4) focuses on the moving parties' burden to show due diligence, not on prejudice. *Race Tires Am., Inc.*, 614 F.3d at 84. If the movant cannot demonstrate good cause, "the scheduling order shall control." *Id.* (citations omitted).

Federal Rule of Civil Procedure 35, entitled Physical and Mental Examinations, provides that a court may issue an Order requiring a party "whose mental or physical condition is in controversy to submit to a physical examination by a suitably licensed or

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 7

certified examiner," and sets out what the Order should contain. Fed. R. Civ. P. 35(a)(1), (2). The Rule generally comes into play when there is a dispute about the procedure.

### B. Application

The Amended Scheduling Order issued on April 8, 2025, setting, inter alia, Plaintiff's expert deadline for August 8, 2025 and Defendants' expert deadline for September 22, 2025. Dkt. No. 126. It is unclear whether the Defendants could have been more diligent in attempting to schedule the IME earlier. Plaintiff contends that they "waited" until September 2 to request Plaintiff's availability for an IME in Florida, despite knowing Plaintiff's limitations on her travel. Dkt. No. 199 at 2. However, the Defendants had a short window—between August 8 and September 22—to find four experts and schedule the IME. After locating a pulmonologist in Florida, they conferred with Plaintiff as to her availability. On September 3, Plaintiff responded she was unwilling to travel, requiring Defendants to take additional time to find an expert in Atlanta. Plaintiff then declined the first date offered, September 12, and the IME occurred on September 17, five days before the deadline.

Importantly, however, Defendants showed that Plaintiff's explanation for not traveling to Florida—a limitation allegedly based on her health—was a significant overstatement, given the excerpt from her May 19, 2025 deposition attached to Defendants' reply. In the excerpt, Plaintiff discussed her travel since 2022 (to New York, St. Croix, Florida, and Louisiana). Dkt. No. 201 at 9-19. She also explained that the only restriction on her travel was to St. Croix, based on an alleged mental health disability. *Id.* at 23-25. This evidence leaves the distinct impression that Plaintiff was not as cooperative as she could have been in

scheduling. The Court attributes the delay in scheduling the IME to fall primarily on the Plaintiff. And because that delay was outside of Defendants' control, despite their diligence, that constitutes good cause for the requested extension. *O'Reilly Plumbing & Constr., Inc. v. Lionsgate Disaster Relief, LLC,* No. 19-cv-0024, 2025 WL 1067542, at *6 (D.V.I. Apr. 9, 2025).

That conclusion is strengthened by the fact that when Defendants contacted Plaintiff's counsel for her position on their motion for an extension, pursuant to LRCi 7.1(f), counsel did not state a position. Dkt. No. 194 at 3. Plaintiff did not challenge this statement in her opposition. The Court (and likely the Defendants) interprets this "non-position" as Plaintiff's assent to Defendants' motion, given that Plaintiff's counsel generally makes her opposition to motions crystal clear. This "non-position" is also significant because the deadline for Plaintiff to respond to the motion under the Local Rules fell beyond the Defendants' expert deadline. Then, when the Court ordered Plaintiff to submit a response, she opposed the extension for the first time—a week later. The Court attributes this delay to Plaintiff as well.

Finally, Plaintiff received a four-day extension of her expert deadline, although she requested a week. Dkt. No. 182. Plaintiff's request was filed at 9:01 p.m. on the day the report was due—Friday, August 8. *Id.* She explained that one of her experts submitted his report to her on August 7. She could not open the report and review it because she was traveling, had limited wifi and cellular service, and was under threat of evacuation due to forest fires. Dkt. No. 181. She did not explain why the requested extension was necessary when she had the report in hand. The Court does not view Plaintiff's request for an extension and Defendants' request for an extension as equivalent. It is also odd that Plaintiff takes the position that

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 9

Defendants should be permitted no extension at all, when she received one. The Court concludes that Defendants' reasons warrant a longer extension under these circumstances and will grant their motion.

Additionally, the Court rejects Plaintiff's position that this extension will "cut significantly into the time allocated for expert depositions." Dkt. No. 199 at 4. The parties should have already been planning them and the Court expects all parties to provide the opposing party/parties a modicum of scheduling flexibility so that the depositions will be concluded by the deadline. The Court has written at length about the parties' lack of due diligence in setting fact discovery depositions, Dkt. No. 125, and will not extend the expert deposition deadline.

## CONCLUSION

Accordingly, it is hereby **ORDERED:**

1. The Joint Motion for Extension of Time to Serve Expert Reports, Dkt. No. 194, is **GRANTED.**

2. The Defendants have until **October 6, 2025** to serve their expert reports.

3. All other deadlines set forth in the Amended Scheduling Order, Dkt. No. 126, remain unchanged.

ENTER:

Dated: September 22, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE