IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>             Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>             Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

**<u>JOINT MOTION FOR EXTENSION OF DEADLINES</u>**

      The Parties, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 6 and 16, move for an extension of the deadlines in this case. The Parties were not able to schedule eight expert depositions prior to the expiration of the expert deposition deadline. Expert depositions are normally very difficult to schedule. In this case, several experts have been traveling out of the country, have scheduled medical procedures, or simply have been unresponsive to requests for deposition dates. As such, the Parties will not be able to meet the November 20, 2025 deadline to complete depositions of experts and request an extension of this deadline. The Parties also request an extension of the dispositive motions – including Daubert motions – deadline in this matter. The Parties began attempting to schedule depositions on October 7, 2025, after all expert reports were produced in this matter.

      The Parties jointly move under Fed. R. Civ. P. 16(b)(4) and 6(b) to extend two deadlines: (1) completion of expert depositions to February 20, 2026, and (2) the

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 2

dispositive motions– including Daubert motions – deadline to April 7, 2026. A copy of a proposed order is attached here to as **Exhibit A**. This is the Parties' first request regarding expert depositions. Since the exchange of expert reports, the Parties have diligently and repeatedly attempted to schedule eight expert depositions. Despite those efforts, multiple experts' travel, medical procedures, limited availability by the experts and attorneys, and non-responsiveness have made compliance with the current November 20, 2025 expert deposition deadline impossible.

The Federal Rules of Civil Procedure provide, in relevant part:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

(4) *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b)(4).

Good cause in the Rule 16 context "is established when the party seeking the extension can show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension." *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 558 (D.N.J. 2022) (internal quotation marks omitted). The focus of a Rule 16 analysis is the moving party's diligence and not prejudice to the non-moving party.

*Hoffman as Trustees of Harvey M. Hoffman & Janice E. Hoffman Revocable Tr. u/a/d Nov. 15, 2019 v. Hammerhead Constr. LLC*, No. 321CV00046RAMEAH, 2022 WL 20678371, at *3 (D.V.I. Dec. 1, 2022), *objections overruled*, No. 3:21-CV-0046, 2023 WL 6121972 (D.V.I. Sept. 19, 2023); *see also, Kissman v. St. Thomas Marina Corp.*, No. CV 2018-18, 2020 WL 13561719, at *3 (D.V.I. Sept. 9, 2020), *report and recommendation adopted*, No. 3:18-CV-0018, 2022 WL 4599180 (D.V.I. Sept. 30, 2022); *Crown Bay*

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 3

*Marina, L.P. v. Reef Transportation, LLC*, No. CV 2018-73, 2020 WL 5166031, at *2 (D.V.I. Aug. 31, 2020), *aff'd sub nom. CROWN BAY MARINA LP Appellant v. REEF TRANSPORTATION; EVENING STAR - VICL; MORNING STAR - VICL*, No. 21-1861, 2022 WL 2816798 (3d Cir. July 19, 2022).

> The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Courts have defined "good cause" to include "circumstances beyond the control" of a party. *See Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.,* No. 09-CV-236, 2010 WL 1726829, at *3 (W.D. Pa. Apr. 28, 2010); *see also Lord v. Consolidated Rail Corp.*, No. 13-784, 2015 WL 6163951, at *1 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline [.]") (internal quotation marks omitted).

*Hoffman as Trustees of Hoffman & Janice E. Hoffman Revocable Tr. u/a/d Nov. 15, 2019 v. Hammerhead Constr. LLC*, No. 321CV00046RAMEAH, 2023 WL 5346071, at *4 (D.V.I. Aug. 21, 2023).

