IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>    Plaintiff,<br><br>  v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION,  and WEST INDIES PETROLEUM, LTD.,<br><br>    Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF LEAVE TO SUBSTITUTE EXPERT WITNESS AND TO SUBMIT A REPLACEMENT EXPERT DISCLOSURE AND REPORT</u>

**COMES NOW** Plaintiff, Nicole Wooten, by and through undersigned counsel and move this Court for leave to substitute an expert witness Cassandra K. Moody for Daniel Mahr.

In support of this Motion, Plaintiff states that on August 8, 2025, Daniel Mahr was identified as a liability expert by Plaintiff and his CV, testimony list and fee schedule were disclosed. His expert report was then disclosed on August 12, 2025. Defendants' expert disclosures were produced on October 6, 2025, and the Parties immediately began attempting to schedule expert depositions.

Good cause exists for substituting Mr. Mahr because he has been unresponsive to requests for dates for deposition, and then he refused to provide any dates to be deposed. The company that found Mr. Mahr as an expert has apologized and agreed to



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 2

secure a replacement expert.

As such, the week of October 20, 2025, the company that found Mr. Mahr as an expert, began looking for a substitute expert. On October 28, 2025, Plaintiff met with possible substitute expert Cassandra Moody, and agreed to hire her. Ms. Moody has provided her credentials and proposed expert report, in which she adopts Mr. Mahr's opinions. See **Exhibit A**.

Plaintiff attempted to meet and confer, pursuant to the rules, prior to filing this Motion, and Defendants did not respond to the request to meet and confer. See **Exhibit B**.

Defendants will not be prejudiced by this substitution of experts because Ms. Moody has adopted all of Mr. Mahr's opinions. Further, Ms. Moody has been very responsive and communicative, and has assured Plaintiff that she will provide deposition dates in a timely manner and can meet the February 20, 2026 expert deposition deadline.

Consequently, Plaintiff moves to substitute Cassandra K. Moody, as the liability expert in this case.

**Legal Standard**

Federal Rules of Civil Procedure 26(a)(2) governs the disclosure of expert testimony:

> **(2) *Disclosure of Expert Testimony.***
> **(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one

> retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the facts or data considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)

Courts routinely grant motions to substitute expert witnesses. *See, e.g., Edward v. GEC*, LLC, 67 V.I. 745, 751–52 (2017) (allowing substitution of the expert); *Lorena Chiverton v. World Fresh Market, LLC d/b/a Pueblos Supermarket,* SX-10-CV-575, Order entered April 5, 2017 (**Exhibit C**, at page 7); *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 19 (D.P.R. 2009)(allowing substitution when the expert became ill and passed away); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 04–396, 2010 U.S. Dist. LEXIS 103744 (N.D. Ind. Sept. 30, 2010) (unpublished) (original expert was subsequently incarcerated); *Doctor's Assocs. Inc. v. QIP Holder LLC*, No. 3:06–cv–1710(VLB), 2009 U.S. Dist. LEXIS 119949, 2009 WL 5184404 (D. Conn. Dec. 23, 2009) (unpublished) (original expert developed a legitimate conflict-of-interest); *Jung v. Neschis*, No. 01 Civ. 6993, 2007 WL 5256966, at *4, *16–17 (S.D. N.Y. Oct. 23, 2007) (unpublished) (original expert subsequently developed Alzheimer's disease).

**Discussion**

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 4

The very issue of expert witness substitution was recently decided by the Supreme Court of the Virgin Islands, which certified the following three questions, among others, for interlocutory appeal:

> When a witness originally designated as an expert becomes unavailable, can the Superior Court permit the substitution of another expert in the original expert's place and permit the substitute expert to simply adopt the opinions of the original expert?
> Assuming that the substitution is permissible, ... [must] the witness originally designated as an expert ... first be qualified and his methodology be found reliable under *Daubert* before a substitute expert is permitted to adopt and testify to that original expert's opinions?
> In assessing the qualifications and methodology of the witness originally designated as an expert that later becomes unavailable to testify at the *Daubert* hearing and trial, is the Superior Court required to look solely at the qualifications and methodology of the substitute expert and permit the substitute expert to draw inferences from the original expert's opinions based on the substitute expert's own interpretation and understanding?

