**EXHIBIT C**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LORENA CHIVERTON, | ) | |
| Plaintiff, | ) | CIVIL NO. SX-10-CV-575 |
| v. | ) | |
| WORLD FRESH MARKET, LLC d/b/a | ) | ACTION FOR DAMAGES |
| PUEBLO SUPERMARKET, | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

**ORDER**

Before the Court are the following matters which will be addressed *seriatim*:

1) Plaintiff Lorena Chiverton's Brief to the Court on Issue of Discoverability, filed February 9, 2017; Defendant World Fresh Market, LLC (WFM)'s Opposition, filed March 20, 2017; and Plaintiff's Reply, filed March 23, 2017;

2) Plaintiff's Motion to Allow Dr. Jeremy Cummings to Testify Via Videoconferencing, filed March 21, 2017; WFM's Opposition, filed March 27, 2017; and Plaintiff's Reply, filed March 30, 2017;

3) Plaintiff's Motion to Find Michael Sheesley in Contempt, filed March 21, 2017;

4) Plaintiff's Additional Motion for Sanctions, filed March 23, 2017; and WFM's Opposition, filed March 24, 2017;

5) Plaintiff's Motion to Substitute Medical Expert, filed March 23, 2017; and WFM's Opposition, filed March 27, 2017;

6) Plaintiff's Emergency Motion for Protective Order, filed March 24, 2017; WFM's Opposition, filed March 27, 2017; and Plaintiff's Reply, filed March 28, 2017;

7) Defendant's Motion to Bar Witnesses From Testifying, filed March 22, 2017; and Plaintiff's Opposition, filed March 30, 2017; and

8) Defendant's Motion to Bar Testimony Related to Undisclosed and Unsubstantiated Damages, filed March 24, 2017; and Plaintiff's Opposition, filed March 30, 2017.

Plaintiff's Brief to the Court on Issue of Discoverability

Because Plaintiff's "Brief" contains a clear prayer for relief requesting that the Court order WFM to make its Rule 30(b)(6) representative available for a third deposition, the Court construes Plaintiff's "Brief" as a motion to compel deposition.

By Order entered November 16, 2016, the Court reduced to writing its Order, issued from the bench at the October 27, 2016 Status Conference, granting WFM's Emergency Motion for Protective Order, filed July 18, 2016, to bar Plaintiff from deposing Mr. Ahmad Alkhatib. By the same Order, the Court granted Plaintiff's Motion for Sanctions for Failure to Properly Appear for Defendant's 30(b)(6) Deposition, filed July 21, 2016, and Ordered WFM to make its Rule 30(b)(6) representative available for a second deposition to answer certain questions that the representative had been unprepared to answer the first time, with costs to be paid by WFM. Critical to the Court's decision to grant WFM's Emergency Motion for Protective Order, was the Court's observation, stated on the record at the October 27, 2016 Status Conference, that the limited information Plaintiff sought from Mr. Alkhatib could instead be obtained at a second deposition of WFM's 30(b)(6) representative.

However, at the second deposition of WFM's 30(b)(6) representative, held on January 31, 2017, counsel for WFM insisted that any questions concerning its insurance coverage were outside the permitted scope of the deposition. To resolve the dispute, the parties contacted the Court telephonically during the deposition, and after hearing argument, the Court again confirmed that Plaintiff was entitled to pose two specific inquiries: 1) whether the insurance company issued a reservation of rights or a denial of coverage letter; and 2) whether the insurance company is providing a defense in this action. *See* WFM Deposition, January 31, 2017, 63-64.

Nonetheless, despite the Court's previous Order from the bench indicating that the questions concerning insurance coverage would be within the scope of any subsequent 30(b)(6) deposition, and despite the fact that WFM, by Order entered November 16, 2016 had already once been sanctioned for its failure to adequately prepare for its 30(b)(6) deposition, WFM's representative, when asked the two permitted questions concerning insurance coverage, again admitted that he had no relevant knowledge, and had done nothing to prepare to answer.[1] Therefore, the Court will once again order WFM to make its Rule 30(b)(6) representative available for deposition, if noticed by Plaintiff, in St. Croix at a mutually convenient date and time, for the

---

[1] Q: (Ms. Rohn) To your knowledge, has there been a denial or reservation of rights from the insurance company on this claim?
A: Not to my knowledge.
Q: Have you done anything to find out?
A: No.
Transcript, January 31, 2017 Deposition of WFM (WFM Dep. Tr.), 68:12-17.

limited purpose of answering these two questions concerning WFM's insurance coverage. WFM will also be ordered, once again, to pay all costs associated with the deposition, including the cost of deposition transcripts for both parties, but excluding Plaintiff's attorney's fees.

