IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>        Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION, and WEST INDIES PETROLEUM, LTD.,<br><br>        Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

### **<u>PLAINTIFF'S MOTION TO QUASH NOTICE OF DEPOSITION OF DANIEL MAHR, OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER</u>**

**COMES NOW** Plaintiff, Nicole Wooten, by and through undersigned counsel, and moves this Court, pursuant to Fed. R. Civ. P. 26(b)(4), 26(c), 45(d)(3) and LRCi 30.1(a)1 to request that the Court quash the deposition of Daniel Mahr, or in the alternative for a protective order while the Court rules on Plaintiff's pending motion to substitute Daniel Mahr as liability expert.

In support of this Motion, Plaintiff states that on August 8, 2025, Daniel Mahr was identified as a liability expert by Plaintiff, and his CV, testimony list and fee schedule were

---

1 (a) Parties shall cooperate in the scheduling of depositions. "Reasonable written notice" for the taking of a deposition as used in Federal Rule of Civil Procedure 30(b)(1) shall be at least 14 days prior to the deposition.
(b) A court reporter not physically present at a deposition must contemporaneously confirm the identity of the deponent on the record, according to a reasonable protocol agreed to by counsel.
(c) If a case is to proceed to trial, the depositions eligible for filing shall be filed at least three business days before the trial is to begin, unless otherwise directed by the Court. In that regard, a party taking the deposition shall be the custodian of the original deposition, and at its own initiative, or upon timely request by another party seeking to use the deposition, shall electronically file a copy of the original.



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 2

disclosed. His expert report was then disclosed on August 12, 2025. Defendants' expert disclosures were produced on October 6, 2025, and the Parties immediately began attempting to schedule expert depositions. Mr. Mahr refused to provide deposition dates.

The Defendants were notified that Mr. Mahr was not cooperating with providing deposition dates and that Plaintiff would be substituting an expert. When Plaintiff obtained a substitute expert, the Defendants were notified that Plaintiff had done so and were provided with a copy of the expert report that incorporated all of Mr. Mahr's conclusions and requested a meet and confer on the issue of an agreement to the substitution, as required by LRCi 37.1. **Exhibit 1**. Defendants inquired why Plaintiff needed to substitute an expert and Defendants were told that the expert refused to provide dates to be deposed. **Exhibit 2**. When Defendants did not respond further, Plaintiff filed her motion to substitute on December 9, 2025.

Defendant filed the Notice of Deposition of Daniel Mahr on December 10, 2025, without any notice or request to meet and confer as to whether the proposed date was agreeable, and the date will not work, as both attorneys are on vacation. Plaintiff's motion to substitute Daniel Mahr as liability expert is pending. Plaintiff moved to substitute Cassandra Moody for Daniel Mahr, as the liability expert because Mr. Mahr became unresponsive to requests for dates for deposition, and then he refused to provide any dates to be deposed, which constitutes an irreparable breakdown in communications. It appears that Mr. Mahr became incensed that Plaintiff deleted a paragraph from his report that contained incorrect facts in a statement of facts that were not remotely accurate. When he demanded to know why, Plaintiff explained to him why and how the facts were

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 3

completely incorrect. He then attempted to bill Plaintiff for that conversation, which Plaintiff refused to pay. The company that found Mr. Mahr as an expert apologized for Mr. Mahr's actions, and agreed to secure a replacement expert. Ms. Moody was secured as a replacement expert and she provided her replacement opinion, which adopts all findings and opinions of Mr. Mahr. As such, there is no prejudice to the Defendants, who will have a full opportunity to depose Ms. Moody as to all of her opinions and Mr. Mahr's opinions. As has been repeatedly stated to defendants, Mr. Mahr is no longer Plaintiff's expert and will not be called to testify at trial, and at best, is a consulting attorney. Further, Ms. Moody has been very responsive and communicative and has assured Plaintiff that she will provide deposition dates in a timely manner and can meet the February 20, 2026 expert deposition deadline. Plaintiff has notified Defendants of that, but they have not given any dates for her deposition.

