IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

NICOLE WOOTEN,

PLAINTIFF,

VS.

LIMETREE BAY TERMINALS, LLC, ET AL.

DEFENDANTS.

CASE NO. 1:23-CV-00012

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEPOSITION OF DANIEL MAHR**

Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") and Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point") jointly oppose Plaintiff's Motion for Leave to Quash the Deposition of Daniel Mahr. The motion should be denied because:

1.    Mahr remains a disclosed testifying expert subject to deposition;

2.    The notice was proper and reasonable;

3.    The deposition is necessary to explore key issues; and

4.    The motion is moot because Mahr is not available on December 29, 2025 and Defendants have agreed to reschedule the deposition to accommodate him.

BACKGROUND

The history of the production of Mahr's expert report is described in detail in

Defendants' Opposition to the Motion to Substitute Expert (Doc. No. 223). The specific

facts relevant to the instant motion are restated here for the Court's convenience:

On November 21, 2025, Plaintiff notified Defendants that she wished to substitute

a new expert, Cassandra K. Moody, for Mahr and sought Defendants' consent to the

substitution. Doc. 218-2 at 2. Counsel for Ocean Point responded, "Can you please

explain what issue you had working with Mr. Mahr? We had no prior indication that

you were retaining a new expert." *Id.* at 1. Plaintiff responded, "Mr. Mahr refused to

give dates for the deposition." *Id.*[1]

Defendants did not believe that a mere refusal to give dates for deposition would

suffice as good cause to substitute an expert (as compared to a refusal to appear for a

deposition). *Cf. Ruminer v. Gen. Motors Corp.*, Case No. 4:03-CV-00349, 2005 WL

8164522, at *1 (E.D. Ark. Nov. 10, 2005) (no basis for motion to compel where movant

had not shown that witnesses would not attend if properly noticed). Therefore,

Defendants subpoenaed Mahr for his deposition to see if he would refuse to appear.

Mahr was served with a subpoena on December 8, 2025 for a deposition on

December 29, 2025. Mahr responded promptly, indicating that he was not available

---

[1] As set forth in Defendants' Opposition to the Motion to Substitute Expert, it appears that the real reason for substituting the expert is that Plaintiff had realized that Mahr's report was insufficient to establish liability as to either defendant. Plaintiff claims in the instant motion that the reason for substitution was that her attorney had edited Mahr's report without authorization by deleting a full paragraph and as a result, Mahr became angry and refused to provide dates for his deposition. *See* Doc. No. 221, at 2-3). Regardless of the real reason, the fact is that Mahr *is* available to be deposed and is not unwilling to be deposed.

on December 29, but *offering dates to be deposed* in January. *See* Doc. No. 223-3 (email from Mahr). Mahr did not give any indication that he would refuse to testify at a deposition.

### A. MAHR REMAINS A DISCLOSED TESTIFYING EXPERT SUBJECT TO DEPOSITION

Plaintiff asserts "Mr. Mahr has been replaced as an expert and it is not proper to depose him because he will not present testimony at trial." Motion to Quash at 7. This statement is both factually and legally incorrect. From a factual standpoint, Plaintiff has not withdrawn Mahr as an expert and the Court has not granted Plaintiff permission to belatedly substitute Moody for Mahr. Thus, Mahr remains an expert witness designated to testify at trial.

From a legal standpoint, Plaintiff is also incorrect because the designation of the expert as a testifying expert removes the protection from deposition afforded to non-testifying experts. FRCP 26(b)(4)(A) expressly provides: "A party may depose any person who has been identified as an expert whose opinions may be presented at trial." "The practical effect of a Rule 26[(b)(4)(A)] designation of an expert is to make an expert available for deposition by the opposing party." *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 245 (N.D. Iowa 1996). "Rule 26 designation waives the 'free consultation' privilege a party enjoys as to its non-testifying experts." *Id.* Mahr was timely disclosed with a report in August 2025 as an expert who might testify at trial. Consequently, Mahr is subject to being deposed.[2]

---

[2] Mahr is subject to deposition even if Plaintiff withdraws him as a testifying expert. *House*, 168 F.R.D. at 245 ("The court therefore concludes that designation of

