IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING AND TRANSPORTATION,  and WEST INDIES PETROLEUM, LTD.,<br><br>　　　　　　　　Defendants. | Case No. 1:23-CV-00012<br><br>**ACTION FOR DAMAGES**<br><br><u>JURY TRIAL DEMANDED</u> |

### PLAINTIFF'S MOTION TO QUASH NOTICE OF DEPOSITION OF DANIEL MAHR AND FOR PROTECTIVE ORDER

Plaintiff moves for a protective order quashing Defendants' noticed deposition of Daniel Mahr because Mr. Mahr is no longer a testifying expert and, under Federal Rule of Civil Procedure 26(b)(4)(D), may not be deposed absent a showing of exceptional circumstances. Mr. Mahr has withdrawn from this case and will not testify at trial; Plaintiff has moved to substitute a different expert, and that motion remains pending. Notwithstanding Mr. Mahr's withdrawal and the unresolved substitution issue, Defendants have re-noticed his deposition without leave of Court. Allowing the deposition to proceed would contravene Rule 26's protections for non-testifying consulting experts, impose unnecessary burden and expense, and serve no legitimate discovery purpose where Defendants have full access to the expert Plaintiff intends to present at trial.



Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 2

## I.     RELEVANT FACTUAL BACKGROUND

Daniel Mahr was originally retained by Plaintiff as a liability expert in this matter and prepared an expert report in that capacity. During the course of the engagement, disputes arose concerning Mr. Mahr's continued participation, and Mr. Mahr ultimately refused to proceed further in the case or make himself available for deposition unless Plaintiff paid charges that Plaintiff had not authorized. As a result, Mr. Mahr withdrew from the case and made clear that he would not testify at trial.

Following Mr. Mahr's withdrawal, Plaintiff sought a replacement expert. Cahn Litigation, which had been involved in Mr. Mahr's retention, formally withdrew Mr. Mahr as an expert in this case and confirmed that it would have no further involvement with him in this matter. (**Ex. 1.**) Plaintiff thereafter retained Cassandra Moody as a substitute liability expert and filed a motion seeking leave of the Court to substitute Ms. Moody for Mr. Mahr. (ECF No. 218.) That motion remains pending.

Ms. Moody conducted her own review of the materials in this case, including Mr. Mahr's prior report, and independently adopted the opinions expressed therein. Ms. Moody has never communicated with Mr. Mahr and did not collaborate with him in any way in preparing her expert opinions. (Moody Aff. ¶¶ 4–7, **Exhibit 2**.)

Notwithstanding Mr. Mahr's withdrawal and Plaintiff's pending motion to substitute Ms. Moody as the testifying liability expert, Defendants noticed Mr. Mahr's deposition. After Plaintiff moved to quash the deposition, Defendants cancelled it. (ECF No. 224.) Defendants subsequently re-noticed Mr. Mahr's deposition for late January 2026, without

Case: 1:23-cv-00012-WAL-EAH   Document #: 231   Filed: 01/21/26   Page 3 of 12

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 3

first conferring with Plaintiff and while the substitution motion remained unresolved.[1] (ECF No. 228 and 230). Plaintiff now seeks a protective order barring Defendants from taking Mr. Mahr's deposition.

## II.     ARGUMENTS AND AUTHORITIES

### A.  Legal Standard

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to issue a protective order to shield a party or person from annoyance, oppression, undue burden, or unnecessary expense, including by forbidding a deposition or limiting the scope and timing of discovery. The Court has broad discretion to manage discovery and to quash or stay depositions where fairness, efficiency, or the orderly administration of the case so requires. See, e.g., *United States v. 412.93 Acres of Land, More or Less, in Franklin & Towamensing Tps., Carbon Cnty., State of Pa*., 455 F.2d 1242, 1246 (3d Cir. 1972).

Rule 26(b)(4) imposes additional, specific limits on discovery directed at expert witnesses. While a party may depose an expert who is expected to testify at trial, Rule 26(b)(4)(D) provides heightened protection for experts retained in anticipation of litigation who are not expected to testify. Under that rule, "facts known or opinions held" by a non-testifying consulting expert are not discoverable unless the party seeking discovery

---

[1] Neither counsel for Plaintiff is available on January 27, 2026. Attorney Seila will be at annual training for the U.S. Army Reserves during this time.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 4

demonstrates exceptional circumstances under which it is impracticable to obtain the same facts or opinions by other means.

Courts applying Rule 26(b)(4)(D) consistently recognize that exceptional circumstances are rare and arise only in limited situations, such as where a non-testifying expert had unique access to evidence that is no longer available, or where the testifying expert's opinions are so intertwined with the consulting expert's work that fairness requires limited discovery. Absent such circumstances, discovery of a non-testifying expert is barred, and courts routinely grant protective orders preventing depositions of experts who have been withdrawn, redesignated, or are no longer expected to testify at trial. See, e.g., *Comm'r of Dep't of Plan. & Nat. Res. v. Century Aluminum Co.*, 279 F.R.D. 317, 318–19 (D.V.I. 2012).

These standards govern Defendants' effort to depose Daniel Mahr and frame the analysis of whether any legitimate basis exists to override Rule 26's protections in this case.

