| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

NICOLE WOOTEN,

     **Plaintiff,**

  v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
& TRANSPORTATION,
WEST INDIES PETROLEUM LTD.,

     **Defendants.**

**1:23-cv-00012-WAL-EAH**

TO: Lee J. Rohn, Esq.
   Jennifer Sue Koockogey, Esq.
   Robin P. Seila, Esq.
   Eric Coleman, Esq.
   Reginald E Janvier, Esq.
   David Awoleke, Esq.
   Donnie Marcel King, Esq.
   Andrew C. Simpson, Esq.
   Ryan C. Stutzman, Esq.
   Charles E. Lockwood, Esq.

**<u>EMERGENCY ORDER SETTING HEARING</u>**

**THIS MATTER** comes before the Court on the Motion for Leave to Substitute Expert

Witness and to Submit a Replacement Expert Disclosure and Report filed on December 9,

2025, by Attorney Lee Rohn on behalf of Plaintiff Nicole Wooten. Dkt. No. 218. In the motion,

Wooten asks the Court for leave to substitute Cassandra K. Moody as her liability expert in

place of Daniel Mahr and to submit a replacement expert disclosure and report. *Id.* The

Defendants, Port Hamilton Refining and Transportation ("Port Hamilton"), and Limetree Bay

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order Setting Hearing
Page 2

Terminals d/b/a Ocean Point Terminals ("Ocean Point"), filed a Joint Opposition to the motion. Dkt. No. 223.

In her motion, Plaintiff represents that substitution became necessary because Mr. Mahr became unresponsive and refused to provide deposition dates, despite Plaintiff's efforts to schedule his deposition. Dkt. No. 218. Plaintiff asserts that this breakdown in communication was not foreseeable, was outside her control, and prompted her to promptly retain a substitute expert. *Id.* at 4–5. Plaintiff further represents that Ms. Moody's proposed expert report adopts Mr. Mahr's opinions and that Defendants will not be prejudiced by the substitution. *Id.* at 5.

Defendants dispute Plaintiff's characterization of events. *See* Dkt. No. 223. In their Joint Opposition, Defendants contend that the breakdown in communication with Mr. Mahr was precipitated by Plaintiff's unilateral and unauthorized editing of Mr. Mahr's expert report and a subsequent dispute regarding those edits and billing issues, rather than any refusal by Mr. Mahr to testify. *Id.* at 6. Defendants further assert that notwithstanding Plaintiff's representations, Mr. Mahr was not unwilling to testify and later responded to a subpoena regarding his deposition. *Id.* at 9. Defendants state that Plaintiff nonetheless decided to substitute experts weeks before seeking leave of Court and did not disclose that decision when requesting extensions of expert deadlines. *Id.* at 8–11. Defendants also challenge Plaintiff's assertion that the proposed substitute expert merely "adopts" Mr.

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order Setting Hearing
Page 3

Mahr's opinions, asserting instead that the replacement report introduces additional theories and analysis. *Id.* at 9–10.

Taken together, the parties' submissions reveal gaps in the factual record bearing directly on when substitution became necessary, what precipitated the breakdown in the expert relationship, and the nature and scope of the proposed substitute expert's opinions. These factual issues are material to the Court's diligence analysis under Rule 16(b)(4), and the Court cannot resolve the motion on the present record. The Court must have a factual understanding of the circumstances underlying the requested expert substitution in order to rule on the motion. Therefore, the Court will hold a hearing on Plaintiff's motion on **February 11, 2026**.

Accordingly, it is hereby **ORDERED**:

1. The Court will hold a hearing on Plaintiff's Motion for Leave to Substitute Expert Witness and to Submit a replacement Expert Disclosure and Report, Dkt. No. 218, on **February 11, 2026 at 1:00 p.m. AST in STX Courtroom 3** before the undersigned Magistrate Judge. Local counsel shall appear in person and all counsel located outside the District of the Virgin Islands may appear by videoconference.

2. Mr. Daniel Mahr and Ms. Cassandra K. Moody must appear at the hearing and may appear via videoconference. Counsel shall provide them with the information necessary to access the videoconference.

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order Setting Hearing
Page 4

3.  The Clerk of the Court shall provide all counsel located outside the Virgin Islands

with a link through which they can access the hearing by videoconference.

ENTER:

Dated: February 5, 2026                    /s/ Emile A. Henderson III
                                            EMILE A. HENDERSON III
                                            U.S. MAGISTRATE JUDGE