DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

NICOLE WOOTEN,

        Plaintiff,

v.

LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS, PORT HAMILTON REFINING & TRANSPORTATION, WEST INDIES PETROLEUM LTD., and LIMETREE BAY REFINERY, LLC, as a nominal Defendant,

        Defendants.

Case No. 1:23-CV-00012

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

## DEFENDANTS LIMETREE BAY TERMINALS d/b/a OCEAN POINT TERMINALS AND PORT HAMILTON REFINING AND TRANSPORTATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO CONTINUE THE HEARING SCHEDULED FOR FEBRUARY 11, 2026

Defendants Limetree Bay Terminals d/b/a Ocean Point Terminals and Port Hamilton Refining and Transportation, by and through undersigned counsel, respectfully oppose Plaintiff's "Emergency" Motion to Continue the Hearing scheduled for February 11, 2026 ("Plaintiff's Motion"). The motion should be denied because: (1) Plaintiff violated LRCi 7.1(e) by failing to confer in good faith and filing only 39 minutes after an initial email, while misrepresenting to the Court that Defendants had "no objection"; (2) Plaintiff has not shown the "good cause" or "exigent circumstances" required by LRCi 7.1(f), instead offering contradictory and factually unsupported justifications; (3) Plaintiff's counsel of record (Attorneys Lee J. Rohn and Robin Seila) have been actively litigating this case and are available to appear, whereas the attorney cited as the reason for the continuance (Attorney Lawrence) has never appeared; and (4) a continuance would prejudice Defendants, who are prepared to proceed and have relied on the Court's schedule.

1

85393726;1

## RELEVANT BACKGROUND

At approximately 3:54 p.m. AST on February 10, 2026, Plaintiff's counsel emailed counsel for Defendants to ask whether Defendants would object to a continuance. At approximately 4:33 p.m., before undersigned counsel could respond, Plaintiff's Motion was filed, stating that Plaintiff had attempted to confer and that Defendants "made no objection." This is inaccurate. Defendants object to continuing the hearing and are prepared to proceed as scheduled.

In the email sent by Plaintiff's counsel's office, the only basis provided for the request to continue the hearing was Attorney Lawrence's purported scheduling conflict due to oral argument before the Supreme Court on February 11, 2026. *See* Email Correspondence from Lee J. Rohn & Associates, attached as **Exhibit A**. However, upon review of the Supreme Court's calendar, Attorney Lawrence is not scheduled for oral argument on that date.

Plaintiff's Motion tells a different story. There, Plaintiff asserts that Attorney Lawrence "must accompany a family member that had to travel for urgent medical attention and is unavailable to attend the hearing on February 11, 2026." *See* [DE 243] at 1. For the first time, Plaintiff also claims that "Attorney Rohn is scheduled for a Board of Directors meeting." *Id*. A board meeting does not supersede a court order.

Attorney Lawrence has not entered an appearance in this case. Plaintiff's counsel of record, Attorneys Lee J. Rohn and Robin Seila, have been actively handling this matter and are available to appear. Moreover, expert witness, Daniel Mahr, has rearranged his schedule to appear at the hearing on February 11, 2026. *See* Email Correspondence from Daniel Mahr, attached as **Exhibit B**. While Plaintiff claims Mr. Mahr is a consulting expert, she also indicates that she has terminated him and has not been in contact with him since November.

## ARGUMENT

**I.  Plaintiff Did Not Meaningfully Confer and Misstated Defendants' Position**

Plaintiff's counsel failed to adhere to the mandatory 24-hour conferral window required by LRCi 7.1(e).  As evidenced by the record, Plaintiff filed their motion a mere 39 minutes after their initial inquiry.  Despite this, the motion represents to the Court that Defendants "made no objection," implying consent or acquiescence. This is incorrect. Defendants had no opportunity to respond whatsoever.  Defendants object and seek to proceed as scheduled. The Court should reject the motion's mischaracterization of Defendants' position and deny relief on that basis alone.

**II.  Plaintiff Has Not Shown Good Cause or a True Emergency**

Plaintiff's Motion identifies no genuine emergency that arose without Plaintiff's fault and that could not have been addressed earlier. Last-minute requests, without explanation of when the conflict arose or what efforts were made to avoid or mitigate it, are insufficient to establish good cause for a continuance on the eve of a hearing. Moreover, while the email from Plaintiff's counsel cited a non-existent Supreme Court conflict (which is not listed on the Supreme Court website), the Motion pivoted to a medical emergency and a private board meeting. Such conflicts do not constitute "exigent circumstances under LRCi 7.1(f) that would justify disrupting the Court's calendar on the eve of a hearing, particularly where other attorneys are available. For these reasons, Plaintiff's motion should be denied.

**III.  Plaintiff Has Available Counsel of Record; Non-Appearing Counsel's Unavailability Is Not Good Cause**

Attorney Lawrence has not appeared in this case. By contrast, Attorneys Lee J. Rohn and Robin Seila have actively litigated this matter and are fully capable of appearing and arguing at the scheduled time. The unavailability of a non-appearing lawyer does not constitute good cause to derail a noticed hearing, particularly where counsel of record remain available to step in or

appear remotely if necessary. Attorney Rohn's eleventh-hour disclosure of a Board of Directors meeting does not take precedence over this Court's order and is untimely.

### IV. Plaintiff's Failure to Offer Sufficient Evidence in Support of Her Motion for Substitution Warrants Denial of that Motion

Plaintiff's failure to offer sufficient evidence on her written Motions for Substitution and for Protective Order is, by itself, a sufficient basis to deny those motions. Given that this hearing was set to allow Plaintiff to establish sufficient facts, which she failed to establish in her written motions for substitution and for protective order, any failure by Ms. Moody to attend the hearing should result in denial of those motions. This is particularly the case, whereas here, Ms. Moody's identity was not disclosed to Defendants until after the expert disclosure deadline, and after multiple rebuttal expert reports were submitted. For these reasons, Plaintiff's Motions for Substitution and for Protective Order should be denied.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Emergency Motion to Continue and proceed with the hearing as scheduled at 1:00 p.m. AST on February 11, 2026.

Dated:  February 10, 2026            Respectfully submitted,

| | |
|---|---|
| **AKERMAN LLP**<br>201 East Las Olas Boulevard, Suite 1800<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br><br>By: */s/ Reginald E. Janvier*<br>**Donnie M. King**<br>Virgin Islands No. 1237<br>donnie.king@akerman.com<br>tyresa.thompson@akerman.com<br>**Eric D. Coleman** (admitted *pro hac vice*)<br>eric.coleman@akerman.com<br>lauren.chang-williams@akerman.com | **ANDREW C. SIMPSON P.C.**<br>2191 Church Street, Suite 5,<br>Christiansted, VI 00820<br>Telephone: (340) 719-3900<br><br>By:  /s/Andrew C. Simpson<br>**Andrew C. Simpson**<br>Virgin Islands No. 451<br>asimpson@coralbrief.com<br><br>*Counsel for Defendant Port Hamilton Refining and Transportation, LLLP* |

**Reginald E. Janvier** (admitted *pro hac vice*)
reginald.janvier@akerman.com
sharon.luesang@akerman.com

*Counsel for Defendant Limetree Bay Terminals,
LLC d/b/a Ocean Point Terminal*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Court's electronic filing system on February 10, 2026 which will send a notice of electronic filing to all counsel of record.

*/s/Reginald E. Janvier*
Reginald E. Janvier
