|  |  |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

NICOLE WOOTEN,

           Plaintiff,

    v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
& TRANSPORTATION,
WEST INDIES PETROLEUM LTD.,

           Defendants.
_____

1:23-cv-00012-WAL-EAH

**TO:**    Lee J. Rohn, Esq.
        Jennifer Sue Koockogey, Esq.
        Robin P. Seila, Esq.
        Eric Coleman, Esq.
        Reginald E. Janvier, Esq.
        David Awoleke, Esq.
        Donnie Marcel King, Esq.
        Andrew C. Simpson, Esq.
        Ryan C. Stutzman, Esq.
        Charles E. Lockwood, Esq.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Emergency Motion to Continue the hearing scheduled for February 11, 2026, Dkt. No. 242, as supplemented by Dkt. Nos. 243 and 245. Following the filing of Plaintiff's emergency motion, Defendants filed a Joint Notice of Intent to Oppose the requested continuance, Dkt. No. 244, and thereafter filed a Response in Opposition to Plaintiff's Emergency Motion to Continue. Dkt. No. 246. For the reasons that follow the Court will deny Plaintiff's motion.

## BACKGROUND

On February 5, 2026, the Court entered an Emergency Order, Dkt. No. 241, setting a hearing for February 11, 2026 on Plaintiff's Motion for Leave to Substitute Expert Witness and to Submit a Replacement Expert Disclosure and Report, Dkt. No. 218. The Court determined that the parties' submissions revealed material factual disputes that could not be resolved on the written record. Dkt. No. 241 at 2–3. Plaintiff represented that substitution became necessary due to the original expert's unresponsiveness and refusal to provide deposition dates, that the circumstances were unforeseeable and outside Plaintiff's control, and that the proposed substitute expert merely adopted the original expert's opinions without prejudice to Defendants. Dkt. No. 218 at 4–5. Defendants disputed these representations, asserting that the breakdown in the expert relationship stemmed from Plaintiff's unilateral editing of the expert report and related billing disputes, that the original expert remained willing to testify, and that the proposed substitute expert report introduced new theories and analysis. Dkt. No. 223 at 6–11. Taken together, the parties' submissions revealed gaps in the factual record bearing directly on when substitution became necessary, what precipitated the breakdown in the expert relationship, and the nature and scope of the proposed substitute expert's opinions. Because these factual issues are material to the Court's diligence analysis under Rule 16(b)(4), the Court concluded that a hearing was necessary to develop the record before ruling on the motion. Dkt. No. 241 at 2–3.

### I. Plaintiff's Motions to Continue

On February 10, 2026, Plaintiff filed an Emergency Motion to Continue the Hearing. Dkt. No. 242. In that motion, Plaintiff represented that Attorney Lawrence, identified as the attorney responsible for handling motion arguments, was unavailable to attend the February

11, 2026 hearing because she was required to accompany a family member traveling for urgent medical attention. *Id.* at 1. Plaintiff further represented that Attorney Lee J. Rohn was required to attend a Board of Directors meeting on February 11, 2026, and could not miss the meeting because her presence was needed for a quorum. *Id.* Plaintiff contended that these scheduling conflicts constituted good cause for a brief continuance and represented that Defendants did not object. *Id.* at 1–2.

Later that same day, Plaintiff filed a Supplemental Emergency Motion to Continue. Dkt. No. 243. In the supplemental motion, Plaintiff asserted an additional basis for continuance, stating that counsel had repeatedly attempted to contact Plaintiff's proposed replacement expert, Cassandra K. Moody, without response. *Id.* Plaintiff represented that Ms. Moody is ordinarily responsive and that her lack of response was out of character. *Id.* Plaintiff also attached an affirmation from associate counsel, Robin Seila, detailing multiple attempts to contact Ms. Moody by phone and email over several days preceding the hearing. *Id.* Plaintiff contended that, due to the expert's continued unresponsiveness, she could not proceed with the evidentiary hearing as scheduled. Dkt. Nos. 243, 243-1. Plaintiff requested additional time to confirm whether Ms. Moody would be available to participate in the evidentiary hearing. Dkt. No. 243.

Plaintiff subsequently filed a second Supplemental Emergency Motion to Continue, Dkt. No. 245, once again relying on the unavailability of the proposed replacement expert and the Affirmation of Robin Seila that she was unable to get in contact with Ms. Moody, Dkt. No. 245-1.

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-WAL-EAH
Order
Page 4

## II. Defendants' Responses and Opposition

On February 10, 2026, Defendants Port Hamilton Refining and Transportation, LLLP and Limetree Bay Terminals, LLC ("Defendants") filed a Joint Notice of Intent to Oppose Plaintiff's Motion to Continue. Dkt. No. 244. In that filing, Defendants assert that Plaintiff misrepresented that Defendants did not object to the requested continuance. *Id.* at 1. Defendants state that Plaintiff's counsel sent an email seeking concurrence at approximately 3:54 p.m. AST[1] on February 10, 2026, and filed the Emergency Motion to Continue at approximately 4:33 p.m. AST, before Defendants had an opportunity to respond. *Id.* at 1–2. Defendants further contend that the reason for continuance stated in the Emergency Motion differed from the reason provided in the email seeking concurrence and that Plaintiff subsequently filed an additional motion asserting yet another basis for continuance. *Id.* at 2.

