| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

NICOLE WOOTEN,

                    Plaintiff,                                    **1:23-cv-00012-RAM-EAH**

          v.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS,
PORT HAMILTON REFINING &
& TRANSPORTATION,
WEST INDIES PETROLEUM LTD.,

                    Defendants.
_____

Attorneys:    Lee J. Rohn, Esq.
              Jennifer Sue Koockogey, Esq.
              Robin P. Seila, Esq.
              Eric Coleman, Esq.
              Reginald E. Janvier, Esq.
              David Awoleke, Esq.
              Donnie Marcel King, Esq.
              Andrew C. Simpson, Esq.
              Ryan C. Stutzman, Esq.
              Charles E. Lockwood, Esq.

<u>ORDER</u>

**THIS MATTER** comes before the Court on two motions filed by Plaintiff Nicole Wooten seeking to quash the deposition of Daniel Mahr. Dkt. Nos. 221, 231. Plaintiff filed an initial Motion to Quash on December 12, 2025. Dkt. No. 221. Defendants Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") and Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point") filed a joint opposition on December 26, 2025.

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-RAM-EAH
Order
Page 2

Dkt. No. 225. On December 26, 2025, Defendants cancelled the December 29, 2025 deposition because Mr. Mahr was unavailable for that date. Thereafter, Defendants re-noticed Mr. Mahr's deposition for February 3, 2026, Dkt. No. 230. Plaintiff then filed a second Motion to Quash on January 21, 2026, Dkt. No. 231. Defendants did not file an opposition to the second motion to quash. On February 25, 2026 this Court entered an order denying as moot the first motion to quash and denying the second motion to quash on the merits, and further advised that a written order would follow. Dkt. No. 265. This order sets forth the reasons for the Court's ruling.

## I.    First Motion to Quash

On December 10, 2025, Defendants noticed the deposition of Plaintiff's expert, Daniel Mahr, for December 29, 2025. On December 12, 2025, Plaintiff filed a Motion to Quash Notice of Deposition of Daniel Mahr, or in the Alternative for a Protective Order. Dkt. No. 221. The motion sought to quash Mr. Mahr's deposition for December 29, 2025. *Id.* at 1–3. The Defendants subsequently cancelled Mr. Mahr's December 29, 2025 deposition. *See* Dkt. No. 224.

Federal courts adjudicate live controversies. *See* U.S. Const. art. III, § 2, cl. 1; *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). If developments during adjudication prevent the Court from granting the requested relief, the matter is moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996).  Because the deposition Plaintiff sought to quash was cancelled and did not go forward, there is no live controversy for the Court to adjudicate. Therefore, Plaintiff's First Motion to Quash Notice of

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-RAM-EAH
Order
Page 3

Deposition of Daniel Mahr, or in the Alternative for a Protective Order, Dkt. No. 221, must be

denied as moot.

## II. Second Motion to Quash

On January 14, 2026, Defendants re-noticed the deposition of Daniel Mahr, scheduling

the deposition for February 3, 2026. Dkt. No. 228. On January 21, 2026, Plaintiff filed a second

Motion to Quash Notice of Deposition of Daniel Mahr and for Protective Order. Dkt. No. 231.

In the second motion, Plaintiff asserted that Mr. Mahr had withdrawn from the case, refused

to proceed further as an expert, and would not testify at trial. Dkt. No. 231 at 1–2. Plaintiff

represented that she had moved to substitute a different expert, and that the substitution

motion remained pending. *Id.* at 1–2, 5. Plaintiff argued that based on those representations,

Mr. Mahr should now be treated as a non-testifying consulting expert rather than a testifying

expert. *Id.* at 6–7.

Plaintiff contended that under Rule 26(c), the Court may issue a protective order to

prevent a deposition where good cause exists to avoid undue burden or unnecessary

expense. *Id.* at 3–5. Plaintiff argued that good cause existed because allowing the deposition

to proceed while the substitution motion remained unresolved would impose unnecessary

burden and expense. *Id.* at 4–6.

Plaintiff also argued that under Federal Rule of Civil Procedure 26(b)(4)(D),

discovery directed to a non-testifying consulting expert is prohibited unless the party

seeking discovery demonstrates "exceptional circumstances" making it impracticable to

obtain the same information by other means. *Id.* at 3–4, 6–8. Plaintiff maintained that no

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-RAM-EAH
Order
Page 4

exceptional circumstances existed because Mr. Mahr did not possess unique information and all experts in the case relied on the same documentary evidence and materials. *Id.* at 8–10. Plaintiff maintained that Defendants could obtain the relevant opinions by deposing the substitute expert and through their own expert analysis. *Id.*

Defendants did not file an opposition to Plaintiff's second Motion to Quash, and instead proceeded with the re-noticed deposition. On February 3, 2026, Mr. Mahr appeared for the deposition. However, Plaintiff's counsel objected to the deposition going forward. To resolve this issue, the parties contacted the Court for an emergency informal conference. During that informal conference, Plaintiff's counsel represented that there was a pending motion to substitute expert, and Plaintiff intended to rely instead on a substitute expert who had reviewed and adopted Mr. Mahr's report. Plaintiff further asserted that Mr. Mahr was being withdrawn as a testifying expert. Plaintiff's counsel finally argued that because Mr. Mahr was now a consulting expert, he was not subject to deposition.

Defendants objected, arguing that Plaintiff could not convert a disclosed testifying expert into a consulting expert to prevent the deposition from going forward, and further contended that substitution should not be permitted. Defendants also argued that the proposed substitute expert report did not merely adopt Mr. Mahr's opinions but expanded upon them by adding analysis not contained in Mr. Mahr's report.

The Court granted Plaintiff's request for protection from the deposition by holding the deposition in abeyance "until the Court issue[d] an Order indicating whether or not Mr.

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-RAM-EAH
Order
Page 5

Mahr [would] be deposed." Dkt. No. 239. On February 24, 2026, the Court denied Plaintiff's

Motion for Leave to Substitute Expert Witness. Dkt. No. 262.

### A.  Legal Standard

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any

person who has been identified as an expert whose opinions may be presented at trial." Fed.

R. Civ. P. 26(b)(4)(A). By contrast, Rule 26(b)(4)(D) limits discovery of experts "retained or

specially employed by another party in anticipation of litigation or to prepare for trial and

who are not expected to be called as a witness at trial." Such experts may be deposed only

upon a showing of "exceptional circumstances under which it is impracticable for the party

to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D).

### B.  Application

At the time Plaintiff filed the second Motion to Quash, Plaintiff's argument

presupposed that Cassandra Moody would replace Mr. Mahr as her testifying expert. On that

premise, Plaintiff contended that Mr. Mahr should be treated as a non-testifying consulting

expert subject to Rule 26(b)(4)(D). That premise is no longer valid. On February 24, 2026,

the Court denied Plaintiff's Motion for Leave to Substitute Expert Witness. Dkt. No. 262. The

Court concluded that Plaintiff failed to demonstrate good cause to modify the Scheduling

Order and did not permit substitution of a different expert in Mr. Mahr's place. *Id.*

Plaintiff also sought protection under Rule 26(c), arguing that permitting the

deposition to proceed while the substitution motion remained pending would impose

unnecessary burden and expense. Rule 26(c)(1) permits a court, for good cause, to issue a

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-RAM-EAH
Order
Page 6

protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The party seeking such protection bears the burden of demonstrating good cause. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Good cause requires a showing of a clearly defined and serious injury; broad or speculative allegations of harm are insufficient. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Here, the only basis asserted for good cause was the pendency of the substitution motion and the possibility that Mr. Mahr would be redesignated as a non-testifying expert. Following the informal conference, the Court temporarily held the deposition in abeyance pending resolution of that motion. Dkt. No. 239. However, once substitution was denied, the contingency underlying Plaintiff's request for protection ceased to exist. Plaintiff has identified no other clearly defined injury constituting good cause under Rule 26(c). *See Glenmede Trust Co.*, 56 F.3d at 483 (good cause requires a clearly defined and serious injury; broad or speculative allegations are insufficient); *Pansy*, 23 F.3d at 786 (same). Having failed to satisfy the threshold requirement of Rule 26(c), no further protective-order analysis is warranted.

Plaintiff identified Mr. Mahr as her liability expert on August 8, 2025, and served his expert report on August 12, 2025. Dkt. Nos. 179, 185. That August 12, 2025 report remains part of Plaintiff's Rule 26(a)(2) disclosures, and Mr. Mahr has not been withdrawn with leave of Court. Therefore, he remains "an expert whose opinions may be presented at trial" within the meaning of Rule 26(b)(4)(A).

*Wooten v. Limetree Bay Terminals*
1:23-cv-00012-RAM-EAH
Order
Page 7

Because Mr. Mahr remains Plaintiff's designated testifying expert, Rule 26(b)(4)(A) governs. Defendants are therefore entitled to depose him. Rule 26(b)(4)(D), which applies only to experts not expected to testify at trial, does not apply, and the Court need not consider whether exceptional circumstances exist.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's First Motion to Quash the Deposition of Daniel Mahr, Dkt. No. 221, is **DENIED AS MOOT**;

2. Plaintiff's Second Motion to Quash the Deposition of Daniel Mahr, Dkt. No. 231, is **DENIED**.

ENTER:

Dated: March 4, 2026                    /s/ Emile A. Henderson III
                                        EMILE A. HENDERSON III
                                        U.S. MAGISTRATE JUDGE