IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| NICOLE WOOTEN,<br><br>    PLAINTIFF,<br><br>VS.<br><br>LIMETREE BAY TERMINALS, LLC, ET AL.<br><br>    DEFENDANTS. | CASE NO. 1:23-CV-00012 |

[PROPOSED] ORDER

Upon consideration of Defendant Port Hamilton Refining and Transportation's Motion to Exclude the Opinion and Testimony of Plaintiff's Expert Marc Wilkenfeld, M.D., and all supporting and opposing submissions, the Court **GRANTS** the motion. Dr. Wilkenfeld's opinions on general and specific causation are excluded in their entirety for failure to meet the requirements of Fed. R. Evid 702. Each of the relevant sections of Rule 702 are discussed below.

**Rule 702(a)**. Dr. Wilkenfeld lacks the specialized knowledge that will assist the trier of fact. He concedes there are no peer-reviewed studies supporting his opinion that a single, very brief exposure (less than one minute) to smoldering petroleum-coke smoke can cause permanent severe asthma or RADS. The literature he relies upon addresses only chronic or prolonged exposures. He has no methodology or literature base that reliably bridges the gap between the available science and the extremely short-term exposure at issue here. His testimony therefore cannot "help the trier of fact" under

Rule 702(a).

**Rule 702(b).** Dr. Wilkenfeld's opinions are not based on sufficient facts or data. He omitted critical pre-incident records showing Wooten's asthma was already worsening on St. Croix in July 2022, her concern that air quality was the cause, and her normal pulmonary-function test performed in Georgia. He also failed to address her complete symptom resolution with clear lungs on August 9, 2022, and her own attribution of the August 10 "extreme breathing crisis" to a landfill fire. By cherry-picking only those facts that supported his conclusion while ignoring contradictory evidence, Dr. Wilkenfeld's foundation is insufficient under Rule 702(b).

**Rule 702(c).** Dr. Wilkenfeld's opinions are not the product of reliable principles and methods. He admits he applied "no specific guidelines or standards" and "no specific scientific methodology." He performed no differential diagnosis and ruled out no alternative causes. The methods he used—essentially relying on temporal association and a selective review of the literature—are not testable, have no known error rate, and are not generally accepted in occupational medicine for determining causation from brief exposures. His testimony therefore fails Rule 702(c).

**Rule 702(d).** Dr. Wilkenfeld did not reliably apply any principles or methods to the facts of this case. He conducted no individualized dose reconstruction, no air-dispersion modeling, and no quantitative analysis of Wooten's actual exposure. He simply dismissed the 11,107 zero $SO_2/H_2S$ readings without analysis and performed no substitute modeling when direct measurements were unavailable. He also failed to perform a systematic differential diagnosis or rule out documented alternative causes.

His opinions are therefore *ipse dixit* and inadmissible under Rule 702(d).

**Rule 403.** Even if any portion of Dr. Wilkenfeld's testimony met the Rule 702 standards, its probative value would be substantially outweighed by the danger of confusing the issues and misleading the jury. The testimony is therefore also excluded under Rule 403.

For the foregoing reasons, **IT IS ORDERED** that Dr. Wilkenfeld is precluded from offering any opinion testimony at trial on general causation, specific causation, dose, or any related matters.

Dated: _____, 2026

_____
ROBERT A. MOLLOY
Chief Judge