# Exhibit 6

Page 1

DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CASE NO.: 1:23-cv-00012

NICOLE WOOTEN,

        Plaintiff,

vs.

LIMETREE BAY TERMINALS d/b/a
OCEAN POINT TERMINALS, PORT
HAMILTON REFINING AND
TRANSPORTATION, and WEST INDIES
PETROLEUM LTD.,

        Defendants.

**************************************************

VIDEOTAPED
DEPOSITION OF:        DANIEL MAHR, P.E.
DATE TAKEN:           Thursday, February 26, 2026
TIME:                 11:03 a.m. - 11:34 a.m.
PLACE:                By Videoconference
TAKEN BY:             Defendant Limetree Bay Terminals
                      d/b/a Ocean Point Terminals

REPORTED BY:          SARAH J. EKERN, FPR
                      Court Reporter and Notary Public

Q.    You hold a bachelor of science and a Master's of Science in Mechanical Engineering, correct?

A.    I have a Bachelor of Science in Mechanical Engineering.  And the master's is in engineering management.

Q.    Engineering management?

A.    Yes.

Q.    Do you hold any degrees in industrial security or law enforcement?

A.    No, I do not.

Q.    Have you ever been employed as a director of security for an industrial port or terminal?

A.    No, I have not.

Q.    Have you ever drafted a security access protocol for a facility regulated by Homeland Security?

A.    I have not.

Q.    Have you ever published any peer-reviewed articles on the topic of premises liability or emergency gate warnings?

A.    No, I have not.

Q.    So while -- while you are highly experienced in how conveyor belts and coal stockpiles --

MS. ROHN:  I'm sorry.  You're breaking up again.  Every -- when you put your head down, something happens with the sound.

A.    The report is not about my security training. My report and the scope of my work was an expert in the design, construction, operation, and so forth of dry bulk material handling systems, in particular solid fuels.

Q.    Okay.  So, in other words, there's no information about your -- your security training that you just outlined in your report; is that fair?

A.    That -- that was -- that's fair.  That was not the scope of work.

MR. JANVIER:  Okay.  I'm going to object under Rule 26 for failure to disclose information regarding Mr. Mahr's training as he described it in industrial security protocols.

With that objection noted for the record, I don't have any additional questions.

DIRECT EXAMINATION

BY MR. SIMPSON:

Q.    Good morning where you are, Mr. Mahr.  Good afternoon where I am.  I have a few questions.  I'm Andrew Simpson, and I represent Port Hamilton in this case.

Your report does not include a calculation of Ms. Wooten's specific exposure dose to any substance, correct?

A.    That's right.

Q.    And you don't -- you -- you're not offering an opinion about that, correct?

A.    Correct.

Q.    And your report contains no air modeling or dispersion calculations for any of the substances that were coming from the coke dome, correct?

A.    Correct.  Because I don't -- it could not be done with the information that was available.

Q.    Okay.  In your report you don't mention the Bradford Hill criteria because you did not apply them, correct?

A.    Correct.

Q.    And you did not apply any similar causation methodology in your report, correct?

A.    Correct.

MR. SIMPSON:  I have no further questions.  Thank you.

CROSS-EXAMINATION

BY MS. ROHN:

Q.    Attorney -- Mr. Mahr, what facilities have you been in, in which you have witnessed security in those facilities?

A.    If you look at my résumé, they are listed in my résumé.

Q.    Sir, if you could testify, please.

Page 18

A.    I'm going to say January because it was by e-mail in December when they first received the -- the -- the subpoena.

Q.    Other than establishing a date for your deposition, have you had any other types of discussions with Defense Counsel?

A.    No.

Q.    What was -- when is the last time prior to me hiring you as an expert that you've been hired as an expert?

A.    Let's see.  That was for --

Q.    It's a when question.

A.    It would have been probably -- you engaged through Cahn my services last year.  It would have been a year or so before.

Q.    You were asked -- what is your understanding as to how far away from the site where Ms. Wooten's incident occurred were the air monitors?

A.    They were very far.  I mean, they were a couple of miles away or -- and ones that I could indicate were in the wrong place.  Just not in -- downwind.  You have to be downwind.

Q.    And was the -- was the lack of -- did the lack of air monitoring information affect your ability to have an opinion as to the amount of substance that she

Page 19

was exposed to?

MR. SIMPSON:  Object to the form.

BY MS. ROHN:

Q.    You may answer.

A.    What is important is the amount, yes, and you could -- there was no indication of that.

Q.    And were -- why were you unable to use the Bradford Hill methodology?

A.    It was not in my scope.

Q.    What do you mean by that?

A.    My report, the scope of work was to provide information on the handling of petroleum coke, the design, the operation, and -- and the -- the fire.  I mean, that was the scope: to provide the combustion, not the exposure of Wooten, which I could not do if I -- if the information was available, then I certainly would have stated this was the exposure and level.  It was not available.

Q.    And what methodology did you use in coming to your opinions?

A.    My expertise.

Q.    And what were those expertise?

A.    It's a career in designing, operation, and maintenance of these facilities for combustion.  I'm also a member of ASME.  And I've been a member of the Fact

Page 21

CERTIFICATE OF OATH

STATE OF FLORIDA:
COUNTY OF LAKE:

   I, SARAH J. EKERN, Stenograph Shorthand Reporter, Notary Public, State of Florida, do hereby certify that DANIEL MAHR, P.E., remotely appeared before me on the 26th day of February, 2026, and was duly sworn.
   WITNESS my hand and official seal this 12th day of March, 2026.

SARAH J. EKERN, FPR
Notary Public - State Of Florida
Commission No: HH 242195
Commission Expires: March 30, 2026

Personally Known _____
OR Produced Identification __X__
Type of Identification Produced New Jersey driver's license

Page 22

CERTIFICATE OF REPORTER

STATE OF FLORIDA:

COUNTY OF LAKE:

I, SARAH J. EKERN, Stenograph Shorthand Reporter, and Notary Public, DO HEREBY CERTIFY that I was authorized to and did stenographically report the foregoing deposition of DANIEL MAHR, P.E.; that the review of the transcript was requested; and that the foregoing Pages 4 through 20, inclusive, are a true and complete record of my stenographic notes.

I FURTHER CERTIFY that I am not a relative or employee of any of the parties, nor am I a relative or counsel connected with the parties' attorneys or counsel connected with the action, nor am I financially interested in the outcome of the action.

DATED this 12th day of March, 2026.

SARAH J. EKERN, FPR
Certified Court Reporter