IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

NICOLE WOOTEN,

PLAINTIFF,

VS.

LIMETREE BAY TERMINALS, LLC, ET AL.

DEFENDANTS.

CASE NO. 1:23-CV-00012

[PROPOSED] ORDER GRANTING DEFENDANT PORT HAMILTON REFINING AND TRANSPORTATION, LLLP'S MOTION FOR SUMMARY JUDGMENT

The Court has before it Defendant Port Hamilton Refining and Transportation, LLLP's Motion for Summary Judgment on Cause in Fact, the accompanying Statement of Uncontested Material Facts, Plaintiff's opposition, and the full record in this matter. The motion is **GRANTED**.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must come forward with admissible evidence sufficient to establish every essential element of its case on which it bears the burden of proof at trial.

Causation is an essential element of each of Plaintiff's claims. Plaintiff designated Dr. Marc Wilkenfeld, M.D., as her only expert witness on both general and

specific causation. This Court previously excluded Dr. Wilkenfeld's opinions and testimony in their entirety pursuant to Federal Rule of Evidence 702.

Without Dr. Wilkenfeld's testimony, Plaintiff has no admissible expert evidence establishing that the brief August 8, 2022 exposure to smoldering petroleum-coke smoke was capable of causing permanent severe asthma or RADS in the general population of asthmatics (general causation) or that it actually caused her claimed injuries (specific causation). The undisputed facts in the record, including Plaintiff's pre-existing lifelong asthma; history of anxiety; her July 2022 pulmonary-function test prompted by worsening symptoms on St. Croix; her rapid symptom resolution on August 9, 2022; and her own attribution of the August 10 "extreme breathing crisis" to a landfill fire, are all alternative, plausible, causes for her claimed injuries that have not been ruled out through a proper differential diagnosis. Consequently, Plaintiff cannot prove causation in fact as a matter of law.

Accordingly, there is no genuine dispute of material fact, and Defendant Port Hamilton Refining and Transportation, LLLP is entitled to judgment as a matter of law. All claims against it are DISMISSED WITH PREJUDICE.

Dated: _____, 2026

_____
ROBERT A. MOLLOY
Chief Judge