**Expert Deposition Status**

Six expert depositions are scheduled between November 5 and December 22, 2025, with two liability experts still unable to provide dates despite multiple follow-ups. Several scheduled depositions fall after the current deadline, confirming that the schedule cannot reasonably be met despite diligence. The following depositions have been scheduled, since the Parties and the experts have very limited dates:

| Date | Expert | Type |
| --- | --- | --- |
| 11/5/2025 | Dr. Shael Wolfson | Economist |
| 11/10/2025 | Dr. Marc Wilkenfeld | Occupational Medicine Doctor |
| 11/20/2025 | Ron Quintero | Economist |
| 11/24/2025 | Todd Capeliano | Vocational Rehab |
| 12/12/2025 | Earl Thompson | Vocational Rehab |
| 12/22/2025 | Dr. Sriram Paramesh | Pulmonologist |
| No dates from deponent | Dr. William Sawyer | Liability expert |
| No dates from | Daniel Mahr | Liability expert |

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 4

| deponent | | |
|---|---|---|

The Parties all agree that more time is needed to complete expert depositions. As of the date of this filing, neither party has been able to obtain dates from their liability experts for depositions.

**Discussion**

Here, there are no non-moving parties, and indeed, prejudice will occur to all parties in this case if the deadlines are not extended. Despite their best efforts, the parties all agree that it is impossible to complete expert depositions by November 20, 2025. The Parties request an extension until February 20, 2026 to complete expert depositions and adjust all subsequent deadlines appropriately.

The Parties can show good cause for extending the deadlines because they began discussions to schedule depositions as soon as expert reports were produced. The Parties began looking for deposition dates and have been actively working on this. The parties cannot control their expert's schedules. The fact that Sawyer and Mahr do not have any dates available is not something the Parties can control. The Parties clearly meet the standard for good cause, as they have been diligently working on this case, aware of the deadlines, and working toward completing depositions within the deadlines, but it is impossible. The Parties cannot predict when Sawyer and Mahr will be available.

The instant request is jointly made by all of the Parties in this case, so no prejudice will occur if the request for extension of deadlines is granted. In fact, all Parties will be prejudiced if the Court denies the request for an extension. The Parties have acted in good faith as is evidenced by the fact that they have been working

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 5

diligently to complete depositions. Further, the Parties have cooperated in meeting and conferring about realistic deadlines and then jointly coming before this Court for relief. This is the first request for extensions of the expert deposition deadlines. The issuance of a revised scheduling order will permit the Parties to complete written discovery and schedule depositions which is necessary before the case can proceed to trial.

As such, the parties submit the following as a proposed Scheduling Order for the remaining deadlines:

1. **EXPERT DEPOSITIONS**

    Expert depositions shall be completed by **February 20, 2026**.[1]

2. **MOTIONS**

    All dispositive motions – including Daubert motions – shall be filed by **April 7, 2026.** If no dispositive motions will be filed, then the parties shall file a joint notice stating that the parties have not filed and do not intend to file any dispositive motions by **April 7, 2026.**

3. **TRIAL DATE**

    A trial date will be scheduled by the Court.

**WHEREFORE** the Parties jointly request that the Court issue a revised scheduling order in the form attached hereto.

---

[1] Depositions of treating physicians shall be included in this deadline.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 6

                                                RESPECTFULLY SUBMITTED
                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiff

DATED:  November 14, 2025        BY:  /s/ *Lee J. Rohn*
                                                      Lee J. Rohn, Esq.
                                                      VI Bar No. 52
                                                      1108 King Street, Suite 3 (mailing)
                                                      56 King Street, Third Floor (physical)
                                                      Christiansted, St. Croix
                                                      U.S. Virgin Islands 00820
                                                      Telephone: (340) 778-8855
                                                      lee@rohnlaw.com

DATED:  November 14, 2025        BY:  /s/ *Donnie King*

                                                        Donnie King
                                                        201 East Las Olas Boulevard, Suite 1800
                                                        Fort Lauderdale, FL 33301

                                                        Reginald E. Janvier, Esq.
                                                        201 East Los Olas Boulevard, Suite 1800
                                                        Fort Lauderdale, FL 33301

                                                        Attorney for **Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals**

DATED:  November 14, 2025        BY:  /s/ *Andrew C. Simpson*

                                                        Andrew C. Simpson
                                                        2191 Church Street, Suite 5
                                                        Christiansted, VI 00820

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 7

Attorney for **Port Hamilton Refining and Transportation Port Hamilton Refining and Transportation**

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**JOINT MOTION FOR EXTENSION OF DEADLINES**
Page 8

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on November 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

all counsel of record.

BY: __/s/ *Donnie King*_____