*Edward v. GEC*, LLC, 67 V.I. 745, 751–52 (2017). The V.I. Supreme Court explained that the substitution is permissible:

> the substitution of an expert witness after the deadline set by the court should not be permitted if the reason for the substitution was foreseeable and resulted from a lack of diligence. *See, e.g., McCool v. Bridgestone/Firestone North Am. Tire, LLC*, 222 Fed. Appx. 847, 855 (11th Cir. 2007) (substitution not permitted when plaintiff failed to diligently prepare for *Daubert* challenge); *Leibel v. NCL (Bahamas) Ltd.*, 185 F.Supp.3d 1354, 1356 (S.D. Fla. 2016) (plaintiff failed to prepare original expert to present an admissible expert opinion); *Smith v. Reynolds Transp. Co.*, No. 3:11–CV–2728–CMC, 2013 WL 247714, at *2 (D.S.C. Jan. 23, 2013) (unpublished) (party waited several months to seek substitute expert after discovering original expert could not testify); *Crandall v. Hartford Cas. Ins. Co.*, No. CV N0–00127–REB, 2012 WL 6086598, at *3 (D. Idaho Dec. 6, 2012) (unpublished) (plaintiff feared original expert's opinions would not withstand summary judgment); *Taylor v. Dean*, No. 5:05–CV–397–OC–10GRJ, 2007 WL 7622152, at *4 (M.D. Fla. Jan. 19, 2007) (unpublished) (substitute expert desired only to make up for poor preparation of original expert).

*Id.* at 758. Here, it was not foreseeable that Mr. Mahr would be unwilling to provide

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 5

deposition dates. Further, Mr. Mahr's 58 page report was thorough and well-reasoned and has been fully adopted by Plaintiff's substitute expert, Ms. Moody. A copy of Ms. Moody's report was emailed to Counsel for defense on November 21, 2025. *See* Exhibit B. Plaintiff has moved to substitute this expert well in advance of the February 20, 2026 expert deposition deadline.

"The goal of Rule 26(a) is to promote full disclosure of the facts and prevent 'trial by ambush,' because opposing counsel cannot adequately cross-examine without advance preparation." *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 20 (D.P.R. 2009) (citing and quoting *Macaulay v. Anas,* 321 F.3d 45, 50, 52 (1st Cir.2003); *see Johnson v. H.K. Webster, Inc.,* 775 F.2d 1, 6–7 (1st Cir.1985)). Plaintiff has acted responsibly and diligently by identifying a new expert and providing the expert's report, which fully incorporates the prior expert's opinions, well in advance of trial and of the expert deposition deadline. Plaintiff leapt into action when it was discovered that she could not get deposition dates from Mr. Mahr. As such, if the Court allows the substitution of Mr. Mahr by Ms. Moody, Defendants will have a full opportunity to adequately question her about her qualifications and her report adopting Mr. Mahr's report.

There is no trial date in this matter, and Defendants will not be prejudiced by this substitution. Therefore, the Court should grant Plaintiff's reasonable request to substitute the liability expert.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests this grant her request of leave of Court to substitute expert Cassandra K. Moody for Daniel Mahr.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 6

                                                          RESPECTFULLY SUBMITTED
                                                          LEE J. ROHN AND ASSOCIATES, LLC
                                                          Attorneys for Plaintiff

DATED: December 9, 2025           BY:   /s/ *Lee J. Rohn*
                                                          Lee J. Rohn, Esq.
                                                          VI Bar No. 52
                                                          1108 King Street, Suite 3 (mailing)
                                                          56 King Street, Third Floor (physical)
                                                          Christiansted, St. Croix
                                                          U.S. Virgin Islands 00820
                                                          Telephone: (340) 778-8855
                                                          lee@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 7

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on December 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel of record.

BY: /s/ *Lee J. Rohn* (al)