In the event that either party files a motion concerning the scheduling of this 30(b)(6) deposition based upon an alleged inability of the parties to find a mutually agreeable date and time, monetary sanctions will be assessed against both parties to redress the inconvenience to the Court as well as the costs of assembling the Court's personnel; with the party deemed more at fault to be assessed the larger share of the costs.

<u>Plaintiff's Motion to Allow Dr. Jeremy Cummings to Testify Via Videoconferencing</u>

By Order entered April 3, 2017, the trial of this matter was continued, *sine die*, and therefore Plaintiff's Motion requesting that the Court allow Dr. Jeremy Cummings to testify by videoconferencing at the trial of this matter commencing April 3, 2017, will be denied as moot.

<u>Plaintiff's Motion to Find Michael Sheesley in Contempt</u>

Plaintiff's Motion to Find Michael Sheesley in Contempt requests that the Court fine attorney Michael Sheesley $1,000 as a penalty for representing to the Court that he submitted a "Joint Final Pretrial Brief" with the consent of both parties, when he had, in fact, unilaterally edited the document prior to submission. While the Court does not condone attorney Sheesley's decision to edit the document without notice to Plaintiff, the only unilateral "corrections" made by attorney Sheesley were to strike, by hand, footnotes inserted by Plaintiff's counsel, noting her objections to various sections of WFM's portion of the Brief. Additionally, attorney Sheesley initialed each handwritten "correction" he made, thereby making clear that the changes had been made unilaterally. Accordingly, the Court finds that attorney Sheesley, in submitting the unilaterally edited Brief, did not make any misrepresentation to the Court significant enough to justify the imposition of monetary sanctions. To the extent that Plaintiff or her counsel believe that attorney Sheesley wrongfully made significant misrepresentations to Plaintiff, they are left to pursue their remedies under the Virgin Islands Rules of Professional Conduct.

<u>Plaintiff's Additional Motion for Sanctions</u>

Plaintiff's Additional Motion for Sanctions requests that the Court: 1) order WFM to pay the cost of providing Plaintiff with a copy of the transcript of the January 31, 2017 deposition of

WFM's 30(b)(6) representative; 2) order WFM to produce a list of security personnel employed by Pueblo at its Golden Rock store in August 2010, which had been offered at deposition as means of remedying WFM's 30(b)(6) representative's inability to answer certain questions;[2] and 3) Pueblo's internal report concerning a previous similar incident,[3] about which WFM's 30(b)(6) representative admitted that he was once again wrongfully unprepared to discuss.[4]

By Order entered November 16, 2016, Defendant was "required to appear, through its representative, for a second Rule 30(b)(6) deposition, the costs of which, excluding Plaintiff's attorney's fees, [were to] be borne by Defendant." The cost of obtaining deposition transcripts is clearly within the meaning of "costs of [deposition], excluding Plaintiff's attorney's fees," as articulated in the Order, and therefore Defendant will be ordered to pay the cost of providing Plaintiff with a transcript of the January 31, 2017 deposition of WFM.

At the January 31, 2017 30(b)(6) deposition of WFM, WFM acknowledged that Plaintiff was entitled to receive the two requested documents as a way of remedying the failure of its 30(b)(6) representative to adequately prepare for the deposition—a recurring problem in this matter. As such, WFM will be ordered to produce the list of security personnel employed at the Pueblo Golden Rock store in August 2010, and Pueblo's internal report concerning the previous similar incident.

Plaintiff's Motion to Substitute Medical Expert

At the March 29, 2017 hearing on Plaintiff's Emergency Motion for Protective Order, the Court also heard argument on Plaintiff's Motion to Substitute Medical Expert. For the reasons stated on the record at that hearing, Plaintiff's Motion to Substitute Medical Expert will be granted.

Plaintiff's Emergency Motion for Protective Order

Plaintiff's Emergency Motion for Protective Order, seeking to resolve several disputes between counsel concerning the scheduling of certain depositions on the eve of trial, came on for hearing on March 29, 2017. After hearing argument, the Court, by Order from the bench, fixed the

---

[2] *See* WFM Dep. Tr., at 13:1-5.

[3] WFM's 30(b)(6) representative indicated that he had discovered an incident report concerning a prior similar incident at the Golden Rock store, in which a customer slipped and fell as a result of either water or blood in the vicinity of the meat cooler. WFM Dep. Tr., at 37-41.

[4] WFM Dep. Tr., at 38:11-18.

date and time of each of the depositions in question; all to be completed before the commencement of trial, then scheduled for April 3, 2017. Because the period within which to complete these depositions has now expired, Plaintiff's Emergency Motion for Protective Order will be denied as moot.

### Defendant's Motion to Bar Witnesses From Testifying

WFM's Motion seeks to bar ten of Plaintiff's fact witnesses from testifying at trial, arguing that "Plaintiff, for the very first time, disclosed a number of witnesses in Plaintiff's draft of their portion of the Joint Final Pre-Trial Order." However, by the exhibits accompanying Plaintiff's Opposition, it is plain that WFM's assertion is patently false. Each of the ten[5] witnesses was disclosed to Defendant over the course of the lengthy pendency of this action, with even the most recent disclosure occurring as far back as September 2014.[6] Additionally, as each disclosure was made in such a way as to indicate that the witness was in possession of relevant information of potential use at trial,[7] there can be no claim—and WFM has not argued—that these disclosures were insufficient to put WFM on notice that these witnesses may be called at trial. Accordingly, WFM's Motion is both factually and legally devoid of merit and will be denied.

### Defendant's Motion to Bar Testimony Related to Undisclosed and Unsubstantiated Damages

WFM's Motion asks the Court to bar any testimony from any witness concerning certain claims of damages that it contends were not properly disclosed in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).[8] Specifically, these damages include: 1) $96,200 for wages

---

[5] In reality, there are only nine witnesses in question as two of the "ten" witnesses—Ariel St. Fleur and Ariel K. Heyliger—are, in fact, the same person, mistakenly listed twice by Plaintiff on the Pretrial Order. *See* Opposition to Motion to Bar Witnesses from Testifying, at 6.

[6] The sole exception is Barry Whyte, identified by Plaintiff in August 2016 after the close of factual discovery. However, Plaintiff specifically identified Mr. Whyte as an impeachment witness, who is therefore specifically exempt from the general disclosure requirements of V.I. R. Civ. P. 26(a)(1)(A)(i) and who will not be permitted to testify on Plaintiff's case-in-chief.

[7] Each disclosure was made either by way of initial Rule 26 disclosure, responses to interrogatories, or notices of production. *See* Plaintiff's Opposition to Motion to Bar Witnesses, and Exhibits.

[8] The Virgin Islands Rules of Civil Procedure came into effect March 31, 2017. Fed. R. Civ. P. 26(a)(1)(A)(iii)—formerly applicable pursuant to Super. Ct. R. 39(a)—differs significantly from V.I. R. Civ. P. 26(a)(1)(A)(iii) in that that a defendant is now entitled, without need for discovery request, to production of "all supporting documents" of relevance to a plaintiff's claims of damages. However, this difference is irrelevant to the Court's ruling on the instant Motion, as the Court here finds that even if Plaintiff failed to properly disclose this information required by Rule 26, Plaintiff's failure to do so was harmless within the meaning of Rule 37(c). *See infra*, note 9, and accompanying text.

paid to workers at Plaintiff's restaurant as a result of her inability to work; 2) $96,200 for income lost as a result of Plaintiff's inability to work; 3) $17,280 for expenses of lawn care; and 4) $5,760 for services rendered by Clifford Brooks. Motion to Bar Testimony, at 1-2.

Rule 37(c) of the Virgin Islands Rules of Civil Procedure reads, in relevant part: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Supreme Court of the Virgin Islands has directed that in evaluating whether any given failure to provide information is harmless within the meaning of the Rule 37, courts should consider a number of factors in determining if a Rule 26 violation is harmless: "prejudice or surprise to the opposing party; the ability of the party to cure that prejudice; the likelihood of disruption at trial; and the bad faith or willfulness of the violating party." *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 237 (V.I. 2013).[9]

WFM contends that these claims of damages were disclosed for the first time in Plaintiff's September 8, 2016 "Settlement Demand Letter." However, WFM had at least some notice of certain elements of these claims by September 3, 2014 when Plaintiff disclosed, in her Notice of Production, Juval August Jacobs as an individual who had been paid wages in 2010 to supervise and operate Plaintiff's restaurant while she was unable to work. *See* Opposition to Motion to Bar Witnesses from Testifying, at 5.

Even if Plaintiff failed to sufficiently disclose, until September 2016, this information regarding damages as required under Rule 26, WFM is nonetheless not entitled to the drastic sanction of exclusion because the failure to disclose was harmless within the meaning of Rule 37. Evaluating the factors outlined by the Supreme Court in *Davis*, WFM contends that it is prejudiced because Plaintiff failed to disclose this information until after the close of factual discovery and, as a result, WFM had no opportunity conduct discovery or depose witnesses concerning these claims. However, turning to the second *Davis* factor—Defendant's ability to cure potential prejudice—it is clear that WFM had ample time between the September 2016 disclosure and the April 3, 2017 trial date within which to seek leave to extend the deadlines to conduct discovery on

---

[9] In *Davis*, the Supreme Court applied Fed. R. Civ. P. 37(c)(1), as incorporated through Super. Ct. R. 39(a). Rule 37(c)(1) of the Virgin Islands Rules of Civil Procedure came into effect March 31, 2017. However, the provisions of both rules are substantively identical, such that the principles articulated in *Davis* are equally applicable regardless of which rules apply.

these issues. However, perhaps as a matter of strategy, WFM neither moved to compel further discovery nor moved to extend the time period within which to do so. Rather, Defendant withheld its objection until the eve of trial, raising the issue for the first time in its Motion to Bar Testimony, filed March 24, 2017. Thus, to the extent that Plaintiff's September 2016 "Settlement Demand Letter" did not satisfy the disclosure requirements of Rule 26,[10] because there is no indication of any bad faith on the part of Plaintiff, and because WFM had ample opportunity to cure any prejudice resulting from the delayed disclosure of certain elements of Plaintiff's damages claims, such failure was harmless. Therefore, WFM's Motion will be denied.

On the basis of the foregoing, it is hereby

ORDERED that Plaintiff's Brief to the Court on Issue of Discoverability, construed as a motion to compel deposition of Defendant's Rule (30)(b)(6) representative is GRANTED. Defendant shall make its Rule (30)(b)(6) representative available for deposition on St. Croix upon notice of Plaintiff, at a time and date to which the parties shall mutually agree, not less than 30 days prior to trial; with the all costs of said deposition to be borne by Defendant, including the cost of providing deposition transcripts to each party, but excluding Plaintiff's attorney's fees. The scope of said deposition shall be limited to the following areas of inquiry relevant to insurance coverage: 1) whether the insurance company issued a reservation of rights or a denial of coverage letter; and 2) whether the insurance company is providing the defense of this action. It is further

ORDERED that Plaintiff's Motion to Allow Dr. Jeremy Cummings to Testify Via Videoconferencing is DENIED, as moot. It is further

ORDERED that Plaintiff's Motion to Find Michael Sheesley in Contempt is DENIED. It is further

ORDERED that Plaintiff's Additional Motion for Sanctions is GRANTED. Defendant shall pay the cost of providing Plaintiff with a transcript of the January 31, 2017 deposition of World Fresh Market, LLC. Defendant shall also produce to Plaintiff, within fourteen (14) days of the date of entry of this Order: 1) the list of security personnel employed at the Golden Rock Pueblo

---

[10] The Court need not resolve this question as it concludes, that even if Plaintiff did not sufficiently disclose this information as required by Rule 26, the failure to disclose was nonetheless harmless under Rule 37, as Defendant had ample opportunity to cure any potential prejudice caused by the delayed disclosure.

ORDER
*Chiverton v. World Fresh Market, LLC; SX-10-CV-575*
Page 8 of 8

store in August 2010; and 2) Pueblo's internal incident report concerning the prior similar incident at the same store, as discussed at the January 31, 2017 deposition. It is further

ORDERED that Plaintiff's Motion to Substitute Medical Expert is GRANTED. It is further

ORDERED that Plaintiff's Emergency Motion for Protective Order is DENIED, as moot. It is further

ORDERED that Defendant's Motion to Bar Witnesses from Testifying is DENIED. It is further

ORDERED that Defendant's Motion to Bar Testimony Related to Undisclosed and Unsubstantiated Damages is DENIED.

April __5__, 2017

DOUGLAS A. BRADY
Judge of the Superior Court

ATTEST:
ESTRELLA GEORGE
Acting Clerk of the Court

By: _____
Court Clerk Supervisor  4/5/17