Plaintiff filed the motion to substitute experts on December 9, 2025, and Defendant filed a Notice of Mr. Mahr's Deposition on December 10, 2025. Plaintiff moves to quash the deposition and for a protective order based on the fact that Daniel Mahr has been replaced as an expert in this case, so he will not present testimony on behalf of the Plaintiff at trial, and Defendant's unilateral notice of the deposition while the motion to substitute is pending and while Defendants know that Plaintiff's counsel are not available on that date, as the office is closed and counsel are on vacation.[2] *See, e.g., Ruminer v. Gen. Motors Corp.*, No. 4:03CV00349 GTE, 2005 WL 8164522, at *2 (E.D. Ark. Nov. 10, 2005)

---

2 Defense counsel, Reginald Janvier, was informed by Plaintiff's counsel that the office is closed from Christmas to Three Kings Day.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 4

("GM's deposition notices which were served directly on Plaintiff's experts without any notice to the attorneys for Plaintiff and without any agreement with respect to the dates on which either the experts or the attorneys for Plaintiff could be present is not only unreasonable but does not allow any time for compliance. … A deposition notice such as these clearly subjects the experts and the attorneys for Plaintiff to an undue burden.) Therefore, the Court should grant the motion to quash and for a protective order to prevent the deposition of Mr. Mahr from taking place on December 29, 2025.

**Legal Standard**

Federal Rules of Civil Procedure 26 provides, in relevant part:

(4) *Trial Preparation: Experts.*
(A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.
(B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
(C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
(i) relate to compensation for the expert's study or testimony;
(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 24(b)(4).

(c) Protective Orders.
(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 5

> that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;[3]
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c).

Federal Rules of Civil Procedure 45(d)(3) provides:

> (3) *Quashing or Modifying a Subpoena.*
> (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>    (i) fails to allow a reasonable time to comply;
>    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>    (iv) subjects a person to undue burden.
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>    (ii) disclosing an unretained expert's opinion or information that does

---

[3] "In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 592–93 (3d Cir. 1984) (quotation omitted).

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 6

> not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
> (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
>  (ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(d)(3).

**Discussion**

The Court may exercise its sound discretion in granting motions to quash. *See, e.g., United States v. 412.93 Acres of Land, More or Less, in Franklin & Towamensing Tps., Carbon Cnty., State of Pa., Tract No. 113*, 455 F.2d 1242, 1246 (3d Cir. 1972). Plaintiff could not locate any controlling case law on point. "Where there is no controlling case on point, the issue, essentially, boils down to policy.." Sutherland v. Hyannis Air Servs., Inc., No. 2006-CV-0001, 2008 WL 5377889, at *1 (D.V.I. Dec. 23, 2008) (citations and quotations omitted). Here, Mr. Mahr's deposition cannot go forward while there is a pending motion to substitute him as the expert. Courts may use their discretion to grant motions for protective order to prevent depositions from moving forward to allow for issues related to the deposition to be resolved. *See. e.g., State Farm Fire & Cas. Co. v. Gates, Shields & Ferguson, P.A.*, No. 2:14-CV-02392-EFM, 2015 WL 5010076, at *3 (D. Kan. Aug. 21, 2015) (granting the alternative motion for a protective order and denying the motion to quash as moot and stating that the deposition may proceed only after other depositions have concluded).

Mr. Mahr has been replaced as an expert and it is not proper to depose him

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 7

because he will not present testimony at trial. In order to allow the deposition of Mr. Mahr, Defendants would have to make a showing of "exceptional circumstances," under Fed. R. Civ. P. 26(b)(4)(D). *see, e.g., Honeycutt v. Cabins for You, LLC*, No. 3:21-CV-311-TRM-DCP, 2023 WL 1425372, at *1 (E.D. Tenn. Jan. 31, 2023 ("where a party identifies an expert as testifying under Rule 26(b)(4)(A), but subsequently redesignates the expert as non-testifying, the opposing party may only depose that expert upon a showing of 'exceptional circumstances' under Rule 26(b)(4)[(D)].")

> Rule 26(b)(4)(D) provides that exceptional circumstances are those "under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." "Examples of [exceptional circumstances] would include evidence deteriorating after a party's non-testifying expert observes it but before the opposing party has an opportunity to observe it, or if there are no other available experts in the same field or subject area." R.C. Olmstead, 657 F.Supp.2d at 904. Courts have also found exceptional circumstances "when a non-testifying expert's report is used by a testifying expert as the basis for an expert opinion, or when there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert." Long–Term Capital Holdings, LP v. United States, 2003 WL 21269586, at *2 (D.Conn. May 6, 2003). Exceptional circumstances are also present where "it is possible to replicate expert discovery on a contested issue, but the costs would be judicially prohibitive," for example, when the replication would cause the party to expend enormous time and resources duplicating the expert's efforts. Bank of Brussels Lambert v. Chase Manhattan Bank, 175 F.R.D. 34, 45 (S.D.N.Y.1997). Judge Childs has found exceptional circumstances under Rule 26(b)(4)(D) and required the defendant to produce a non-testifying, consulting expert's facts and opinions or the expert's post-accident reconstruction investigation information when the plaintiff's injuries prevented him from being able to conduct a post-accident, on-scene investigation himself. Nix v. Holbrook, No. 5:13–cv–02173, 2015 WL 631155, at *6 (D.S.C. Feb. 13, 2015).

*Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 383–84 (D.S.C. 2016). Here, none of the factors to prove exceptional circumstances exist. The evidence in this case is not deteriorating and there are other experts that can testify about the incident. In fact,

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 8

the defense expert and Plaintiff's substitute expert are capable of testifying and they are willing to testify, unlike Mr. Mahr. Similarly, here, there is no evidence of "substantial collaboration" between Mahr and Moody; Moody simply adopted Mahr's opinions and they have never collaborated or communicated with each other. There are simply no facts that suggest that Defendants have any extraordinary need to depose Mr. Mahr, as he has been replaced.

In *Layman,* the court allowed a limited expert deposition of the expert that was re-designated from a testifying bullying expert to a non-testifying bullying expert, which was limited to his opinions concerning interviews with the plaintiff and with the former director of student care. *Id.* The circumstances in this case are very different, as none of the liability experts rely upon any evidence that they independently obtained from the Plaintiff or any other witness. There is no prejudice or any reason to allow Mr. Mahr to be deposed, when he has been replaced by an adequate replacement expert.

Pursuant to Fed. R. Civ. P. 26(b)(4)A), Plaintiff does not intend and cannot present testimony by Mr. Mahr at trial because he has refused to testify or give dates for deposition and Plaintiff has moved to substitute Cassandra Moody as the liability expert, who has adopted all of this opinions. Forcing retired (or replaced) experts to testify at a deposition presents an undue burden, which warrants quashing that experts deposition. *See, e.g., In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS (SVK), 2022 WL 19575428, at *4 (N.D. Cal. May 31, 2022) (granting the motion to quash depositions of retired experts). Here, a retired expert and a replaced expert are synonymous, and the Court should grant the motion. Plaintiff has presented a

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 9

replacement expert to the Court, and she is available for her deposition, such that Defendants will not be prejudiced by being able to take the deposition of the expert witness Plaintiff intends to use at trial. Forcing Plaintiff to pay attorney's fees and deposition costs to attend Mr. Mahr's deposition, when he has been replaced as an expert clearly presents undue burden, which warrants quashing his deposition, pursuant to Fed. R. Civ. P. (45)(d)(3)(iv), as it creates unnecessary expenses.

Further, as explained in her motion to substitute the liability expert, courts routinely grant motions to substitute expert witnesses. *See, e.g., Edward v. GEC*, LLC, 67 V.I. 745, 751–52 (2017) (allowing substitution of the expert); *Lorena Chiverton v. World Fresh Market, LLC d/b/a Pueblos Supermarket,* SX-10-CV-575, Order entered April 5, 2017; *Morel v. Daimler-Chrysler Corp.*, 259 F.R.D. 17, 19 (D.P.R. 2009)(allowing substitution when the expert became ill and passed away); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 04–396, 2010 U.S. Dist. LEXIS 103744 (N.D. Ind. Sept. 30, 2010) (unpublished) (original expert was subsequently incarcerated); *Doctor's Assocs. Inc. v. QIP Holder LLC*, No. 3:06–cv–1710(VLB), 2009 U.S. Dist. LEXIS 119949, 2009 WL 5184404 (D. Conn. Dec. 23, 2009) (unpublished) (original expert developed a legitimate conflict-of-interest); *Jung v. Neschis*, No. 01 Civ. 6993, 2007 WL 5256966, at *4, *16–17 (S.D. N.Y. Oct. 23, 2007) (unpublished) (original expert subsequently developed Alzheimer's disease). Thus, forcing the deposition of Mr. Mahr to go forward while a pending motion concerning his testimony is before the Court, will create undue expense for all parties and does not favor efficiency.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests this Court

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 10

grant Plaintiff's reasonable request quash Mr. Mahr's deposition, or in the alternative to issue a protective order to allow for the issue of Plaintiff's reasonable request to substitute the liability expert is ruled upon.

                                                RESPECTFULLY SUBMITTED
                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiff

DATED: December 12, 2025          BY:   /s/ *Lee J. Rohn*
                                                Lee J. Rohn, Esq.
                                                VI Bar No. 52
                                                1108 King Street, Suite 3 (mailing)
                                                56 King Street, Third Floor (physical)
                                                Christiansted, St. Croix
                                                U.S. Virgin Islands 00820
                                                Telephone: (340) 778-8855
                                                lee@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
Page 11

## **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on December 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel of record.

BY: ___/s/ *Lee J. Rohn*___ (al)