Even if this Court were to grant the pending motion to substitute, Mahr would still be subject to deposition because Moody has incorporated Mahr's opinion in her report. *See, e.g., Long-Term Cap. Holdings, LP v. United States*, Case No. 01-CV-1290(JBA), 2003 WL 21269586, at \*2 (D. Conn. May 6, 2003) (concluding that "exceptional circumstances" to allow the deposition of a non-testifying expert "may exist when a non-testifying expert's report is used by a testifying expert as the basis for an expert opinion, or when there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert"). This is because "the policy considerations justifying the protections afforded to consulting experts do not apply when the consulting expert furnishes facts to a testifying expert who considers them in forming an opinion to be offered at trial." *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, 293 F.R.D. 568, 577 (S.D.N.Y. 2013) (footnote with supporting case law omitted).

> Instead, the specific mandate of Rule 26(b)(4)(C)(ii)—that a testifying expert must produce the "facts or data" that she "considered" in forming her opinion—controls, and any ambiguity should be resolved in favor of production, "lest the privilege interfere with the goal of the disclosure requirements, which is to allow an adversary to expose whatever weaknesses, unreliabilities, or biases might infect the opinions of testifying experts called by [an] adverse party."

---

an expert as expected to be called at trial, pursuant to Fed. R. Civ. P. 26(b)(4)(A), *even if that designation is subsequently withdrawn*, takes the opposing party's demand to depose and use the expert at trial out of the 'exceptional circumstances' category of Rule 26(b)(4)(B)." (Emphasis added.))

*Id.* (quoting *S.E.C. v. Reyes*, Case No. 06-CV- 04435, 2007 WL 963422, at \*2 (N.D. Cal. Mar. 30, 2007).

As set forth above, there are two independent reasons Mahr remains subject to deposition: (1) Mahr is designated as a testifying expert; and (2) his opinion is incorporated in Moody's opinion. Plaintiff's motion is without merit.

### B. THE NOTICE WAS PROPER AND REASONABLE

Plaintiff implies, although she does not actually argue, that Defendants failed to give reasonable notice of the deposition. LRCi 30.1(a) provides that "[p]arties shall cooperate in the scheduling of depositions. 'Reasonable written notice' for the taking of a deposition as used in Federal Rule of Civil Procedure 30(b)(1) shall be at least 14 days prior to the deposition."[3]

The notice of Mahr's deposition provided 19 days' notice of the deposition—five days more than what LRCi 30.1(a) defines as reasonable notice. Counsel's vacation conflict does not constitute undue burden under FRCP 26(c) as dates can be rescheduled via meet-and-confer. (Plaintiff did not attempt to meet and confer prior to filing the instant motion.) Further, Plaintiff's Motion to Quash makes it clear that she would never have agreed to a date because of her claim that Mahr refused to give dates for his deposition. Although Plaintiff relies upon *Ruminer*, 2005 WL 8164522 at \*2 for the proposition that deposition notices were unreasonable, in that case the

---

[3] It is undisputed that the parties were cooperating in the scheduling of Mahr's deposition. *See generally* Joint Motion for Extension of Deadlines (Doc. No. 214) (describing efforts of all parties to schedule expert depositions).

notices provided between four- and seven-days' notice, not 19 days' notice such as here.

### C. THE MOTION IS MOOT

As noted, Mahr responded to the subpoena served upon him by stating he was unavailable on December 29, 2025 but agreeing to be deposed in January 2026. Defendants agreed with that reasonable request and have filed a notice of cancellation of the deposition scheduled for December 29, 2025. *See* Doc. No. 224.

### CONCLUSION

For the foregoing reasons, the Motion to Quash should be denied.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining and Transportation, LLLP

/s/ Andrew C. Simpson
Andrew C. Simpson (VI Bar # 451)
2191 Church Street, Ste. 5,
Christiansted, VI 00820
Telephone: (340) 719-3900
asimpson@coralbrief.com

**AKERMAN LLP**
Counsel for Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals

/s/ Donnie King
Donnie King (VI Bar # 1237)
Reginald Janvier
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
donnie.king@akerman.com

December 26, 2025