### B. The Deposition of Daniel Mahr Should Not Proceed While Plaintiff's Motion to Substitute Her Expert Is Pending

Defendants should not be permitted to depose Daniel Mahr while Plaintiff's motion to substitute her liability expert remains pending before the Court. Courts routinely exercise their discretion under Rule 26(c) to quash or stay depositions where proceeding would be premature or would risk unnecessary burden and inefficiency pending resolution of threshold issues that directly affect the propriety of the discovery sought. *See State Farm*

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 5

*Fire & Cas. Co. v. Gates, Shields & Ferguson, P.A.*, No. 2:14-CV-02392-EFM, 2015 WL 5010076, at *3 (D. Kan. Aug. 21, 2015).

Here, the pending substitution motion will determine whether Mr. Mahr has any role in this case at all. Plaintiff has moved to substitute Ms. Moody as her testifying liability expert, and that motion has not yet been resolved. (ECF No. 218.) Allowing Defendants to depose Mr. Mahr before the Court rules would effectively assume the outcome of that motion and permit discovery that may ultimately be barred under Rule 26(b)(4)(D).

Courts have recognized that discovery should not proceed in a manner that risks rendering pending motions meaningless or forcing parties to incur unnecessary expense. In *State Farm Fire & Casualty Co. v. Gates, Shields & Ferguson, P.A.*, the court granted a protective order preventing a deposition from going forward until related discovery issues were resolved, explaining that controlling the timing and sequence of depositions falls squarely within the court's discretion. No. 2:14-CV-02392-EFM, 2015 WL 5010076, at *3 (D. Kan. Aug. 21, 2015).

Proceeding with Mr. Mahr's deposition now would also undermine the orderly application of Rule 26's expert-discovery framework. If the substitution motion is granted, Mr. Mahr will be a non-testifying consulting expert, and the deposition Defendants seek would be prohibited absent a showing of exceptional circumstances. Allowing the deposition to occur before the Court resolves that status question would invert Rule 26(b)(4)(D)'s protections and force Plaintiff to litigate the consequences of discovery that should never have been permitted in the first instance.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 6

Defendants' decision to re-notice Mr. Mahr's deposition while the substitution motion remains unresolved further underscores the need for Court intervention. After cancelling the originally noticed deposition in response to Plaintiff's motion to quash (ECF No. 224), Defendants re-noticed the deposition for late January 2026 without conferring with Plaintiff and without awaiting guidance from the Court. (ECF No. 228; Ex. 1.) Rule 26(c) exists to prevent precisely this type of premature and potentially improper discovery.

For these reasons alone, the Court should quash the noticed deposition and issue a protective order barring Mr. Mahr's deposition until Plaintiff's motion to substitute her expert is resolved.

### C. Daniel Mahr Is a Non-Testifying Consulting Expert Protected From Discovery Under Rule 26(b)(4)(D)

Rule 26(b)(4)(D) squarely applies because Daniel Mahr is no longer expected to testify at trial. Mr. Mahr has withdrawn from this case, has refused to proceed further as an expert, and will not be called as a witness by Plaintiff. Plaintiff has moved to substitute a different expert, and that motion remains pending. (ECF No. 218.) Under these circumstances, Mr. Mahr's status is that of a non-testifying consulting expert, and discovery directed to him is prohibited absent a showing of exceptional circumstances.

Courts consistently hold that once an expert is withdrawn or redesignated as non-testifying, Rule 26(b)(4)(D)'s protections apply, even if the expert was previously disclosed as a testifying witness. Discovery of such an expert is not permitted merely because the opposing party would prefer to explore the expert's prior work. See, e.g., *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010) (district court

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 7

did not abuse its discretion in refusing to compel the deposition of a non-testifying expert); *Zipes v. Abraham*, No. CIV. A. 91-5206, 1992 WL 328894, at *1 (E.D. Pa. Oct. 26, 1992) (Rule 26 precludes discovery from an expert engaged as a non-testifying consultant); *Honeycutt v. Cabins for You, LLC*, No. 3:21-CV-311-TRM-DCP, 2023 WL 1425372, at *1 (E.D. Tenn. Jan. 31, 2023) (where an expert is redesignated as non-testifying, deposition may proceed only upon a showing of exceptional circumstances).

The District Court of the Virgin Islands has likewise recognized that efforts to obtain discovery from a consulting expert are subject to the strict limitations of Rule 26(b)(4)(D). In *Smith v. Transducer Tech., Inc.,* the court explained that expert discovery mechanisms cannot be used to circumvent Rule 26's protections for non-testifying experts and rejected attempts to compel discovery through improper procedural vehicles. No. CIV. 1995/28, 2000 WL 1717332, at *1 (D.V.I. July 3, 2000). Relatedly, this Court has acknowledged that subpoenas and deposition notices directed at consulting experts are constrained by Rule 26(b)(4)'s exceptional-circumstances requirement. *See Comm'r of Dep't of Plan. & Nat. Res. v. Century Aluminum Co.*, 279 F.R.D. 317, 318 (D.V.I. 2012).

Defendants may not avoid these limitations by pointing to Mr. Mahr's former designation as a testifying expert. The relevant inquiry under Rule 26(b)(4)(D) is whether the expert is expected to testify at trial, not whether the expert once held that designation. Here, Mr. Mahr will not testify, has withdrawn from the case, and has no ongoing role in Plaintiff's presentation of evidence. As a result, discovery directed to him is presumptively barred.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 8

Because Mr. Mahr is a non-testifying consulting expert, Defendants bear the burden of demonstrating exceptional circumstances sufficient to justify his deposition. As shown below, they cannot meet that burden on this record.

### D. Defendants Cannot Demonstrate Exceptional Circumstances Justifying the Deposition of a Non-Testifying Expert

Under Rule 26(b)(4)(D), discovery from a non-testifying consulting expert is permitted only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain the same facts or opinions by other means. This is a demanding standard, and courts have consistently emphasized that such circumstances are rare. See *Comm'r of Dep't of Plan. & Nat. Res. v. Century Aluminum Co.*, 279 F.R.D. 317, 318–19 (D.V.I. 2012).

Courts have identified exceptional circumstances primarily in narrow situations, such as where a consulting expert had unique access to evidence that is no longer available, or where the expert observed or tested conditions at a critical moment that cannot be replicated. See *Santos v. Rando Mach. Corp.,* 151 F.R.D. 19, 21 (D.R.I. 1993); *Century Aluminum*, 279 F.R.D. at 319. Where the relevant information remains available through other experts or means, courts refuse to compel discovery from non-testifying experts.

No such circumstances exist here. Mr. Mahr did not have unique access to evidence, conduct time-sensitive testing, or observe conditions that other experts could not evaluate. Neither Mr. Mahr, Defendants' expert, nor Plaintiff's substitute expert was retained at the time of the incident. All experts rely on the same documentary record and

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 9

publicly available information. As a result, Defendants are not deprived of any evidence or opinions that cannot be obtained through other means.

Defendants likewise cannot establish exceptional circumstances by arguing that Plaintiff's substitute expert is merely a conduit for Mr. Mahr's work. Courts have sometimes permitted limited discovery where there is substantial collaboration between a testifying expert and a non-testifying consultant such that fairness requires inquiry into the consultant's role. See *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 383–84 (D.S.C. 2016). That concern is absent here. Ms. Moody conducted her own review of the materials in this case, did not communicate with Mr. Mahr, and did not collaborate with him in any way. (Moody Aff. ¶¶ 4–7.) Her adoption of Mr. Mahr's opinions followed her independent evaluation of the record and does not transform Mr. Mahr into a discoverable witness.

Nor does Mr. Mahr's prior designation as a testifying expert create exceptional circumstances. Courts have rejected the notion that an opposing party gains a vested right to depose an expert who is later withdrawn or redesignated as non-testifying. See *R.C. Olmstead, Inc.*, 606 F.3d at 272; *Honeycutt*, 2023 WL 1425372, at *1; *Zipes*, 1992 WL 328894, at *1. Rule 26(b)(4)(D) applies once the expert is no longer expected to testify, and Defendants must satisfy its requirements regardless of Mr. Mahr's earlier status.

Defendants also have full access to Plaintiff's expert discovery through Ms. Moody. They may depose Ms. Moody, explore the basis for her opinions, and, if appropriate, supplement their own expert disclosures in response. The availability of a testifying expert

Case: 1:23-cv-00012-WAL-EAH   Document #: 231   Filed: 01/21/26   Page 10 of 12

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 10

who has independently evaluated the same materials forecloses any claim that it is impracticable to obtain the relevant facts or opinions by other means.

Finally, compelling the deposition of an expert who has withdrawn from the case would impose undue burden and expense without advancing the truth-seeking function of discovery. Courts have recognized that forcing retired or withdrawn experts to sit for depositions under these circumstances is unwarranted and improper. See *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-RS (SVK), 2022 WL 19575428, at *4 (N.D. Cal. May 31, 2022).

Because Defendants cannot demonstrate exceptional circumstances under Rule 26(b)(4)(D), the Court should grant a protective order barring Mr. Mahr's deposition.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for a protective order, quash Defendants' notice of deposition directed to Daniel Mahr, and prohibit Defendants from noticing or taking Mr. Mahr's deposition in this action.

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 11

                                        RESPECTFULLY SUBMITTED
                                        LEE J. ROHN AND ASSOCIATES, LLC
                                        Attorneys for Plaintiff

DATED:  January 21, 2026　　　　　　BY:　　/s/ *Lee J. Rohn*
                                                         Lee J. Rohn, Esq.
                                                         VI Bar No. 52
                                                         1108 King Street, Suite 3 (mailing)
                                                         56 King Street, Third Floor (physical)
                                                         Christiansted, St. Croix
                                                         U.S. Virgin Islands 00820
                                                         Telephone: (340) 778-8855
                                                         Lee@rohnlaw.com

Wooten, Nicole v. Limetree Bay Terminals, et. al., Case No. 1:23-CV-00012
**PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**
Page 12

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on January 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All counsel of record.

BY: ___/s/ *Lee J. Rohn*___ (al)