Later that same day, Defendants filed a Response in Opposition to Plaintiff's Emergency Motion to Continue. Dkt. No. 246. Defendants argue that Plaintiff failed to comply with Local Rule 7.1(e) by not meaningfully conferring prior to filing the emergency motion and by filing the motion approximately thirty-nine minutes after the initial conferral email. *Id.* at 1–2. Defendants further contend that Plaintiff inaccurately represented to the Court that Defendants "made no objection" to the continuance request. *Id.* at 1–2.

Defendants also argue that Plaintiff failed to demonstrate good cause or exigent circumstances under Local Rule 7.1(f). *Id.* at 1. Defendants emphasized that Plaintiff's asserted grounds for continuance shifted between communications and filings, including an

---

[1] Defendants reference a 3:54 p.m. AST timestamp. The exhibit attached to their filing reflects 2:54 p.m. on February 10, 2026. The one-hour variance may be attributable to time zone differences or email system settings.

email citing a purported Supreme Court oral argument conflict, Dkt. No. 246-1, followed by a motion, Dkt. No. 242, asserting a family medical emergency, and, for the first time, a private Board of Directors meeting. Dkt. No. 246 at 2–3. Defendants state that the Supreme Court conflict identified in the concurrence email did not appear on the Supreme Court's calendar. *Id.* at 2.

Defendants further argue that the attorney cited by Plaintiff as unavailable had not entered an appearance in the case and that Plaintiff's counsel of record had been actively litigating the matter and were available to appear and argue the motion. *Id.* at 2–3. Defendants contend that a private board meeting does not supersede a court-ordered hearing and does not constitute good cause for a continuance. *Id.* at 3–4. Defendants also represent that they were prepared to proceed with the hearing as scheduled and would be prejudiced by a continuance. *Id.* at 1, 4.

Finally, Defendants argue that Plaintiff's inability to secure the participation of her proposed replacement expert does not warrant a continuance of an evidentiary hearing that was scheduled to allow Plaintiff to meet her burden on the pending motions. *Id.* at 4.

## DISCUSSION

Local Rule of Civil Procedure 7.1 governs the filing of non-dispositive motions and motions to continue. Local Rule 7.1(e), states that "[u]nless exigent circumstances exist, all non-dispositive motions shall contain a representation that the movant sought consent from each opposing party to the relief requested at least 24 hours prior to filing the motion and that consent was either given or denied." LRCi 7.1(e). The rule requires consultation prior to filing and promotes candor between the parties and efficient resolution of non-dispositive matters. Local Rule 7.1(f) imposes additional requirements for continuances, including

consultation prior to filing and the proposal of alternative dates and times agreeable to the parties.

Compliance with the Local Rules is expected as a prerequisite to non-dispositive relief. *See Certain Underwriters at Lloyd's v. Wenvi, Inc.*, No. 1:22-cv-00021, 2022 U.S. Dist. LEXIS 104048, at *4 (D.V.I. June 10, 2022) (denying motion without prejudice for failure to satisfy LRCi 7.1(f)). At the same time, enforcement of those requirements remains within the Court's discretion, and noncompliance may be excused in appropriate circumstances depending on the record presented. *See Boynes v. Limetree Bay Ventures, LLC*, No. 1:21-cv-0253, 2025 U.S. Dist. LEXIS 102373, at *35 (D.V.I. Feb. 26, 2025).

Here, Plaintiff did not comply with either Rule 7.1(e) or Rule 7.1(f). Plaintiff sought concurrence in the late afternoon of February 10, 2026, and filed the Emergency Motion to Continue within approximately one hour, representing that Defendants did not object even though Defendants had not been afforded a meaningful opportunity to respond to the concurrence request. The motion did not propose alternative dates or reflect meaningful coordination with opposing counsel. Plaintiff's subsequent supplemental filings asserting additional grounds for continuance did not cure these deficiencies.

The question, therefore, is whether the record reflects circumstances warranting the Court's exercise of discretion to excuse Plaintiff's noncompliance. It does not. The hearing was set on an emergency basis to resolve factual disputes bearing directly on Plaintiff's burden under Rule 16(b)(4). Some of these factual disputes were raised during an informal conference before the Court, where counsel for both parties were present. Plaintiff's counsels were aware prior to February 10, 2026, that they were having issues making contact with the proposed substitute expert, yet waited less than twenty-four hours before

the start of the hearing to seek a continuance. That timing, in addition to Plaintiff's other asserted grounds for continuance that shifted across communications and filings, weigh against excusing noncompliance with the Local Rules. Nothing in the record demonstrates that compliance with Rule 7.1(e) and (f) was impracticable or that meaningful consultation could not have been accomplished earlier.

Consequently, based on the record before it, the Court concludes that Plaintiff has not demonstrated circumstances warranting the Court's exercise of its discretion to excuse Plaintiff's failure to comply with the requirements of Local Rule 7.1(e) and (f). Therefore, the Emergency Motion to Continue must be denied.

The Court notes that Defendants have also raised concerns regarding inconsistent and potentially inaccurate representations made in support of Plaintiff's request for continuance. Those concerns bear on issues of candor and credibility. The Court does not resolve those issues in this Order and will address them, as appropriate, at the hearing scheduled for February 11, 2026.

Accordingly, it is hereby **ORDERED** that Plaintiff's Emergency Motion to Continue the hearing scheduled for February 11, 2026, Dkt. No. 242, as supplemented by Dkt. Nos. 243 and 245, is **DENIED**.

ENTER:

Dated: February 11, 2026

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE